MARK D. PETERSON (State Bar #126174)
KATHLEEN O. PETERSON (State Bar #124791)
AMY HOWSE (State Bar # 252922)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Defendants. | Case No.: 2:21-cv-5832<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF;**<br>**(2) EQUITABLE CONTRIBUTION OF DEFENSE EXPENSES** |

1
COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION

Plaintiff Travelers Commercial Insurance Company ("Travelers") alleges as follows:

## GENERAL ALLEGATIONS

### Introduction

1. Defendant New York Marine and General Insurance Company's ("New York Marine") failure to meet its obligation to provide its and Travelers' mutual insured with independent counsel and other counsel necessary to defend their insured is a breach of its insurance policy and its obligations under California law, and has unfairly forced Travelers to pay New York Marine's proper share of defense costs. Travelers has been damaged by this conduct and it is entitled to judgment in the form of a declaration that New York Marine was obligated to provide the mutual insured with independent counsel. Moreover, under the doctrine of equitable contribution, Travelers is entitled to reimbursement from New York Marine of half of the money that Travelers has spent thus far to defend their mutual insured with independent counsel and other counsel, experts, and vendors, while New York Marine has wrongfully refused to do so.

### Jurisdiction and Venue

2. Plaintiff Travelers is now, and at all relevant times was, a corporation existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Travelers is, and at all relevant times was, an insurance carrier eligible to do business and doing business as an insurer in the State of California.

3. Travelers is informed and believes and, on that basis, alleges that defendant New York Marine is a corporation existing under the laws of the State of New York, with its principal place of business in Morristown, New Jersey. Travelers is further informed and believes and, on that basis, alleges that New York Marine is, and at all times relevant was, an insurance carrier eligible to do business and doing business as

an insurer in the State of California.

4. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) in that this is a civil action between citizens of different states in which the matter in controversy, exclusive of costs and interest, exceeds seventy-five thousand dollars. The amount in controversy is comprised of the defense fees, costs, and expenses paid by Travelers to defend the insurers' mutual insured with independent counsel, half of which should have been paid by New York Marine; that half more than exceeds seventy-five thousand dollars. This Court has diversity jurisdiction because plaintiff Travelers is incorporated in Connecticut and domiciled in Connecticut and defendant New York Marine is incorporated in New York and domiciled in New Jersey.

5. This Court has personal jurisdiction over the parties because: (a) Travelers and New York Marine transact insurance business in California, with significant and continuing contacts in California, (b) this lawsuit arises out of insurance contracts sold and delivered by Travelers and New York Marine in California, and (c) Defendant operated its business continuously in California.

6. Venue is proper in this District under 28 U.S.C. § 1391(b), (c) and (d) because Travelers and Defendants, including New York Marine, have sufficient contacts to be subject to personal jurisdiction within this district and thus are residents of this district under 28 U.S.C. § 1391(d). Moreover, a substantial part of the events which are the subject of the claims asserted here took place in this judicial district, including that the underlying defense has involved extensive activities in the County of Los Angeles, State of California.

**The Underlying Defamation Action**

7. In or about March 2019, the mutual insured of Travelers and New York Marine was sued in Virginia state court ("the Underlying Action"). The lawsuit stated a claim for defamation and Travelers and New York Marine each owed the

mutual insured a defense from the date the action was tendered to it.

**New York Marine's Insurance Coverage and Its Refusal to Provide Independent Counsel As Required**

8. New York Marine issued commercial general liability insurance, policy no. GL201800012500, effective July 18, 2018, to July 18, 2019 (the "New York Marine Policy"). It covered, among other things, sums which the insured is legally obligated to pay as damages because of "'personal injury' caused by an 'occurrence.'" "Personal injury" includes "[o]ral or written publication . . . of material that slanders or libels a person" and an "occurrence" is defined in pertinent part as "an accident." The New York Marine Policy promised a defense to any lawsuit seeking such damages.

9. The mutual insured tendered the Underlying Action to New York Marine, which designated the matter as claim number LAZ00177770, and agreed to defend the mutual insured under a reservation of rights issued on October 1, 2019.

