MARK D. PETERSON (State Bar #126174)
KATHLEEN O. PETERSON (State Bar #124791)
AMY HOWSE (State Bar # 252922)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Defendants. | Case No.: 2:21-cv-5832-GW (PDx)<br>Hon. George H. Wu<br>Hon. MJ Patricia Donahue<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) DECLARATORY JUDGMENT;**<br>**(2) EQUITABLE CONTRIBUTION OF DEFENSE EXPENSES.** |

Plaintiff Travelers Commercial Insurance Company ("Travelers") alleges as follows:

## GENERAL ALLEGATIONS

### Introduction

1. Defendant New York Marine and General Insurance Company's ("ProSight") failure to meet its obligation to provide its and Travelers' mutual insured—a California resident—with independent counsel to defend the insured in an underlying defamation action is a breach of its insurance policy and its obligations. It has unfairly forced Travelers to pay ProSight's proper share of defense costs. Travelers has been damaged by this conduct and it is entitled to judgment in the form of a declaration that ProSight was obligated to provide the mutual insured with a proper defense. Moreover, under the doctrine of equitable contribution, Travelers is entitled to reimbursement from ProSight of at least half of the monies that Travelers has spent so far to defend their mutual insured with proper counsel and adequate experts and vendors.

### Jurisdiction and Venue

2. Plaintiff Travelers is now, and at all relevant times was, a corporation existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Travelers is, and at all relevant times was, an insurance carrier eligible to do business and doing business as an insurer in the State of California.

3. Travelers is informed and believes and, on that basis, alleges that defendant ProSight is a corporation existing under the laws of the State of New York, with its principal place of business in Morristown, New Jersey. Travelers is further informed and believes and, on that basis, alleges that ProSight is, and at all times relevant was, an insurance carrier eligible to do business and doing business as an insurer in the State of California.

4. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds $75,000; it is comprised of the monies in defense costs paid by Travelers to defend the insurers' mutual insured with capable and active counsel, at least half of which should have been paid by ProSight. This Court has diversity jurisdiction because plaintiff Travelers is incorporated in Connecticut and domiciled in Connecticut and defendant ProSight is incorporated in New York and domiciled in New Jersey.

5. This Court has personal jurisdiction over the parties because: (a) Travelers and ProSight transact insurance business in California, with significant and continuing contacts in California, (b) this lawsuit arises out of insurance contracts sold and delivered by Travelers and ProSight in California, to a California insured, and (c) defendant ProSight operated its business continuously in California.

6. Venue is proper in this District under 28 U.S.C. § 1391(b), (c) and (d) because Travelers and ProSight have sufficient contacts to be subject to personal jurisdiction in this district and thus are residents of this district under 28 U.S.C. § 1391(d). Moreover, a substantial part of the events which are the subject of the claims asserted here took place in this judicial district, including that the underlying defense has involved extensive activities in the County of Los Angeles, State of California.

**The Travelers Policy**

7. Travelers issued homeowners policy no. 601627108 634 1 to the mutual insured for the policy period beginning November 14, 2018, and ending November 14, 2019 (the "Travelers Policy"). The Travelers Policy was issued / delivered to the mutual insured in California. The coverage provided by the Travelers Policy extends to otherwise covered or potentially covered damages because of defamation. The

Travelers Policy promised a defense to any lawsuit seeking such damages.

### The ProSight Policy

8. ProSight issued commercial general liability insurance, policy no. GL201800012500, policy period July 18, 2018, to July 18, 2019 (the "ProSight Policy"). The ProSight Policy was issued / delivered to the mutual insured in California. The coverage provided by the ProSight Policy extends to otherwise covered or potentially covered damages because of defamation. The ProSight Policy promised a defense to any lawsuit seeking such damages.

### The Underlying Defamation Action

9. In or about March 2019, the mutual insured—a California resident—was sued in Virginia state court ("the Underlying Action"). The lawsuit seeks damages for defamation, potentially covered under the Travelers Policy and the ProSight Policy, so each owed the mutual insured a defense from the date the action was tendered to it.

### Travelers' Response to the Tender

10. Travelers agreed to defend the mutual insured with respect to the Underlying Action under a reservation of rights. In light of its reservation of rights and California law, including the holding of *San Diego Navy Federal Credit Union v. Cumis Insurance Society* ("*Cumis*"), 162 Cal. App. 3d 358 (1984), Civil Code section 2860, and Civil Code section 1646, Travelers offered to pay for independent defense counsel of the mutual insured's own selection, subject to the rate limitations of California Civil Code section 2860. Travelers has paid the fees of the mutual insured's independent defense counsel.

### ProSight's Response To The Tender

11. ProSight accepted its obligation to defend the insured under a reservation of rights. ProSight's reservation triggered the mutual insured's right to independent defense counsel under California law, under the holding of *Cumis*, Civil Code

4
AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

section 2860, and Civil Code section 1646, "when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist."

12. ProSight's reservation of rights letter—like Travelers' reservation of rights letter—indicated that indemnity coverage could be denied based on the insured's knowledge and / or intent with respect to the alleged events giving rise to the Underlying Action. In other words, "the outcome of that coverage issue[s]" raised by ProSight could "be controlled by counsel first retained by the insurer for the defense of the claim."

13. ProSight nonetheless did not agree to provide the mutual insured with independent defense counsel.

14. ProSight instead attempted to evade its obligation to appoint independent defense counsel by avoiding citation to certain policy provisions in its reservation of rights letter, and it encouraged Travelers to do likewise, to the detriment of the mutual insured.

15. ProSight sent an email to Travelers on September 30, 2019, encouraging Travelers to revise its reservation of rights in such a way as to avoid having to provide the mutual insured with independent defense counsel. The ProSight email stated in part as follows:

> Reserving rights under the intentional acts exclusion is not necessary as coverage for willful acts is not insurable as a matter of public policy just like punitive damages. . . .
>
> If you reserve rights by simply saying, "to the extent that California law does not permit an insurer to indemnify the insured, no indemnity can be provided" you address both willful acts and punitive damages . . . and you still can control the defense as there is no conflict of interest under CA law. …

5
AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

16. Travelers refused to collaborate or participate in ProSight's scheme and has repeatedly demanded that ProSight pay its share of the mutual insured's independent defense counsel fees and costs.

17. ProSight instead appointed defense counsel of *its* choice and it repeatedly refused demands by the mutual insured and by Travelers to participate in the defense with counsel of the mutual insured's choosing.

18. ProSight compounded its breach of the duty to defend by having its appointed counsel do next to nothing and "piggy-back" on the work of the mutual insured's independent defense counsel, paid for by Travelers.

19. ProSight's appointed counsel withdrew from representation of the mutual insured on November 20, 2020.

20. ProSight advised Travelers on January 21, 2021 that it would pay 50% of the fees and costs incurred by independent defense counsel on and after November 20, 2020.

21. Travelers acknowledged ProSight's agreement but demanded that ProSight also pay the same percentage for fees and costs incurred by independent defense counsel between the date of tender to ProSight and November 20, 2020.

22. To date, ProSight has not paid any portion of any fees or costs incurred by independent defense counsel in defense of the mutual insured.

23. To date, ProSight has not reimbursed Travelers for any portion of any fees or costs incurred by independent defense counsel in defense of the mutual insured.

24. ProSight has indicated that after trial, it likely will attempt to deny coverage for any award against the mutual insured based on its reservation of rights.

25. ProSight has most recently argued that its defense obligations should be determined under the law of Virginia, despite having repeatedly invoked California law in its communications with its California insured and Travelers.

26. ProSight's deceptive conduct should not be tolerated, much less rewarded, by allowing it to avoid its defense obligations and forcing Travelers to foot the entire bill for the mutual insured's proper defense.

27. ProSight is obligated to reimburse Travelers for at least 50% of the independent defense counsel fees and costs paid by Travelers, plus interest, and it is further obligated to pay at least 50% of those fees and costs going forward.

28. An actual case or controversy exists between Travelers and ProSight regarding ProSight's obligation to reimburse Travelers and pay for the mutual insured's independent defense counsel.

## FIRST CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT

29. Travelers incorporates the allegations of Paragraph 1 through 28 as if set forth in full here.

**This Dispute**

30. Travelers and ProSight disagree about a host of issues regarding the parties' rights and obligations as they pertain to the insured, the insurance policies, and the Underlying Action.

31. *Travelers seeks the following declarations against ProSight regarding their mutual insured and the Underlying Action:*

    a. Duty to Defend: Since the Underlying Action was tendered to it, and through the present, ProSight has been obligated under the ProSight Policy to defend the insured;

    b. Duty to Defend with Independent Defense Counsel: Since the Underlying Action was tendered to it, and through the present, ProSight has been obligated to provide the insured with a defense with independent defense counsel of the insured's choosing;

   c. <u>Breach of its Duty to Defend</u>: ProSight has failed to meet its duty to defend the insured in the Underlying Action.  It has failed to properly defend the insured with independent defense counsel of the insured's choosing, which was its obligation.  Alternatively, even if the Court determines that ProSight was not obligated to defend the insured with independent defense counsel of the insured's choosing, either because California law does not apply or for some other reason, ProSight still breached its duty to defend the insured by failing to provide it an adequate defense.  This failure includes not paying attorneys to do adequate work to defend the insured and not replacing its chosen Virginia attorneys at all when they withdrew from the defense;

   d. <u>Obligation to Reimburse Travelers</u>: ProSight has an obligation to reimburse Travelers for at least half of the fees, costs, and expenses incurred by Travelers in the defense of the mutual insured in the Underlying Action, plus interest; and

   e. <u>Obligation to Pay Fees and Costs Incurred By Independent Counsel Going Forward</u>: ProSight has an obligation to pay least half of the fees, costs, and expenses incurred by independent defense counsel on a going forward basis.

32.  Travelers is informed and believes that ProSight disputes Travelers' right to each and every one of the foregoing declarations.

33.  Declaratory relief is appropriate and necessary and the Court should exercise its jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, because Travelers has no other plan, speedy, and/or adequate remedy at law.

34.  For the reasons stated above, Travelers requests that the Court enter an order and judgment declaring each of these disputed matters in Travelers' favor and

against ProSight and, further, that it make a monetary award and judgment in Travelers' favor against ProSight consistent with its declarations.

## SECOND CLAIM FOR RELIEF:
## EQUITABLE CONTRIBUTION OF
## DEFENSE EXPENSES IN
## UNDERLYING ACTION

35. Travelers incorporates the allegations of paragraphs 1 through 28 and 30 through 34 as if set forth in full here.

36. Travelers and ProSight each owe the insured a defense in the Underlying Action with independent defense counsel. As to the duty to defend the mutual insured, they cover the same risk, Travelers paid more than its fair share, and ProSight should have paid its share, but didn't. ProSight is obligated to pay at least half of that defense expense.

37. Travelers has spent and continues to spend substantial sums toward the mutual insured's defense in the Underlying Action with independent defense counsel of the mutual insured's choosing, as well as other counsel, experts, and vendors necessary to defend the insured. The case continues and the amount incurred by Travelers continues to grow.

38. For its part, rather than pay half, ProSight has not reimbursed the insured or Travelers anything, and it has not adequately funded a defense of its own. It has not actually defended by any objective measure.

39. Travelers has demanded that ProSight reimburse Travelers for half of the attorney's fees, costs, and expenses of the independent defense counsel defending their mutual insured in the Underlying Action and, further, that ProSight pay half of those attorney's fees, costs, and expenses going forward.

40. ProSight owes that, but it has refused to reimburse Travelers or pay any fees of the mutual insured's independent defense counsel, despite having committed

9
AMENDED COMPLAINT FOR DECLARATORY RELIEF AND EQ. CONTRIBUTION

to participate in the defense and split the fees and costs incurred by independent defense counsel on and after November 20, 2020.

41. In addition to declaratory relief, Travelers seeks a money judgment of equitable contribution of at least half of the attorney's fees, costs, and expenses of defending the insured in the Underlying Action, plus interest. Equity compels this result under the circumstances of this dispute.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Travelers prays for an order and judgment against defendant ProSight as follows:

1. Declaring that

    a. <u>Duty to Defend</u>: Since the Underlying Action was tendered to it, and through the present, ProSight has been obligated under the ProSight Policy to defend the mutual insured;

    b. <u>Duty to Defend with Independent Defense Counsel</u>: Since the Underlying Action was tendered to it, and through the present, ProSight has been obligated to provide the mutual insured with a defense with independent defense counsel of the insured's choosing;

    c. <u>Breach of its Duty to Defend</u>: ProSight has failed to meet its duty to defend the mutual insured in the Underlying Action. It has failed to properly defend the insured with independent defense counsel of the insured's choosing, which was its obligation; Alternatively, even if the Court determines that ProSight was not obligated to defend the insured with independent defense counsel of the insured's choosing, either because California law does not apply or for some other reason, ProSight still breached its duty to defend the insured by failing to provide it an adequate defense. This failure includes not paying attorneys to do adequate work to defend the

insured and not replacing its chosen Virginia attorneys at all when they withdrew from the defense;

      d. <u>Obligation to Reimburse Travelers</u>: ProSight has an obligation to reimburse Travelers for at least half of the fees, costs, and expenses incurred by Travelers in the defense of the mutual insured in the Underlying Action; and

      e. <u>Obligation to Pay Fees and Costs Incurred By Independent Counsel Going Forward</u>: ProSight has an obligation to pay least half of the fees, costs, and expenses incurred by independent defense counsel on a going forward basis;

2. Enjoining ProSight from refusing to participate in the defense of the Underlying Action via independent defense counsel of the mutual insured's choosing, and ordering ProSight to pay at least 50% of the attorney's fees, costs, and expenses incurred by independent defense counsel going forward ;

3. Awarding Travelers a money judgment of at least half of the attorney's fees, costs, and expenses it has paid defending the mutual insured in the Underlying Action through counsel of the mutual insured's choosing;

4. Awarding interest on all such sums at 10% (Cal. Civ. Code §§ 3287(a) and 3289) or as otherwise provided for by the Court;

5. Awarding costs of suit; and

6. Awarding all other relief which the Court finds just and proper.

Dated: September 7, 2021

                              Respectfully submitted,

                              /s/ Mark D. Peterson
                              MARK D. PETERSON
                              Of CATES PETERSON LLP
                              Attorneys for Plaintiff
                              TRAVELERS COMMERCIAL
                              INSURANCE COMPANY