1 | McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
2 | James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
3 | Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
4 | Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
5 | Graham Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
6 | 7647 North Fresno Street
Fresno, California 93720
7 | Telephone:(559) 433-1300
Facsimile:(559) 433-2300
8 |
9 | Attorneys for Defendant New York
Marine and General Insurance Company

10 |      UNITED STATES DISTRICT COURT

11 |   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12 |

13 | Travelers Commercial Insurance Company, a Connecticut corporation, | Case No. 2:21-cv-5832-GW (PDx)

14 | | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM MOTION FOR MORE DEFINITE STATEMENT**

Plaintiff,

v.

New York Marine and General Insurance Company, a New York corporation

Defendant.

**FRCP 12(b)(6), 12(e)**

Date: November 18, 2021
Time: 8:30 a.m.
Judge: Hon. George H. Wu
Courtroom: 9D

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

---

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................ 1

II.   FACTUAL ALLEGATIONS ............................................................... 3

III.   LEGAL ARGUMENT ......................................................................... 4

   A.   Travelers Equitable Contribution Claim Fails To State A Legally
      Viable Claim For Relief Under FRCP 12(b)(6)..................................... 4

      1.   As A Matter Of Law, New York Marine Had No Obligation
         To Provide The Insured With Independent Counsel ................... 4

         a.   Since The Underlying Action Is Pending In Virginia,
            New York Marine Defense Obligation Are Governed
            By Virginia Law ................................................................ 4

         b.   Under Virginia Law, New York Marine Had No
            Obligation To Provide Independent Counsel ..................... 6

            (i)   Under Virginia Law, Defense Counsel
                Retained By An Insurer Under A Reservation
                Of Rights Has No Conflict Of Interest Since
                Counsel Only Has The Insured For A Client.......... 6

            (ii)   Under Virginia Law, New York Marine Did
                Not Breach Its Defense Obligations To The
                Insured By Providing A Defense Via
                Appointed Defense Counsel Under A
                Reservation Of Rights ........................................... 8

         c.   Alternatively, In The Event California Law Applies
            To New York Marine's Defense Obligations, New
            York Marine Had No Obligation To Provide
            Independent Counsel To The Insured .............................. 9

            (i)   There Was No "Actual" Conflict Of Interest
                 Under Civ. Code §2860 Since Virginia
                Defense Counsel Only Had The Insured As A
                Client .................................................................... 9

                A)   Under California Law, "Actual"
                    Conflicts Of Interest Arise Only
                    Because Of The "Tripartite
                    Relationship" Between The Insurer, The
                    Insured And Defense Counsel ...................... 9

                B)   New York Marine Had No Obligation to
                    Provide Independent Counsel, Because
                    Virginia Defense Counsel Was Not In
                    An Attorney-Client Relationship With
                    New York Marine ........................................ 10

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

i

# TABLE OF CONTENTS
### (Continued)

Page

(ii) New York Marine Had No Obligation To Provide Independent Counsel Because Reserving Rights To Deny Indemnity As Required By California Public Policy Did Not Raise Any "Coverage Issues" That Could Be "Controlled By Counsel" ........................................ 11

 A) To Trigger The Obligation To Provide Independent Counsel, California Law Requires An "Actual" Conflict Of Interest ...................................................... 11

 B) Travelers Cannot Show An "Actual" Conflict Of Interest Based On Conduct-Based Coverage Limitations Not Raised By New York Marine ................................. 12

 C) New York Marine's Reservation To Disclaim Indemnity For A Punitive Damage Award Did Not Create A Conflict Of Interest Under Civ. Code §2860(b) ....................................................... 13

 D) New York Marine's Reservation To Disclaim Indemnity As Required By California Public Policy Did Not Create A "Actual" Conflict Of Interest Under Civ. Code §2860(b) ..................................... 14

 E) New York Marine Did Not "Scheme" To Hide California Public Policy's Bar On Indemnification For Injuries Caused by "Willful" Conduct Since New York Marine Could Not Waive California Public Policy ................................................. 17

B. The FAC's Inchoate Breach Of Contract Allegations Do Not Support Any Viable Claim For Equitable Contribution ...................... 20

 1. Under Well-Established California Law Equitable Contribution Is Not A Matter Of Contract ................................. 20

 2. Travelers Cannot Support Its Equitable Contribution Claim By Allegations That Virginia Defense Counsel Negligently Failed To Adequately Defend The Insured ................................ 21

C. Travelers' Declaratory Relief Cause Of Action Fails To State Any Actionable Claim For Relief Against New York Marine .................... 23

ii

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1
2

## <u>TABLE OF CONTENTS</u>
### (Continued)

**Page**

3    D.    Travelers' Vague Allegations The New York Marine Did Not
4          Provide The Insured With An "Adequate Defense" Are So Vague
          And Ambiguous That New York Marine Cannot Reasonably
5          Prepare A Response Thereto......................................................................24

6  IV.    CONCLUSION ............................................................................................25

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

iii

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*1119 Delaware v. Cont'l Land Title Co.*,
    16 Cal.App.4th 992 (1993) .......................................................................20

*Alpha Beta Food Markets, Inc. v. Retail Clerks Union Local 770*,
    45 Cal.2d 764 (1955) .............................................................................20

*Am. Home Assur. Co. v. State Farm Mut. Auto. Ins. Co.*,
    2013 WL 1435197 (N.D.Cal. 2013) ..........................................................23

*Am. States Ins. Co. v. Nat'l Fire Ins. Co. of Hartford*,
    202 Cal.App.4th 692 (2011) .............................................................20, 21

*Austero v. Nat'l Cas. Co.*,
    62 Cal.App.3d 511 (1976) .......................................................................22

*Axis Surplus Ins. Co. v. Glencoe Ins.*,
    204 Cal.App.4th 1214 (2012) .................................................................23

*B&E Convalescent Ctr. v. State Compensation Ins. Fund*
    8 Cal.App.4th 78 (1992) .........................................................................19

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................6

*Black Diamond Asphalt, Inc. v. Superior Ct.*,
    109 Cal.App.4th 166 (2003) .....................................................................5

*Bureerong v. Uvawas*,
    922 F.Supp. 1450 (C.D.Cal. 1996)...........................................................25

*Carroll v. Jones*,
    74 Va.Cir. 466 (2008).............................................................................15

*Centex Homes v. St. Paul Fire & Marine Ins. Co.*,
    19 Cal.App.5th 789 (2018) ......................................................................12

*Centex Homes v. St. Paul Fire and Marine Ins. Co.*,
    237 Cal.App.4th 23 (2015) ......................................................................13

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

## TABLE OF AUTHORITIES
### (Continued)

**Page**

*Davis v. HSBC Bank Nevada, N.A.,*
691 F.3d 1152 (9th Cir. 2012) ...................................................................... 13

*Downey Venture v. LMI Ins. Co.,*
66 Cal.App.4th 478 (1998) ...............................................5, 15, 16, 19

*Dynamic Concepts, Inc. v. Truck Ins. Exchange,*
61 Cal.App.4th 999 (1998) ...............................................10, 12, 15

*Endo Lab'ys, Inc. v. Hartford Ins. Grp.,*
747 F.2d 1264 (9th Cir. 1984) .......................................................... 20

*Evans v. Pac. Indem. Co.,*
49 Cal.App.3d 537 (1975) ................................................................ 19

*Fed. Ins. Co. v. MBL, Inc.,*
219 Cal.App.4th 29 (2013) ...............................................2, 12, 13, 21

*Ferla v. Twin City Fire Ins. Co.,*
2009 WL 10664295 (C.D.Cal. 2009) ............................................... 19

*Fireman's Fund Ins. Co. v. Maryland Casualty Co.,*
65 Cal.App.4th 1279 (1998) .......................................................20, 23

*Fireman's Fund Ins. Co. v. Nationwide Mut. Fire Ins. Co.,*
2012 WL 1985316 (S.D.Cal. 2012)..................................................... 5

*Fleming v. Moore,*
221 Va. 884 (1981) ......................................................................15, 16

*Food Lion v. Melton,*
250 Va. 144 (1995) ........................................................................... 15

*Foremost Ins. Co. v. Wilks,*
206 Cal.App.3d 251 (1998) .........................................13, 14, 16, 17

*Frontier Oil Corp. v. RLI Ins. Co.,*
153 Cal.App.4th 1436 (2007) ............................................................ 5

*Gafcon v. Ponsor & Assoc.,*
98 Cal.App.4th 1388 (2002) ............................................................ 12

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

## TABLE OF AUTHORITIES
### (Continued)

**Page**

*Gazette, Inc. v. Harris,*
  229 Va. 1 (1985) ................................................................15

*Gen. Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP,*
  357 F.Supp.2d 951 (2005) ....................................................6

*Golden Eagle Ins. Co. v. Foremost Ins. Co.,*
  20 Cal.App.4th 1372 (1993) ......................................9, 10, 12

*Goodley v. Wank & Wank, Inc.,*
  62 Cal.App.3d 389 (1976) ..................................................22

*Gulf Ins. Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone,*
  79 Cal.App.4th 114 (2000) ............................................7, 12

*Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.,*
  61 Cal.4th 988 (2015) ......................................................12

*Hollyway Cleaners v. Cent. Nat'l Ins. Co.,*
  219 F.Supp.3d 996 (C.D.Cal. 2016) ....................................13

*Hubbs v. San Bernardino,*
  538 F.Supp.2d 1254 (C.D.Cal. 2008) ..................................25

*J.C.Penney Cas. Ins. Co. v. M. K.,*
  52 Cal.3d 1009 (1991) ......................................................18

*Jackson v. Rogers,*
  210 Cal.App.3d 336 (1989) ................................................22

*James 3 Corp. v. Truck Ins. Exchange,*
  91 Cal.App.4th 1093 (2001) ........................................10, 12

*James River Ins. Co. v. Medolac,*
  *Lab'ys,* 290 F.Supp.3d 956 (C.D.Cal.2018) ............................5

*Jordan v. Kollman,*
  269 Va. 569 (2005) ..............................................14, 15, 16

*Klaxon Co. v. Stentor Elec. Mfg. Co.,*
  313 U.S. 487 (1941) ............................................................4

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES
## (Continued)

**Page**

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ............................................................... 1, 13

*Long v. Century Indem. Co.*,
163 Cal.App.4th 1460 (2008) ................................................................ 9, 12

*Low v. Golden Eagle Ins. Co.*,
101 Cal.App.4th 1354 (2002) ..................................................................... 23

*Markel Ins. Co. v. Exec. Risk Indem.*,
2013 WL 12114020 (C.D.Cal. 2013) ........................................................ 23

*Mary R. v. B. & R. Corp.*,
149 Cal.App.3d 308 (1983) ....................................................................... 18

*Maryland Cas. Co. v. Nationwide Mut. Ins. Co.*,
81 Cal.App.4th, 1082 (2000) ..................................................................... 20

*McGee v. Superior Court*,
176 Cal.App.3d 221 (1985) ....................................................................... 14

*Merritt v. Rsrv. Ins. Co.*,
34 Cal.App.3d 858 (1973) .................................................................... 21, 22

*Mosier v. S. California Physicians Ins. Exch.*,
63 Cal.App.4th 1022 (1998) ........................................................................ 9

*Native Sun Inv. Grp. v. Ticor Title Ins. Co.*,
189 Cal.App.3d 1265 (1987) ........................................................... 9, 10, 14

*Norman v. Ins. Co. of N. Am.*,
218 Va. 718 (1978) .................................................................................. 7, 8

*Northern Insurance Co. v. Allied Mutual Ins. Co.*,
955 F.2d 1353 (9th Cir. 1992) ..................................................................... 4

*Ohran v. Nat'l Auto. Ins. Co.*,
82 Cal.App.2d 636 (1947) ......................................................................... 18

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) ....................................................................... 1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

1
2

## <u>TABLE OF AUTHORITIES</u>
### (Continued)

<u>Page</u>

3
4

*Patel v. Am. Nat'l Prop. & Cas. Co.,*
   367 F.Supp.3d 1186 (D.Nev. 2019)......................................................24

5
6

*Paul Evert's v. Universal Underwriters Ins. Co.,*
   720 F.App'x 412 (9th Cir. 2018) ...........................................................14

7

*PPG Indus., Inc. v. Transamerica Ins. Co.,*
   20 Cal.4th 310 (1999) ............................................................................14

8
9

*Progressive W. Ins. Co. v. Superior Ct.,*
   135 Cal.App.4th 263 (2005) ..................................................................20

10
11

*Safeco Ins. Co. v. Sup. Ct.,*
   140 Cal.App.4th 874 (2006) ..................................................................23

12
13

*San Diego Fed. Credit Union v. Cumis Ins. Society,*
   162 Cal.App.3d 358 (1984) .....................................................................9

14
15

*Seretti v. Superior Nat. Ins. Co.,*
   71 Cal.App.4th 920 (1999) ....................................................................22

16
17

*Sidorov v. Transamerica Life Ins. Co.,*
   832 F. App'x 479 (9th Cir. 2020) ..........................................................24

18
19

*Spirito v. Peninsula Airport Comm'n,*
   350 F.Supp.3d 471 (E.D.Va. 2018) .................................................15, 16

20

*State Farm Fire & Cas. Co. v. Mabry,*
   255 Va. 286 (1998) .................................................................................8

21
22

*State Farm Fire & Cas. Co. v. Sup. Ct.,*
   216 Cal.App.3d 1222 (1989) .................................................................12

23
24

*Steinle v. City and Cty. Of San Francisco,*
   919 F.3d 1154 (9th Cir. 2019) .................................................................1

25
26

*Streamcast Networks, Inc. v. IBIS LLC,*
   2006 WL 5720345 ..................................................................................24

27
28

*Studley v. Benicia Unified Sch. Dist.,*
   230 Cal.App.3d 454 (1991) ...................................................................18

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1
2

## <u>TABLE OF AUTHORITIES</u>
### (Continued)

<u>Page</u>

3
4
*Swanson v. State Farm Gen. Ins. Co.*,
   219 Cal.App.4th 1153 (2013) ................................................................. 9

5
6
*Tomerlin v. Canadian Indem. Co.*,
   61 Cal.2d 638 (1964) ............................................................................ 19

7
8
*Tower Acton Holdings v. Los Angeles*,
   105 Cal.App.4th 590 (2003) ................................................................ 18

9
*Truck Ins. Exch. v. Unigard Ins. Co.*,
   79 Cal.App.4th 966 (2000) ........................................................... 20, 23

10
11
*Underwriters v. ProBuilders Specialty Ins. Co.*,
   241 Cal.App.4th 721 (2015) ......................................................... 20, 21

12
13
*Vascular Imaging Pros., Inc. v. Digirad Corp.*,
   401 F.Supp.3d 1005 (S.D.Cal. 2019) .................................................. 23

14
**Statutes**

15
Bus. & Prof. Code §6002(a) ....................................................................... 11

16
Civ. Code §1646 ................................................................................... 2, 5

17
18
Civ. Code §2860 ........................................... 1, 2, 3, 9, 10, 11, 14

19
Civ. Code §2860(a) .................................................................................. 10

20
Civ. Code §2860(b) ................................................... 10, 11, 13, 14, 16

21
Civ. Code §2860(e) .................................................................................. 10

22
Civ. Code §3513 ............................................................................... 18, 19

23
Ins. Code §533 .......................................................................... 14, 15, 18, 19

24
**Rules**

25
26
Cal. Rules of Prof. Conduct, Rule 1.3 ....................................................... 11

27
FRCP 12(b)(6) ............................................................... 3, 4, 6, 24

28
FRCP 12(e) ...................................................................................... 3, 24

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

ix

# TABLE OF AUTHORITIES
### (Continued)

**Page**

Virginia Code of Professional Responsibility
  DR: 5-106(B) ........................................................................................7

**Other Authorities**

Va.Sup.Ct.R. Sec.I, No.1 .............................................................10

Va.Sup.Ct.R. Sec.II.......................................................................10

Virginia State Bar Standing Committee on Legal Ethics
  Opinion 598 (approved by Supreme Court of Virginia, 1985) ..............7

Virginia State Bar Standing Committee on Legal Ethics,
  Opinion 1536 (1993).......................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

x

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

# I.      **INTRODUCTION**

As was the case with the original complaint filed by Travelers Commercial Insurance Company ("Travelers") against New York Marine and General Insurance Company ("New York Marine"), the First Amended Complaint's ("FAC") intra-insurer claims are premised on the erroneous legal contention that New York Marine acceptance of a common insured's ("Insured") tender of defense of a civil action venued in the Circuit Court of Fairfax County, Virginia, legally obligated it to provide independent counsel pursuant to California Civil Code §2860. (Compare Compl., ¶¶1, 10-16, 18-19, 22-24 with FAC, ¶¶10-17, 21, 27-28, 31(b)-(d), 36-39.)

This central legal contention is based on Travelers' legal theory that New York Marine's reservation of rights letter created an "actual" conflict of interest triggering the Insured's corresponding right to independent counsel.   (FAC, ¶¶11-15); *see also* Wagoner Decl., Ex. A ["the ROR"].)[1]   Therefore, according to Travelers, since it is already affording a defense *via* independent counsel, New York Marine is required via equitable contribution to pay one-half of the costs thereof between March, 2019 when the Insured tendered the defense to New York Marine until November 20, 2020, when New York Marine's appointed defense counsel withdrew.  (FAC, ¶¶9-20.)[2]

However, and again like the original Complaint, the FAC acknowledges that

---

[1] New York Marine hereby brings to the Court's attention both a copy of the Complaint in the Virginia Action and the ROR pursuant to the Ninth Circuit's incorporation by reference doctrine. *See Steinle v. City and Cty. Of San Francisco*, 919 F.3d 1154, 1167 fn. 17 (9th Cir. 2019); *Knievel v. ESPN*, 393 F.3d 1068, 1076-1078 (9th Cir. 2005); *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998).

[2] After the withdrawal of New York Marine's appointed defense counsel on November 20, 2020, Travelers alleges that New York Marine and Travelers entered into an intra-insurer arrangement on January 21, 2021 whereby the insurers would equally share the costs of independent counsel appointed by Travelers on a forward-going basis.  (FAC, ¶¶20.)  However and significantly, the FAC does not raise a breach of contract claim premised on this alleged arrangement or otherwise allege the requisite elements of a breach of contract claim.  (See generally FAC.)

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

New York Marine agreed to defend the Insured by "appointed defense counsel of its choice." (FAC, ¶11; *see also* Compl., ¶11.) And while Travelers provided independent counsel to the Insured, an insurer which defends an insured through independent counsel is not entitled to contribution for those costs from other defending co-insurers who do not have a similar obligation to defend via independent counsel. *See Fed. Ins. Co. v. MBL, Inc.,* 219 Cal.App.4th 29, 48-49 (2013).

Further, under Civil Code §1646, since Virginia is the place of New York Marine's performance of its defense obligation, Virginia law applies. Under Virginia law, insurer-appointed defense counsel only has the insured as a client and there is no legal presumption that defense counsel will do anything contrary to the insured's interests. Since New York Marine had no obligation to provide independent counsel in the Virginia Action, Travelers cannot establish any right to equitable contribution for its cost of providing independent counsel to the Insured in that Action.

Alternatively, even if California law applies to govern New York Marine's performance of its obligation to provide a defense in the Virginia Action, under California law an insurer is only obligated to provide independent counsel where there is an "actual" conflict of interest. For two (2) independent reasons, New York Marine's ROR created no such "actual" conflict of interest.

First, under California law, "actual" conflicts of interest arise only as a consequence of the "tripartite" relationship between a liability insurer, the insured and defense counsel. However, since Virginia defense counsel is governed by the Virginia Code of Professional Responsibility which makes only the Insured the client, there was no dual representation that could result in any "actual" conflict of interest.

Second, according to the FAC, the ROR letter triggered the Insured's right to independent counsel under Civil Code §2860 by raising "knowledge and/or intent"-based coverage issues. (FAC, ¶12.) However, the ROR letter only advised the Insured of California's public policy limitations on indemnification which did not create an "actual" conflict of interest under well-established California law. (See

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

1    *infra*, Sec.III.A.c.ii.)  As a result,  the ROR created no "actual" conflict of interest.

2         Because Travelers' allegations, if proven, would not establish that New York

3    Marine was obligated to provide independent counsel under Civil Code §2860,

4    Travelers cannot show that New York Marine is in breach of its defense obligations

5    to the Insured or that it otherwise owes Travelers any amounts on its equitable

6    contribution claims.  Neither does the FAC allege any facts which, if true, would

7    constitute an actionable breach of contract claim by Travelers against New York

8    Marine. As a result, the FAC necessarily fails to state a claim upon which relief can

9    be granted and should be dismissed.  FRCP 12(b)(6).

10        Alternatively, the Court can and should: (1) dismiss Travelers' equitable

11   contribution claim pursuant to FRCP 12(b)(6) on the ground stated above; and (2)

12   require Travelers to make a "more definite statement" of its claim with respect to New

13   York Marine's purported breach of its defense obligations.  FRCP 12(e).

14   ## II.    FACTUAL ALLEGATIONS

15        The underlying civil defamation action seeking compensatory and punitive

16   damages is venued in Fairfax County, Virginia.  (See FAC, ¶7; see also Wagoner

17   Decl., Ex. C; ROR.)   It is undisputed New York Marine provided the Insured with a

18   defense in the Virginia Action. (FAC, ¶11; see also ROR, pg.1.)  Equally undisputed

19   is that defense counsel appointed by New York Marine, Cameron McEvoy PLLC, are

20   licensed only in Virginia and other eastern states but not in California. (*See generally*

21   FAC; Wagoner Decl. Ex. F.)  Moreover, while Travelers contends that New York

22   Marine's defense obligations to the Insured were governed by California law due to

23   its issuance of the policy in California (FAC, ¶¶7, 11), Travelers does not contend that

24   Virginia defense counsel was governed by the California Rules of Professional

25   Conduct or otherwise subject to California law.  (FAC.)

26        Rather, Travelers seeks equitable contribution based on New York Marine's

27   "failure to meet its obligation to provide [the] mutual insured … with independent

28   counsel…."  (FAC, ¶¶1, 13-14.)  This contention is based on the allegation the ROR

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

"indicated that indemnity coverage could be denied based on the insured's knowledge and/or intent with respect to the alleged events giving rise to the [Virginia] Action." (*Id.*, ¶12.)  This erroneous allegation is overcome by the ROR'c actual content which only stated, in relevant part, that "to the extent that California law does not permit an insurer to indemnify the insured, no indemnity can be provided." (ROR, pg. 9 of 11.)[3]

The FAC also suggests in passing New York Marine may owe one-half of the costs of retaining independent counsel based on a separate, intra-insurer arrangement effective as of November 20, 2020. (FAC, ¶¶20-22, 41.)  However, the FAC restricts itself to equitable claims and does not raise any breach of contract claim.  (FAC.) Similarly, the FAC ambiguously alleges New York Marine may have breached its contractual obligations to "adequately" fund the Insured's defense even though: (1) Travelers does not allege all requisite elements of a breach of contract claim; and (2) Travelers has no standing to seek damages for New York Marine's purported breach of its policy obligations.  (FAC, ¶¶18-19, 27, 31(c).)

## III. **LEGAL ARGUMENT**

### A. **Travelers Equitable Contribution Claim Fails To State A Legally Viable Claim For Relief Under FRCP 12(b)(6)**

#### 1. **As A Matter Of Law, New York Marine Had No Obligation To Provide The Insured With Independent Counsel**

##### a. **Since The Underlying Action Is Pending In Virginia, New York Marine Defense Obligation Are Governed By Virginia Law**

In this diversity action venued in California, California choice of law principles apply.  *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941); *Northern*

---

[3] Otherwise, the ROR only raised extrinsic issues that: (1) the policy's Commercial General Liability Coverage part did not potentially apply to the Virginia Action; (2) the Virginia Action did not potentially allege any "bodily injury" or "property damage"; and (3) the policy's indemnity coverage was subject to a "Limitation – No Stacking of Occurrence Limits Of Insurance" endorsement.  (ROR, pg.9 of 11.) Significantly, the FAC does not allege that these coverage limitations created an "actual" conflict of interest requiring *Cumis* counsel.  (See generally FAC.)

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

4

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

1  *Insurance Co. v. Allied Mutual Ins. Co.,* 955 F.2d 1353, 1359 (9th Cir. 1992).

2       With respect to New York Marine's contractual obligations under its policy,

3  "Civil Code section 1646 is the choice-of-law rule that determines the law governing

4  the *interpretation* of a contract." *Frontier Oil Corp. v. RLI Ins. Co.,* 153 Cal.App.4th

5  1436, 1443 (2007) (emphasis in original).  That section provides "[a] contract is to be

6  interpreted according to the law and usage of the place where it is to be performed;

7  or, if it does not indicate a place of performance, according to the law and usage of

8  the place where it is made." Civ. Code §1646.

9       A liability insurer's duty "includes both defense and indemnity obligations"

10  with the "defense obligation" "entail[ing] the rendering of a service, viz., the

11  mounting and funding of a defense." *Frontier Oil*, *supra,* at 1450.   The insurer

12  "performs its defense obligation by providing defense services through an

13  attorney…in the jurisdiction where the suit is prosecuted." *Id*.   Thus, New York

14  Marine's defense obligations are governed by Virginia law since Virginia is the "place

15  of performance." [4] [5]

16  
17  [4] *See also James River Ins. Co. v. Medolac Lab'ys,* 290 F.Supp.3d 956, 963
(C.D.Cal.2018) (§1646 choice of law test "as interpreted by *Frontier Oil*" applied to

18  duty to defend dispute); *Fireman's Fund Ins. Co. v. Nationwide Mut. Fire Ins. Co*.,
2012 WL 1985316, at *6 (S.D.Cal. 2012) (California "place of performance" of

19  insurer's defense obligations in action venued in San Diego County despite fact policy
was issued in Florida); *James River, supra*, 290 F.Supp.3d 956, 966 (California "place

20  of performance" of defense obligations in action venued in Orange County despite
fact policy was issued in Oregon); *Black Diamond Asphalt, Inc. v. Superior Ct.,* 109

21  Cal.App.4th 166, 171 (2003) (for venue purposes CIGA's defense obligation "arose"

22  in county where plaintiff had "been named as a defendant in a third party lawsuit"
"because that is where the insurer's liability arises."); *Downey Venture v. LMI Ins.

23  Co*., 66 Cal.App.4th 478, 514 (1998) ("A liability insurance policy issued on a
nationwide basis may be construed in accordance with the law of the jurisdiction in

24  which a particular claim arises…. Parties to an insurance contract understand this.")

25  
26  [5] In an attempt to "side-step" this conclusion, the FAC contends California law
governs New York Marine's defense obligations because the policy was issued in

27  California.  (FAC, ¶11.)  Such legal contentions have no bearing on this motion

28  

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

**b.** **Under Virginia Law, New York Marine Had No Obligation To Provide Independent Counsel**

**(i)** **Under Virginia Law, Defense Counsel Retained By An Insurer Under A Reservation Of Rights Has No Conflict Of Interest Since Counsel Only Has The Insured For A Client**

Virginia law does not require liability insurers to provide their insureds with independent defense counsel in reservation of rights situations because: (1) insurer-appointed defense counsel only has the insured for a client; and (2) Virginia does not apply any legal presumption that defense counsel retained an insurer to defend an insured under a reservation of rights will do anything in the conduct of the insured's defense which is inconsistent with the insured's interests.

In *Gen. Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP,* 357 F.Supp.2d 951 (2005), a liability insurer brought a legal malpractice action against a law firm previously retained to defend an insured in a personal injury lawsuit. *Id.,* 952. As part of the suit, the insurer alleged that appointed defense counsel was the its client since the insurer had "selected, retained, and paid [defense counsel] to undertake [the insured's] representation." *Id.*, 955. The defense counsel-defendant sought to dismiss the complaint under FRCP 12(b)(6) by arguing that under Virginia law, "an insurer cannot bring a legal malpractice claim against a law firm it retains to defend an insured because the insured, not the insurer, is the client of the firm, and conflict-of-interest principles bar any secondary duty to the insurer." *Id.*

In evaluating these competing legal theories, the *Jordan* court noted several jurisdictions outside of Virginia, including California, had adopted the view that defense counsel retained by a liability insurer to defend an insured is in a "tripartite relationship" which "exists among insurer, insured, and counsel, with both insurer

---

because "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

and insured as co-clients of the firm in the absence of a conflict of interest." *Id.*, 956 (*citing Gulf Ins. Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 79 Cal.App.4th 114, 126 (2000).)  However, the *Jordan* court noted that "the Supreme Court of Virginia has never suggested that an insurer, as well as the insured, may be a client of the law firm the insurer retains to defend an insured." *Id.*, 957.  Instead, the *Jordan* court looked to "Virginia State Bar ethics opinions, approved by the Supreme Court of Virginia [which] make *unmistakably clear that an insurer is not the client of counsel it retains to defend an insured*." *Id.* (emphasis added, citing Opinions 598 and 1536).[6]

The fact that Virginia law clearly establishes that insurer-retained appointed defense counsel only has the insured as a client is further demonstrated by *Norman v. Ins. Co. of N. Am.*, 218 Va. 718 (1978).  In *Norman*, an insured was defended by his liability insurer pursuant to a full reservation of rights in an assault and battery case.

---

[6] In Opinion 598, the legal question presented was whether the Virginia Code of Professional Responsibility "prohibits representation of an insured by a staff attorney for a liability carrier."  (See Wagoner Decl., Ex. D.)  In concluding such representations are permitted, Opinion 598 relied in part on Virginia Code of Professional Responsibility DR: 5-106(B) stating that "[a] lawyer shall not permit a person who recommends, employs or pays [them] to render legal services for another to direct or regulate [their] professional judgment in rendering such legal services." (*Id.*, pg.1.)   As a result, Opinion 598 concluded: (1) "the lawyer so employed shall represent the insured as [their] client *with undivided fidelity*"; and (2) "The client of an insurance carrier's employee attorney *is the insured, not the insurance carrier*." (*Id.*, pgs. 1-2 [emphasis added].)

In Opinion 1536, the hypothetical presented was whether an attorney previously employed to "handle insurance defense cases and coverage issues" for an insurance company could subsequently represent a plaintiff "in a personal injury action against a defendant who is insured" by the same insurer.  (Wagoner Decl., Ex. E.)  Opinion 1536 relied on prior Opinion 598's conclusion that 'the client of an insurance carrier's [in-house] employee attorney is the insured, not the insurance carrier" and determined "that such delineation of the client is equally applicable when the insurance company engages outside counsel to represent its insured." (*Id.*)

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

1  *Id. at 720-22.*  The reservation of rights included the right to deny coverage for injuries

2  not caused by an "occurrence," defined by the policy as an "accident" resulting in

3  "bodily injury or property damage neither expected nor intended from the standpoint

4  of the Insured." *Id.* at 720-722. The jury found the insured had committed assault and

5  battery without legal justification and awarded both compensatory and punitive

6  damages. *Id.* at 721. Subsequently, the insured in a declaratory relief action argued

7  that the insurer was estopped to assert its coverage defenses since it had operated

8  under "an inherent conflict of interest" in "defending him from a charge of assault

9  and battery while at the same time relying on the fact that such an assault and battery

10 had been committed and would be a compete defense to liability…under the policy."

11 *Id.* at 722.  The Supreme Court of Virginia characterized the insured's legal theory as

12 alleging "in substance" that the insurer had "breached its contract with him by failing

13 to have defended him adequately in the suit," that such breach "constituted a waiver

14 of its reservation of right to deny coverage…." *Id.* at 723.

15  After concluding the injuries and underlying judgment did not satisfy the

16 policy's "occurrence" definition (*id.* at 723-725), the *Norman* court held the insurer

17 had not breached its defense obligations by defending the through appointed defense

18 counsel under a reservation of rights. *Id.* at 725-727.  In doing so, the *Norman* court

19 rejected the insured's "conflict of interest" argument, emphasizing instead that "an

20 insurer's attorney, employed to represent an insured, is bound by the same high

21 standards which govern all attorneys, and *owes the insured the same duty as if he were*

22 *privately retained by the insured.*" *Id.*, 727–28 (emphasis added); *see also State Farm*

23 *Fire & Cas. Co. v. Mabry,* 255 Va. 286, 291 (1998) (following *Norman, supra*).

**(ii)  Under Virginia Law, New York Marine Did Not Breach Its Defense Obligations To The Insured By Providing A Defense Via Appointed Defense Counsel Under A Reservation Of Rights**

27  Assuming that Virginia law, the FAC fails to state any actionable equitable

28 contribution claim.  New York Marine's appointed defense counsel practicing law in

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  Virginia only had the Insured as a client.  (*See, supra,* Sec.III.A.1.b.i.)  Under Virginia

2  law, there is no legal presumption that insurer-appointed defense counsel will favor

3  the insurer's interests.  (*Id.*).  Nor does the FAC allege that Virginia defense counsel

4  acted in such a way that would injure the Insured's interests.  (FAC.)  Therefore, the

5  FAC's allegations do not show New York Marine breached any duty to the Insured.

      **c.**    **Alternatively, In The Event California Law Applies To New York Marine's Defense Obligations, New York Marine Had No Obligation To Provide Independent Counsel To The Insured**

      **(i)**    **There Was No "Actual" Conflict Of Interest Under Civ. Code §2860 Since Virginia Defense Counsel Only Had The Insured As A Client**

      **A)**    **Under California Law, "Actual" Conflicts Of Interest Arise Only Because Of The "Tripartite Relationship" Between The Insurer, The Insured And Defense Counsel**

13        Unlike Virginia, California has expressly adopted the "tripartite relationship"

14  doctrine under which – assuming there is no "actual" conflict of interest between the

15  insurer and the insured – counsel retained by a liability insurer to defend its insured

16  has both the insurer and the insureds as "clients" to whom fiduciary duties are owed.

17  *San Diego Fed. Credit Union v. Cumis Ins. Society,* 162 Cal.App.3d 358, 364 (1984).[7]

18        Because insurer-retained defense counsel normally represents both the

19  insurer's and the insured's interests in the underlying litigation, an "actual" conflict

20  of interest can arise in cases where the insurer defends under a reservation of rights

21  which, by its terms, raises insurance coverage whose outcome can be determined by

22  how the underlying action is litigated.  *Cumis, supra,* 162 Cal.App.3d 358, 363–65;

23  *Native Sun Inv. Grp. v. Ticor Title Ins. Co.,* 189 Cal.App.3d 1265, 1277 (1987);

24  *Golden Eagle Ins. Co. v. Foremost Ins. Co.*, 20 Cal.App.4th 1372, 1395 (1993).

---

[7] *See also Swanson v. State Farm Gen. Ins. Co.*, 219 Cal.App.4th 1153, 1162 (2013); *Long v. Century Indem. Co.*, 163 Cal.App.4th 1460, 1468 (2008); *Mosier v. S. California Physicians Ins. Exch.*, 63 Cal.App.4th 1022, 1041 (1998).

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

Therefore, to eliminate the "actual" conflict of interest created under California law where defense counsel is called upon to represent *two clients* with divergent interests in the same litigation, the *Cumis* decision, as codified by Civil Code §2860, requires either that: (1) the insurer fund the insured's retention of independent defense counsel who represents only the insured and not the insurer; or (2) the insured expressly waives the conflict in writing.  Civ. Code §2860(a)-(b), (e).

**B)** **New York Marine Had No Obligation to Provide Independent Counsel, Because Virginia Defense Counsel Was Not In An Attorney-Client Relationship With New York Marine**

"[T]he *Cumis* rule *is not based on insurance law but <u>on the ethical duty of an attorney</u> to avoid representing conflicting interests*."  *James 3 Corp. v. Truck Ins. Exchange,* 91 Cal.App.4th 1093, 1101 (2001) (emphasis added, citing *Golden Eagle, supra,* 20 Cal.App.4th at 1394).  As a consequence, if defense counsel is able to fully represent the insured's interests notwithstanding the fact that the insurer is paying for the defense, there is no "actual" conflict of interest requiring independent defense counsel.  *Native Sun, supra,* 189 Cal.App.3d at 1277; *Dynamic Concepts, Inc. v. Truck Ins. Exchange,* 61 Cal.App.4th 999, 1008 (1998).

Applying these fundamental legal principles, Virginia defense counsel appointed by New York Marine was never subject to a conflict of interest.  Rather, that counsel was governed by the Virginia Code of Professional Responsibility and: (1) only had the Insured as a client; and (2) was ethically barred from advancing New York Marine's coverage interests in the Virginia Action.  (*See, supra,* Sec.III.A.1.b.i.)[8]  Moreover, Virginia defense counsel was never subject to the

---

[8] *See* Va.Sup.Ct.R. Sec.I, No.1 (prohibiting "non-lawyers" from "engaging in the practice of law in the Commonwealth of Virginia except as may be authorized by rule or statute" and defining "non-lawyer" in relevant part as "any person, firm, association or corporation not duly licensed or authorized to practice law in the Commonwealth of Virginia."); Va.Sup.Ct.R. Sec.II, "Preamble" (explaining a

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

California Rules of Professional Responsibility since: (1) the Insured's representation occurred in Virginia; and (2) counsel was only licensed to practice law in Virginia courts and other eastern states.  (See Wagoner Decl., Ex. F).[9]  Furthermore, there is no allegation that Virginia defense counsel was not given "carte blanche" to defend the Insured against all claims, covered or uncovered.  (See FAC.)  Nor does the ROR letter set forth any limitation on the defense being provided.  (Wagoner Decl, Ex. A.)

Consequently, there was never any "tripartite" relationship between New York Marine, the Insured and Virginia defense counsel from which an "actual" conflict of interest could even arise.  (*See, supra,* Sec.III.A.1.b.i.)

> **(ii)** **New York Marine Had No Obligation To Provide Independent Counsel Because Reserving Rights To Deny Indemnity As Required By California Public Policy Did Not Raise Any "Coverage Issues" That Could Be "Controlled By Counsel"**
>
> **A)** **To Trigger The Obligation To Provide Independent Counsel, California Law Requires An "Actual" Conflict Of Interest**

Travelers' equitable contribution claim is premised on the contention that the "terms" of New York Marine's ROR letter created an "actual" conflict of interest which, in turn, "triggered" the Insured's right to independent counsel under Civil Code §2860.  (FAC, ¶¶11.)  This contention reflects the conflict of interest theory codified by Civil Code §2860(b) stating, in relevant part, "when an insurer reserves its rights *on a given issue <u>and</u> the outcome of that coverage issue can be controlled by counsel* first retained by the insurer for the defense of the claim, a conflict of interest may exist."  (Emphasis added).  Under the same "actual" conflict of interest

---

Virginia licensed lawyer's "professional responsibilities are prescribed in the Rules of Professional Conduct, as well as [Virginia] substantive and procedural law.")
[9] *See* Cal. Rules of Prof. Conduct, Rule 1.3 (explaining "scope" of California Rule of Professional Conduct "concern … the rights and responsibilities of…licensees and prospective licensees" of "the State Bar of California"); Bus. & Prof. Code §6002(a) (defining "licensees of the State Bar" as "all persons admitted and licensed to practice law *in this state*") (emphasis added).

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

rule, there "is no…entitlement [to independent counsel] where the coverage issue is independent of, or extrinsic to, the issues in the underlying action or where the damages are only partially covered by the policy." *James 3*, *supra,* 91 Cal.App.4th at 1102 (quoting *Dynamic Concepts, supra*, 61 Cal.App.4th at 1006.)

As the California case law makes abundantly clear, the mere issuance of a reservation of rights does not create an "actual" conflict of interest "triggering" an insured's right to independent counsel. *Id.*, 1101.[10] Rather, "[i]t is only when the basis for the reservation of rights is such as to cause assertion of factual or legal theories which undermine or are contrary to the positions to be asserted in the liability case that a conflict of interest sufficient to require independent counsel, to be chosen by the insured, will arise." *State Farm Fire & Cas. Co. v. Sup. Ct*., 216 Cal.App.3d 1222, 1226, fn.3 (1989); *Gafcon v. Ponsor & Assoc.*, 98 Cal.App.4th 1388, 1422 (2002).

**B)   Travelers Cannot Show An "Actual" Conflict Of Interest Based On Conduct-Based Coverage Limitations Not Raised By New York Marine**

Under California law, when determining whether or not an insurer's reservation of rights created an "actual" conflict of interest, the Court must perform "a careful analysis of the parties' respective interests to determine whether they can be reconciled…or whether an actual conflict of interest precludes insurer-appointed defense counsel from presenting a quality defense for the insured." *Dynamic Concepts*, *supra,* 61 Cal.App.4th 999, 1007–08; *James 3*, *supra,* 91 Cal.App.4th 1093, 1107. Applying such a "careful analysis" to the actual issues specifically raised by the ROR, it is clear that no "actual" conflict of interest was thereby created.

---

[10] *See also Golden Eagle, supra*, 20 Cal.App.4th at 1394; *Dynamic Concepts, supra*, 61 Cal.App.4th at 1007; *MBL, supra,* 219 Cal.App.4th at 41-42; *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C*., 61 Cal.4th 988, 1003 (2015); *Centex Homes v. St. Paul Fire & Marine Ins. Co.,* 19 Cal.App.5th 789, 798 (2018); *Long, supra*, 163 Cal.App.4th at 1470; *Berger*, *supra,* 79 Cal.App.4th at 130.

12

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

Travelers' conflict of interest contentions are premised on the allegation that the ROR "indicated that indemnity coverage could be denied based on the insured's knowledge and/or intent with respect to the alleged events giving rise to the [Virginia] Action." (FAC, ¶12.)  This allegation misstates the ROR's content which only stated, in relevant part, that "to the extent that California law does not permit an insurer to indemnify the insured, no indemnity can be provided." (ROR, pg. 9 of 11.)[11]

Nothing in the ROR reserved the right to disclaim coverage under the "occurrence" definition which requires an "accident" based on the nature of the Insured's conduct as proven at trial. (See ROR and Wagoner Decl, Ex. B, pg. 52, 55 of 66.)   Since New York Marine did not reserve rights based on this conduct-based policy coverage limitation or any other such policy limitations, Travelers cannot rely on non-raised policy language to show any "actual" conflict of interest.  *See MBL, supra,* at 922-923 ("Where the insurer has not expressly reserved its right to deny coverage *under a particular exclusion in its policy*, there can be no actual conflict based on the application *of that exclusion* during the pendency of the action.") (emphasis added); *see also Foremost Ins. Co. v. Wilks,* 206 Cal.App.3d 251, 261 (1988); *Centex Homes v. St. Paul Fire and Marine Ins. Co.*, 237 Cal.App.4th 23, 31 (2015); *Hollyway Cleaners v. Cent. Nat'l Ins. Co.*, 219 F.Supp.3d 996, 1006 (C.D.Cal. 2016).

**C)   New York Marine's Reservation To Disclaim Indemnity For A Punitive Damage Award Did Not Create A Conflict Of Interest Under Civ. Code §2860(b)**

Since the ROR did not raise any conduct-based policy coverage limitations, it can only reasonably be read to disclaim coverage for non-indemnifiable damage

---

[11] By operation of the "incorporation by reference" doctrine, Travelers' allegations regarding the content of the ROR are overcome by the actual context of the ROR.  *See Knievel, supra,* 393 F.3d 1068, 1076-1078; *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

awards to the extent California law applies to New York Marine's indemnity obligations such as an award of punitive damages.  *See PPG Indus., Inc. v. Transamerica Ins. Co.,* 20 Cal.4th 310, 317 (1999); *Paul Evert's v. Universal Underwriters Ins. Co.,* 720 F.App'x 412, 413 (9th Cir. 2018).

However, insofar as the ROR reserved the right to disclaim indemnity coverage for any punitive damage awarded against the Insured as against California public policy, the ROR created no "actual" conflict of interest as a matter of law.  Civil Code §2860(b); *Native Sun, supra*, 189 Cal.App.3d at 1277; *McGee v. Superior Court,* 176 Cal.App.3d 221, 226 (1985); *Wilks, supra,* 206 Cal.App.3d 251, 261.

**D) New York Marine's Reservation To Disclaim Indemnity As Required By California Public Policy Did Not Create A "Actual" Conflict Of Interest Under Civ. Code §2860(b)**

Notwithstanding the fact that the ROR said nothing about the Insured's purported "willful" conduct at issue in the Virginia Action, the FAC alleges the ROR raised this conduct-based coverage issue as indicated by a subsequent email from New York Marine to Travelers.  (FAC, ¶¶15-16.)  However, and even assuming the ROR did, in fact, potentially reserve the right to disclaim indemnification for the Insured's proven "willful" conduct under California Insurance Code §533, this would not create an "actual" conflict of interest under Civil Code §2860 as a matter of law.

The complaint in the Virginia Action alleged the Insured published statements in a newspaper editorial which, by implication, indicated the plaintiff had domestically abused the Insured.  (Wagoner Decl., Ex.C, ¶¶2-4, 19-23, 76-78, 87-89, 98-100.)  It is further alleged these statements were made with "actual malice" by the Insured.  (*Id.*, ¶¶6, 62-66, 84, 95, 106.)

In Virginia, "[t]he requisite intent a plaintiff must prove in a defamation action depends upon the plaintiff's status as a public or private figure and the damages sought." *Jordan v. Kollman*, 269 Va. 569, 576 (2005).  If the plaintiff is a "public figure," by application of the *New York Times v. Sullivan* rule, the plaintiff must prove

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

by "clear and convincing evidence" the defendant made the false, defamatory statement(s) with "actual malice" in order to have any recovery whatsoever. *Id.*; *see also Fleming v. Moore,* 221 Va. 884, 891 (1981); *Spirito v. Peninsula Airport Comm'n*, 350 F.Supp.3d 471, 480 (E.D.Va. 2018).

Conversely, if the defamation plaintiff qualifies as private individual, they may recover compensatory damages by proving by a preponderance of the evidence that the defendant acted negligently with respect to the falsity of the statement(s). *Gazette, Inc. v. Harris,* 229 Va. 1, 15 (1985); *Food Lion v. Melton*, 250 Va. 144, 150 (1995).

In Virginia, separate and apart from the recovery of compensatory damages, "[t]o recover punitive damages, all defamation plaintiffs must show actual malice." *Kollman*, *supra,* 269 Va. 569, 576. This same "actual malice" intent standard applies to recovery of punitive damages in defamation cases as it does to "public figures" seeking compensatory damages for defamation. *Fleming, supra,* 221 Va. 884, 893.

Applying a "careful analysis" of the "respective interests" of the Insured and New York Marine as indicated by *Dynamic Concepts,* New York Marine's purported raising of California public policy's bar against indemnification for injuries caused by "willful" conduct – which would include defamatory statements made with "actual malice"[12] – would not, as a matter of law, create any "actual conflict of interest" that would preclude Virginia defense counsel "from presenting a quality defense for the insured." *Id.,* 1007–08. Whether or not the plaintiff in the Virginia Action was a "public figure" was a threshold issue of law for the court to determine over which Virginia defense counsel could not control the outcome. *Harris, supra,* 229 Va. 1, 15; *Carroll v. Jones,* 74 Va.Cir. 466 (2008). Moreover, both the Insured's and New York Marine's interests are aligned in having the trial court determine the plaintiff

---

[12] *See Downey Venture v. LMI Ins. Co.*, *supra,* 66 Cal.App.4th 478, 503-506 (California's public policy bar against indemnification for "willful" acts as expressed by Insurance Code §533 applies to injurious acts where insured acted with "malice").

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

1  was a "public figure" since that would impose the much higher "actual malice"

2  standard on the plaintiff to recover any judgment. *Kollman*, *supra,* 269 Va. 569, 576;

3  *Fleming, supra,* 221 Va. 884, 891; *Spirito, supra,* 350 F.Supp.3d 471, 480.[13]

4      Alternatively, and assuming this "public figure" threshold was not met, then

5  "actual malice" would only be at issue with respect to whether or not punitive

6  damages were recoverable.  *Kollman*, *supra,* 269 Va. 569, 576; *Fleming, supra,* 221

7  Va. 884, 893.  However, under Civil Code §2860(b), any issue regarding recovery of

8  punitive damages could not trigger the Insured's right to *Cumis* counsel.  *Id.*

9      As a result, at no time did New York Marine and the Insured have divergent

10  interests by New York Marine proving the Insured acted with "actual malice" while

11  the Insured had an interest in showing they only acted negligently.  If the plaintiff

12  were determined to be a "public figure," both New York Marine and the Insured had

13  the shared interest in defeating the defamation claims by proving the Insured did not

14  act with "actual malice."  Alternatively, if the plaintiff were not a "public figure,"

15  both the Insured and New York Marine had aligned interests in defeating or

16  minimizing any potential compensatory damage award since: (1) the Insured had an

17  interest in defeating the claim to publically vindicate herself; and (2) New York

18  Marine had not raised any conduct-based coverage defenses which could otherwise

19  eliminate coverage for a compensatory damage award based on a showing of less than

20  "actual malice."  (*See, supra,* Sec.III.A.1.c.ii.B.)

21      Properly analyzed, the situation in this case is directly analogous to the situation

22  in *Wilks, supra*.  Like the present case, the insured in *Wilks* was sued for defamation

23  by a plaintiff seeking both compensatory and punitive damages. *Id.*, 254-255.  Like

24

25  [13] Moreover, the New York Marine policy's coverage would not be "illusory" even if

26  it provided no indemnity coverage for defamation of a "public figure" under an

27  "actual malice" standard since New York Marine was still obligated to provide a full

28  defense against defamation claims raised by such "public figures."  *See Downey Venture, supra,* 66 Cal.App.4th 478, 506.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

the present case, the insurer's ROR disclaimed indemnity for any punitive damages award as against public policy without raising any conduct-based policy exclusions or coverage limitations. *Id.*, 255-256. The insured demanded *Cumis* counsel and sued the insurer for breach of contract based on the insurer's refusal. *Id.*, 256-258. The trial court eventually held as a matter of law that the insured was not entitled to *Cumis* counsel and that determination was upheld on appeal. *Id.*, 258-259.

The *Wilks* court first found in significant that the insurer had not raised the policy's "knowledge of falsity" exclusion since, had it done so, it would have thereby raised conduct-based coverage issues that would have created an "actual" conflict of interest requiring independent counsel. *Id.* 259, fn.7, 261.

Otherwise, and outside the issue of indemnification of punitive damages which was precluded by California law, the *Wilks* court found that the insured and insurer had aligned interests is defeating the compensatory damages sought in the underlying action since recovery of those damages did not turn on whether or not the insured had acted with "actual malice." *Id.*, 261 ("Although the nature of Wilks' conduct as developed at trial will determine whether punitive damages are awarded, under the facts of this case and the coverage afforded Wilks under the policy, *Foremost gains no benefit from pursuing a theory that Wilks acted with malice or reckless disregard for the truth*. Ergo, there is no conflict of interest.") (Emphasis added).

Therefore, any allegation that New York Marine raised California's public policy indemnification bar for injuries caused by "willful" conduct does not potentially state any "actual" conflict of interest. *Wilks, supra.*

### E)   New York Marine Did Not "Scheme" To Hide California Public Policy's Bar On Indemnification For Injuries Caused by "Willful" Conduct Since New York Marine Could Not Waive California Public Policy

Additionally, the FAC alleges that New York Marine somehow "schemed" to "hide" from the Insured the fact that California's public policy bars against indemnifying an insured for injuries caused by the Insured's "willful" conduct. (FAC,

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

17

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

¶¶14-16.) This contention is flatly contradicted by the actual content of the ROR which expressly advised the Insured of California's public policy limits on insurance indemnification.  (See ROR, pg.9 of 11.)   Moreover, and again assuming that California law applies to New York Marine's indemnity obligations, California's public policy bar against indemnification for injuries cause by an insured's "willful" conduct would have applied *even if New York Marine had never raised the issue.*

California Civil Code §3513 expressly provides that "[a]ny one may waive the advantage of a law intended solely for his benefit.  But a law established for a public reason cannot be contravened by a private agreement."   Following the dictates of §3513, California courts have repeatedly held that "a law established for a public reason *cannot be waived or circumvented by a private act or agreement*, nor will a court enforce a contract made in violation of established public policy." *Tower Acton Holdings v. Los Angeles*, 105 Cal.App.4th 590, 601 (2003) (emphasis added); *Mary R. v. B. & R. Corp.*, 149 Cal.App.3d 308, 317 (1983) (same and collecting cases); *see also Ohran v. Nat'l Auto. Ins. Co.,* 82 Cal.App.2d 636, 644 (1947).

California' public policy prohibition against indemnification for injuries caused by an insured's "willful" conduct as expressed by Insurance Code §533 has been described as "implied at law" policy exclusion since it applies whether or not the policy itself has language to the same effect.  *J.C.Penney Cas. Ins. Co. v. M. K.,* 52 Cal.3d 1009, 1019 (1991).   While some earlier decisions have erroneously described the public policy exclusion as subject to the same rules governing express policy exclusions,[14] the California Supreme Court has clarified the public policy exclusion is to be enforced consistent with California's "fundamental public policy of denying coverage for willful wrong" since "[t[he parties to an insurance policy…cannot contract for such coverage." *J.C.Penney, supra,* at 1019 fn.8.

Because California's public policy exclusion necessarily limits indemnity

---

[14] *See, e.g., Studley v. Benicia Unified Sch. Dist.,* 230 Cal.App.3d 454, 458 (1991).

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

18

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

coverage under an insurance policy, a liability insurer cannot waive it by operation of §3513.  *Downey Venture*, *supra,* at 512 fn. 36 (by operation of §3513 insurer did not waive §533's bar to indemnification for "willful" conduct by its "unconditional acceptance" of insured's defense tender since that "would amount to the enforcement of an illegal contract" which "is void" and "cannot be ratified by any subsequent act"); *see also Evans v. Pac. Indem. Co*., 49 Cal.App.3d 537, 541-542 (1975) (insurer did not waive or was estopped from relying on §533's indemnity prohibitions by failing to raise that coverage issue); *Ferla v. Twin City Fire Ins. Co.,* 2009 WL 10664295, at *4 (C.D.Cal. 2009) ("§533 cannot be waived or contracted around.")[15] [16]

    Moreover, New York Marine could not have "schemed" to conceal from the Insured that California's public policy bars insurers from indemnifying injuries caused by insureds' "willful" acts since, as a matter of California governing law, "all applicable laws in existence when an agreement is made, *which laws the parties are presumed to know and to have had in mind*, necessarily enter into the contract and

---

[15] There is *obiter dicta* in *B&E Convalescent Ctr. v. State Compensation Ins. Fund* 8 Cal.App.4th 78 (1992) suggesting an insurer can waive California's public policy exclusion via conduct demonstrating the insurer "intentionally relinquished such ground of objection to coverage[.]"  8 Cal.App.4th at 86 fn.7.  Notwithstanding this *dicta* statement, the *B&E* Court actually held that the insurer did not waive or otherwise "intentionally relinquish" the right to disclaim indemnity coverage by operation of §533 by failing to raise the issue in its initial coverage position letter.  *Id.*  As such, the *dicta* in *B&E* does not overcome the authoritative analysis of *J.C.Penney* and *Downey Venture*.

[16] While California's public policy exclusion cannot be waived, an insurer can be equitably estopped from disclaiming indemnity based on that restriction if: (1) the insurer expressly promises the insured that it will provide such indemnity; and (2) the insured relies on that promise to their detriment.  *See Tomerlin v. Canadian Indem. Co.,* 61 Cal.2d 638, 646-647 (1964); *Downey Venture*, *supra,* 66 Cal.App.4th 478, 511-512.  This estoppel exception has no application to this case since there are no allegations indicating either: (1) that New York Marine promised to indemnify the Insured's proven "willful" acts notwithstanding California public policy; or (2) that the Insured relied on such a promise to their detriment.  (See generally FAC).

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

19

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

form a part of it, without any stipulation to that effect, as if they were expressly referred to and incorporated." *Alpha Beta Food Markets, Inc. v. Retail Clerks Union Local 770*, 45 Cal.2d 764, 771 (1955) (emphasis added); *Endo Lab'ys, Inc. v. Hartford Ins. Grp*., 747 F.2d 1264, 1267 (9th Cir. 1984) (same); *Progressive W. Ins. Co. v. Superior Ct*., 135 Cal.App.4th 263, 281 (2005) (same); *see also 1119 Delaware v. Cont'l Land Title Co*., 16 Cal.App.4th 992, 1002 (1993) ("There is a presumption that each person knows the governing law").

Therefore, Travelers' legally and factually incoherent contentions that New York Marine somehow "schemed" to hide California's public policy bar to indemnification for "willful" acts from the Insured does nothing to substantiate Travelers' equitable contribution claim.

## B. <u>The FAC's Inchoate Breach Of Contract Allegations Do Not Support Any Viable Claim For Equitable Contribution</u>

### 1. Under Well-Established California Law Equitable Contribution Is Not A Matter Of Contract

Equitable contribution between insurers is an equitable cost-sharing procedure applicable to insurers sharing the same level of liability on the same risk as to the same insured. *Truck Ins. Exch. v. Unigard Ins. Co*., 79 Cal.App.4th 966, 974 (2000); *Maryland Cas. Co. v. Nationwide Mut. Ins. Co.,* 81 Cal.App.4th, 1082, 1089 (2000).

California law is also clear that contribution is an *equitable* remedy which is separate and independent from the insured's contractual right to benefits from the targeted insurer since the insurer seeking contribution is a stranger to the policy issued by the targeted insurer and does not "stand in the shoes" of the insured with respect to the insured's entitlement to contractual benefits. *See Am. States Ins. Co. v. Nat'l Fire Ins. Co. of Hartford*, 202 Cal.App.4th 692, 700 (2011) (citing *Maryland Casualty, supra,* 81 Cal.App.4th 1082, 1089, *Fireman's Fund Ins. Co. v. Maryland Casualty Co*., 65 Cal.App.4th 1279, 1293, 1294–1295 (1998) and explaining "[n]umerous cases have reinforced the principle that an action for equitable contribution is rooted in equity, not contract."); *Underwriters v. ProBuilders*

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

1  *Specialty Ins. Co.*, 241 Cal.App.4th 721, 736 (2015) (same).

2       In addition to all of the legally insufficient allegations that New York Marine

3  owes Travelers an equitable duty to pay one-half the costs of *Cumis* counsel based on

4  the contents of the ROR (FAC, ¶¶11-14), it is further alleged New York Marine also

5  owes a duty to pay one-half the same costs on a forward-going basis based on an

6  arrangement between Travelers and New York Marine.   (FAC, ¶¶19-21).

7  Significantly, the FAC raises no breach of contract claim based on New York

8  Marine's purported failure to make payments under this arrangement.  (See FAC.)

9       Notwithstanding the status of this potential, inchoate breach of contract claim,

10  such allegations do not support Travelers' equitable contribution claim which is

11  "rooted in equity, not contract."    *Hartford*, *supra,* 202 Cal.App.4th 692, 700;

12  *Underwriters, supra,* 241 Cal.App.4th 721, 73.  Therefore, since Travelers allegations

13  have not shown that New York Marine shared the same "risk" of providing the

14  Insured with *Cumis* counsel as required for Travelers to state a legally viable equitable

15  contribution claim under *MBL, supra,* 219 Cal.App.4th 29, 48-49, the Court can and

16  should dismiss Travelers' equitable contribution claim.

17        **2.    Travelers Cannot Support Its Equitable Contribution Claim**
        **By Allegations That Virginia Defense Counsel Negligently**
18        **Failed To Adequately Defend The Insured**

19       Again assuming for sake of argument that California law applied to New York

20  Marine's defense obligations, an insurer fulfills its contractual defense obligations by

21  hiring competent defense counsel for the insured who thereafter acts as an

22  independent contractor.    *Merritt v. Rsrv. Ins. Co.*, 34 Cal.App.3d 858, 880 (1973).

23  Thereafter, "the carrier may rely upon trial counsel to conduct the litigation, and the

24  carrier does not become liable for trial counsel's legal malpractice.  If trial counsel

25  negligently conducts the litigation, the remedy for this negligence is found in an action

26  against counsel for malpractice…."  *Id.,* 881-882.  "[T]he conduct of the actual

27  litigation, including the amount and extent of discovery, the interrogation, evaluation,

28  and selection of witnesses, the employment of experts, and the presentation of the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  defense in court, remains the responsibility of trial counsel[.]" *Id.*, 822.

2      Otherwise, having already hired competent defense counsel, the defending

3  insurer retains its own independent duties: (1) "to make immediate inquiry into the

4  facts" of the claim; (2) "to provide counsel with adequate funds to conduct the defense

5  of the suit"; and (3) "to keep abreast of the progress and status of the litigation in order

6  that it may act intelligently and in good faith on settlement offers." *Id.*

7      The FAC appears to be attempting to "shore up" its equitable contribution claim

8  via allegations that New York Marine breached its defense obligations due to the fact

9  that Virginia counsel did "next to nothing," rather "piggy-back[ing]" on *Cumis*

10  counsel's efforts.   (FAC, ¶¶18, 31(c), 38.)  However, any alleged failure by Virginia

11  defense counsel to adequately defend the Insured would be the legal responsibility of

12  that counsel since they act as an independent contractor as a matter of law.  *Merritt,*

13  *supra,* at 821-822.  Moreover, Travelers has no standing to assert a claim that Virginia

14  defense counsel negligently failed to provide an adequate defense since those claims

15  belong to the Insured and are non-assignable. *Id.*; *Jackson v. Rogers,* 210 Cal.App.3d

16  336, 347 (1989); *Goodley v. Wank & Wank, Inc.,* 62 Cal.App.3d 389, 393-395 (1976).

17      Similarly, since Travelers is not a party to the New York Marine policy, it is a

18  stranger to that contract such that, as a matter of law, Travelers has no standing to

19  assert a claim for New York Marine's purported breach of its *Merritt* duties to the

20  Insured absent an assignment of those claims from the Insured to Travelers. *See, e.g.,*

21  *Seretti v. Superior Nat. Ins. Co.,* 71 Cal.App.4th 920, 929-931 (1999) (collecting and

22  discussing California cases illustrating rule that non-insureds without assignment of

23  rights have no standing to assert claim that insurer breached obligation to provide

24  policy benefits); *Austero v. Nat'l Cas. Co*., 62 Cal.App.3d 511, 514-517 (1976)

25  (insurer's contractual duties only owed to insureds and named third party beneficiaries

26  as opposed to non-insured "incidental or remote" beneficiaries).

27      Furthermore, California law indicates that equitable contribution is not

28  available for claims that the target insurer's assigned defense counsel did "less than

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

their fair share" of the work.  Rather, equitable contribution only applies where the insurer seeking contribution for defense costs "defended the action *without any participation* by the other [insurers]."  *Unigard, supra,* 79 Cal.App.4th 966, 974 (emphasis added, citing *Maryland Casualty, supra,* 65 Cal.App.4th 1279, 1293); *Axis Surplus Ins. Co. v. Glencoe Ins.*, 204 Cal.App.4th 1214, 1221 (2012) (same); *Safeco Ins. Co. v. Sup. Ct.*, 140 Cal.App.4th 874, 879 (2006) (same); *Low v. Golden Eagle Ins. Co*., 101 Cal.App.4th 1354, 1361 (2002) (same); *Markel Ins. Co. v. Exec. Risk Indem.*, 2013 WL 12114020, at *3 (C.D.Cal. 2013) (same); *Am. Home Assur. Co. v. State Farm Mut. Auto. Ins. C*o., 2013 WL 1435197, at *3 (N.D.Cal. 2013) (same).

Since Travelers has no standing to assert any claim that Virginia defense counsel failed to adequately defend the Insured or that New York Marine was in breach of its *Merritt* duties, these allegations fail to support Travelers' equitable contribution claim as a matter of law.

### C.   Travelers' Declaratory Relief Cause Of Action Fails To State Any Actionable Claim For Relief Against New York Marine

The FAC's declaratory relief cause of action fails to state any legally viable claim pursuant to which relief can be granted.  The bulk of Travelers' declaratory relief contentions are premised on the same legal contention that New York Marine breached its obligation to provide the Insured with independent counsel based on the contents of its ROR.  (FAC, ¶¶31-32.)  As explained in detail above, that central legal contention fails to withstand analysis regardless of whether Virginia or California law applies to New York Marine's defense obligations.  (See, *supra,* Sec.III.A.)

Otherwise, Travelers' declaratory relief allegations fail to state any legally viable claim for relief.  Since purpose of declaratory relief is "to resolve uncertainties or disputes that may result in future litigation[,]" "[v]arious courts have held...that, where determinations of a breach of contract claim will resolve any question regarding interpretation of the contract, there is no need for declaratory relief, and dismissal of a companion declaratory relief claim is appropriate."  *Vascular Imaging*

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1   *Pros., Inc. v. Digirad Corp.*, 401 F.Supp.3d 1005, 1010 (S.D.Cal. 2019) (*citing*

2   *Streamcast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, at \*3).

3   However, while Travelers' alleges that New York Marine entered into an

4   arrangement to pay one-half the costs of independent counsel following the

5   withdrawal of Virginia defense counsel, the FAC fails to allege all of the requisite

6   elements of a breach of contract claim based on this alleged arrangement. (See, *supra,*

7   Sec.III.B.) Moreover, Travelers has no standing to sue New York Marine for Virginia

8   defense counsel's alleged failure to adequately participate in the Insured's defense

9   since such a malpractice claim is personal to the Insured. (*Id.*) Similarly, Travelers

10  has no standing to sue New York Marine for its alleged breach of its defense duties

11  to the Insured in failing to adequately fund the Insured's defense since Travelers is

12  not a party to the New York Marine policy. (*Id.*)

13  Therefore, since the FAC fails to allege any actionable claim against New York

14  Marine for either for equitable contribution or breach of contract, Travelers'

15  companion declaratory relief claim should be dismissed. *See, e.g., Sidorov v.*

16  *Transamerica Life Ins. Co.,* 832 F. App'x 479, 483 (9th Cir. 2020) (unpublished)

17  (derivative declaratory relief claim "properly dismissed" where underlying "tort and

18  contract claims" were "appropriately dismissed" ); *Patel v. Am. Nat'l Prop. & Cas.*

19  *Co.,* 367 F.Supp.3d 1186, 1194 (D.Nev. 2019) (derivative declaratory relief claim

20  subject to dismissal under FRCP 12(b)(6) where plaintiff failed to plead actionable

21  breach of insurance contract claim).

22      **D.    Travelers' Vague Allegations The New York Marine Did Not**
        **Provide The Insured With An "Adequate Defense" Are So Vague**
23      **And Ambiguous That New York Marine Cannot Reasonably**
        **Prepare A Response Thereto**

24

25  Under FRCP 12(e), "[a] party may move for a more definite statement of a

26  pleading … which is so vague or ambiguous that the party cannot reasonably prepare

27  a response." Such a motion is proper where the pleading's vague allegations are such

28  that the responding party cannot determine the substance of the claim alleged. *See,*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

24

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

1   *e.g., Hubbs v. San Bernardino,* 538 F.Supp.2d 1254, 1262 (C.D.Cal. 2008);
2   *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D.Cal. 1996).

3      The FAC in conjunction with its equitable contribution claim appears to allege
4   New York Marine is in breach of a separate arrangement to pay one-half the costs of
5   independent counsel as of November, 2020 – even though the FAC states no breach
6   of contract claim and such an alleged breach of contract cannot support Travelers'
7   equitable contribution claim.  (*See, supra*, Sec.III.B.)   Since it cannot be determined
8   whether or not Travelers is, in fact, asserting a separate breach of contract claim based
9   on this alleged intra-insurer arrangement, New York Marine moves the Court for a
10  more definite statement in the event Travelers is given leave to amend its FAC.

11     Similarly, the FAC appears to be attempting to allege that New York Marine is
12  in breach of its *Merritt*-defense funding obligations notwithstanding the fact that
13  Travelers has no standing to assert such a claim under well-established California law.
14  (*See, supra*, Sec.III.B.)   Since it cannot be determined whether or not Travelers is, in
15  fact, attempting to assert a *Merritt*-defense funding breach of contract claim on behalf
16  of the Insured, New York Marine moves the Court for a more definite statement in
17  the event Travelers is given leave to amend its FAC.

18  ## IV.   **CONCLUSION**

19     For the foregoing reasons, the motion to dismiss should be granted.

21  Dated:  September 21, 2021          McCORMICK, BARSTOW, SHEPPARD,
22                                       WAYTE & CARRUTH LLP

23                                By: _____
                                          /s/ James P. Wagoner
24                                      James P. Wagoner
25                                      Lejf E. Knutson
                                        Nicholas H. Rasmussen
26                                      Graham A Van Leuven
27                                 Attorneys for Defendant New York Marine
                                   and General Insurance Company
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

25
Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS
EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT

## PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**
**Case No. 2:21-cv-5832-GW (PDx)**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On September 21, 2021, I served true copies of the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM MOTION FOR MORE DEFINITE STATEMENT** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 21, 2021, at Fresno, California.

*/s/ Marisela Taylor*
Marisela Taylor

7884919.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

26

Ps&As IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT