MARK D. PETERSON (State Bar #126174)
KATHLEEN O. PETERSON (State Bar #124791)
AMY HOWSE (State Bar # 252922)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Defendants. | Case No.: 2:21-cv-5832-GW (PDx)<br>Hon. George H. Wu<br>Hon. M.J. Patricia Donahue<br><br>**DECLARATION OF PAMELA A. JOHNSON IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>DATE:     December 13, 2021<br>TIME:     8:30 a.m.<br>Courtroom: 9D |

1    I, Pamela A. Johnson, declare as follows:

2    1.  I am employed by Travelers, Inc.  In that capacity, I handle claims as a claim professional for the plaintiff in this case, Travelers Commercial Insurance Company ("Travelers").  My title is Assistant Vice President, Claim Professional, Intellectual Property, Business Torts.  I have been the claim professional for Travelers primary responsible for the management of the defamation action filed in Virginia which is the subject of this insurance action against defendant New York Marine and General Insurance Company ("ProSight") (the "Underlying Action").  I have personal knowledge of the facts stated here and, if called as a witness, I could and would competently testify to them.

2.  This declaration is submitted in support of Travelers' opposition to New York Marine's Motion To Dismiss Complaint Or, Alternatively, Partial Motion To Dismiss Equitable Contribution Claim And Motion For More Definite Statement

3.  Filed with this declaration as Exhibit A is a true and correct copy of a letter which I sent on Travelers' behalf to the representative for the insured on or about October 7, 2019.

4.  Filed with this declaration as Exhibit B is a true and correct copy of an email which I received on or about September 30, 2019, from Steven Battaglia, who is the Claim Specialist for ProSight in connection with the Underlying Action.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  I am executing this declaration on November 16, 2021 at Saint Paul, Minnesota.

*[Signature: Pamela Johnson]*

Pamela A. Johnson

# EXHIBIT A



**Pamela A. Johnson**

Claim Professional
Business Torts Claim
Technology Claim Practice

(651) 310-5861
(866) 608-9633 (fax)

385 Washington Street
Mail Code 9275-NB04T
St. Paul, MN  55102

October 7, 2019

VIA EMAIL AND U.S. CERTIFIED MAIL         (jblakeman@mgocpa.com)

Amber Heard
c/o John Blakeman
Macias, Gini and O'Connell
2029 Century Park East, Ste. 1500
Los Angeles, CA  90067

Re:   Insured:       Amber Heard
      Policy No.:    OXF163-601627108
      Claimants:     Johnny Depp
      Claim No.:     IFA2906
      Case Name:     *Depp v. Heard*, Case No. 2019-02911, pending in the Circuit Court
                     of Fairfax County, Virginia

Dear Ms. Heard:

I am writing to provide you with our coverage evaluation for the claims brought against you by Johnny Depp in the lawsuit pending in the Circuit Court of Fairfax County, Virginia.  Based upon the information reviewed to date and subject to this reservation of rights, Travelers will participate in the defense of this lawsuit.  I have included a more detailed discussion of our coverage determination below.  We reserve the right to seek reimbursement for any costs of defense or indemnity should the evidence demonstrate that the conduct alleged is not covered by our policy.  We regret that you are undergoing this difficult experience and hope to help you resolve this matter.

## BACKGROUND

We base our coverage analysis of the allegations contained in the complaint and information we have gathered from talking to your counsel.  By restating the Mr. Depp's allegations, Travelers does not in any way mean to imply that the allegations are true.

Mr. Depp states that he is suing you for defamation based on statements made in your op-ed in the Washington Post in December of 2018.  The title of the op-ed was "Amber Heard:  I spoke up against sexual violence."  Although his name was never mentioned in the opinion piece, Mr. Depp asserts that you defamed him by implying that he had assaulted you.

**EXHIBIT  A -- Page 1**

Ms. Amber Heard
October 7, 2019
Page - 2 -

In the complaint, Mr. Depp outlines his relationship with you. According to Mr. Depp, the two of you married on February 1, 2015. On May 27, 2016, Depp claims his reputation and career were "devastated" when you accused him of domestic violence. According to Mr. Depp, he "endured the public scorn caused by Ms. Heard's false domestic abuse allegations for more than two years." He claims that the op-ed caused "swift and severe" reaction against him, causing him to lose his role as Jack Sparrow in the Disney PIRATES OF THE CARIBBEAN franchise. Mr. Depp asserts that the op-ed has or will cost him other opportunities as well.

Mr. Depp demands the following relief:

1) awarding Mr. Depp compensatory damages of not less than $ 50,000,000, or in such additional amount to be proven at trial;
2) awarding Mr. Depp punitive damages to the maximum extent permitted by the laws of this Commonwealth, but not less than $ 350,000;
3) awarding Mr. Depp all of his expenses and costs, including attorneys' fees; and
4) granting such other and further relief as the Court deems appropriate.

**POLICY LANGUAGE**

You are insured by Travelers Commercial Insurance Company under policy number 601627108 634 1 effective November 14, 2018 to November 14, 2019. The policy has limits of $500,000 for personal injury.

The policy contains the following insuring agreement and associated definitions:

If a claim is made or suit is brought against an "insured" for damages because of "bodily injury", "personal injury "or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages which an insured is legally liable. Dames include prejudgment interest awarded against an "insured"; and
2. Provide a defense at our expense by counsel of our choice, even when the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we deem is appropriate. Our duty to settle or defend ends when our limit of liability is exhausted by the payment of a judgment or settlement.

The Policy defines "personal injury" as follows:

14. "Personal injury" means injury, other than "bodily injury", caused by any of the offenses committed during the policy period:

   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed on or on behalf of the its landlord or lessor;

**EXHIBIT A -- Page 2**

Ms. Amber Heard
October 7, 2019
Page - 3 -

    d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
    e. Oral, written or electronic publication of material that violates a person's right to privacy.

The policy also contains the following exclusions that could be relevant to this matter:

Exclusion C.8 is added as follows:

8. "Personal Injury":
   a. Arising out of an act an "insured" commits or conspires to commit with the knowledge that the act would violate the rights of another and would inflict "personal injury";
   b. Arising out of oral, written or electronic publication of material, if done by or at the direction of an "insured" with knowledge of its falsity;
   c. Arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period.

***

**COVERAGE ANALYSIS**

Because Mr. Depp has asserted that you disparaged him in the Washington Post op-ed, Travelers will defend you in this matter. Disparagement is a potentially covered offense under your homeowners' policy. As noted above, there are exclusions that could apply. While we think it is unlikely, should Mr. Depp prove that you were referring to him in the op-ed and that your statements were knowingly false and intended to cause harm, Travelers would have no obligation to pay any resulting award.

Mr. Depp also demands punitive damages. Please be aware that the policy does not cover punitive damages. California has determined that insurance for punitive damages is against public policy. Mr. Depp's demand for attorneys' fees is also not covered by the policy but in most instances, the court cannot award attorneys' fees to the plaintiff in a defamation suit.

**ATTORNEY RETENTION**

You have retained Brown George Ross LLP in Los Angeles to represent you in this matter. We also have been informed that you have retained Kaplan, Hecker and Fink, LLP in New York and a firm in Fairfax, Virginia to represent you. While we have the right to select counsel for you, we have no objection to these retentions. Please be aware, however, that we will only pay for one firm to represent you. Furthermore, we will only pay that firm the rates we ordinarily pay for work of this kind in this jurisdiction. Those rates are $290 per hour for partners, $235 per hour for associates and $110 per hour for paralegals. All associates who work on this matter must have five or more

**EXHIBIT  A -- Page 3**

Ms. Amber Heard
October 7, 2019
Page - 4 -

years of experience to work on this matter.  We also have specific billing guidelines for counsel, a copy of which I have included.  The invoices should be sent to me via email and I will pay them based on the rates described and the application of our guidelines.  We will also only pay for work performed after the lawsuit was tendered to us.  Any pre-tender fees are not covered.  Please let me know as soon as possible which firm you choose to have us pay at our rates.  As part of the defense team, Travelers expects to be kept up to date on the status of the case.

**CONCLUSION**

Because defamation is potentially covered by your homeowners' policy, Travelers has agreed to defend you in this action. Travelers' coverage determination has been based on the information made available to date and Travelers expressly reserves its right to modify or supplement its coverage analysis based on additional information.  If you have any additional information you believe may alter our position regarding coverage, please forward such information to me immediately.  Also, if you have any questions about this coverage determination, please feel free to contact me.

Sincerely,

TRAVELERS COMMERCIAL INSURANCE COMPANY

By_____
  Pamela A. Johnson
  Complex Case Specialist
  pajohnso@travelers.com

cc:     Rick Schwartz                              (via email: rschwartz@bgrfirm.com)
        Brown George Ross LLP
        2121 Avenue of the Stars, Ste. 2800
        Los Angeles, CA  90067

# EXHIBIT B

| | |
|---|---|
| **From:** | Steven Battaglia |
| **Sent:** | Monday, September 30, 2019 7:08 AM |
| **To:** | Johnson,Pamela A |
| **Subject:** | [External] RE: John Depp v. Amber Heard  |  Our File # LAX00177770 |
| **Attachments:** | Ins Code 533.pdf |

Pamela…I wanted to touch base with you again on this.  As discussed, you intend to issue a reservation of rights based on the intentional acts exclusion under which you will offer our insured independent counsel, which appears to be a NYC firm (for a Fairfax, VA venue). Reserving rights under the intentional acts exclusion is not necessary as coverage for willful acts is not insurable as a matter of public policy just like punitive damages. See attached.

If you reserve rights by simply saying, "to the extent that California law does not permit an insurer to indemnify the insured, no indemnity can be provided" you address both willful acts and punitive damages…and you still can control the defense as there is no conflict of interest under CA law.  Practically speaking as well, a jury finding willful actions in connection with the op-ed is slim to nil.

Taking away the publicity aspect of this case (which Roberta Kaplan may make worse with headlines), this is a fairly straight forward case factually. Having local counsel such as Cameron McEvoy, who has already been on board, seems like the best approach.

All I ask that you revisit your ROR strategy and let me know if you can reserve on the public policy issue so you can control the defense.

---

**From:** Johnson,Pamela A <PAJOHNSO@travelers.com>
**Sent:** Thursday, September 26, 2019 9:46 AM
**To:** Steven Battaglia <SBattaglia@prosightspecialty.com>
**Subject:** RE: [External] John Depp v. Amber Heard | Our File # LAX00177770

*External Email*

Steve,

I am in trial today but will try to call you on a break.

Best,

**Pamela Johnson | Claim Professional  | Intellectual Property - Business Torts**
W: 651.310.5861   F: 866.608.9633
pajohnso@travelers.com



EXHIBIT  B -- Page 1

**From:** Steven Battaglia <SBattaglia@prosightspecialty.com>
**Sent:** Thursday, September 26, 2019 7:50 AM
**To:** Johnson,Pamela A <PAJOHNSO@travelers.com>
**Subject:** [External] John Depp v. Amber Heard | Our File # LAX00177770
**Importance:** High

Ms. Johnson:

Can we talk today on this case? We also insure Amber Heard and I was told Travelers already assumed her defense in this defamation suit. I see that at least 4 lawfirms are involved for the defense, and I wanted to discuss the defense arrangement.

Thanks!

**Steven Battaglia**
Claims Specialist



412 Mt. Kemble Avenue, Suite 300C
Morristown, NJ 07960
Direct: 973.532.6395
Cell: 908.578.6242
E-mail: sbattaglia@prosightspecialty.com



This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

**EXHIBIT  B -- Page 2**