1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
     *jim.wagoner@mccormickbarstow.com*
3  Lejf E. Knutson, #234203
     *lejf.knutson@mccormickbarstow.com*
4  Nicholas H. Rasmussen, #285736
     *nrasmussen@mccormickbarstow.com*
5  Graham A Van Leuven, #295599
     *graham.vanleuven@mccormickbarstow.com*
6  7647 North Fresno Street
   Fresno, California 93720
7  Telephone:  (559) 433-1300
   Facsimile:   (559) 433-2300
8
   Attorneys for Defendant New York
9  Marine and General Insurance Company

10              UNITED STATES DISTRICT COURT

11     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13
   Travelers Commercial Insurance          Case No. 2:21-cv-5832-GW (PDx)
14 Company, a Connecticut Corporation,
                                           **REPLY IN SUPPORT OF MOTION
15              Plaintiff,                  TO DISMISS COMPLAINT OR,
                                           ALTERNATIVELY, PARTIAL
16        v.                               MOTION TO DISMISS
                                           EQUITABLE CONTRIBUTION
17 New York Marine and General             CLAIM AND FOR MOTION FOR
   Insurance Company, a New York           MORE DEFINITE STATEMENT**
18 Corporation,
                                           The Hon. George H. Wu
19              Defendant.                  Courtroom: 9D

20                                          Date:    December 13, 2021
                                           Time:    8:30 a.m.
21                                          Crtrm:   9D

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ............................................................................... 1

II. LEGAL ARGUMENT ...................................................................... 3

    A.  Since Travelers Cannot Allege Facts Demonstrating That New York Marine Had A Duty To Provide Independent Counsel Under California Civil Code §2860, It Is Unable To Allege Facts Sufficient To Support A Claim Upon Which Relief Can Be Granted ........................................................................................... 3

    B.  Travelers Opposition Ignores The Fundamental Legal Issue That Virginia Defense Counsel Was Not  Subject To A Conflict Of Interest Because That Counsel Only Had The Insured As A Client ....................................................................................................... 6

    C.  Travelers' Choice Of Law Arguments Do Nothing To Impact The Analysis ......................................................................................... 10

    D.  Additionally And Alternatively, New York Marine's Reservation Of Rights Did Not Create Any "Actual" Conflict Of Interest Requiring Independent Counsel ............................................................ 15

    E.  Travelers' Declaratory Relief Claim Fails As A Matter Of Law Along With Its Equitable Contribution Claim ................................. 18

III. CONCLUSION ................................................................................ 19

i

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND FOR MOTION FOR MORE DEFINITE STATEMENT

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

**Cases**

4
5
*Ameron Int'l Corp. v. Am. Home Assur. Co.,*
  2011 WL 2261195 (C.D.Cal. 2011) ..................................................................15

6
7
*Arden v. Forsberg & Umlauf, P.S.,*
  193 Wash.App. 731 (2016)................................................................................13

8
9
*Axis Surplus Ins. Co. v. Glencoe Ins. Ltd.,*
  204 Cal.App.4th 1214 (2012) ..............................................................................5

10
11
*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)........................................................................................4, 6

12
*Blanchard v. State Farm Fire & Cas. Co.,*
  2 Cal.App.4th 345 (1991) ..............................................................................9, 16

13
14
*Buss v. Sup. Ct.,*
  16 Cal.4th 35 (1997) ..........................................................................................13

15
16
*Butcher v. Truck Ins. Exch.,*
  77 Cal.App.4th 1442(2000) ...............................................................................17

17
18
*Downey Venture v. LMI Ins. Co.,*
  66 Cal.App.4th 478 (1998) ...................................................................14, 15, 17

19
20
*Dynamic Concepts, Inc. v. Truck Ins. Exch.,*
  61 Cal.App.4th 999 (1998) .............................................................................3, 16

21
22
*Fed. Ins. Co. v. MBL, Inc.,*
  219 Cal.App.4th 29 (2013) .......................................................................1, 3, 4, 5

23
*Fireman's Fund Ins. Co. v. Maryland Cas. Co.,*
  65 Cal.App.4th 1279 (1998) ................................................................................4

24
25
*Foremost Ins. Co. v. Wilks,*
  206 Cal.App.3d 251 (1988) ......................................................................3, 16, 18

26
27
*Frontier Oil Corp. v. RLI Ins. Co.,*
  153 Cal.App.4th 1436 (2007) ............................................................................14

28

ii

1

**TABLE OF AUTHORITIES**
(Continued)

2

<u>Page</u>

3

*Gafcon, Inc. v. Ponsor & Assocs.,*

4

98 Cal.App.4th 1388 (2002) ........................................................................ 3, 8, 16

5

*Golden Eagle Ins. Co. v. Foremost Ins . Co.,*

6

20 Cal.App.4th 1372 (1993) ................................................................................. 9

7

*Gulf Ins. Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone,*

79 Cal.App.4th 114 (2000) ................................................................................... 7

8

*James 3 Corp. v. Truck Ins. Exchange,*

9

91 Cal.App.4th 1093 (2001) ................................................................................. 9

10

*James River Ins. Co. v. Medolac,*

11

*Lab'ys,* 290 F.Supp.3d 956 (C.D.Cal. 2018) .................................................. 14, 15

12

*Kearney v. Salomon Smith Barney, Inc.,*

13

39 Cal.4th 95 (2006) ........................................................................................... 11

14

*Lasky, Haas, Cohler & Munter v. Superior Ct.,*

15

172 Cal.App.3d 264 (1985) ................................................................................... 7

16

*McCann v. Foster Wheeler LLC,*

17

48 Cal.4th 68 (2010) ........................................................................................... 11

18

*Merritt v. Rsrv. Ins. Co.,*

19

34 Cal.App.3d 858 (1973) ................................................................................... 10

20

*Native Sun Inv. Grp. v. Ticor Title Ins. Co.,*

189 Cal.App.3d 1265 (1987) ....................................................................... 3, 8, 16

21

*Nede Mgmt., Inc. v. Aspen Am. Ins. Co.,*

22

68 Cal.App.5th 1121 (2021) .............................................................................. 8, 9

23

*Northern Insurance Co. v. Allied Mutual Ins. Co.,*

24

955 F.2d 1353 (9th Cir. 1992) ............................................................................ 12

25

*Papasan v. Allain,*

26

478 U.S. 265 (1986) ........................................................................................... 4, 6

27

*Residence Mut. Ins. Co. v. Travelers Indem. Co. of Connecticut,*

26 F.Supp.3d 965 (C.D.Cal. 2014) ....................................................................... 4

28

iii

1

2

**TABLE OF AUTHORITIES**
(Continued)

**Page**

*Safeco Ins. Co. of Am. v. Superior Ct.*,
    140 Cal.App.4th 874 (2006) ...................................................................... 5

*San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*,
    162 Cal.App.3d 358 (1984) ....................................................................... 8

*Signal Companies, Inc. v. Harbor Ins. Co.*,
    27 Cal.3d 359 (1980) ................................................................................. 5

*Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*,
    14 Cal.App.4th 637 (1993) ........................................................... 11, 14, 15

*Strasbourger Pearson Tulcin Wolff Inc. v. Wiz Tech., Inc.*,
    69 Cal.App.4th 1399 (1999) ...................................................................... 7

*Swanson v. State Farm Gen. Ins. Co.*,
    219 Cal.App.4th 1153 (2013) ........................................................... 8, 9, 17

*Tank v. State Farm Fire & Cas. Co.*,
    105 Wash.2d 381 (1986) ........................................................................... 13

*Truck Ins. Exch. v. Unigard Ins. Co.*,
    79 Cal.App.4th 966 (2000) ..................................................................... 5, 6

*United States Fid. & Guar. Co. v. Superior Ct.*,
    204 Cal.App.3d 1513 (1988) ...................................................................... 9

*W. Am. Ins. Co. v. Nutiva, Inc.*,
    2018 WL 3861832 (N.D.Cal. 2018) ........................................................ 15

*Waller v. Truck Ins. Exch., Inc.*,
    11 Cal.4th 1 (1995) .................................................................................. 18

**Statutes**

Civil Code §1646 ....................................................................... 11, 13, 14

Civil Code §2860 ........................................... 1, 3, 4, 6, 7, 8, 9, 10, 15, 16, 17, 18

Civil Code §2860(b) ...................................................................... 16, 17

Civil Code §2860(e) ............................................................................ 12

iv

1

2

**<u>TABLE OF AUTHORITIES</u>**
(Continued)

<u>Page</u>

3

Civil Code §3513 .......................................................................................17

4

Insurance Code §533 ....................................................2, 3, 16, 17, 18

5

**Rules**

6

FRCP 12(b)(6) ................................................................2, 3, 4, 18

7

8

**Other Authorities**

9

CAL. PRAC. GUIDE PROF. RESP. Ch. 3-C, §3:8931 (TRG Dec. 2020 update).............7

10

H. Croskey, *et al.,* CAL. PRACTICE GUIDE: INSURANCE LITIGATION, Ch. 8-B, §8:66
    (TRG August 2021 update) ......................................................................5

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **I.**     **INTRODUCTION**

2      The basic legal premise of New York Marine and General Insurance

3  Company's ("New York Marine") Motion to Dismiss is very simple.  The FAC filed

4  by Travelers Commercial Insurance Company ("Travelers"), like its prior complaint,

5  is premised on the central legal contention that Virginia defense counsel appointed by

6  New York Marine to defend a common insured in a civil action venued in Fairfax

7  County, Virginia was subject to a conflict of interest due the content of New York

8  Marine's reservation of rights letter.  Consequently, according to Travelers: (1) New

9  York Marine, like Travelers, was legally obligated to provide the insured with

10  independent defense counsel pursuant to the *Cumis* doctrine and Civil Code §2860;

11  and therefore (2) Travelers paid "more than its fair share" of the costs defending the

12  insured via independent counsel since New York Marine did nothing to satisfy this

13  "common obligation."  (Compare Compl., ¶¶1, 10-16, 18-19, 22-24 with FAC, ¶¶10-

14  17, 21, 27-28, 31(b)-(d), 36-39.)

15      The fundamentally erroneous premise upon which Travelers' entire theory of

16  recovery is bottomed – as was discussed in detail in the original motion – is that the

17  *Cumis* doctrine and Civil Code §2860 only apply if *defense counsel* provided to the

18  insured is subject to an "actual" conflict of interest.  (See Mot., Sec.III.A.1.a.)

19  However, Virginia defense counsel, as a matter of law, was *never* subject to a conflict

20  of interest ("actual" or otherwise) because Virginia defense counsel *only has the*

21  *insured as a client*.  (Mot., Sec.III.A.1.a-c.)  Consequently, Travelers' equitable

22  contribution and declaratory relief claims against New York Marine both fail to state

23  claims upon which relief can be granted because an insurer seeking equitable

24  contribution for the costs of retaining independent *Cumis* counsel from another

25  defending insured can do so only if the other defending carrier also had a shared legal

26  obligation to provide independent *Cumis* counsel to the insured.  *See Fed. Ins. Co. v.*

27  *MBL, Inc.,* 219 Cal.App.4th 29, 48-49 (2013).

28  ///

Travelers' Opposition to the Motion does nothing to address Travelers' central problem that it has not and cannot allege facts which, if true, could show that Virginia defense counsel represented *both* New York Marine and the insured as would be required for that counsel to have an "actual" conflict of interest between the two clients.  Based on the FAC's allegations and the undisputed facts subject to judicial notice: (1) Virginia law governed Virginia defense counsel's representation of the insured; and (2) under Virginia law, Virginia defense counsel only had the insured for a client.  (Mot., Sec.III.A.1.b.)   Consequently, all of the Opposition's attempted choice of law arguments completely "miss the mark"  because unless Travelers can allege facts which, if proven, could show that Virginia defense counsel was subject to an "actual" conflict of interest, Travelers has failed to state any viable claim for relief against New York Marine.  FRCP 12(b)(6).

Additionally, in the alternative and even assuming that Travelers could plead facts showing that Virginia defense counsel was somehow subject to California law and thereby was in a "tripartite" relationship with both the insured and New York Marine – a showing which the Opposition does not even attempt to make – Travelers' claims fail as a matter of law since it cannot plead facts showing that New York Marine's reservation of rights created an "actual" conflict of interest.  (See Mot., Sec.III.A.1.c.ii.)  Rather, the actual reservation of rights which is before the Court via the incorporation by reference doctrine triggered no such "actual" conflict of interest as a matter of law since it only raised extrinsic coverage issues which could not be controlled by defense counsel, including California's public policy limitations on indemnification for certain injuries under Insurance Code §533.  (*Id.*)

In attempting to show an "actual" conflict of interest, the Opposition mistakenly conflates insurance policy "conduct"-based defenses with California's public policy limitations on indemnification, while also confusing the separate and distinct legal doctrines of waiver and estoppel in contending that New York Marine was attempting to "preserve" the indemnity limitations imposed by Insurance Code

§533 via its reservation of rights. However, Travelers is fundamentally mistaken because ever since the passage of Civil Code §2860 in 1987, California courts have uniformly rejected the argument that an "actual" conflict of interest is created by an insurer disclaiming coverage for uncovered claims, including claims which cannot be indemnified by operation of Insurance Code §533. *See Gafcon, Inc. v. Ponsor & Assocs.,*98 Cal.App.4th 1388, 1420 (2002)*; Foremost Ins. Co. v. Wilks,* 206 Cal.App.3d 251, 261 (1988); *Native Sun Inv. Grp. v. Ticor Title Ins. Co.*, 189 Cal.App.3d 1265, 1277 (1987); *see also Dynamic Concepts, Inc. v. Truck Ins. Exch.,* 61 Cal.App.4th 999, 1006 (1998).

Taken together, because Travelers has not and cannot plead facts which, if true, would show that Virginia defense counsel appointed by New York Marine was subject to an "actual" conflict of interest for purposes of Civil Code §2860, Travelers has failed to state any actionable claim against New York Marine and thus the FAC should be dismissed pursuant to FRCP 12(b)(6).

## II. **LEGAL ARGUMENT**

### A. **Since Travelers Cannot Allege Facts Demonstrating That New York Marine Had A Duty To Provide Independent Counsel Under California Civil Code §2860, It Is Unable To Allege Facts Sufficient To Support A Claim Upon Which Relief Can Be Granted**

As indicated by the Motion, all of Travelers' contribution claims are premised on the fundament contention that it paid more than its "fair share" in defense costs because it defended the insured via independent counsel while New York Marine defended the insured by separate Virgina defense counsel whom it retained. (See Mot., pp.1:2-2:6.) As indicated by the court in *Fed. Ins. Co. v. MBL, Inc., supra,* 219 Cal.App.4th 29, in such situations, the insurer who retains independent counsel, as a matter of law, has no viable equitable contribution claim against an insurer which did provide a defense without triggering the right to independent counsel since that insurer was not similarly obligated to defend the insured through such counsel. *Id.*, 48-49. Therefore, since Travelers' independent counsel arguments fail for all the

3

reasons originally outlined in the Motion, its equitable contribution claims necessarily fail, as a matter of law, to state claims upon which relief can be granted and thus should be dismissed.

To avoid this conclusion, Travelers' Opposition makes the fundamentally mistaken assertion that by alleging it "has paid more than its fair share" in defense costs, such a bare allegation in and of itself is sufficient to state a legally viable equitable contribution claim. (See Opp., pp.20:15-23:15)  However, simply asserting what amounts to a legal conclusion without supporting factual allegations is insufficient to state a viable claim for purposes of FRCP 12(b)(6).  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (*citing Papasan v. Allain,* 478 U.S. 265, 286 (1986).)  Furthermore, this assertion ignores the clear analysis and conclusion in *MBL., Inc.* that an insurer like Travelers who provided independent defense counsel pursuant to Civil Code §2860 only has an equitable contribution claim against another defending carrier if it can show that the other defending carrier also shared its legal obligation to provide the insured with independent counsel. *MBL, supra,* at 48-49.

Moreover, and significantly, none of the cases which Travelers cites nor any of the other cases cited in the Motion have held that a defending insurer was entitled to equitable reimbursement for defense costs from another *defending* insurer because the insurer seeking contribution "paid more than its fair share" in defense costs for its separately retained counsel as compared with the other defending insurer which also retained its own counsel.  *See Fireman's Fund Ins. Co. v. Maryland Cas. Co.,* 65 Cal.App.4th 1279, 1308 (1998) (equitable contribution of defense costs appropriate where one primary insurer "stepped into the breach to undertake the defense of its insured when [the other primary insurer] refused to accept the tender of defense despite its obligation to do so"); *Residence Mut. Ins. Co. v. Travelers Indem. Co. of Connecticut,* 26 F.Supp.3d 965, 968 (C.D.Cal. 2014) (insured's defending HO carrier

had valid equitable contribution claim for defense costs against CGL carrier which erroneously refused to defend); *Safeco Ins. Co. of Am. v. Superior Ct*., 140 Cal.App.4th 874 (2006) (defending insurers had viable equitable contribution claim against erroneously non-defending insurer); *see also Signal Companies, Inc. v. Harbor Ins. Co.,* 27 Cal.3d 359, 367 (1980) (primary carrier had no valid equitable contribution claim against excess carrier which did not have a defense obligation); *Axis Surplus Ins. Co. v. Glencoe Ins. Ltd*., 204 Cal.App.4th 1214 (2012) (equitable contribution claim with respect to settlement costs only); *Truck Ins. Exch. v. Unigard Ins. Co*., 79 Cal.App.4th 966 (2000); (no viable equitable contribution claim where plaintiff insurer which did defend never tendered action to the defendant insurer); H. Croskey, *et al.,* Cal. Practice Guide: Insurance Litigation, Ch. 8-B, §8:66 (TRG August 2021 update) (right of equitable contribution applies against insurers "who refused to settle or defend the claim.")

Furthermore, in making its contention, Travelers mischaracterizes the court's decision in *Unigard, supra,* 79 Cal.App.4th 966 which only held that an insurer: (1) is entitled to equitable contribution for its cost of indemnifying the insured if it has paid "more than its fair share" of those *indemnity* costs (i.e. its "share of the loss"); and/or (2) is entitled to equitable contribution of *defense* costs if it "defended the action *without any participation by the others*." *Id.*, 974 (emphasis added.) Here, however, Travelers is not seeking contribution for its indemnity costs but only its defense costs in retaining independent defense counsel, and New York Marine has participated in the defense of its insured by retaining Virginia defense counsel to defend the insured. (See FAC, ¶¶11-13, 21-24, 27, 31e, 37-41.)

Furthermore, Travelers' Opposition admits that it has no standing to sue New York Marine based on any claim that Virginia defense counsel failed to adequately defend the insured. (*See* Opp., pp.20:26-21:4; *see also* Mot., pp.21:19-22:26.) Therefore, under the authority of *MBL, Inc., supra,* since Travelers cannot plead facts showing that New York Marine was obligated to provide the insured with independent

counsel under Civil Code §2860, its equitable contribution claim fails to state a claim upon which relief can be granted.  *Id.*, 48-49.

**B.   Travelers Opposition Ignores The Fundamental Legal Issue That Virginia Defense Counsel Was Not Subject To A Conflict Of Interest Because That Counsel Only Had The Insured As A Client**

Tellingly, Travelers' Opposition cites no authority whatsoever indicating that New York Marine's appointment of Virginia defense counsel necessarily created an attorney-client relationship between that counsel and New York Marine.  (See Opp.) This is not surprising since it is clear and uncontested that under Virginia law, defense counsel in Virginia, as established by Virginia State Bar Opinion nos. 598 and 1536 that insurer-appointed defense counsel, only has the insured as a client.  (Mot., Sec.III.1.b, 2.a).

Consequently, Travelers' Opposition ignores the central legal issue underlying New York Marine's Motion – that as a matter of law, Virginia defense counsel only had the insured for a client.  (Compare Opp. with   Mot., Sec.III.1.b, 2.a.) Significantly, the Opposition completely ignores the well-established Virginia law indicating that insurer-retained defense counsel only has the insured as a client.  (See Opp.)  Neither does Travelers' Opposition dispute that Virginia defense counsel's duties to the insured were solely governed by those controlling principles of Virginia law. (*Id.*)

Rather, Travelers attempts to "side step" the issue by repeatedly asserting, without any supporting authority, that Virginia defense counsel somehow and necessarily operated under a conflict of interest notwithstanding the indisputable legal proposition that Virginia defense counsel only had the insured for a client.  (See Opp., pp.8:5-9, 11:21-12:2, 15:12-17:1.)   Such unsupported assertions by Travelers do nothing to avoid the uncontested authority cited in the Motion, since "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Twombly, supra,*  550 U.S. 544, 555; *Papasan, supra,* 478 U.S. 265, 286.  Consequently, and as a matter of law, *when counsel, in fact, only has one client,*

the insured is never subjected to the risks of ethically-conflicted defense counsel since *there cannot be a conflict of interest between two clients — the insured and the insurer, as the latter is not a client.*  (*Id.*)

Conversely, even if Calfornia law applied to New York Marine's defense obligations, Travelers cannot establish that an attorney-client relationship between New York Marine and Virginia defense counsel existed because it remains undisputed that: (1) Virginia defense counsel's obligations to the insured were governed by Virginia law; and (2) under Virginia law, defense counsel in Virginia only had the insured as a client.  (Mot., Sec.III.1.b, 2.a-b.)  The fact that New York Marine initially selected and paid for Virgina defense counsel does not alter the analysis, as California law clearly establishes that an outside party's selection of legal counsel and payment of their fees, standing alone, does not thereby automatically create an attorney-client relationshp.  *Gulf Ins. Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 79 Cal.App.4th 114, 126 (2000) ("the issue presented is not who initially selected and retained the defense attorney but with whom the attorney-client relationship was established."); *Strasbourger Pearson Tulcin Wolff Inc. v. Wiz Tech., Inc.*, 69 Cal.App.4th 1399, 1404 (1999) ("payment of attorney fees alone does not determine an attorney-client relationship"); *Lasky, Haas, Cohler & Munter v. Superior Ct.*, 172 Cal.App.3d 264, 285 (1985) (same); *see also* M.Tuft *et al*., CAL. PRAC. GUIDE PROF. RESP. Ch. 3-C, §3:8931 (TRG Dec. 2020 update) ("The 'client' is not necessarily the party who first contacts the attorney…. Nor is the 'client' always the party who pays the attorney's fees.")

Neither does Travelers' repeated invocation of the *Cumis* rule affect the legal vitality of Travelers' contribution claim.  (See Opp., pp.4:23-5:6, 9:3-9, 15:12-17:1.)  As discussed in detail in the Motion yet utterly ignored in Travelers' Opposition, the *Cumis* rule as codified by Civil Code §2860 only applies where there is: (1) a "tripartite" attorney-client arrangement in which defense counsel represents *both* the insured's *and* the insurer's interests; and (2) the insurer's stated coverage position

1   puts defense counsel in a position where they *cannot* adequately represent *both* of

2   those clients' respective interests.  *See San Diego Navy Fed. Credit Union v. Cumis*

3   *Ins. Soc'y, Inc*., 162 Cal.App.3d 358, 394-365 (1984) (explaining the conflict of

4   interest arises out of defense counsel's "dual agency status"); *id.*, 365 (explaining a

5   *Cumis* conflict involves the "dilemma" of forcing defense counsel to "help[] *one* of

6   his clients concerning insurance coverage and harming *the other*.") (emphasis added);

7   *id.*, 366 (explaining defense counsel "cannot discharge inconsistent duties" to

8   multiple "*clients* with conflicting interests") (emphasis added.)[1]

9        Consequently, without the foundational premise of a "tripartite" attorney-client

10   relationship, the *Cumis* rule has no application whatsoever.  *Swanson v. State Farm*

11   *Gen. Ins. Co*., 219 Cal.App.4th 1153, 1165 (2013) ("when the ethical bar *to dual*

12   *representation* does not exist, the insurer has no duty to provide and pay for *Cumis*

13   counsel.") (emphasis added); *Native Sun Inv. Grp. v. Ticor Title Ins. Co*., *supra,* 189

14   Cal.App.3d 1265, 1277–78 ("where the retained attorney *in fact was not subject to*

15   *the conflicting forces* which gave rise to *Cumis*, an extension of *Cumis* is not

16   warranted.") (emphasis added); (*see also* Mot., Sec.III.A.1.c.i.A-B.)

17   ///

18

---

19   [1] *See also Cumis, supra*, at 366 (explaining *Cumis* conflict creates ethical issues

20   regarding attorney's duties of communication because "[a]s between counsel's *two*

21   *clients*, there is no confidentiality") (emphasis added); *id.*, 374 (explaining the conflict

21   of interest arises because "[c]ounsel representing *the insurer and the insured* owes

22   *both* a high duty of care and unswerving allegiance") (emphasis added); *id.*, 375

23   (explaining "the Canon of Ethics impose upon lawyers *hired by the insurer* an

23   obligation to explain *to the insured and the insurer* the full implications of *joint*

24   *representation*…. If the insured does not give an informed consent to continued

25   representation, counsel must cease *to represent both*.") (emphasis added); *see also*

25   *Nede Mgmt., Inc. v. Aspen Am. Ins. Co.,* 68 Cal.App.5th 1121 (2021) ("*Cumis* and

26   section 2860 are concerned with *an attorney's dual representation* of the insurer and

27   insured when their interests conflict.") (emphasis added); *Gafcon, Inc. v. Ponsor &*

27   *Assocs*., *supra,* 98 Cal.App.4th 1388, 1420 ("*Cumis* observed that an attorney *having*

28   *such dual agency status* is subject to the [conflict of interest] rule") (emphasis added).

Similarly, Travelers' attempted invocations of the *Cumis* conflict of interest rule displays a fundamental legal misunderstanding of that principle. Travelers is flatly mistaken in arguing that "[t]he underlying concern addressed by Cal. Civ. Code §2860 is not an enforcement of ethical rules." (Opp., pp.8:21-9:2.) Rather, California law is abundantly clear that "the *Cumis* rule *is not based on insurance law but on the ethical duty of an attorney to avoid representing conflicting interests*." *James 3 Corp. v. Truck Ins. Exchange,* 91 Cal.App.4th 1093, 1101 (2001) (emphasis added, citing *Golden Eagle Ins. Co. v. Foremost Ins . Co*., 20 Cal.App.4th 1372, 1394 (1993)); *Nede Mgmt*., *supra,* 68 Cal.App.5th 1121 (same); *Swanson*, *supra,* 219 Cal.App.4th 1153, 1164 (same); *see also United States Fid. & Guar. Co. v. Superior Ct*., 204 Cal.App.3d 1513, 1522 (1988), ("More important, *Cumis emphasized ethical considerations applicable to the attorney representing the insured* and not necessarily applicable to the insurer itself.") (emphasis added); *Blanchard v. State Farm Fire & Cas. Co.,* 2 Cal.App.4th 345, 350 (1991) ("The *Cumis* opinion was *based heavily* on the Canons of Ethics") (emphasis added).

Morever, Travelers' unsupported assertion that "Virginia law clearly provides less protection to its insureds, even allowing for an insurer to provide its insured with a defense that California would find to be conflicted an inadequate" is both woefully misguided and fundamentally incorrect. (Opp., p.11:21-23.) Rather, as explained in detail in the Motion yet ignored by Travelers, defense attorneys in Virginia who are appointed by liabilitiy insurers to defend their insureds *only* have the insured for a client, *regardless of the content of the insurer's reservation of rights, if any.* (Mot. Sec.III.A.1.B.i.) As such, Virginia law provides *more* protection to its insureds than does California law which allows defense counsel to represent *both* the insurer and insured so long as the insurer's stated coverage position does not create an "actual" (as opposed to only a "potential") conflict of interest. (*Id.*, Sec.III.A.1.B.ii.A.)

At the end of the day, and again assuming that California law applied to New York Marine's defense obligations as asserted by Travelers, New York Marine has

9

fully discharged that obligation by "employ[ing] competent counsel to represent the assured and to provid[ing] counsel with adequate funds to conduct the defense" in the Virginia action. *Merritt v. Rsrv. Ins. Co.,* 34 Cal.App.3d 858, 881-882 (1973). In this regard, as noted above, Travelers' Opposition admits that it has no standing to sue New York Marine based on the claim that Virginia defense counsel failed to adequately defend the insured. (*See* Opp., pp.20:26-21:4.) For it is undisputed that, as matter of law, Virginia defense counsel, by operation of the Virginia Code of Responsibility: (1) only had the insured for a client; (2) was duty bound to "represent the insured as [their] client *with undivided fidelity*"; and (3) was barred from "permit[ing New York Marine] to direct or regulate [their] professional judgment in rendering … legal services" to the insured. (Mot. Sec.III.A.1.B.i [citing Virginia State Bar Opinion no.598].) Neither *Cumis* nor Civil Code §2860 require anything more. Therefore, as a matter of law, Travelers has failed to plead facts sufficient to show that New York Marine was legally obligated under either Virginia or California law to appoint *Cumis* counsel in addition to the Virginia defense counsel which it appointed.

## C.   Travelers' Choice Of Law Arguments Do Nothing To Impact The Analysis

As noted above and in the original Motion, regardless of whether California or Virginia law applied to New York Marine's contractual defense obligations, New York Marine's appointement of Virginia defense counsel created no conflict of interest since: (1) regardless of which jurisdiction's law governs New York Marine's contractual obligations, Virginia defense counsel's obligtions to both the insured and New York Marine were goverend by Virginia law; and (2) under Virginia law, Virginia defense counsel was never subject to a conflict of interest since they only had the insured as a client. (*See, supra,* Sec.II.A.)

Rather than address this central legal issue, Travelers' Opposition spends considerable effort in making immaterial choice of law arguments. (See generally

10

Opp.)  Since it is undisputed that Virginia defense counsel only had the insured as a client, regardless of which jurisdiction's law governs New York Marine's own, separate contractual obligations, these arguments do nothing to change the analysis. Nonetheless, Travelers' choice of law discussion makes several legal mistatements which should be dissected and thereby proven to be fundamentally incorrect.

First, Travelers expends considerable effort in arguing that California's "governmental interest" choice of law test applies rather than Civil Code §1646 – even though its First Amended Complaint expressly alleges and therefore unequivocally admits that Civil Code §1646 applies.  (Compare Opp., pp.5:25-12:2 with FAC, ¶¶10-11.)  In any case, even applying the govermental interest choice of law test would not change the analysis.  Under that test, only after first determinining there is a "true conflict of laws" "because the substantive law of California leads to a different result…." is the court required to compare the two jurisdictions competing interests.  *Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc*., 14 Cal.App.4th 637, 645 (1993); *McCann v. Foster Wheeler LLC*, 48 Cal.4th 68, 87 (2010) (test applies only where there is a "true conflict"); *Kearney v. Salomon Smith Barney, Inc*., 39 Cal.4th 95, 108 (2006) (same).

In the present case, there is no "true conflict" between the laws of California and Virginia with respect to the duties owed by defense counsel to an insured being defended in an action filed in Virginia by way of a defense funded by its liability insurer.  Both California and Virginia have legal and ethical rules in place to protect insureds from defense counsel being subjected to conflicts of interest between the insurer and the insured.  In California, because of the "tripartite" relationship pursuant to which defense counsel represents both the insurer and the insured, that relationship must give way in the event of an actual conflict of interest, thereby allowing the insured to select independent defense counsel absent an express written waiver as

authorized by Civil Code §2860(e).[2]  (Mot., Sec.III.A.1.c.i.)   In contrast, Virginia avoids altogether the entire conflict of interest issue by rejecting the "tripartite" relationship doctrine and thereby making it clear that defense counsel only has the insured for a client.  (Mot., Sec.III.A.1.b.) Again, it is undisputed that Virginia defense counsel, who is subject to Virginia law governing their relationships with their clients and not California law, only has the insured for a client.  (See generally Opp.; *see also* Mot.Sec.III.A.1.b.)  As such, there is no "true conflict" between the laws of California and Virginia since California law only requires giving the insured the option of appointing independent defense counsel in situations where the counsel originally appointed by the insurer is subject to a conflict of interest.  (Mot., Sec.III.A.1.c.i.)

Neither does Travelers prolonged discussion of *Northern Insurance Co. v. Allied Mutual Ins. Co.,* 955 F.2d 1353 (9th Cir. 1992) do anything to change the analysis.  (See Opp., pp.10:14-12:2.)  First, as Travelers tacitly admits, *Allied Mutual* applied the Restatement's "substantial relationship" test and did not in any way address California's governmental interest test.  (See Opp., p.11:16-20.)

More to the point, in *Allied Mutual* the Ninth Circuit was dealing with significant differences between California and Washington law on how those two jurisdictions address conflict of interest situations which are created for defense counsel by virtue of an insurer's reservation of rights.  In that situation, under California law, the normal "tripartite" relationship gives way to allow the insured to either select independent defense counsel or to waive the conflict.  (See Mot., Sec.III.A.1.c.i.; see fn. 2, *supra*.)   In Washington, both the insurer and defense counsel become subject to "enhanced obligations" to the insured, the breach of which

---

[2]  "The insured may waive its right to select independent counsel by signing the following statement: 'I have been advised and informed of my right to select independent counsel to represent me in this lawsuit.  I have considered this matter fully and freely waive my right to select independent counsel at this time. I authorize my insurer to select a defense attorney to represent me in this lawsuit.'"

can subject both the insurer and defense counsel to tort liability.  *See  Tank v. State Farm Fire & Cas. Co*., 105 Wash.2d 381, 388 (1986) ("the potential conflicts of interest between insurer and insured inherent in this type of defense mandate an even higher standard: an insurance company must fulfill an enhanced obligation to its insured as part of its duty of good faith.  Failure to satisfy this enhanced obligation may result in liability of the company, or retained defense counsel, or both."); *see also Arden v. Forsberg & Umlauf, P.S.,* 193 Wash.App. 731, 748 (2016) ("In *Tank*, the Supreme Court implicitly rejected the *Cumis* rule [and] ruled that, as long as defense attorneys satisfy the specific *Tank* criteria, an insurer-retained attorney does not violate his or her duty of loyalty to an insured.")

Conversely, and as explained in detail in the Motion and as yet again ignored by Travelers, Virginia avoids the conflict of interest issue altogether by declining to adopt the "tripartite" relationship doctrine and only allowing defense counsel to represent the insured's interests, regardless of the contents of the insurer's reservation of rights, if any.  (See Mot., Sec.III.A.1.b.)    This undivided loyalty is so complete that insurer-appointed defense counsel can even turn around and represent plaintiffs suing other insureds of the same insurer.  (See *id.* [discussing Virginia State Bar Ethics Opinion 1536].) Since Virginia law requires the appointment of defense counsel who only has duties of loyalty to the insured, unlike the situations in *Cumis* and *Tank,* Virginia defense counsel was never subject to a conflict of interest.  (*Id.*)

Travelers' other arguments regarding Civil Code §1646 likewise do nothing to alter the analysis outlined above.  While Travelers argues, without support, that the New York Marine policy "does not assert an 'indicated' place of performance," California law is clear that an insurer's defense obligation "entails the rendering of a service, viz., the mounting and funding of a defense…." *Buss v. Sup. Ct*., 16 Cal.4th 35, 46 (1997).  Since this is a case where the insured was sued in Virginia for allegedly defamatory statements made in Virginia, and New York Marine was required to retain Virginia defense counsel to protect the insured against those allegations, it is beyond

13

dispute that New York Marine's "rendering of a service, viz., the mounting and funding of a defense" occurred in Virginia.  *Id.*

Travelers attempts to avoid this inescapable conclusion by suggesting that the "place of performance" has to be "indicated" by the terms of the contract to be applicable under Civil Code §1646.  However, the "place of performance" for purposes of Civil Code §1646 does not have to be expressly "specified" or "stated" by the contract, but rather "can be gleaned from the nature of the contract and its surrounding circumstances."  *Frontier Oil Corp. v. RLI Ins. Co*., 153 Cal.App.4th 1436, 1450 (2007).

As applied in this case, the liability coverage provided by the New York Marine policy, by its terms, was not restricted to California but rather applies on a nationwide basis.  (See Wagoner Decl., Ex.B, pg. 65 [Coverage L insuring agreement].)   In such a situation, California courts have emphasized that "[w]here a multiple risk policy insures against risks *located in several states*, it is likely that the courts will view the transaction as if it involved separate policies, each insuring an individual risk, and *apply the law of the state of principal location of the particular risk involved*." *Stonewall Surplus, supra*, 14 Cal.App.4th 637, 646–47; *see also Downey Venture v. LMI Ins. Co*., 66 Cal.App.4th 478, 514 (1998) ("A liability insurance policy issued on a nationwide basis may be construed in accordance with the law of the jurisdiction in which a particular claim arises…. *Parties to an insurance contract understand this*.") (emphasis added). Applying California's "multiple risk approach," Virginia law would apply to the risk of the insured making defamatory statements in Virginia as well as any other potentially covered tortious conduct occurring in Virginia.

Apart from the readily overcome arguments responded to above, Travelers merely attempts to distinguish *Frontier Oil, supra,* 153 Cal.App.4th 1436 and *James River Ins. Co. v. Medolac Lab'ys*, 290 F.Supp.3d 956, 963 (C.D.Cal. 2018) – cases which held that California law governed the insurers' defense obligations for suits venued in California by operation of Civil Code §1646 – primarily on the grounds

14

that the insureds in those cases had conducted business in California and could thereby reasonably expect to be have any resulting disputes venued in California.  (*See* Opp., pp.12:17-13:10.)  That observation clearly reflects nothing more than a "distinction without a difference" since having published multiple articles in a Virginia newspaper which could be construed as libelous (see Wagoner Decl, Ex. C, ¶¶1, 9-11, 20, pp.5, 8-9, 11), the insured could and should have anticipated being sued in Virginia over those same statements.  Moreover, it makes no sense in law or logic whatsoever to contend, as does Travelers, that California law governs a liability insurer's defense obligations for actions venued in California as the "place of performance" of the insurer's defense obligation, but California is no longer the "place of performance" when the insured is sued in another state for injurious activities undertaken in that other state.[3]

**D.  Additionally And Alternatively, New York Marine's Reservation Of Rights Did Not Create Any "Actual" Conflict Of Interest Requiring Independent Counsel**

As was pointed out by the Motion, New York Marine's reservation of rights letter did not raise any conduct-based coverage defenses (i.e. the New York Marine policy's "occurrence" requirement or the "intentional act" exclusion), thereby avoiding any "actual" conflict of interest for purposes of Civil Code §2860.  (See Mot., pp.12:14-13:19.)  Rather, at most,[4] Travelers' allegations indicate that New

---

[3] It is true that some federal district courts have expressed discomfort with the idea that different jurisdictions' law may apply to a liability insurer's contractual obligations depending on the circumstances.  *See James River, supra,* 290 F.Supp.3d 956, 965; *W. Am. Ins. Co. v. Nutiva, Inc*., 2018 WL 3861832, at *3 (N.D.Cal. 2018); *Ameron Int'l Corp. v. Am. Home Assur. Co*., 2011 WL 2261195, at *4 (C.D.Cal. 2011).  However, California law which governs this diversity action shows no similar discomfort since under California's "multiple risk approach," the law of the jurisdiction where the risk arose generally controls an insurer's obligations under a liability policy providing nationwide coverage.  *Stonewall Surplus, supra*, 14 Cal.App.4th 637, 646–47; *Downey Venture, supra,* 66 Cal.App.4th 478, 514

[4] Again, the actual contents of the ROR serve to overcome Travelers' contrary

York Marine reserved the right to disclaim any indemnity coverage insofar as Insurance Code §533 applied to any such obligations, a non-waivable coverage limitation which, as a matter of law, did not create an "actual" conflict of interest for purposes of Civil Code §2860. (Mot., pp.13:20-17:22.) None of the Opposition's counter-arguments overcome this undeniable conclusion.

First, Travelers confuses policy, conduct-based coverage defenses with California's public-policy bar against indemnity for injuries caused by "willful" conduct. (See Opp., pp.15:2-16:10.) However, while the *Cumis* decision did, in fact, find that a coverage defense based on a potential finding of "willful" conduct under §533 created a conflict of interest, that holding has been expressly superseded by the enactment of Civil Code §2860(b) which provides that "a conflict of interest does not exist as to [either] allegations or facts in the litigation for which the insurer denies coverage" or "as to allegations of punitive damages…." Consequently, ever since the passage of Civil Code §2860 in 1987, California courts have uniformly rejected the argument that an actual conflict of interest is created by an insurer disclaiming coverage for uncovered claims, including claims which cannot be indemnified by operation of Insurance Code §533. *See Gafcon, Inc. v. Ponsor & Assocs., supra,* 98 Cal.App.4th 1388, 1420*; Foremost Ins. Co. v. Wilks, supra,* 206 Cal.App.3d 251, 261; *Native Sun Inv. Grp. v. Ticor Title Ins. Co.*, *supra,* 189 Cal.App.3d 1265, 1277; *see also Dynamic Concepts, Inc. v. Truck Ins. Exch., supra,* 61 Cal.App.4th 999, 1006; *Blanchard, supra,* 2 Cal.App.4th 345, 350.

Otherwise, Travelers argues that in the event the insured was not a "public figure" and could be liable for negligently publishing defamatory statements, the "actual malice" issue would be raised by plaintiff's pursuit of punitive damages. (Opp., p.17:2-12.) However, and again, as a matter of law, defending against "actual

_____

allegations on this point by application of the "incorporation by reference" doctrine. (See Mot., pp.3:26-4:5, 13:1-6.) Travelers' Opposition simply ignores the issue. (See Opp.)

1   malice" allegations in connection with a punitive damage claim creates no "actual"

2   conflict of interest by operation of Civil Code §2860(b).  (Mot., pp.13:20-14:9.)

3       Next, Travelers' Opposition "doubles down" on its assertion that New York

4   Marine carefully "worded its reservations of right to preserve its defense to coverage

5   without having to offer independent counsel."  (Opp., 17:13-18:5.)  The obvious

6   answer to that contention is even if it is true, *so what*?  California law is clear that an

7   insurer is permitted to craft and phrase its reservation of rights to avoid triggering an

8   obligation to provide independent counsel, even going so far as to permit issuance of

9   a subsequent reservation of rights eliminating the insured's prior right to independent

10  counsel under Civil Code §2860.  *See Swanson, supra,* 219 Cal.App.4th at 1160.

11      Also, Travelers attempts to argue that Insurance Code §533 as an "implied at

12  law" policy exclusion is subject to the doctrine of waiver.  (Opp., pp.18:11-19:11.)

13  In doing so Travelers completely ignores the *Downey Venture, Evans* and *Ferla*

14  decisions as well as other authorities cited in the Motion indicating that Insurance

15  Code §533's indemnification bar is not subject to waiver.  (Compare Mot., pp.17:23-

16  19:11 with Opp., pp.18:11-20:1.)  Similarly, Travelers completely ignores the legal

17  effect of Civil Code §3513: since Insurance Code §533 is "a law established for a

18  public reason",  Civil Code §3513 dictates that it "cannot be waived or circumvented

19  by a private act or agreement…."  (Compare Mot., pp.18:7-25 with Opp., pp.18:11-

20  20:1; *see also Downey Venture, supra,* 66 Cal.App.4th 478, 511 ("Section 533

21  protects the insurer, its innocent policyholders, and the insurance-buying public in

22  general, from having to bear the consequences of one insured's wilful act….

23  Wrongdoers cannot be allowed to defeat this public policy and escape the

24  consequences of their conduct by invoking the doctrine of estoppel."); *Butcher v.*

25  *Truck Ins. Exch.*, 77 Cal.App.4th 1442, 1467(2000) (following *Downey Venture's*

26  holding that §533 bars indemnification for malicious prosecution "for which an

27  insured is personally liable in California, even though such coverage was expressly

28  promised in the policy").

Otherwise, Travelers erroneously relies on the doctrine of estoppel to contend that Insurance Code §533's indemnification bar is subject to being overcome by either the insurer's or the insured's conduct. (Opp., pp.18:23-20:1.)  This argument confuses two separate and distinct legal doctrines since: (1) waiver is based on an insurer's "intentional relinquishment of a known right," while (2) estoppel is based on the insured's "detrimental reliance" on statements and/or actions by the insurer.  *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 31-35 (1995).  However, as originally pointed out in the Motion but also ignored by Travelers, the doctrine of estoppel has no application here since there are no allegations suggesting the insured relied on any promises or other statements by New York Marine to their detriment.  (Mot., p.19:22-28.)

Finally, Travelers fails to adequately distinguish *Wilks, supra,* from the present case.  (Opp., p.20:2-14.)  Rather, like the insurer in *Wilks*, here, New York Marine did not raise any policy conduct-based coverage defenses, but only reserved the right to disclaim coverage under Insurance Code §533 for damages which are not indemnifiable as a matter of California public policy as confirmed by the public policy established by virtue of that section.  Again, such a reservation of rights created no "actual" conflict of interest requiring independent counsel under Civil Code §2860.  (See Mot., pp.16:21-17:22.)

E.    **Travelers' Declaratory Relief Claim Fails As A Matter Of Law Along With Its Equitable Contribution Claim**

The Motion demonstrates that Travelers' derivative declaratory relief claim is inadequate as a matter of law since its FAC fails to state any actionable equitable contribution or breach of contract claim.  (See Mot., pp.23:14-24:21.)  Travelers' Opposition tacitly concedes the issue by arguing that its declaratory relief claim is legally viable because its contribution claim is also legally viable.  (Opp., p.23:17-27.)  Therefore, since Travelers' equitable contribution claim is subject to dismissal under FRCP 12(b)(6), so too is its declaratory relief claim.

18

1

## III.   <u>CONCLUSION</u>

2

For the foregoing reasons and those stated in the original motion, the motion to

3

dismiss should be granted.

4

Dated:  November 29, 2021                    McCORMICK, BARSTOW, SHEPPARD,
                                             WAYTE & CARRUTH LLP

5

6

By: _____/s/ James P. Wagoner_____

7

James P. Wagoner

8

Lejf E. Knutson
Nicholas H. Rasmussen

9

Graham A Van Leuven

10

Attorneys for Defendant New York Marine
and General Insurance Company

11

12

13

8051221.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

On November 29, 2021, I served true copies of the following document(s) described as **REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND FOR MOTION FOR MORE DEFINITE STATEMENT** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY ELECTRONIC SERVICE:**  I electronically filed the document(s) with the Clerk of the Court by using the TrueFiling system.  Participants in the case who are registered users will be served by the TrueFiling system.  Participants in the case who are not registered users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 29, 2021, at Fresno, California.

*/s/ Marisela Taylor*
Marisela Taylor