UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-5832-GW-PDx | Date | December 13, 2021 |
| Title | *Travelers Commercial Insurance Company v. New York Marine and General Insurance Company* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Mark D. Peterson   James P. Wagoner

**PROCEEDINGS:** **TELEPHONIC HEARING ON DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, PARTIAL MOTION TO DISMISS EQUITABLE CONTRIBUTION CLAIM AND MOTION FOR MORE DEFINITE STATEMENT [17]**

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Defendant's Motion is taken under submission.

: 20

Initials of Preparer   JG

***Travelers Commercial Ins. Co. v. N.Y. Marine & Gen. Ins. Co.***, Case No. 2:21-cv-05832-GW-(PDx); Tentative Ruling on Motion to Dismiss or, Alternatively, Partial Motion to Dismiss Equitable Contribution Claim for More Definite Statement

Travelers Commercial Insurance Company ("Plaintiff") sues New York Marine and General Insurance Company ("Defendant") for: 1) declaratory judgment and 2) equitable contribution of defense expenses. Plaintiff's First Amended Complaint ("FAC"), filed September 7, 2021, *see* Docket No. 15, includes the following allegations:

Plaintiff issued and delivered a homeowners policy to the mutual insured of Plaintiff and Defendant in California, covering the period beginning November 14, 2018, and ending November 14, 2019. *See* FAC ¶ 7. The policy extends to otherwise covered or potentially covered damages due to allegations of defamation, and promised a defense to any lawsuit seeking such damages. *See id.*

Defendant issued and delivered a commercial general liability insurance policy to the mutual insured – i.e., Amber Laura Heard ("Heard"), *see* Docket No. 17-4, Exh. B – in California, covering the period July 18, 2018, to July 18, 2019. *See id.* ¶ 8. It too extends to otherwise covered or potentially covered damages because of defamation and promised a defense to any lawsuit seeking such damages. *See id.*

Heard, a California resident, was sued in Virginia state court in or about March 2019, with the plaintiff in that action seeking damages for defamation. *See id.* ¶ 9; *see also* Docket No. 17-4, Exh. C.[1] Plaintiff agreed to defend Heard under a reservation of rights. *See id.* ¶ 10. Plaintiff offered to pay for independent "*Cumis*"[2] defense counsel of Heard's own selection, and has paid that counsel's fees. *See id.*

Defendant also accepted its obligation to defend the insured under a reservation of rights, also – according to Plaintiff's allegations, at least – triggering *Cumis* counsel obligations. *See id.* ¶ 11. But Defendant did not agree to provide independent defense counsel. *See id.* ¶ 13. Instead, it attempted to evade its obligation by avoiding citation to certain policy provisions in its reservation of rights letter, and encouraged Plaintiff to do likewise, to the detriment of Heard. *See id.* ¶¶ 14-15.

---

[1] Plaintiff offers no objection to Defendant's request that the Court consider, in the context of this Rule 12(b)(6) motion, the insurance policies and the Complaint on-file in the underlying Virginia lawsuit.

[2] *See San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 162 Cal.App.3d 358 (1984) ("*Cumis*").

Plaintiff refused to collaborate with or participate in Defendant's plan, and has instead repeatedly demanded that Defendant pay its share of Heard's independent defense counsel fees and costs. *See id.* ¶ 16. Defendant instead appointed defense counsel of its choice, and has refused demands by both Heard and Plaintiff to participate in the defense with counsel of Heard's choosing. *See id.* ¶ 17. Meanwhile, the defense counsel Defendant selected has done "next to nothing" and "piggy-back[ed]" on the work of Heard's independent defense counsel, which Plaintiff has paid for. *See id.* ¶¶ 18, 38.

Defendant's chosen counsel withdrew from representation of Heard on November 20, 2020. *See id.* ¶ 19. Defendant then advised Plaintiff on January 21, 2021, that it would pay 50% of the fees and costs incurred by independent defense counsel on and after November 20, 2020. *See id.* ¶ 20. Plaintiff acknowledged that agreement, but demanded that Defendant also pay the same percentage of fees and costs between the date of tender to Defendant and November 20, 2020. *See id.* ¶ 21. Thus far, Defendant has not paid any portion of any fees or costs incurred by independent defense counsel, and has not reimbursed Plaintiff for any portion of such fees or costs. *See id.* ¶¶ 22-23, 40. It has also indicated that, after trial, it likely will attempt to deny coverage for any award against Heard based on its reservation of rights. *See id.* ¶ 24.

Plaintiff asserts that Defendant "is obligated to reimburse [Plaintiff] for at least 50% of the independent defense counsel fees and costs paid by [Plaintiff], plus interest, and it is further obligated to pay at least 50% of those fees and costs going forward," and that "[a]n actual case or controversy exists between [Plaintiff] and [Defendant] regarding [Defendant's] obligation to reimburse [Plaintiff] and pay for [Heard's] independent defense counsel." *Id.* ¶¶ 27-28.

Defendant now moves to dismiss or, alternatively, for a more definite statement with respect to the claim for equitable contribution.

### A. **Procedural Standard**

Under Rule 12(b)(6), a court must: (1) construe a complaint in the light most favorable to the plaintiffs, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need not

accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In its consideration of such a motion, a court is generally limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). However, "[a] court may [also] consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

B. **Analysis**

A claim for equitable contribution between insurers requires Plaintiff to allege that Plaintiff and Defendant are obligated to indemnify or defend the same loss or claim, and that Plaintiff has paid more than its share of the loss or defended the action without any participation by Defendant.  *See Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 65 Cal.App.4th 1279, 1293 (1998); *see also Travelers Indem. Co. of Conn. v. Navigators Specialty Ins. Co.*, 70 Cal.App.5th 341, _, 285 Cal.Rptr.3d 289, 303 (2021); *Md. Cas. Co. v. Nationwide Ins. Co.*, 65 Cal.App.4th 21, 26-27 (1998); *Patent Scaffolding Co. v. William Simpson Constr. Co.*, 256 Cal.App.2d 506, 517 (1967) ("The equitable-contribution principle requires an equitable distribution of the loss among those who share liability for it.").  While Plaintiff certainly has *alleged* as much in connection with its funding of *Cumis* counsel, here, Defendant's motion – and, it seems, this case in its entirety – comes down to the question of whether Defendant actually had any obligation to provide Heard with *Cumis* counsel, an issue of law for the Court to decide regardless of how Plaintiff depicts the matter.

As a leading practice guide describes it, the need to provide an insured with *Cumis* counsel arises when an insurer's duty to provide a full defense by competent counsel to its insured would be breached by furnishing "defense counsel whose ability to represent the insured is impaired by a disqualifying conflict of interest."  Croskey, Heeseman, Ehrlich & Klee, CAL. PRAC. GUIDE:  INSURANCE LITIGATION (The Rutter Group 2021) ("Croskey & Heeseman"), ¶ 7:769, at 7B-111.  "The rationale is that *in a conflict of interest situation*, 'the insurer's desire to exclusively control the defense must yield to its obligation to defend its policy holder.'" *Id.* (emphasis added).  *Cumis* has been at least partially-codified in California Civil Code § 2860(a), which provides that "[i]f the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured . . . ."  Cal. Civ. Code § 2860(a).

Plaintiff focuses on the language used in Defendant's Reservation of Rights letter to bolster its conflict argument, *see* Croskey & Heeseman, ¶¶ 7:771, 773-75, at 7B-112, 7B-114–115, and on a choice-of-law analysis that it believes points to this Court's use of California law for purposes of assessing the question of the *Cumis* obligation in such

4

circumstances. The trouble with Plaintiff's position, however, is due to a different argument Defendant made in its opening brief, *see* Docket No. 17-1, at 2:14-23, 9:6-11:9, and that it emphasized still-further in its Reply, when it was apparent that Plaintiff had not meaningfully responded to it.

Specifically, the underlying litigation in question is proceeding in Virginia, and Defendant provided Heard with a Virginia lawyer. Whatever any choice-of-law analysis might say about whether California or Virginia law applied to the question of Defendant's obligation to the insured, Defendant has argued – and cited authority in support[3] – that a Virginia lawyer appointed by an insurer to defend an insured has only one client, *the insured*. This is unlike the situation in California, where a California lawyer would be in what has been described as a "tripartite" relationship, necessitating consideration of the *Cumis* counsel issue. *See, e.g.*, *Swanson v. State Farm Gen. Ins. Co.*, 219 Cal.App.4th 1153, 1162 (2013); *see also Gen Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP*, 357 F.Supp.2d 951, 956 (E.D. Va. 2005) (observing that, of the jurisdictions that allow an insurer to sue, for malpractice, an insured's lawyer, the few that offer an analysis of the insurer's relationship with the lawyer reflect the view that a "tripartite relationship" exists). In other words, appointed Virginia counsel would, unlike a California lawyer (under California's law in this area), never be "in the position of having to choose which master to serve." *Fed. Ins. Co. v. MBL, Inc.*, 219 Cal.App.4th 29, 42 (2013); *see also Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal.App.4th 1388, 1423 (2002) ("It was not sufficient to show Ponsor & Associates' lawyers were not influenced or controlled by Travelers and had no *intent* to affect the outcome of coverage. The statement in *Cumis* is still apt: 'No matter how honest the intentions, counsel cannot

---

[3] *See Gen. Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP*, 357 F.Supp.2d 951, 955 (E.D. Va. 2005) (answering the question, never "squarely addressed" by Virginia's Supreme Court, of "whether an insurer can bring a legal malpractice claim against the law firm it retains to defend an insured"); *id.* at 957 & n.16 ("[T]he Supreme Court of Virginia has never suggested that an insurer, as well as the insured, may be a client of the law firm the insurer retains to defend an insured. The judicial tea leaves, such as they are, suggest the contrary. Thus, Virginia State Bar ethics opinions, approved by the Supreme Court of Virginia, make unmistakably clear that an insurer is not the client of counsel it retains to defend an insured.") (citing Virginia State Bar Committee of Legal Ethics, Opinions 598 and 1536); *see also Norman v. Ins. Co. of N. Am.*, 239 S.E.2d 902 (Va. 1978). A later Virginia federal district court decision supports Defendant's reading of these authorities. *See Nationwide Prop. & Cas. Ins. Co. v. Fraraccio*, 250 F.Supp.3d 5, 8-9 & n.7 (E.D. Va. 2017) (citing *State Farm Fire & Cas. Co. v. Mabry*, 497 S.E.2d 844, 847 (Va. 1998)). Moreover, the *Cumis* decision itself at the very least hinted that California law differed from Virginia law on the need for independent counsel for the insured. *See Cumis*, 162 Cal.App.3d at 373 n.9 (identifying Virginia as a "[j]urisdiction[] ruling to the contrary" on "the view we take," and citing *Norman*).

discharge *inconsistent duties.*'") (quoting *Cumis*, 162 Cal.App.3d at 366) (initial emphasis in original; latter emphasis added). As a result, even if this Court would agree with Plaintiff that California law applied – thereby avoiding the "choice of law gymnastics" Plaintiff believes Defendant attempts, Docket No. 20, at 2:8-10 – to the question of whether Defendant had an obligation to provide *Cumis* counsel, under California law it would not have such obligation because the Virginia lawyer – whose professional conduct is unquestionably governed/measured by Virginia law – has no undivided loyalty.

Plaintiff has not even attempted to contest the issue of a Virginia lawyer's undivided loyalty in such circumstances. Its Opposition brief does not so much as mention the two Virginia law-decisions Defendant relies upon, or even the two Virginia State Bar ethics opinions relied upon by one of those decisions. Nor has Plaintiff directed this Court to any case imposing a *Cumis* counsel obligation under California law on an insurer where the insurer has appointed a Virginia lawyer to represent its insured in a Virginia lawsuit. Nor has the Court, in its own research, discovered any authority that calls into question the proposition Defendant advances about a Virginia lawyer's undivided loyalty in this context and the resulting lack of need for a *Cumis* counsel-like relationship.[4]

Instead, Plaintiff simply argues that finding no *Cumis* counsel obligation here for Defendant would be to "ignore the protections afforded to a California insured under policies negotiated and issued in California," Docket No. 20, at 1:23-25, that it is "wrong" that no actual conflict would exist even if California law applied, *see id.* at 5:17-

---

[4] The closest the Court's own research has been able to come on the question (outside of the authorities Defendant has relied upon) is the *Nationwide Property* case cited in Footnote 3, *supra*, and a reference in a Virginia federal district court's decision on personal jurisdiction to an issue that was before a California Superior Court in related litigation as to whether an insurer "has a duty to pay for independent counsel" in a lawsuit filed in Virginia (while also noting that "the right to independent counsel arises only by operation of a California statute"), but that decision indicated that the California Superior Court had "not yet ruled on this claim." *Hartford Cas. Ins. Co. v. JR Mktg., LLC*, 511 F.Supp.2d 644, 646, 651 (E.D. Va. 2007). However, the Court also observes the existence of a curious comment in the case of *Town Crier, Inc. v. Hume*, 721 F.Supp. 99 (E.D. Va. 1989), where a federal district court – in fact, the same court that would handle the *General Security* case (cited in Footnote 3, *supra*) some 16 years later – indicated that where an insurer issues "a reservation of rights notice with respect to any claims not covered . . . insureds may retain personal counsel to represent their interests or to monitor the conduct of the defense by the insurer." *Id.* at 102 n.12. Of course, there would be nothing preventing an insured from ever taking that step, but the question is why the insured would need to do so if the insurer-appointed Virginia attorney's duties were as singly-directed as Defendant argues here (and as the case law Defendant cites at least suggests)?

19, that "it simply cannot be that the strong protections of California law disappear simply because litigation is filed in an unforeseen forum," *id.* at 14:26-15:2, and that "[t]he fact that Virginia's rules and laws offer less protection to its insureds cannot possibly be a basis for finding no conflict existed,"[5] *id.* at 16:13-15.  In short, the response to these assertions-without-citations is that, when represented by a Virginia attorney in an action taking place in Virginia, an insured – whether a "California insured" or otherwise – has no need for those "protections," unlike in California, where the "tripartite" relationship exists.

Because a Virginia lawyer has only the insured as a client, there is no conflict of interest, regardless of what Defendant's Reservation of Rights letter might say.  *Cf. Native Sun Inv. Grp. v. Ticor Title Ins. Co. of Cal.*, 189 Cal.App.3d 1265, 1277-78 (1987) (concluding that, although independent counsel's representation could result in liability on uncovered claims, court would not extend *Cumis* to require compensation of such counsel because trial court found insurer: a) gave counsel "cart blanche to litigate all the issues . . . covered and uncovered" and b) that counsel at no time preferred the insurer's interest to those of his client, "nor did he allow questions of coverage – though he was informed of them – to interfere with his litigation decisions regarding the third party claims").  *But see* Croskey & Heeseman, ¶ 7:788, at 7B-119 (criticizing approach taken in *Native Sun*).  It is therefore unnecessary to analyze whether any conflict could arise from the language used in that letter, because no matter what it might have said about *Defendant's* position *vis a vis* Heard, it says nothing about Heard's Virginia lawyer's loyalty to Heard.[6]  It is likewise unnecessary for this Court to attempt to resolve the

---

[5] The argument that California law is "strong[er]" in this regard, or more-protective of insureds, does not take account of the fact that, in Virginia, there is no need to have independent counsel because there is no "tripartite" relationship and Virginia attorneys owe their duties only to the insured.  This does not make California law stronger on this point; it is simply a different arrangement with the same goal in mind.

[6] California Civil Code § 2860(b) provides that "a conflict of interest does not exist as to allegations or facts in the litigation for which the insurer denies coverage; however, when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist." Cal. Civ. Code § 2860(b).  But that provision cannot be divorced from the underlying principle of California law that such counsel is in a "tripartite" relationship, unlike in Virginia.  *Cf. Endurance Am. Specialty Co. v. Lance-Kashian & Co.*, No. CV F 10-1284 LJO BAM, 2011 WL 5417103, *22 (E.D. Cal. Nov. 8, 2011).  Simply because an insurer may have "first retained" the counsel does not turn the insurer into counsel's client, at least with respect to Virginia lawyers handling litigation in Virginia.

parties' competing choice-of-law arguments.

Defendant has no *Cumis* counsel obligation in connection with a Virginia attorney's representation of its insured in a Virginia lawsuit. "'The principle of equity on which the right to contribution is founded applies only where the parties are under a common burden of liability.'" *Morgan Creek Residential v. Kemp*, 153 Cal.App.4th 675, 684 (2007) (quoting *Weinberg Co. v. Heller*, 73 Cal.App. 769, 779 (1925)); *see also Am. Continental Ins. Co. v. Am. Cas. Co.*, 86 Cal.App.4th 929, 937-38 (2001) ("[W]here there is no common obligation that is legally due from multiple insurers, then no basis for contribution exists.") (emphasis omitted). Because Defendant had no "common burden of liability" with respect to any duty to appoint *Cumis* counsel, Plaintiff has no right to equitable contribution from Defendant.

The parties' briefs make clear that they believe the viability of Plaintiff's declaratory relief cause of action rises-and-falls with the equitable contribution claim.[7] *See* Docket No. 17-1, at 23:16-24:2; Docket No. 20, at 23:19-27, Docket No. 21, at 18:22-28. As such, because the Court concludes that Plaintiff's equitable contribution claim must be dismissed, so too must its claim for declaratory relief.

### C. Conclusion

The Court will grant Defendant's motion to dismiss. While Plaintiff requests leave to amend and Defendant does not appear to demand a dismissal *without* leave to amend, the Court is curious as to how Plaintiff believes it can amend if the Court is correct on the question of law addressed herein?[8]

---

[7] It would seem to the Court that this is not entirely accurate, *see* FAC ¶¶ 31(a), 31(c), 31(e), but also seems that the other issues Plaintiff identifies in its declaratory relief claim are not truly in much dispute, are not issues that Plaintiff may dispute and/or that does not involve Defendant, as opposed to Heard's Virginia counsel (for instance, whether Defendant breached any duty to defend by not providing an "adequate" defense), or are issues that Plaintiff may need further amendment, *see* Footnote 8, *infra*.

[8] Defendant notes that there is no breach of contract claim in the FAC, yet Plaintiff asserts that after Defendant agreed to share costs for the independent counsel *going-forward* (when counsel Defendant hired for Heard withdrew from her representation), it still has not contributed/paid anything, either from that period or before. *See* FAC ¶¶ 19-20, 22-23, 40. Perhaps *this* potential breach of contract/promise situation is where Plaintiff sees a basis for amendment (notwithstanding its apparent statement to the contrary in its Opposition, *see* Docket No. 20, at 20:26-27)?