McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant New York
Marine and General Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>New York Marine and General Insurance Company, a New York Corporation,<br><br>        Defendant. | Case No. 2:21-cv-5832-GW (PDx)<br><br>**NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OBJECTION TO TRAVELERS' IMPROPER *EX PARTE* MOTION FOR RECONSIDERATION STYLED AS A "REQUEST FOR FURTHER ORDER"**<br><br>The Hon. George H. Wu |

## I.    BACKGROUND

As this Court is aware, this litigation arises out of a dispute between Plaintiff Travelers Commercial Insurance Company ("Travelers") and New York Marine and General Insurance Company ("New York Marine") over their respective obligations in connection with the defense of a mutual insured in litigation venued in the State of Virginia (the "Underlying Action").

By way of its presently operative First Amended Complaint ("FAC"), Travelers alleges, solely in its own name, claims for: (1) declaratory relief; and (2) equitable

contribution of defense expenses in connection with the defense of the Underlying Action. As alleged therein, the gravamen of Travelers' FAC is that: (1) New York Marine issued a reservation of rights letter to the insured which triggered the insured's right to independent "*Cumis*" counsel under California Civil Code § 2860, but that New York Marine failed to provide independent counsel and instead retained counsel of its choosing, thereby failing to fulfill its obligation to its insured (FAC, Dkt. 15, at ¶¶ 11-17); (2) that New York Marine provided what Travelers now characterizes, without having standing to do so, as an "inadequate defense" for their mutual insured (*id.,* at ¶ 18); and (3) that New York Marine agreed, but then failed to reimburse Travelers for certain sums incurred in defense of the mutual insured (*id.,* ¶¶ 19-23).

In response, New York Marine filed a motion to dismiss which primarily contended that, under Virginia law, because an attorney hired by an insurer to defend an insured *has but <u>one client</u>—<u>the insured,</u>* no "conflict" exists within the meaning of Civil Code § 2860. (P&As ISO Mot. To Dismiss, Dkt. #17-1, at pp. 4:16-2:11). The motion further observed, among other arguments, that Travelers lacked standing to allege that defense counsel had provided an "inadequate" defense. (*Id.,* at pp. 21:17-23:13, 24:22-25:17).

Travelers' opposed New York Marine's motion, arguing at length that this Court should apply a "governmental interest" choice of law analysis to conclude that California law required New York Marine to afford "independent counsel" to its insured. (Travelers Opp., Dkt. 20, at pp. 5:25-20:14). Travelers' Opposition similarly expanded upon its contention that New York Marine's retained defense counsel "fail[ed] to provide an adequate defense to the insured", thereby establishing a separate basis for its claims. (*Id.*, at pp. 20:15-23:15). Critically, Travelers' Opposition effectively admitted its lack of standing to assert its "inadequate defense" claim, by instead simply implying that standing was not an issue since it sought "equitable indemnity" instead of "seeking to recover damages [from New York Marine] under a breach of contract claim." (Opp., at pp. 20:21-27).

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OBJECTION TO TRAVELERS' IMPROPER EX PARTE MOTION FOR RECONSIDERATION STYLED AS A "REQUEST FOR FURTHER ORDER"

By way of its Reply, New York Marine responded to Travelers' Opposition, expanding on its arguments and, with respect to Travelers' "inadequate defense" argument, observing that under *Federal Ins. Co. v. MBL, Inc.,* 219 Cal.App.4th 48-49 (2013), Travelers' argument still failed to state a viable claim notwithstanding that it sought "equitable contribution". (Reply, Dkt. 21, at 5:24-6:2).

On December 10, 2021, this Court issued a detailed tentative order addressing the parties' arguments. As relevant, the Court concluded that because retained defense counsel has only the insured as a client, no "conflict" exists between appointed defense counsel under Virginia law, the insured, and the retaining insurer, and that as a result, New York Marine could have no obligation to provide independent "*Cumis*" counsel to the insured.[1] (*See generally,* Tentative, at pp. 4:1-8:3.)   Having so concluded, the Court's tentative indicated that because there simply *is no conflict* between appointed defense counsel and the insured, "[i]t is likewise unnecessary for this Court to attempt to resolve the parties' competing choice-of-law arguments." (*Id.,* at pp. 7:22-8:1).

On December 13, 2021, the Court heard oral argument on the matter. At that hearing, counsel for Travelers' counsel expressly requested that the Court "reconsider its tentative" (Hear'g Trans. at 4:19), and during an extensive colloquy with the Court, contended that its preferred "choice of law" analysis compelled the conclusion that New York Marine should be required to provide the insured with independent counsel. (*Id.,* at 4:23-12:17, 14:9-15, 15:6-9, and 15:21-16:3). During the argument, Travelers' counsel also raised both the issue of the allegedly "inadequate" defense provided by New York Marine's appointed counsel (*id.,* at 14:25-15:9), and the

---

[1] Notably, the Court's tentative also observed that rather than engage with the substance of New York Marine's argument and supporting law as set forth "in its opening brief . . . and that it emphasized still further in its Reply", Travelers did "not meaningfully respond[] to" them, instead "focus[ing] . . . on a choice-of-law analysis". (Tentative, at pp. 4:28-5:4).

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OBJECTION TO TRAVELERS' IMPROPER EX PARTE MOTION FOR RECONSIDERATION STYLED AS A "REQUEST FOR FURTHER ORDER"

contention that New York Marine had failed to reimburse Travelers for sums which it had promised to reimburse it (*id.,* at 14:16-24).[2]

On January 6, 2022, the Court entered its "Final Ruling" on New York Marine's motion and scheduled a conference with the parties to address the question of whether Travelers should be granted leave to amend its complaint for 8:30 a.m. on Thursday, January 20, 2022. (Order, Dkt. 24).  The Court's Final Ruling is in all relevant substance identical to its Tentative.

On Wednesday, January 19, 2022, at 4:27 p.m., Travelers filed its uninvited "Status Report Re: Request for Further Order on Defendants Motion to Dismiss". The Request expressly contends that "[t]he argument presented in Section III(E) of Travelers' opposition should defeat [New York Marine's] motion whether or not [New York Marine] had a duty to provide *Cumis* counsel. The Court's order granting the motion addresses the *Cumis* issue, but not Travelers' alternative argument." ("Request", Dkt. 29, at p. 1:13-16). The request further contends that the Court should "issue[] a further order squarely addressing that argument."

Immediately after filing its "Request", Travelers' counsel emailed a copy of the Request to the Court's Clerk, requesting that he "bring the attached filing to the Court's attention in connection with the status conference scheduled for . . . tomorrow morning." (Declaration of James P. Wagoner, below).

In advance of its "Request", Travelers' counsel did not provide notice to counsel for New York Marine, in writing or otherwise. (Declaration of James P. Wagoner).

---

[2] Additionally, through the hearing, counsel for Travelers consistently characterized Travelers as, at least *impliedly*, suing "on behalf of the insured". (Hear'g Trans. at p. 6:24-25; and see *id.,* at 8:102 ("So Travelers is in effect carrying the insured's right…"). Put simply, this is not so: Travelers has sued on its own behalf, and no other, and does not claim to have an assignment of rights. (See generally, FAC).

4

## II.    <u>TRAVELERS "REQUEST" IS IMPROPER</u>

Local Rule 7-18 "Motion for Reconsideration" states that:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference of fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. *No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.* Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

(Emphasis added).

Local Rule 7-19 "Ex Parte Application" provides that "[a]n application for an ex parte order shall be accompanied by a memorandum containing . . . the reasons for seeking an ex parte order, and points and authorities in support thereof", while Local Rule 7-19.1 "Notice of Application" states that "[i]t shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application…".

Here, inasmuch as Travelers' "Request" *expressly* asserts that "the argument presented in Section III(E) of Travelers' opposition should defeat [New York Marine's] motion", the Request can only honestly be considered a motion for reconsideration, disingenuously disguised as a "Status Report" which "Request[s][a] Further Order". Accordingly, Travelers' "Request" must comply with Local Rule 7-18. It does not do so. In this respect, Travelers' "Request" cites no "material difference of fact or law from that presented to the Court" at argument; presents no "new material facts or a change of law occurring after" the Court's January 6, 2022 "Order was entered"; and makes no attempt to demonstrate "a failure to consider material facts presented to the Court before the Order was entered"—much less a "manifest" failure

to do so.[3]

Put simply, Travelers previously raised each of the relevant arguments—that the Court should address its "choice of law" analysis and that New York Marine's appointed defense counsel presented an "inadequate" defense—*in both* its Opposition brief and at oral argument. Indeed, as set forth above, Travelers' arguments concerning the choice of law analysis spanned some *fourteen and one-half pages* of its twenty-three and one-quarter page brief, and its counsel's colloquy with this Court on that issue during the December 13, 2021 hearing comprise roughly thirteen and one-half of the fifteen and one-half page transcript. As set forth above, it similarly addressed its "inadequate defense" argument both in briefing and at argument.

Given the foregoing, Travelers' request is in direct violation of *literally every clause of Local Rule 7-18,* which sets forth the conditions upon which reconsideration may be sought, and the arguments which may be presented in support of such a motion.

Courts in both the Central District and the Ninth Circuit have routinely and consistently rejected motions for reconsideration which do not comply with Local Rule 7-18. *Johns v. ITT Indus., Inc.,* 41 Fed.Appx. 73, 74 (9th Cir. 2002) (Unpub'd) (holding that District Court acted within its discretion in denying motion for reconsideration where movant presented no new argument or fact and so motion was improper under the local rules); *School Dist. No. 1J, Multnomah Cty. v. AC and S, Inc.,* 5 F.3D 1255, 1263 (9th Cir. 1993) (reconsideration appropriate where movant

---

[3] Notably, though Travelers' "Request" finds time to reiterate previously stated arguments in contravention of Local Rules, it quite glaringly fails to notify the Court that at 10:17 a.m. on January 19, 2022—some 6 hours and 10 minutes before it filed its "Request"—its counsel received from New York Marine's counsel a check from New York Marine in the amount of $621,693.43, reflecting reimbursement of Travelers by New York Marine of certain defense costs incurred by Travelers. Though as that issue is not raised in Travelers' Request, perhaps it has now determined to abandon that argument in light of New York Marine's payment.

demonstrates clear error, manifest injustice, newly discovered evidence or an intervening change in controlling law); *In re MannKind Securities Actions,* 835 F.Supp.2d 797, 825 (C.D.Cal. 2011) (arguments repeatedly addressed did not merit reconsideration under Local Rule 7-18); *Nat'l Rural Telecomm's Co-op. v. DIRECTV, Inc.* 319 F.Supp.2d 1094, 1107 (C.D.Cal. 2003) (denying motion where movant had "not made the requisite showing under Local Rule 7-18 in its motion for reconsideration").

Turning to the form of Travelers' "Request", Travelers had notice of this Court's ruling and the January 20, 2022 status conference on January 6, 2021. It nevertheless filed the Request at 4:34 p.m. on January 19, 2022, *without* the requisite notice to counsel, and thereafter undertook the unusual step of emailing the filing directly to the Court's Clerk, expressly requesting that the Clerk bring the "Request" "to the Court's attention in connection with the status conference". As such, Travelers' "Request" can only be interpreted as an *Ex Parte* application expressly calculated to influence the January 20, 2022 conference. However, as with Local Rule 7-18, Travelers' filing likewise violates every requirement for an *Ex Parte* application stated in Local Rule 7-19.1, in that it does not contain the requisite memorandum of points and authorities or order, and was filed a mere 53 working minutes prior to the January 20, 2022 conference *without any prior notice whatsoever* to New York Marine's counsel.

Courts in the Central District also routinely and consistently deny *ex parte* applications which do not comply with Local Rule 17-9.1. *19th Capital Group, LLC v. 3 GGG's Truck Lines, Inc.,* Case No. CV 18-2493 PA (RAOx), 2018 WL 5796349 *1-*2 (C.D.Cal. May 7, 2018); *Hollywood v. Carrows Cal. Family Restaurants,* Case no. CV 18-2098-JGB (GJS), 2018 WL 7461691 *1-*2 (C.D.Cal. Sep. 24, 2018) (noting that "'strict compliance' with Local Rules 7-19 and 7-19.1 is required."); *McVay v. Fedex Ground,* Case No. EDCV 03-00817-VAP (SGLx), 2003 WL 22769080 * (C.D.Cal. July 21, 2003) (Stating in its standing order that "[t]he moving

party's declaration in support of an *ex parte* application shall show compliance with Local Rule 7-19 . . . failing which the application shall be DENIED . . .").[4]

Because Travelers' "Request" simply fails to satisfy *any* of the elements required for reconsideration under Local Rule 7-18 or an *ex parte* application under Local Rule 7-19, and indeed, utterly and entirely fails demonstrate even an *attempt* to comply with *either* Local Rule 7-18 or 7-19, New York Marine submits that the request should be denied, disregarded, and/or stricken from the record, as the Court deems appropriate.

Dated:  January 20, 2022

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____

James P. Wagoner
Lejf E. Knutson
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Defendant New York Marine and General Insurance Company

**DECLARATION OF JAMES P. WAGONER**

1.     I am an attorney licensed in the State of California, a member of the bar of this Court, and a member of the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, in which capacity I am counsel of record for New York Marine and General Insurance Company ("New York Marine") in this action. The following is known to me personally, and if called upon, I could and would testify

---

[4] Indeed, as various Orders addressing the rule reflect, failure to comply with Local Rule 7-19 may merit sanctions. *See, e.g., 19th Capital Group, LLC, supra,* 2018 WL 5796349 *2; *Fusion IV Pharmaceuticals, Inc. v. Executive Director Virginia Herold,* Case No. CV 19-1127 PA (FFMx), 2019 WL 10093063 *1 (C.D.Cal. March 8, 2019) (admonishing counsel regarding the availability of sanctions for failing to comply with the local rules, in light of counsel's failure to notify counsel of the filing).

1   truthfully thereto.

2       2.      On January 18, 2022, I received from New York Marine a check in the

3   amount of $621,693.43, payable to Travelers Commercial Insurance Company

4   ("Travelers"), in reimbursement of certain sums incurred by Travelers in defense of

5   Travelers' and New York Marine's mutual insured. Also on January 18, 2022, I

6   caused my staff to forward, via Federal Express, the same check to the office of

7   Travelers' counsel, Mr. Peterson, with enclosing correspondence. I have confirmed

8   via Federal Express that the package enclosing that check was delivered to the office

9   of Mr. Peterson's firm, Cates Peterson, at 10:17 a.m. on January 19, 2022.

10      3.      I received a copy of Travelers' "Request" on January 18, 2022, at 4:27

11  p.m., via the ECF electronic service system (email). At no time prior to my receipt of

12  the filed Request was I advised by counsel for Travelers of Travelers' intention to file

13  the "Request".

14      4.      At 4:30, I received an email from counsel for Travelers, addressed to the

15  Court's Clerk, attaching a PDF copy of the "Request" and requesting that the Clerk

16  "Please bring the attached filing to the Court's attention in connection with the status

17  conference scheduled for [8:30] a.m. tomorrow morning."

18      I declare under penalty of perjury that the foregoing is true and correct.

19      Executed on January 20, 2022

20

21  By: _____

22                  James P. Wagoner

23

24

25  8160510.1

26

27

28

9

## <u>PROOF OF SERVICE</u>

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On January 20, 2022, I served true copies of the following document(s) described as **NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OBJECTION TO TRAVELERS' IMPROPER *EX PARTE* MOTION FOR RECONSIDERATION STYLED AS A "REQUEST FOR FURTHER ORDER"** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 20, 2022, at Fresno, California.

*/s/ Marisela Taylor*
_____
Marisela Taylor