1

```
 1              UNITED STATES DISTRICT COURT
 2       CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
 3         HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE
 4

 5  TRAVELERS COMMERCIAL INSURANCE
    COMPANY,
 6
                   Plaintiff,
 7
       vs.                             Case No. CV 21-5832-GW
 8
    NEW YORK MARINE and GENERAL
 9  INSURANCE COMPANY,

10                 Defendants.
    _____/
11

12

13              REPORTER'S TRANSCRIPT OF
                   STATUS CONFERENCE
14            THURSDAY, JANUARY 27, 2022
                     8:30 A.M.
15             LOS ANGELES, CALIFORNIA

16

17

18

19

20

21

22  _____

23        TERRI A. HOURIGAN, CSR NO. 3838, CCRR
             FEDERAL OFFICIAL COURT REPORTER
24          350 WEST FIRST STREET, ROOM 4311
             LOS ANGELES, CALIFORNIA  90012
25                  (213) 894-2849
```

UNITED STATES DISTRICT COURT

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF:**

    CATES PETERSON LLP
    BY:  MARK D. PETERSON
    Attorney at Law
    4100 NewportPlace, Suite 230
    Newport Beach, California  92660

**FOR THE DEFENDANT:**

    MCCORMICK BARSTOW SHEPPARD WAYTE and CARRUTH LLP
    BY:  JAMES P. WAGONER
        NICHOLAS H. RASMUSSEN
    Attorneys at Law
    7647 North Fresno Street
    Fresno, California  93720

```
 1            LOS ANGELES, CALIFORNIA; THURSDAY, JANUARY 27, 2022
 2                              8:30 A.M.
 3                              --oOo--
 4
 5
 6            THE COURT:  Let me call the matter of Travelers
 7   Commercial Insurance versus New York Marine.
 8            For the plaintiff, we have?
 9            MR. PETERSON:  Good morning, Your Honor.  Mark
10   Peterson for the plaintiff.
11            THE COURT:  For the defense, we have?
12            MR. WAGONER:  Good morning, Your Honor.  James
13   Wagoner and Nicholas Rasmussen for defendant, Your Honor.
14            THE COURT:  All right.  We are here -- the plaintiff
15   has made, I guess, an ex parte request for further order on the
16   defendant's motion to dismiss.
17              The defendant has responded that it's an improper
18   attempt to ask for a reconsideration.
19              I don't know whether or not I would call it an
20   improper request for reconsideration, but looking at the
21   materials, I kind of agree with the plaintiff in the sense that
22   there is an issue that the plaintiff kind of raised that the
23   Court really doesn't fully deal with.  And there is the
24   contention that the defendant breached its duty to defend by
25   having its appointed counsel do next to nothing and piggyback
```

1  off the work that was provided by the plaintiff's *Cumis* counsel
2  in the matter in the Virginia Court.
3        And the way it's argued, it's kind of -- I
4  understand the argument.  On the one hand, you know, obviously,
5  the plaintiff would not have standing to argue ineffective
6  assistance of counsel or something of that sort, but as I
7  understand what the plaintiff is trying to do is trying to
8  argue that there was an affirmative position taken by the
9  defense or by the defendant not to provide its obligated
10 defense of the mutually insured, and instead, to just simply
11 and improperly rely on the plaintiff's appointed *Cumis* counsel.
12       So that is something that I don't really address
13 in the tentative on the ruling on the motion to dismiss.  So I
14 would want a further -- I guess -- I understand, I think, the
15 plaintiff's position, well, I would want a further response
16 from the defense on that point.
17     MR. WAGONER:  Your Honor, the reason why -- I think
18 it's a mischaracterization.
19       What happened is the insureds *Cumis* counsel would
20 not allow the appointed counsel of New York Marine to
21 participate.
22     THE COURT:  Well, let me stop you.  The problem I
23 have, though, is this is a motion to dismiss, and none of that
24 stuff is contained in any of the pleadings, whereas the
25 plaintiff -- if one is very charitable in viewing its first

Case 2:21-cv-05832-GW-PD   Document 37   Filed 02/04/22   Page 5 of 10   Page ID #:621

5

1  amended complaint, specifically Paragraphs 18 and 31-C, says
2  something.  And so what I want from the defense is something in
3  writing in response to that.
4            It may very well be that I would be dismissing
5  out the other causes of action or -- yeah, the cause of action
6  that I have discussed so far, and maybe that one would still be
7  left, but frankly, I think in the end it might very well be
8  that if what you are saying is correct, there was either a
9  refusal on the plaintiff's *Cumis* counsel to allow participation
10 by the defendant's chosen counsel or if the defendant's chosen
11 counsel did adequate legal representation, or even if it was
12 inadequate, it wasn't inadequate because there was an improper
13 reliance on *Cumis* counsel's activities, then it is what it will
14 be.
15           The problem is at this point in time I think it's
16 something that still remains in the case that I have not
17 specifically addressed on my ruling on the motion to dismiss
18 that I will have to rule on one way or the other.
19           So, what I want is this:  I want the defense to
20 respond to the plaintiff's contention, and I want that response
21 in ten days, so I will give you until -- I will give you until
22 February the 7th to file a further response, and serve on the
23 plaintiff.
24           I will give the plaintiff until noon on the 11th
25 to reply, and I will put the matter back on calendar for the

**UNITED STATES DISTRICT COURT**

1  17th of February, all right?
2          MR. WAGONER: This is James Wagoner on behalf of New
3  York Marine.
4          Does the Court -- we filed that opposition to the
5  *ex parte*, as you called it.
6          THE COURT: Yeah, but most of that response is just
7  simply making the argument that it was an improper motion for
8  reconsideration. You really didn't do that much in terms of
9  the substantive contentions of the plaintiff.
10          MR. WAGONER: Well, it wasn't lengthy, but what we
11  did contend is that New York -- or Travelers had no standing.
12          THE COURT: Well, if that is going to be your
13  position, I want more as to why that would be.
14          Again, I agree with you, that if in fact the
15  plaintiff is only arguing that because the defense that was
16  provided by the defendant's Virginia counsel was inadequate, I
17  would agree, the plaintiff has no standing to make that type of
18  argument.
19          But what they have argued is something more than
20  that. What they have argued is that there was an intentional
21  instruction to the effect by the defendant on its appointed
22  Virginia counsel not to do much work, but only piggyback off
23  the work of the plaintiff's *Cumis* counsel.
24          So that is something upon which the plaintiff
25  would be allowed to argue, because I don't think there is a

1  lack of standing as to that contention, it would seem on me.
2         Although, I might be wrong, maybe there is
3  something that even in that situation there wouldn't be
4  standing, but be that as it may be, I'm giving the defense an
5  opportunity to respond further.  You know, the defense can
6  respond whatever it wants to, and then I allow the plaintiff to
7  reply, then I will take a look at it.
8         MR. WAGONER:  Very good.  Thank you for your time,
9  Your Honor.
10         THE COURT:  Anything else from either side?
11         MR. PETERSON:  No.  Thank you, Your Honor.
12         THE COURT:  Gentlemen, have a nice day.
13           (The proceedings concluded at 8:56 a.m.)
14                           * * *

**CERTIFICATE OF OFFICIAL REPORTER**

COUNTY OF LOS ANGELES     )
                          )
STATE OF CALIFORNIA       )

       I, TERRI A. HOURIGAN, Federal Official Realtime Court Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the United States.

Date:  January 27, 2022


                  /s/ TERRI A. HOURIGAN
                _____
                TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR
                   Federal Official Court Reporter

| / | allow [3] - 4:20, 5:9, 7:6 | contend [1] - 6:11 | entitled [1] - 8:12 | J |
|---|---|---|---|---|
| /s [1] - 8:19 | allowed [1] - 6:25 | contention [3] - 3:23, 5:20, 7:1 | ex [2] - 3:15, 6:5 | James [2] - 3:12, 6:2 |
| **1** | amended [1] - 4:25 | contentions [1] - 6:9 | **F** | January [2] - 1:13, 8:16 |
| 11th [1] - 5:24 | ANGELES [4] - 1:14, 1:23, 3:1, 8:3 | correct [2] - 5:8, 8:10 | fact [1] - 6:14 | JUDGE [1] - 1:3 |
| 17th [1] - 6:1 | APPEARANCES [1] - 2:1 | counsel [12] - 3:25, 4:1, 4:6, 4:11, 4:19, 4:20, 5:9, 5:10, 5:11, 6:16, 6:22, 6:23 | far [1] - 5:6 | judicial [1] - 8:13 |
| 18 [1] - 5:1 | appointed [4] - 3:25, 4:11, 4:20, 6:21 | COUNSEL [1] - 2:1 | February [2] - 5:22, 6:1 | **K** |
| **2** | argue [3] - 4:5, 4:8, 6:25 | counsel's [1] - 5:13 | FEDERAL [1] - 1:22 | kind [3] - 3:21, 3:22, 4:3 |
| 2022 [1] - 8:16 | argued [3] - 4:3, 6:19, 6:20 | COUNTY [1] - 8:3 | Federal [2] - 8:6, 8:20 | **L** |
| 2022day/date/year [1] - 1:13 | arguing [1] - 6:15 | COURT [10] - 1:1, 1:22, 3:6, 3:11, 3:14, 4:22, 6:6, 6:12, 7:10, 7:12 | file [1] - 5:22 | lack [1] - 7:1 |
| 213 [3] - 1:24, 2:6, 2:11 | argument [3] - 4:4, 6:7, 6:18 | Court [6] - 3:23, 4:2, 6:4, 8:7, 8:20 | filed [1] - 6:4 | Law [3] - 2:5, 2:10, 2:15 |
| 27 [1] - 8:16 | assistance [1] - 4:6 | CRR [1] - 8:20 | FIRM [3] - 2:4, 2:9, 2:14 | left [1] - 5:7 |
| 27th [1] - 1:13 | attempt [1] - 3:18 | CSR [2] - 1:22, 8:20 | first [1] - 4:25 | legal [1] - 5:11 |
| 28 [1] - 8:9 | Attorney [3] - 2:5, 2:10, 2:15 | Cumis [6] - 4:1, 4:11, 4:19, 5:9, 5:13, 6:23 | FIRST [1] - 1:23 | lengthy [1] - 6:10 |
| **3** | ATTY [12] - 2:4, 2:5, 2:6, 2:9, 2:10, 2:11, 2:14, 2:15, 2:16 | **D** | FOR [3] - 2:3, 2:8, 2:13 | look [1] - 7:7 |
| 31-C [1] - 5:1 | **B** | Date [1] - 8:16 | foregoing [1] - 8:10 | looking [1] - 3:20 |
| 350 [1] - 1:23 | behalf [1] - 6:2 | day/date/year [1] - 3:1 | format [1] - 8:12 | LOS [4] - 1:14, 1:23, 3:1, 8:3 |
| 3838 [2] - 1:22, 8:20 | breached [1] - 3:24 | days [1] - 5:21 | frankly [1] - 5:7 | **M** |
| **4** | BY [3] - 2:4, 2:9, 2:14 | deal [1] - 3:23 | fully [1] - 3:23 | Marine [3] - 3:7, 4:20, 6:3 |
| 4311 [1] - 1:23 | **C** | defend [1] - 3:24 | **G** | mark [1] - 3:9 |
| **7** | calendar [1] - 5:25 | DEFENDANT [2] - 2:8, 2:13 | gentlemen [1] - 7:12 | materials [1] - 3:21 |
| 753 [1] - 8:9 | CALIFORNIA [5] - 1:2, 1:14, 1:23, 3:1, 8:4 | defendant [6] - 3:13, 3:17, 3:24, 4:9, 5:19, 6:21 | GEORGE [1] - 1:3 | matter [4] - 3:6, 4:2, 5:25, 8:12 |
| 7th [1] - 5:22 | California [4] - 2:6, 2:11, 2:16, 8:8 | defendant's [4] - 3:16, 5:10, 6:16 | guess [2] - 3:15, 4:14 | might [2] - 5:7, 7:2 |
| **8** | case [1] - 5:16 | Defendants [1] - 1:9 | **H** | mischaracterization [1] - 4:18 |
| 894-2305 [1] - 2:6 | Case [1] - 1:7 | defense [8] - 3:11, 4:9, 4:10, 4:16, 5:2, 6:15, 7:4, 7:5 | hand [1] - 4:4 | morning [2] - 3:9, 3:12 |
| 894-2849 [1] - 1:24 | causes [1] - 5:5 | DEFT [9] - 1:8, 2:9, 2:10, 2:11, 2:14, 2:15, 2:16 | held [1] - 8:11 | most [1] - 6:6 |
| 8:56 [1] - 7:13 | CCRR [1] - 1:22 | discussed [1] - 5:6 | hereby [1] - 8:8 | motion [5] - 3:16, 4:13, 4:23, 5:17, 6:7 |
| **9** | Central [1] - 8:8 | dismiss [4] - 3:16, 4:13, 4:23, 5:17 | Honor [6] - 3:9, 3:12, 3:13, 4:17, 7:9, 7:11 | MR [7] - 3:9, 3:12, 4:17, 6:2, 6:10, 7:8, 7:11 |
| 90012 [1] - 1:23 | CENTRAL [1] - 1:2 | dismissing [1] - 5:4 | HONORABLE [1] - 1:3 | mutually [1] - 4:10 |
| **A** | CERTIFICATE [1] - 8:1 | DISTRICT [3] - 1:1, 1:2, 1:3 | HOURIGAN [4] - 1:22, 8:6, 8:19, 8:20 | **N** |
| a.m [1] - 7:13 | certify [1] - 8:8 | District [2] - 8:7, 8:8 | **I** | New [4] - 3:7, 4:20, 6:2, 6:11 |
| above-entitled [1] - 8:12 | charitable [1] - 4:25 | DIVISION [1] - 1:2 | improper [4] - 3:17, 3:20, 5:12, 6:7 | next [1] - 3:25 |
| action [2] - 5:5 | chosen [2] - 5:10 | duty [1] - 3:24 | improperly [1] - 4:11 | nice [1] - 7:12 |
| activities [1] - 5:13 | CITY [3] - 2:6, 2:11, 2:16 | **E** | inadequate [3] - 5:12, 6:16 | Nicholas [1] - 3:13 |
| ADDRESS [3] - 2:5, 2:10, 2:15 | Code [1] - 8:9 | effect [1] - 6:21 | ineffective [1] - 4:6 | NO [2] - 1:22, 8:20 |
| address [1] - 4:12 | Commercial [1] - 3:7 | either [2] - 5:8, 7:10 | instead [1] - 4:10 | none [1] - 4:23 |
| addressed [1] - 5:17 | complaint [1] - 4:25 | end [1] - 5:7 | instruction [1] - 6:21 | noon [1] - 5:24 |
| adequate [1] - 5:11 | concluded [1] - 7:13 | | Insurance [1] - 3:7 | nothing [1] - 3:25 |
| agree [3] - 3:21, 6:14, 6:17 | conference [1] - 8:13 | | insured [1] - 4:10 | |
| | conformance [1] - 8:13 | | insureds [1] - 4:19 | |
| | contained [1] - 4:24 | | intentional [1] - 6:20 | |
| | | | issue [1] - 3:22 | |

## O

**obligated** [1] - 4:9
**obviously** [1] - 4:5
**OF** [6] - 1:2, 1:12, 2:1, 8:1, 8:3, 8:4
**Official** [2] - 8:6, 8:20
**OFFICIAL** [2] - 1:22, 8:1
**one** [4] - 4:4, 4:25, 5:6, 5:18
**oOo** [1] - 3:3
**opportunity** [1] - 7:5
**opposition** [1] - 6:4
**order** [1] - 3:15

## P

**page** [1] - 8:12
**Paragraphs** [1] - 5:1
**parte** [2] - 3:15, 6:5
**participate** [1] - 4:21
**participation** [1] - 5:9
**PETERSON** [2] - 3:9, 7:11
**Peterson** [1] - 3:10
**piggyback** [2] - 3:25, 6:22
**PLAINTIFF** [2] - 1:5, 2:3
**plaintiff** [15] - 3:8, 3:10, 3:14, 3:21, 3:22, 4:5, 4:7, 4:24, 5:23, 5:24, 6:9, 6:15, 6:17, 6:24, 7:6
**Plaintiff** [1] - 1:6
**plaintiff's** [5] - 4:11, 4:15, 5:9, 5:20, 6:23
**plaintiffs** [1] - 4:1
**pleadings** [1] - 4:24
**PLF** [6] - 2:4, 2:4, 2:5, 2:6
**point** [2] - 4:16, 5:15
**position** [3] - 4:8, 4:15, 6:13
**problem** [2] - 4:22, 5:15
**proceeding** [1] - 1:12
**proceedings** [2] - 7:13, 8:11
**provide** [1] - 4:9
**provided** [2] - 4:1, 6:16
**pursuant** [1] - 8:9
**put** [1] - 5:25

## R

**raised** [1] - 3:22
**Rasmussen** [1] - 3:13
**really** [3] - 3:23, 4:12, 6:8
**Realtime** [1] - 8:6
**reason** [1] - 4:17
**reconsideration** [3] - 3:18, 3:20, 6:8
**refusal** [1] - 5:9
**regulations** [1] - 8:13
**reliance** [1] - 5:13
**rely** [1] - 4:11
**remains** [1] - 5:16
**reply** [2] - 5:25, 7:7
**reported** [1] - 8:11
**Reporter** [2] - 8:7, 8:20
**REPORTER** [2] - 1:22, 8:1
**REPORTER'S** [1] - 1:12
**representation** [1] - 5:11
**request** [2] - 3:15, 3:20
**respond** [3] - 5:20, 7:5, 7:6
**responded** [1] - 3:17
**response** [5] - 4:15, 5:3, 5:20, 5:22, 6:6
**ROOM** [1] - 1:23
**RPR** [1] - 8:20
**rule** [1] - 5:18
**ruling** [2] - 4:13, 5:17

## S

**Section** [1] - 8:9
**seem** [1] - 7:1
**sense** [1] - 3:21
**serve** [1] - 5:22
**side** [1] - 7:10
**simply** [2] - 4:10, 6:7
**situation** [1] - 7:3
**sort** [1] - 4:6
**specifically** [2] - 5:1, 5:17
**standing** [5] - 4:5, 6:11, 6:17, 7:1, 7:4
**STATE** [1] - 8:4
**STATES** [1] - 1:1
**States** [3] - 8:7, 8:9, 8:14
**stenographically** [1] - 8:11
**still** [2] - 5:6, 5:16
**stop** [1] - 4:22
**STREET** [1] - 1:23
**stuff** [1] - 4:23
**substantive** [1] - 6:9
**SUITE** [3] - 2:5, 2:10, 2:15

## T

**ten** [1] - 5:21
**tentative** [1] - 4:13
**terms** [1] - 6:8
**TERRI** [4] - 1:22, 8:6, 8:19, 8:20
**THE** [11] - 2:3, 2:8, 2:13, 3:6, 3:11, 3:14, 4:22, 6:6, 6:12, 7:10, 7:12
**TIME** [2] - 1:13, 3:2
**Title** [1] - 8:9
**TRANSCRIPT** [1] - 1:12
**transcript** [2] - 8:10, 8:12
**Travelers** [2] - 3:6, 6:11
**true** [1] - 8:10
**trying** [2] - 4:7, 4:8
**Type** [1] - 1:12
**type** [1] - 6:17

## U

**U.S** [1] - 1:3
**United** [3] - 8:7, 8:9, 8:14
**UNITED** [1] - 1:1

## V

**versus** [1] - 3:7
**view** [1] - 4:25
**Virginia** [3] - 4:2, 6:16, 6:22
**vs** [1] - 1:7

## W

**WAGONER** [5] - 3:12, 4:17, 6:2, 6:10, 7:8
**Wagoner** [2] - 3:13, 6:2
**wants** [1] - 7:6
**WEST** [1] - 1:23
**WESTERN** [1] - 1:2
**whereas** [1] - 4:24
**writing** [1] - 5:2
**WU** [1] - 1:3

## X

**XXX** [3] - 2:11, 2:16
**XXX-XXXX** [2] - 2:11, 2:16
**XXXX** [2] - 2:11, 2:16

## Y

**York** [4] - 3:7, 4:20, 6:3, 6:11

## Z

**ZIP** [3] - 2:6, 2:11, 2:16