McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Defendant New York
Marine and General Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation, <br><br> Plaintiff, <br><br> v. <br><br> New York Marine and General Insurance Company, a New York Corporation, <br><br> Defendant. | Case No. 2:21-cv-5832-GW (PDx) <br><br> **DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FURTHER BRIEFING IN RESPONSE TO TRAVELERS' "REQUEST FOR FURTHER ORDER"** <br><br> Hon. George H. Wu <br><br> **Status Conference** <br><br> **Date: February 17, 2022** <br> **Time: 8:30 a.m.** |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................. 1

II.   LEGAL ARGUMENT ...................................................................... 6

   A.   Travelers Lacks Standing To Assert A Claim For Breach Of Contract, Whether Styled As A Claim For "Breach Of Contract" Or One For "Equitable Contribution" ......................................... 6

      1.   Travelers Cannot Assert A Direct Claim For "Breach Of Contract" ....................................................................... 6

      2.   Travelers Cannot Salvage Its Contract-Based Allegations By Couching Them As A Claim For "Equitable Contribution" ................................................................... 7

         a.   Travelers And New York Marine Do Not Share A Joint Obligation To Defend The Insured Through Independent Counsel ......................................... 8

         b.   Since Defense Counsel Acts As An Independent Contractor, A Negligent Defense Does Not Give Rise To Liability On The Part Of New York Marine ............. 10

         c.   Because New York Marine Owes No Duty To Travelers, A Claim Cannot Be Stated By Travelers Against New York Marine For Equitable Contribution On Account Of Alleged Breaches Of Any Duties Owed By New York Marine To The Insured ................................................................ 11

         d.   Travelers Also Cannot State A Valid Claim for Equitable Relief Because It Admits That New York Marine Has Participated In The Insured's Defense ........ 13

         e.   New York Marine's "Intent" Has No Bearing On The Viability Of Travelers' Claim For Equitable Contribution ................................................................ 14

   B.   Correspondence Establishes That Travelers *Cannot* Plead "Facts" Sufficient to Support Their Claim, Because The Allegations Of Paragraph 18 Of The FAC Upon Which Its Claim Is Predicated Are Simply Not True ................................................................ 15

   C.   Since Travelers' Allegations Essentially Amount To A Claim Of Fraud, They Are Not Stated With Sufficient Factual "Specificity" And Therefore Must Be Dismissed ....................................... 18

III.  CONCLUSION ............................................................................. 20

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FURTHER BRIEFING IN
RESPONSE TO TRAVELERS' "REQUEST FOR FURTHER ORDER"

# TABLE OF AUTHORITIES

**Page**

## CASES

*Am. Home Assur. Co. v. State Farm Mut. Auto. Ins. Co*.,
 2013 WL 1435197 (N.D.Cal. 2013).................................14

*Am. States Ins. Co. v. Nat'l Fire Ins. Co. of Hartford*,
 202 Cal.App.4th 692 (2011)..................................8

*Amchem Products, Inc. v. Windsor*,
 521 U.S. 591 (1997)..................................10

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..................................8

*Austero v. Nat'l Cas. Co.*,
 62 Cal.App.3d 511 (1976)..................................7

*Axis Surplus Ins. Co. v. Glencoe Ins.*,
 204 Cal.App.4th 1214 (2012)..................................14

*Bly-Magee v. California*,
 236 F.3d 1014 (9th Cir. 2001)..................................19

*Brockway v. Heilman*,
 250 Cal.App.2d 807 (1967)..................................19

*Cardinal Holding Co. v. Deal*,
 522 S.E.2d 614 (Va. 1999)..................................11

*Ceresino v. Fire Ins. Exch.*,
 215 Cal.App.3d 814 (1989)..................................12

*Commercial Union Assur. Cos. v. Safeway Stores, Inc.*,
 26 Cal.3d 912 (1980)..................................2, 11

*Cooper v. Pickett*,
 137 F.3d 616 (9th Cir. 1997)..................................19

*Emerald Bay Cmty. Ass'n v. Golden Eagle Ins. Corp.*,
 130 Cal.App.4th 1078 (2005)..................................12

*Fed. Ins. Co. v. MBL, Inc.*,
 219 Cal.App.4th 29 (2013)..................................9, 12

*Fidelity Nat'l Financial, Inc. v. Nat'l Union Fire Ins. Co.*,
 2014 WL 1393743 (S.D.Cal. April 9, 2014)..................................18

*Fifield Manor v. Finston*,
 54 Cal.2d 632 (1960)..................................10

ii

1

**TABLE OF AUTHORITIES**
(Continued)

2                                                                      **Page**

3   *Fireman's Fund Ins. Co. v. Maryland Casualty Co.,*
        65 Cal.App.4th 1279 (1998)........................................3, 8, 14
4
    *Fireman's Fund Ins. Co. v. McDonald, Hecht & Solberg,*
5       30 Cal.App.4th 1373 (1994)............................................10

6   *Freeman & Mills, Inc. v. Belcher Oil Co.*
        11 Cal.4th 85 (1995)...................................................15
7
    *Gantman v. United Pac. Ins. Co.,*
8       232 Cal.App.3d 1560 (1991)..............................................7

9   *Goodley v. Wank & Wank, Inc.,*
        62 Cal.App.3d 389 (1976)...............................................11
10
    *Gulf Ins. Co. v. TIG Ins. Co.,*
11      86 Cal.App.4th 422 (2001)..............................................11

12  *Harris v. Atlantic Richfield Co.,*
        14 Cal.App.4th 70 (1993)...............................................15
13
    *Hatchwell v. Blue Shield of California,*
14      198 Cal.App.3d 1027 (1988)..............................................6

15  *Horace Mann Ins. Co. v. Barbara B.,*
        61 Cal.Ap.4th 158 (1998)...............................................12
16
    *In re A.H. Robins Co.,*
17      880 F.2d 709 (4th Cir. 1989)...........................................10

18  *In re Gilead Sciences Sec. Litig.,*
        536 F.3d 1049 (9th Cir. 2008)...........................................8
19
    *In re Stac Elecs. Sec. Litig.,*
20      89 F.3d 1399 (9th Cir. 1996)...........................................19

21  *Jackson v. Rogers,*
        210 Cal.App.3d 336 (1989).............................................10
22
    *James 3 Corp. v. Truck Ins. Exch.,*
23      91 Cal.App.4th 1093 (2001)............................................16

24  *Jones v. Aetna Cas & Sur. Co.,*
        26 Cal.App.4th 1717 (1994)..............................................2
25
    *Kearns v. Ford Motor Co.,*
26      567 F.3d 1120 (9th Cir. 2009).....................................5, 19, 20

27  *King v. Dalton,*
        895 F.Supp. 831 (E.D.Va. 1995)........................................10
28

iii

1

## TABLE OF AUTHORITIES
### (Continued)

2
**Page**

3
*Low v. Golden Eagle Ins. Co.*,
    101 Cal.App.4th 1354 (2002)........................................................................14

4

*Lucas v. Hamm*,
5
    56 Cal.2d 583 (1961)......................................................................................7

6
*Maloney v. Verizon Internet Servs., Inc.*,
    2009 WL 8129871 (C.D. Cal. 2009)..............................................................4

7

*Markel Ins. Co. v. Exec. Risk Indem.*,
8
    2013 WL 12114020 (C.D.Cal. 2013)............................................................14

9
*Maryland Cas. Co. v. Nationwide Mut. Ins. Co.*,
    81 Cal.App.4th, 1082 (2000)..........................................................................9

10

*Merritt v. Reserve. Ins. Co.*,
11
    34 Cal.App.3d 858 (1973)............................................................................10

12
*Miller v. Nat'l Am. Life Ins.  Co.*,
    54 Cal.App.3d 331 (1976)............................................................................18

13

*Mishiyev v. Alphabet, Inc.*,
14
    857 Fed.Appx. 907 (9th Cir. 2021)..............................................................15

15
*Neal v. Quality Loan Serv. Corp.*,
    301 Fed.Appx. 679 (9th Cir. 2008)..............................................................15

16

*Neubronner v. Milken*,
17
    6 F.3d 666 (9th Cir. 1993)............................................................................19

18
*Oasis West Realty, LLC v. Goldman*,
    51 Cal.4th 811 (2011)..................................................................................14

19

*Parrino v. FHP, Inc.*,
20
    146 F.3d 699 (9th Cir. 1998)..........................................................................4

21
*Reichert v. General Ins. Co.*,
    68 Cal.2d 822 (1968)....................................................................................15

22

*Republic Indem. Co. v. Schofield*,
23
    47 Cal.App.4th 220 (1996)............................................................................6

24
*Risely v. Interins. Exch. of the Auto. Club*,
    183 Cal.App.4th 196 (2010)......................................................................3, 12

25

*Safeco Ins. Co. v. Sup. Ct.*,
26
    140 Cal.App.4th 874 (2006)........................................................................14

27
*Safeco Ins. Co. v. Superior Court*,
    71 Cal.App.4th 782 (1999)..........................................................................16

28

iv

1

**TABLE OF AUTHORITIES**
(Continued)

2
                                                                                         **Page**

3   *Semegen v. Weidner,*
        780 F.2d 727 (9th Cir. 1985).............................................................................19

4
    *Seretti v. Superior Nat. Ins. Co.,*
5       71 Cal.App.4th 920 (1999)..................................................................................7

6   *Steinle v. City and Cty. Of San Francisco,*
        919 F.3d 1154 (9th Cir. 2019)..............................................................................4

7
    *Tibbs v., Great Am. Ins. Co.,*
8       755 F.2d 1370 (9th Cir. 1985)............................................................................15

9   *Truck Ins. Exch. v. Unigard Ins. Co.,*
        79 Cal.App.4th 966 (2000).............................................................................8, 14
10
    *Underwriters v. ProBuilders Specialty Ins. Co.,*
11      241 Cal.App.4th 721 (2015)..................................................................................8

12  *United States v. Ritchi,*
        342 F.3d 903 (9th Cir. 2003)................................................................................4

13
    *Vess v. Ciba-Geigy Corp. USA,*
14      317 F.3d 1097 (9th Cir. 2003)..........................................................................5, 19

15  *Walsh, v. West Valley Mission Cmty. Col. Dist.,*
        68 Cal.App.4th 1532 (1998)...............................................................................15

16
    *Wright v. Fireman's Fund Ins. Cos.,*
17      11 Cal.App.3d 326 (1992)..................................................................................16

18
    **STATUTES**

19
    Civil Code § 2860...............................................................................................12

20
    Civil Code § 2860(d) .........................................................................................18

21
    Civil Code § 2860(f)......................................................................................4, 18

22
    Federal Rules of Civil Procedure Rule 9(b) ......................................................19

23

24  **OTHER AUTHORITIES**

25  Va. Code Ann. § 8.01-26...................................................................................11

26

27

28

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FURTHER BRIEFING IN
RESPONSE TO TRAVELERS' "REQUEST FOR FURTHER ORDER"

# I.   <u>INTRODUCTION</u>

This Court has already carefully considered the briefing and arguments presented and correctly concluded that the bulk of Travelers' allegations do not suffice to state a viable claim for relief. Order, Dkt. #24. In an attempt to salvage its First Amended Complaint, Travelers now points to an allegation therein asserting that New York Marine "compounded its breach of the duty to defend by having its appointed counsel do next to nothing and 'piggy-back' on the work of the mutual insured's independent defense counsel, paid for by Travelers", contending that this allegation suffices to independently support its claim for "equitable contribution." FAC, Dkt. #15, at ¶ 18.

During the January 27, 2022 status conference, this court also referred to paragraph 31.c. of Travelers' First Amended Complaint which, in relevant part, alleges that "[a]lternatively, even if the court determines that [New York Marine] was not obligated to defend the insured with independent defense counsel of the insured's choosing, either because California law does not apply or for some other reason, [New York Marine] still breached its duty to defend the insured by failing to provide it an adequate defense. This failure includes not paying attorneys to do adequate work to defend the insured and not replacing its chosen Virginia attorneys at all when they withdrew from the defense." (Dkt. #15, 8:4-10).

However, for multiple reasons Travelers' allegations, regardless of how they are characterized, fail to state a claim for relief for "equitable contribution." First, as a threshold matter, Travelers lacks standing to assert a claim for breach of contract, whether styled as such or as one for "equitable contribution." As this Court has already ruled, Travelers and New York Marine do not share a joint obligation to defend the insured through independent counsel. Order, Dkt. #24, at p. 8. Further, defense counsel is an independent contractor and thus their negligence, if any, cannot give rise to liability on the part of New York Marine.

In sum, Travelers' allegation amounts to a claim that New York Marine

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FURTHER BRIEFING IN
RESPONSE TO TRAVELERS' "REQUEST FOR FURTHER ORDER"

1  breached both the terms of its policy and its duty of good faith and fair dealing towards

2  their mutual insured. However, as this court recognized during the January 27, 2022

3  status conference, well-established California law makes clear that Travelers, as a

4  stranger to the New York Marine policy, lacks standing to bring claims on the New

5  York Marine policy in its own right absent an assignment of rights from the insured—

6  even *if* enforcement of the contract would have some ancillary benefit to it. *Jones v.*

7  *Aetna Cas & Sur. Co.,* 26 Cal.App.4th 1717, 1724 (1994); January 27, 2022 Hearing

8  Transcript, Dkt. #37, at pp. 6:14-18 ("Again, I agree with you, that if in fact the

9  plaintiff is only arguing that because the defense that was provided by the defendant's

10 Virginia counsel was inadequate, I would agree, the plaintiff has no standing to make

11 that type of argument.") Travelers impliedly admits that it has no assignment of rights

12 from the insured,[1] and thus cannot pursue a breach of contract claim in its own right.

13      It is also the case that under well-established California law, in the absence of

14 an assignment, one insurer's claim against another insurer for an alleged breach of the

15 insurance policy arises only in subrogation. *Commercial Union Assur. Cos. v.*

16 *Safeway Stores, Inc.,* 26 Cal.3d 912, 918 (1980). However, Travelers' claim for

17 "[e]quitable contribution is entirely different. It is the right to recover not from the

18 party *primarily* liable for the loss, but from a *co-obligor* who *shares* such liability

19 _____

20 [1] In this respect, Travelers sues in its own name, not the insured's, does not allege an
   assignment, and in response to a direct question from this Court during the
21 December 13, 2021 motion hearing "why doesn't the insured sue" in her own name,
   Travelers' counsel impliedly conceded that the insured wasn't suing in her name by
22 asserting instead that "because Travelers stepped up" by reason which the insured has
23 not been damaged. *See generally,* FAC; December 13, 2021 Hearing Transcript, Dkt.
   #27, at pp. 7:21-8:3. At base, however, the face of the pleadings establish that
24 Travelers has sued in its own name, not in the name of or on behalf of its insured;
   there is no allegations that Travelers intends to share any recovery with the insured;
25 and indeed, Travelers' FAC does not allege that the insured is even *aware* of the
26 present litigation, much less that it ever consulted her in respect to this suit or
27 somehow acts on her behalf, in her interest, or in furtherance of any interest but its
28 own.

with the party seeking contribution." *Fireman's Fund Ins. Co. v. Maryland Casualty Co.* 65 Cal.App.4th 1279, 1293 (1998). (Emphasis in original.) Thus, Travelers attempt to couch its "inadequate defense" claim as one for "equitable contribution" simply does not suffice to establish a viable claim against New York Marine. Rather, the relevant allegation here — that New York Marine "ha[d] its appointed defense counsel do next to nothing," is plainly predicated on New York Marine's alleged breach of its duty to the insured to provide a defense under the policy. FAC ¶ 18. However, California law establishes that an insured who has been provided a full defense by one insurer *has no damages* on account of another insurer's breach of the duty to defend and thus has no basis to make such a claim. *Risely v. Interins. Exch. of the Auto. Club,* 183 Cal.App.4th 196, 210 (2010). Since Travelers admits that it provided a defense for the insured, it follows that the insured cannot have suffered any damages as a result of the alleged "inadequate defense" provided by New York Marine. *Id.* Thus, even *if* Travelers' FAC alleges a claim for "equitable subrogation", that claim still would not be viable. *Id.*

Further, and given Travelers' failure to plead specific *facts* supporting its allegations, it bears noting that Travelers' allegations *simply aren't true*. Rather, as reflected in the extensive correspondence between New York Marine, its rightfully appointed defense counsel the firm of Cameron McEvoy PLLC, *and Travelers* which the court should consider under the "Incorporation by Reference" doctrine recognized by the Ninth Circuit, the Cameron McEvoy firm was originally retained *by the insured* long before the tender to New York Marine or its acceptance of the defense under a reservation of rights. In consequence, upon tender, New York Marine retained Cameron McEvoy, PLLC as defense counsel. In doing so, it clearly expressed its intent that it act as "lead counsel" in the insured's defense and have an *active* role in the litigation, and fully anticipated that it would do so since they were initially retained by the insured. Declaration of Sean Roche ("Roche Decl."), ¶¶ 9-10, Ex. 1;

Declaration of Steven Battaglia ("Battaglia Decl."), ¶¶ 5-7, 14, Exs. 1-3.[2] The correspondence and declarations also reflect that New York Marine's appointed defense counsel was "cut out" of a participatory role in the insured's defense by the independent counsel retained by the insured and by Travelers. Moreover, the correspondence and declarations establish that Travelers' *knew* of appointed defense counsel's difficulties in this regard, *but failed to require*, as it was legally entitled to do under Civil Code § 2860(f),[3] that independent counsel cooperate with Cameron

---

[2] New York Marine submits that Travelers' allegation that New York Marine "*ha[d]* appointed defense counsel do next to nothing" necessarily implicates New York Marine's oral and written instructions to defense counsel. (Emphasis added). Accordingly, New York Marine hereby submits the identified declarations and accompanying correspondence between itself, its appointed defense counsel and Travelers, filed herewith as exhibits to the declarations of Mr. Sean Roche of the firm of Cameron McEvoy PLLC, and of Mr. Steven Battaglia of ProSight Specialty Management Company, Inc., pursuant to the "incorporation by reference" doctrine which provides that when a "plaintiff's claims are predicated on a document, the defendant may attach the document to his 12(b)(6) motion." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998); *Steinle v. City and Cty. Of San Francisco,* 919 F.3d 1154, 1167 fn. 17 (9th Cir. 2019) (stating that the rule "prevents plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"); *United States v. Ritchi,* 342 F.3d 903, 907-908 (9th Cir. 2003) (Court may consider evidence outside the pleadings, and documents not included but incorporated by reference into the complaint, or which are not attached to the complaint "if the authenticity of the document is not contested and the complaint necessarily relies on the document."); *Maloney v. Verizon Internet Servs., Inc.,* 2009 WL 8129871 *2-*3 (C.D. Cal. 2009).

Here, the allegations of Travelers' First Amended Complaint, and particularly paragraph 18 which alleges that New York Marine "compounded its breach of the duty to defend by having its appointed counsel do next to nothing and 'piggy-back' on the work of the mutual insured's independent counsel, paid for by Travelers," inherently refers to the communications between Cameron McEvoy, PLLC, New York Marine and Travelers which contradict those allegations.

[3] That provision states "[w]here the insured selects independent counsel pursuant to the provisions of this section, both counsel provided by the insurer and independent counsel selected by the insured shall be allowed to participate in all aspects of the

4

McEvoy, PLLC. Roche Decl. at ¶¶ 14-16, Exs. 2-3.

Moreover, Travelers' FAC includes a series of related allegations which, when read together, may be fairly read to sound in fraud. Specifically, in addition to the allegation at paragraph 18 of an "inadequate defense", it also alleges that New York Marine's conduct has been "deceptive", that while purporting to defend New York Marine "ha[d] its appointed defense counsel do next to nothing and 'piggy-back' on the work of the mutual insured's independent defense counsel, paid for by Travelers", and also that New York Marine "has indicated that after trial, it will likely attempt to deny coverage for any award against the mutual insured based on its reservation of rights." FAC, at ¶¶ 24, 26. Stated otherwise, Travelers is accusing New York Marine of having represented that it was defending but then "deceptively" not doing so. However, such conclusory and factually devoid allegations do not satisfy the heightened pleading standard required by Rule 9(b) of the Federal Rules of Civil Procedure for claims sounding in fraud, which must instead allege with factual "specificity" "'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1102 (9th Cir. 2003)).

Furthermore, as alleged in paragraph 20 of the First Amended Complaint, New York Marine advised Travelers that "it would pay 50% of the fees and costs incurred by independent defense counsel on and after November 20, 2020" (¶ 20). In fact, defense counsel withdrew on November 6, 2020, not November 20, 2020. Roche Decl. ¶ 19, Ex. 5. And contrary to the assertion in paragraph 31.c. that New York Marine has not replaced its chosen Virginia attorneys at all when they withdrew from the defense, New York Marine agreed to participate with Travelers through

---

litigation. Counsel shall cooperate fully in the exchange of information that is consistent with each counsel's ethical and legal obligation to the insured. Nothing in this section shall relieve the insured of his or her duty to cooperate with the insurer under the terms of the insurance contract."

the Charlson Bredehoft firm, and has paid Travelers $621,693.43 in reimbursement for sums paid to Charlson Bredehoft for those services following the withdrawal of Cameron McEvoy, PLLC on November 6, 2020. See January 20, 2022 Declaration of James P. Wagoner, Dkt. #30, at p. 9 ¶2; Battaglia Decl., ¶ 15; Wagoner Decl. ¶¶ 4-6, Exs. 1-2.

Accordingly, Travelers' claims should be dismissed notwithstanding the inadequate, conclusory and completely inaccurate allegations of paragraph 18 and 31.c. Alternatively, at the very least, if the Court believes that Travelers' allegations suffice to sustain *some* element of its claim, it should require that Travelers amend its complaint to allege the factual detail required by the Federal Rules of Civil Procedure.

## II.   LEGAL ARGUMENT

### A.   Travelers Lacks Standing To Assert A Claim For Breach Of Contract, Whether Styled As A Claim For "Breach Of Contract" Or One For "Equitable Contribution"

#### 1.   Travelers Cannot Assert A Direct Claim For "Breach Of Contract"

Under the law of California which, as shown by its January 6, 2022 ruling on the motion to dismiss, this Court considers applicable,[4] it is axiomatic that "'[s]omeone who is not a party to [a] contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party.'" *Republic Indem. Co. v. Schofield,* 47 Cal.App.4th 220, 227 (1996) (quoting *Hatchwell v. Blue Shield of California,* 198 Cal.App.3d 1027, 1034 (1988)). Moreover, it is equally the case that, "[i]n the insurance context, '[a] nonparty who is nevertheless entitled to policy benefits, such as an "insured" person under the terms of the policy ... has standing only if [he or] she is the *claimant* whose benefits

---

[4] *See generally,* Order, Dkt. # 24, at pp. 4-13; December 13, 2021 Hearing Transcript, Dkt. #27, at p. 15:21-24 ("[I]n the tentative  we're assuming the California law applies. I don't need to do a choice-of-law [analysis] necessarily. I'm assuming that California law applies.").

are wrongfully withheld.'" *Id.,* (quoting *Gantman v. United Pac. Ins. Co.,* 232 Cal.App.3d 1560, 1566 (1991)). California law precludes "enforcement of a contract by persons who are only incidentally or remotely benefitted by it." *Jones, supra,* 26 Cal.App.4th 1717, 1724 (quoting *Lucas v. Hamm,* 56 Cal.2d 583, 590 (1961)).

Here, Travelers admits that it is <u>not</u> an insured under the New York Marine policy, and does not contend that it is suing on an assignment of rights from the insured. *See generally,* FAC; December 13, 2021 Hearing Trans., Dkt. #27, at pp. 7:21-8:3. Nor does Travelers allege a joint defense agreement or other contract under which it would be entitled to assert a direct claim against New York Marine for the defense which is being provided to the insured. *See generally,* FAC. Accordingly, as a matter of well-established California law, Travelers has no standing to assert a claim for a breach of the contract between New York Marine and its insured. *See, e.g., Seretti v. Superior Nat. Ins. Co.,* 71 Cal.App.4th 920, 929-931 (1999) (collecting and discussing California cases illustrating rule that non-insureds without assignments of rights have no standing to assert claim that an insurer breached its obligation to provide policy benefits); *Austero v. Nat'l Cas. Co*., 62 Cal.App.3d 511, 514-517 (1976) (insurer's contractual duties are owed only to insureds and named third party beneficiaries as opposed to non-insured "incidental or remote" beneficiaries).

### 2.   Travelers Cannot Salvage Its Contract-Based Allegations By Couching Them As A Claim For "Equitable Contribution"

In an attempt to salvage its claims, and while tacitly acknowledging that it cannot directly assert a claim for "breach of contract", Travelers instead contends that the allegation that New York Marine failed to provide an adequate defense for its insured provides an alternative basis for it to recover on a theory of "equitable contribution". *See generally,* Travelers' Opp., Dkt. #20, at pp. 20:26-22:2. Nevertheless, that allegation does not suffice to state a viable claim against New York

Marine.[5]

### a. Travelers And New York Marine Do Not Share A Joint Obligation To Defend The Insured Through Independent Counsel

Under California law, contribution is an *equitable* remedy which is separate and independent from the insured's contractual right to benefits from the targeted insurer since the insurer seeking contribution is a stranger to the targeted insurer's policy and does not "stand in the shoes" of the insured with respect to the insured's entitlement to contractual benefits under the targeted policy. *See Am. States Ins. Co. v. Nat'l Fire Ins. Co. of Hartford*, 202 Cal.App.4th 692, 700 (2011) (citing both *Maryland Casualty, supra*, 81 Cal.App.4th 1082, 1089 and *Fireman's Fund Ins. Co. v. Maryland Casualty Co.*, 65 Cal.App.4th 1279, 1293, 1294–1295 (1998))) and explaining "[n]umerous cases have reinforced the principle that an action for equitable contribution is rooted in equity, not contract."); *Underwriters v. ProBuilders Specialty Ins. Co.*, 241 Cal.App.4th 721, 736 (2015) (same).

Critically, a claim for "equitable contribution" is premised on a *joint* or *shared* obligation by insurers which provide coverage on the same level for the same risk. *Truck Ins. Exch. v. Unigard Ins. Co.*, 79 Cal.App.4th 966, 974 (2000); *Maryland Cas.*

---

[5] As an initial matter, to the extent that Travelers contends that its allegation that New York Marine intentionally told its defense counsel to "do next to nothing and 'piggy-back' on the work of the mutual insured's independent defense counsel, paid for by Travelers" amounts to a valid independent justification for its claim of contribution, that allegation, on its face, is simply insufficiently pled. As the Supreme Court has stated, "[a] claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). However, the allegations of paragraph 18 of Travelers' FAC are wholly conclusory and without *any* averment to facts, or even to Travelers' "information and belief" underpinned by facts sufficient to establish the basis of its belief. Thus, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

*Co. v. Nationwide Mut. Ins. Co.,* 81 Cal.App.4th, 1082, 1089 (2000). Here, however, the allegation on which Travelers basis its remaining claim—that New York Marine provided an "inadequate defense"—is initially predicated upon Travelers' already mistaken insistence that New York Marine was obligated to defend through independent counsel. In that regard, Travelers' FAC alleges at paragraph 17 that New York Marine "appointed defense counsel of its choice and it repeatedly refused demands by the mutual insured and by Travelers to participate in the defense *with counsel of the mutual insured's choosing*". FAC, Dkt. #15, at ¶ 17. Only thereafter does it allege that New York Marine "compounded its breach of the duty to defend by" allegedly "having its appointed counsel do next to nothing…". *Id.,* at ¶ 18.

It is apparently undisputed by Travelers that *it* is obligated to defend  the insured through independent counsel, inasmuch as it admits that it has done so and continues to allege that New York Marine is also obligated to do so. *See generally,* FAC. However, as this Court has already determined, New York Marine *"has no Cumis counsel obligation* in connection with a Virginia attorney's representation of its insured in a Virginia lawsuit." Order, Dkt. #24, at pp. 8 (emphasis added).  From Travelers' allegations and the Court's conclusion, it necessarily follows—contrary to the allegations of paragraphs 17 and 18 of Travelers' FAC—that: (1) New York Marine did not "breach the duty to defend" by failing to appoint independent "*Cumis*" counsel; and (2) that as a consequence, New York Marine can have no shared obligation with Travelers to provide or fund a defense for the insured through "independent counsel". *See, Fed. Ins. Co. v. MBL, Inc.,* 219 Cal.App.4th 29, 48-49 (2013).

As a result, because Travelers and New York Marine are not jointly at "risk" to provide independent "*Cumis*" counsel, Travelers cannot state a claim for contribution against New York Marine grounded in the notion of a shared obligation to fund independent "*Cumis*" counsel with Travelers.

**b.  Since Defense Counsel Acts As An Independent Contractor, A Negligent Defense Does Not Give Rise To Liability On The Part Of New York Marine**

Here, it does not appear from the allegations of the FAC that Travelers is alleging that defense counsel merely *negligently* failed to fulfill their obligation to provide a thorough and competent defense to the insured. *See, e.g.,* FAC, at ¶ 18 (alleging that "New York Marine compounded *its* breach, *by having* appointed counsel …") (emphasis added). Nevertheless, to the extent that Travelers' allegation may be so read, in both California and Virginia, defense counsel—even when retained by the insurer—acts as an independent contractor. *Merritt v. Reserve. Ins. Co.*, 34 Cal.App.3d 858, 880 (1973); *see also, In re A.H. Robins Co.,* 880 F.2d 709, 751 (4th Cir. 1989) ("The acts of counsel retained by Aetna to defend its insured Robins cannot be imputed to Aetna under any rule of respondeat superior.") (abrogated on other grounds by *Amchem Products, Inc. v. Windsor,* 521 U.S. 591 (1997)); *King v. Dalton,* 895 F.Supp. 831, 842 (E.D.Va. 1995) (stating that "a law firm attorney working with a client is nonetheless an independent contractor and not an employee of the client corporation"). As a consequence, an insurer is not vicariously liable for the malpractice or negligent conduct of defense counsel.

Furthermore, since a claim for malpractice does not run to third-parties and is *unassignable* under both California and Virginia law, Travelers' claim likewise cannot be sustained on that basis. *Fireman's Fund Ins. Co. v. McDonald, Hecht & Solberg,* 30 Cal.App.4th 1373, 1378-1380 (1994) ("legal malpractice claims are generally not assignable"); at 1383-1384 (quoting *Fifield Manor v. Finston,* 54 Cal.2d 632, 643 (1960), for the principle that "absent express statutory authorization, nonassignable claims are not subject to subrogation", and no statute authorizes subrogation of legal malpractice claims); and at 1386-1387 (holding in turn that "regardless whether styled as a claim for subrogation, indemnity or contribution . . . . [the claim is] barred by the rule against assignment of legal malpractice claims."); *see also, Jackson v. Rogers,* 210 Cal.App.3d 336, 347 (1989); *Goodley v. Wank & Wank,*

10

*Inc.,* 62 Cal.App.3d 389, 393-395 (1976); Va. Code Ann. § 8.01-26 ("Only those causes of action for damage to real or personal property, whether such damage be direct or indirect, and causes of action ex contractu are assignable. The provisions of this section shall not prohibit any injured party or his estate from making a voluntary assignment of the proceeds or anticipated proceeds of any court award or settlement as security for new value given in consideration of such voluntary assignment."); *Cardinal Holding Co. v. Deal,* 522 S.E.2d 614, 618, 258 Va. 623, 629-630 (Va. 1999) (observing that "legal malpractice actions were not assignable at common law in Virginia" and upholding sanctions award against attorney who filed a malpractice claim on behalf of a purported assignee) (quoting Va. Code. Ann. § 8.01-26).

Thus, since Travelers is not a party to the New York Marine policy, it is a stranger to that contract such that, as a matter of law, it has no standing to assert a claim for New York Marine's purported breach of its duties to the insured, regardless how styled.

**c.   Because New York Marine Owes No Duty To Travelers, A Claim Cannot Be Stated By Travelers Against New York Marine For Equitable Contribution On Account Of Alleged Breaches Of Any Duties Owed By New York Marine To The Insured**

Under California law, the duty of good faith runs between the insurer and insured, but does *not* run between one insurer and another. *Safeway Stores, Inc., supra,* 26 Cal.3d 912, 918. Two related conclusions flow from this simple proposition. First, any claim by one insurer against another for the latter's alleged breach of the policy or the covenant of good faith with respect to an insured arises only *in subrogation. Safeway Stores, Inc., supra,* 26 Cal.3d 912, 918; *Gulf Ins. Co. v. TIG Ins. Co.,* 86 Cal.App.4th 422, 432 (2001). Second, in the absence of any injury or damage suffered by the insured, no claim for subrogation arises. *Gulf Ins. Co., supra,* 86 Cal.App.4th, 432.

Here, whatever deficiencies Travelers alleges with respect to the defense provided by New York Marine, Travelers' FAC concedes that the insured has

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FURTHER BRIEFING IN RESPONSE TO TRAVELERS' "REQUEST FOR FURTHER ORDER"

received a defense in the underlying litigation. *See,* FAC, at ¶ 10 ("Travelers has paid the fees of the mutual insured's independent defense counsel."). And, as relevant here, under California law an insured suffers no damages—even as a result of an insurer's *wrongful* failure to defend it—where a defense is provided by another insurer. *Risely, supra,* 183 Cal.App.4th 196, 210 (no damages result from insurer's breach of duty to defend where "insured received a full and complete defense, notwithstanding" the breach); *Emerald Bay Cmty. Ass'n v. Golden Eagle Ins. Corp.,* 130 Cal.App.4th 1078, 1094 (2005) (where defending insurer "paid a portion of plaintiff's legal expenses" before withdrawing from defense and a separate insurer "which concededly had an independent obligation to defend . . . paid the balance of those expenses . . . plaintiff cannot show it suffered any contract damages"); *Horace Mann Ins. Co. v. Barbara B.,* 61 Cal.Ap.4th 158, 164 (1998) ("the failure of one insurer to defend is of no consequence to an insured whose representation is provided by another insurer"); *Ceresino v. Fire Ins. Exch.,* 215 Cal.App.3d 814, 823 (1989).

Since in the present instance, as in *Risely, Emerald Bay*, *Horace Mann,* and *Ceresino,* Travelers necessarily must concede that the insured *has received a full and complete defense* in the underlying action which it has provided, it is thus the case that the insured *has suffered no damages*. As a result, no claim for subrogation can arise to support Travelers' claim against New York Marine for allegedly providing an "inadequate defense." For that same reason, since the insured would have no damages upon which a claim for subrogation could be predicated, even an assignment of the insured's rights would not suffice to provide Travelers with a valid claim.

Moreover, where the insured refuses to accept the services of rightfully appointed defense counsel, no claim will lie against the appointing insurer for failing to participate in the defense. In *Federal Ins. Co. v. MBL, Inc.,* 219 Cal.App.4th 29, 35, the insured "refused to allow the Insurers' appointed counsel to associate as defense counsel, asserting it was entitled to independent counsel of its own choosing pursuant to Civil Code § 2860." After MBL defended itself, one insurer—Great

12

American—reimbursed MBL for its defense costs, while the remaining insurers refused. *Id.* MBL and Great American brought suit against the non-defending insurers, asserting various claims including, as relevant, a claim for equitable contribution by Great American. *Id.* However, observing "that MBL was not entitled to independent counsel," and "thus none of the Insurers (including Great American) were ever obligated to reimburse MBL for the fees generated by that counsel", the Court concluded that "Great American can only seek reimbursement for those fees from MBL, not the other Insurers." *Id.,* at 49. Here, as noted above, the record of correspondence between New York Marine, its appointed defense counsel and Travelers, establishes that the Cameron McEvoy, PLCC firm, which was initially retained by the insured and, following the insured's tender, appointed by New York Marine as defense counsel, was in fact "cut out" of participation in the defense by independent counsel subsequently retained by the insured and funded by Travelers. See § B, *infra*; Roche Decl., ¶¶ 11-19, Exs. 2-5; Battaglia Decl., ¶¶ 5-14, Exs. 1-6. Accordingly, to the extent that such conduct amounts to a "refusal" of the defense through counsel rightfully appointed by New York Marine, it is also the case that neither the insured nor Travelers has a valid claim for "equitable contribution" against New York Marine.

### d.   Travelers Also Cannot State A Valid Claim for Equitable Relief Because It Admits That New York Marine Has Participated In The Insured's Defense

As set forth in New York Marine's opening brief,[6] California courts addressing claims for equitable contribution make clear that a valid claim for contribution cannot be predicated upon an argument that the targeted insurer's assigned defense counsel merely did "less than their fair share" of the work.  Rather, equitable contribution only applies where the insurer seeking contribution for defense costs "defended the action *without any participation* by the other [insurer]."  *Unigard, supra,* 79 Cal.App.4th

---

[6] See, Memorandum of Points & Authorities,  Dckt. #17-1, at pp. 22:27-23:9.

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FURTHER BRIEFING IN
RESPONSE TO TRAVELERS' "REQUEST FOR FURTHER ORDER"

966, 974 (emphasis added, citing *Maryland Casualty, supra,* 65 Cal.App.4th 1279, 1293)); *Axis Surplus Ins. Co. v. Glencoe Ins.*, 204 Cal.App.4th 1214, 1221 (2012) (same); *Safeco Ins. Co. v. Sup. Ct.*, 140 Cal.App.4th 874, 879 (2006) (same); *Low v. Golden Eagle Ins. Co.*, 101 Cal.App.4th 1354, 1361 (2002) (same); *Markel Ins. Co. v. Exec. Risk Indem.*, 2013 WL 12114020, at *3 (C.D.Cal. 2013) (same); *Am. Home Assur. Co. v. State Farm Mut. Auto. Ins. C*o., 2013 WL 1435197, at *3 (N.D.Cal. 2013) (same).

Since Travelers' claim here is predicated on an allegation which concedes that New York Marine *did* provide a defense to the insured—just one that Travelers thinks was inadequate—it does not state a viable claim for relief.

### e.   New York Marine's "Intent" Has No Bearing On The Viability Of Travelers' Claim For Equitable Contribution

At the January 27, 2022 Status Conference, this Court observed that although Travelers "would not have standing to argue ineffective assistance of counsel or something of that sort," nevertheless, as the Court "understand[s] what [Travelers] is trying to do is . . . to argue that there was an affirmative position taken by the defense or by [New York Marine] not to provide a defense, and instead, to just simply and improperly rely on [Travelers'] appointed *Cumis* counsel." January 27, 2022 Trans., at pp. 4:4-4:11.

The Court appears to correctly interpret Travelers' argument—however, except to the extent that Travelers is *actually* asserting a claim for *fraud* (as addressed in more detail below), it makes no difference to the validity of its claim. In this respect, and as an initial matter, "intent" simply isn't an element of a breach of contract— which on the face of the FAC and the parties' respective arguments in response to the Court's inquiries at the January 27, 2022 Status Conference, is what Travelers' claim is predicated upon. *Oasis West Realty, LLC v. Goldman,* 51 Cal.4th 811, 820-821 (2011) ("[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance,

14

(3) defendant's breach, and (4) the resulting damages to the plaintiff.") (citing *Reichert v. General Ins. Co.,* 68 Cal.2d 822, 830 (1968)); (cited in *Mishiyev v. Alphabet, Inc.,* 857 Fed.Appx. 907, 907 (9th Cir. 2021) (Mem Opp.)); *Walsh, v. West Valley Mission Cmty. Col. Dist.,* 68 Cal.App.4th 1532, 1545 (1998) (same) (cited in *Neal v. Quality Loan Serv. Corp.,* 301 Fed.Appx. 679, 680 (9th Cir. 2008) upholding the District Court's dismissal of breach of contract claims).

Moreover, the California Supreme Court has expressly stated that "'willful' breaches have not been distinguished from other breaches" under California law. *Freeman & Mills, Inc. v. Belcher Oil Co.,* 11 Cal.4th 85, 98 (quoting *Harris v. Atlantic Richfield Co.,* 14 Cal.App.4th 70, 77 (1993); *see also, Tibbs v., Great Am. Ins. Co.,* 755 F.2d 1370, 1375 (9th Cir. 1985) (observing that "[u]nder California law, punitive damages are not available for breaches of contract no matter how gross or willful."). Consequently, even if Travelers' allegation were correct, it does not alter the analysis of its claim, much less convert a non-viable claim into a viable one.

Fundamentally, Travelers' attempt to recast an allegation that New York Marine breached its duty to provide an "adequate" defense *for the insured* as its *own* claim for "equitable contribution" would swallow the simple and well-established rule that only the parties to, or the direct intended beneficiaries of, a contract may state a claim predicated upon the enforcement of the contract. Travelers' argument effectively invites this court to create a *new* cause of action—and in so doing, abrogate centuries of well-established contract law. The Court should decline to do so.

**B.** **Correspondence Establishes That Travelers *Cannot* Plead "Facts" Sufficient to Support Their Claim, Because The Allegations Of Paragraph 18 Of The FAC Upon Which Its Claim Is Predicated Are Simply Not True**

The record of correspondence between New York Marine, its appointed defense counsel, and indeed Travelers itself establishes that not only are Travelers' allegations untrue, but that Travelers was aware that Cameron McEvoy was being "cut out" of the defense by the machinations of independent counsel (whom Travelers

15

funded), but that Travelers nevertheless failed to require that independent counsel cooperate with Cameron McEvoy so as to permit that firm to participate actively in the insured's defense.

In this respect, the communications between New York Marine and Cameron McEvoy reflect that New York Marine went into the relationship with the justifiable expectation that Cameron McEvoy would be "*lead* counsel in the case". Roche Decl. ¶ 10, Ex. 1; Battaglia Decl. ¶¶ 5-7, Ex. 1-3. Thus, although New York Marine's correspondence acknowledged the need to "cooperate" with other counsel, it also stressed that "it needs to be clear that your firm is lead counsel." Roche Decl. ¶ 10, Ex. 1; Battaglia Decl. ¶ 5, Ex. 1. That was made clear to Travelers in two separate emails on October 7, 2019 and November 13, 2019 on which Pamela Johnson, the Claims Professional handling the file for Travelers, was included. Battaglia Decl. ¶¶ 4-6, Exs. 2-3. New York Marine's position with respect to Cameron McEvoy's role was justifiable, both in light of the fact that Cameron McEvoy, PLLC was initially retained by the insured, and also in light of the proposition that an insurer which provides a defense without conflict is entitled to "control" the defense provided.[7] However, the record reflects that notwithstanding New York Marine's intentions, *throughout* the representation, independent counsel consistently and repeatedly refused to cooperate with or permit the Cameron McEvoy firm's active participation in the defense in ways both petty and profound. *See,* Roche Decl. ¶¶ 11-19, Exs. 2-5; Battaglia Decl. ¶¶ 8-13, Exs. 4-6. By way of example, in a May 11, 2020 email, defense counsel from Cameron McEvoy, PLLC observed that "[t]here is no division of labor.  I'm effectively local counsel to Kaplan/Rottenborn and kept in the dark until

---

[7] *James 3 Corp. v. Truck Ins. Exch.,* 91 Cal.App.4th 1093, 1105-1106 (2001); *Safeco Ins. Co. v. Superior Court,* 71 Cal.App.4th 782, 787 (1999) ("When the insurer provides a defense to its insured, the insured has no right to interfere with the insurer's control of the defense....".); *Wright v. Fireman's Fund Ins. Cos.,* 11 Cal.App.3d 326, 335 (1992).

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FURTHER BRIEFING IN
RESPONSE TO TRAVELERS' "REQUEST FOR FURTHER ORDER"

help is needed.  Requests for help often involve a local practice question or urgent filing deadlines. . . . [I]f there's supposed to be a division of labor, there is not one and it's impossible for me to get involved because I am not copied on emails, filings, status, strategy, etc". Battaglia Decl. ¶¶ 9-10, Ex. 4. Subsequently, defense counsel observed that because they had been removed from routine correspondence and filings, they were not even informed that the Court had continued the trial date until they located the Order so providing on the court docket themselves. Roche Decl. ¶¶ 14.

In fact, the record reflects that Cameron McEvoy actively sought assistance to obtain independent counsel's cooperation, most notably *from Travelers itself. See,* Roche Decl. ¶¶ 14-15, Ex. 3; Battaglia Decl. ¶¶ 10, Ex. 4.  In this respect, Ms. Johnson of Travelers herself expressed concerns regarding the lack of cooperation and personally purportedly made efforts to obtain independent counsel's cooperation with Cameron McEvoy. Roche Decl., ¶¶ 14-15, Ex. 3.  On at least one occasion Ms. Johnson directly addressed the issue with independent counsel, but as her own March 21, 2020 email to Cameron McEvoy admits, that conversation "did not go well". Roche Dec., ¶ 15, Ex. 3.  In fact, as reflected in numerous subsequent emails from Cameron McEvoy to New York Marine, independent counsel *never* cooperated with Cameron McEvoy. Roche Decl. ¶¶ 11-19, Ex. 2-5; Battaglia Decl. ¶¶ 8-13, Exs. 4-6. As a result, Cameron McEvoy ultimately requested and was granted leave to withdraw as counsel on November 6, 2020, out of concern that independent counsel's consistent pattern of omitting them from correspondence, pleadings, and from strategic and tactical decisions both great and small not only rendered their participation futile, but exposed the firm itself to potential malpractice claims on account of decisions in which they had no say or involvement. Roche Decl. ¶¶ 19, Ex. 5; Battaglia Decl. ¶¶ 12-13, Ex. 6.

Notably, under California law, Travelers *could* have legally required *independent counsel* to cooperate with Cameron McEvoy had it truly desired to

17

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FURTHER BRIEFING IN
RESPONSE TO TRAVELERS' "REQUEST FOR FURTHER ORDER"

facilitate Cameron McEvoy's full participation in the insured's defense. *See, Assurance Co. of Am. v. Haven,* 32 Cal.App.4th 78, 88-89 (insurer may sue independent counsel to enforce compliance of its obligations of cooperation and disclosure under Civil Code § 2860(d) and (f)); *Fidelity Nat'l Financial, Inc. v. Nat'l Union Fire Ins. Co.,* Case no. 09-CV-140-GPC-KSC, 2014 WL 1393743 *7 (S.D.Cal. April 9, 2014) ("Indeed, the insurer can sue the *Cumis* counsel who negligently breaches his statutory duties.") (citing *Assurance, supra*). Plainly, however, it did not elect to do so.

Given the foregoing, Travelers' claims should be dismissed on the basis that the communications between the parties, admissible pursuant to the "incorporation by reference" doctrine, reveal them to be without basis.

### C.   Since Travelers' Allegations Essentially Amount To A Claim Of Fraud, They Are Not Stated With Sufficient Factual "Specificity" And Therefore Must Be Dismissed

As observed above, in addition to the allegations concerning the allegedly "inadequate defense" stated at paragraph 18 of Travelers' FAC, Travelers *also* alleges that New York Marine "has indicated that after trial, it will likely attempt to deny coverage for any award against the mutual insured based on its reservation of rights", and thereafter alleges that New York Marine's conduct was "deceptive". FAC, at ¶¶ 24, 26. In addition, Travelers alleges that New York Marine, while purporting to defend, actually had its defense counsel "do next to nothing and 'piggy-back' on the work of the mutual insured's independent defense counsel paid for by Travelers. FAC ¶ 18.

Thus, read as a whole, the gravamen of Travelers' claims as alleged in paragraphs 18, 24 and 26 of the FAC may fairly be read to attempt to support the "contribution" claim by making allegations of fraud, inasmuch as the allegations suggest that New York Marine has made statements and/or purported to undertake a duty to its insured which, in actuality, it had and has no intention of fulfilling. *See, Miller v. Nat'l Am. Life Ins.  Co.,* 54 Cal.App.3d 331, 338 (1976) ("It is well settled

18

that a 'promise made with no intention of performing is actionable fraud where the other party relies upon it as an inducement to enter into an agreement.'") (quoting *Brockway v. Heilman,* 250 Cal.App.2d 807, 811 (1967).

As this Court doubtless well knows, Rule 9(b) of the Federal Rules of Civil Procedure "requires that, when fraud is alleged, a party must state with particularity the circumstances constituting fraud...". *Kearns, supra,* 567 F.3d 1120, 1124. Thus, "Rule 9(b) demands that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" *Id.* (quoting *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001); *Neubronner v. Milken,* 6 F.3d 666, 671 (9th Cir. 1993) (same).  To satisfy this standard, courts including the Ninth Circuit have stated that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns, supra,* 567 F.3d at 1124 (quoting *Vess, supra,* 317 F.3d 1097, 1102 (9th Cir. 2003)); *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) (same).

There are several reasons for this rule, including the usual concerns regarding notice and avoiding the use of such allegations as a "pretext for the discovery of unknown wrongs"; but most notable is the interest in "'prohibit[ing] [] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Kearns, supra,* 567 F.3d at 1125 (quoting *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 (9th Cir. 1996); *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985) (same).

Accordingly, *if* this Court believes that Travelers' allegations may suffice to state a legally viable claim, it should at least require that Travelers plead those allegations with the necessary "specificity"  required by Rule 9(b): "the who, what, when, where, and how' of the misconduct charged", lest Travelers be permitted to "impos[e] upon th[is] court, the parties and society" the "enormous social and economic costs" of adjudicating its claims without even a scintilla of "factual basis"

19

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FURTHER BRIEFING IN RESPONSE TO TRAVELERS' "REQUEST FOR FURTHER ORDER"

1   in the service of its own ends. *Kearns, supra,* 567 F.3d at 1124, 1125.

2   **III.   CONCLUSION**

3         For the reasons given in New York Marine's moving papers, its reply, this

4   Court's own well-reasoned Order of January 6, 2022, and the additional matters set

5   forth herein, the Court should order Travelers' claims dismissed without leave to

6   amend.[8] Alternatively, if the Court believes there may be some basis upon which

7   Travelers' allegations may suffice to support its claim for equitable contribution, it

8   should require Travelers to amend its complaint in order to more clearly allege the

9   factual basis of its claims consistent with the requirements of the Federal Rules of

10  Civil Procedure which require, at minimum, sufficient *factual* allegations establishing

11  the plausibility of the claim under Rule 8 and, if construed as a claim for fraud,

12  "specific" factual averments including the "who, what, when, where and how" of the

13  alleged misconduct under Rule 9(b).

14  Dated:  February 7, 2022          McCORMICK, BARSTOW, SHEPPARD,

15                                  WAYTE & CARRUTH LLP

16

17              By:          */s/ James P. Wagoner*

18                            James P. Wagoner

                             Lejf E. Knutson

19                           Nicholas H. Rasmussen

                         Graham A. Van Leuven

20           Attorneys for Defendant New York Marine and

21                 General Insurance Company

22  8177519.1

23

24

25

   ———————————————

26  [8] In this regard, both at the hearing at the Motion to Dismiss on December 13, 2021, and during the Status Conferences on January 20, 2022 and January 27, 2022,

27  Travelers made clear that it did not want leave to amend. Dec. 13, 2021 Hearing Trans., Dkt. #27, at pp. 3:24-4:8; January 27, 2022 Trans., at pp. 4:4-4:11.

28

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FURTHER BRIEFING IN
RESPONSE TO TRAVELERS' "REQUEST FOR FURTHER ORDER"

# PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

On February 7, 2022, I served true copies of the following document(s) described as **DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S FURTHER BRIEFING IN RESPONSE TO TRAVELERS' "REQUEST FOR FURTHER ORDER"** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 7, 2022, at Fresno, California.

*/s/ Heather Ward*
Heather Ward