10. The terms of New York Marine's reservation triggered the rights of its insured to be defended by independent counsel of the mutual insured's choosing, at New York Marine's expense (subject to the terms of California Civil Code § 2860).

11. New York Marine instead appointed defense counsel of *its* choice and it repeatedly refused demands by the mutual insured and by Travelers to participate in the defense with counsel of the mutual insured's choosing.

12. In other words, New York Marine intentionally violated its duty to its mutual insured and to Travelers under the New York Marine Policy and under California law.

**Travelers Provides Independent Counsel**

13. Travelers issued homeowners policy no. 601627108 634 1 to the mutual insured for the policy period beginning November 14, 2018, and ending November 14, 2019 (the "Travelers Policy"). The mutual insured tendered the Underlying

Action to Travelers, which accepted the tender, under a reservation of rights, and agreed to provide the mutual insured with a defense with independent counsel of the mutual insured's choosing.

**Proper Defense by Travelers / Deceptive Refusal by New York Marine**

14. Travelers and New York Marine each owed their mutual insured a defense with independent counsel of the mutual insured's choice. Travelers is providing that, and New York Marine has not.

15. Worse, New York Marine has indicated that after trial, it will likely attempt to deny coverage for any award against the mutual insured based on its reservation of rights.

16. Under these facts, New York Marine should have agreed to provide the mutual insured with a defense with independent counsel of the mutual insured's choosing, from the day New York Marine received the tender. To the extent Travelers has paid those sums, New York Marine must reimburse Travelers half.

**FIRST CLAIM FOR RELIEF:**

**DECLARATORY RELIEF**

17. Travelers incorporates the allegations of Paragraph 1 through 16 as if set forth more fully here.

18. Although New York Marine was and is obligated to provide the mutual insured with independent counsel, New York Marine has failed and refused to share in the defense of the mutual insured by independent counsel, pay defense fees, costs, or expenses, or reimburse Travelers for a proportionate share of independent counsel's fees, costs, or expenses incurred in connection with the Underlying Action, all of which have been paid by Travelers.

19. Accordingly, Travelers seeks a declaration that New York Marine had and has an obligation to defend the mutual insured in the Underlying Action with independent counsel.

20. Travelers further seeks a declaration that New York Marine has an obligation to reimburse Travelers half of the fees, costs, and expenses it has paid and continues to pay in the defense of the mutual insured in the Underlying Action.

## SECOND CLAIM FOR RELIEF:
## EQUITABLE CONTRIBUTION OF
## DEFENSE EXPENSES IN
## UNDERLYING ACTION

21. Travelers incorporates the allegations of paragraphs 1 through 16 and 18 through 20 as if set forth in full here.

22. Travelers has spent substantial sums so far toward the mutual insured's defense in the Underlying Action with independent counsel of the mutual insured's choosing, as well as other counsel, experts and vendors necessary to defend the lawsuit. The case continues and the amount incurred by Travelers continues to grow.

23. Travelers has demanded that New York Marine reimburse Travelers for half of the attorney's fees, costs, and expenses of defending their mutual insured in the Underlying Action through counsel of the mutual insured's choosing, including those sums going forward.

24. New York Marine owes that, but it has refused to pay it.

25. Travelers seeks a money judgment of equitable contribution of half of the attorney's fees, costs, and expenses of defending the Underlying Action through counsel of the mutual insured's choosing.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Travelers prays for an order and judgment against defendant New York Marine as follows:

1. Declaring that New York Marine was and is obligated to defend the mutual insured in the Underlying Action, through independent counsel of the mutual

insured's choice;

2. Enjoining New York Marine from refusing to participate in the defense of the Underlying Action via independent counsel of the mutual insured's choosing;

3. Awarding Travelers a money judgment of half of the attorney's fees, costs, and expenses it has paid and continues to pay defending the mutual insured in the Underlying Action through counsel of the mutual insured's choosing;

4. Awarding interest on all such sums at 10% (Cal. Civ. Code §§ 3287(a) and 3289) or as otherwise provided for by the Court;

5. Awarding costs of suit; and

6. Awarding all other relief which the Court finds just and proper.

Dated: July 20, 2021

Respectfully submitted,

/s/ Mark D. Peterson
MARK D. PETERSON
Of CATES PETERSON LLP
Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY