McCormick, Barstow, Sheppard, Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant New York Marine and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>New York Marine and General Insurance Company, a New York Corporation,<br><br>Defendant. | Case No. 2:21-cv-5832-GW (PDx)<br><br>**DECLARATION OF JAMES P. WAGONER**<br><br>Filed Concurrently with New York Marine's Further Brief in Support of its Motion to Dismiss<br><br>Status Conference:  February 17, 2022<br><br>Hon. George H. Wu |

I, James P. Wagoner, do hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and am admitted to practice in the United States District Court for the Central District of California. I am a member of the firm of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, and in that capacity, represent Defendant New York Marine and General Insurance Company ("New York Marine") in this action.

2. The facts herein are known to me and within my personal knowledge and if called upon to testify thereto, I could and would testify hereto.

3. This declaration is submitted in support of New York Marine's Supplemental Briefing as requested by the Court during the parties' January 27, 2020 Status Conference.

4. Following the withdrawal of the Cameron McEvoy firm from the defense of the insured on November 6, 2021, New York Marine and Travelers entered into a series of discussions concerning the ongoing handling of the insureds' defense. The result of those discussions was an agreement pursuant to which New York Marine would reimburse Travelers 50% of the defense fees and costs it incurred from Cameron McEvoy's November 6, 2020 withdrawal.[1] Consistent with that agreement, New York Marine obtained the invoices of independent counsel covering the period November 1, 2020 to February 28, 2021, and as memorialized in the correspondence to Travelers' counsel, Mr. Peterson, made payment to Travelers on January 18, 2022 in the amount of $621,693.43, reflecting 50% of fees and costs incurred by Charlson Bredehoft for in connection with the defense of the insured from November 6, 2021 through February 28, 2021. A true and correct copy of my enclosing correspondence addressing the basis of New York Marine's payment is attached

---

[1] Nevertheless, as this litigation makes clear, Travelers continues to insist that New York Marine reimburse it for defense fees incurred while New York Marine was defending through appropriately appointed defense counsel.

hereto as Exhibit 1.

5. Thereafter, on January 20, 2022, following the status conference on that same date, Mr. Peterson emailed the undersigned counsel, states as relevant, as follows:

> Your cover letter sending the check, copy attached, states that "This amounts reflects reimbursement by New York Marine of 50% of the fees and costs paid by Travelers to the Charlson Bredehoft firm for its services and costs incurred between November 6, 2020 and February 28, 2021."
>
> I understand that New York Marine contends that it owes no contribution for fees and costs prior to November 6, 2020. The parties have briefed that issue, so positions are clear.
>
> Please explain how it is that February 28, 2021, was used by New York Marine as the closing part of the four month time period reflected by this check. That is eleven months ago. Does New York Marine plan on paying 50% of the fees incurred in the eleven months after that and into the future? Does it contend that it doesn't owe those? If so, why? Is it agreeing to pay the fees incurred through this one law firm, but not other law firms? If so, why? Thank you for clarifying this.

A true and correct copy of Mr. Peterson's January 20, 2022 email is attached hereto as Exhibit 2.

6. In response, by letter of January 24, 2022, we confirmed for Mr. Peterson that New York Marine's calculation was based on the amounts incurred by independent counsel from Cameron McEvoy's November 6, 2020 withdrawal and the "exhaustion" of a purported "capped" fee agreement under which independent counsel had been retained by Travelers at the end of February 2021, as confirmed by Travelers. The letter further observed that New York Marine "has agreed and

3
DECLARATION OF JAMES P. WAGONER

continues to agree that it would participate with Travelers in the defense of the [Underlying Litigation]" by payment of "a 50% share of Travelers' panel rates" pursuant to which independent counsel had been retained following the abrogation of its purported "capped" fee arrangement with Travelers in February 2021. A true and correct copy of the January 24, 2022 letter is attached hereto as Exhibit 3.

7. The January 24, 2022 letter further confirmed that New York Marine was in the process of reviewing additional invoices reflecting work performed by counsel from the period March through May 2021, but noted that despite letters to counsel dated April 28, 2021; June 9, 2021; June 14, 2021; July 21, 2021; and October 22, 2021, "neither New York Marine nor our office has been provided with copies of invoices reflecting all the work performed since March 2021", from any source, nor had it received "any status updates or other information concerning the present status of the defense and proceedings therein."

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 7, 2022.

By:    /s/ James P. Wagoner
       James P. Wagoner

8197005.1

# Exhibit 1



**McCORMICK BARSTOW LLP**
ATTORNEYS AT LAW

James P. Wagoner
jim.wagoner@mccormickbarstow.com

*Certified Appellate Law Specialist certified by the Board of Legal Specialization of the California State Bar.

**FRESNO, CA OFFICE**
7647 North Fresno Street
Fresno, California 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

Other offices of
McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

www.mccormickbarstow.com

**BAKERSFIELD, CA OFFICE**
5060 California Ave., Suite 1090
Bakersfield, California 93309
Telephone (661) 616-1594
Fax (661) 616-1595

**CINCINNATI, OH OFFICE**
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

**LAS VEGAS, NV OFFICE**
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

**MODESTO, CA OFFICE**
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

**RENO, NV OFFICE**
241 Ridge Street, Suite 300
Reno, Nevada 89501
Telephone (775) 333-0400
Fax (775) 333-0412

**SAN LUIS OBISPO, CA OFFICE**
656 Santa Rosa Street, Suite 2A
San Luis Obispo, California 93401
P.O. Box 31
San Luis Obispo, California 93406
Telephone (805) 541-2800
Fax (805) 541-2802

Exhibit 1

January 18, 2022

**VIA ELECTRONIC MAIL AND FEDERAL EXPRESS # 7757 8890 9051**

Mr. Mark D. Peterson
Cates Peterson LLP
4100 Newport Place, Ste. 230
Newport Beach, CA 92660

Re: _Depp v. Heard_, Case no. 2019-02911, Circuit Court of Fairfax County, Virginia

Dear Mark:

Consistent with our prior correspondence of October 22, 2021, enclosed please find New York Marine's check no. 0133191434 made payable to Travelers in the amount of $621,693.43. This amounts reflects reimbursement by New York Marine of 50% of the fees and costs paid by Travelers to the Charlson Bredehoft firm for its services and costs incurred between November 6, 2020 and February 28, 2021 in the defense of Ms. Heard in the above-referenced litigation.

New York Marine continues to reserve all rights with respect to cost sharing with Travelers. If you wish to discuss anything herein, please don't hesitate to give us a call.

Very truly yours,

James P. Wagoner
McCormick Barstow LLP

Enclosure

8149493.1



**ProSight**
Specialty Insurance

NEW YORK MARINE AND GENERAL INSURANCE CO.
412 Mt. Kemble Avenue Suite 300C
Morristown, NJ 07960

1415 598

Mccormick Barstow Llp
Attn.: James P. Wagoner
7647 North Fresno Street
Fresno CA 93720

# PAYMENT SUMMARY

| VENDOR NUMBER: | | CHECK DATE: | 01/12/2022 |
| CHECK NUMBER: 0133191434 | | AMOUNT: | 621,693.43 |

| INVOICE NUMBER | INVOICE DATE | DESCRIPTION | NET AMOUNT |
|---|---|---|---|
| 00000000000002057840 | 01/12/2022 | Claim # LAX00177770  Reimbursement for Charlson Brederhoft invoices for 11.6.2020 - 2.28.2021 | Depp v. Heard | Tel. for Overnight Mail (559) 433.1300 | 621,693.43 |

(Detach Here)



**ProSight**
Specialty Insurance

53-7513/113

NEW YORK MARINE AND GENERAL INSURANCE CO.
412 Mt. Kemble Avenue Suite 300C
Morristown, NJ 07960

Citizens Bank

| CHECK DATE | CHECK NUMBER |
| 01/12/2022 | 0133191434 |

SIX HUNDRED TWENTY ONE THOUSAND SIX HUNDRED NINETY THREE DOLLARS 43 CENTS

VALID FOR 180 DAYS

$****621,693.43

TO THE ORDER OF:   Travelers Commercial Insurance Company

⑆0133191434⑆ ⑈011375135⑈ 119930005 2⑈

Exhibit 1

# Exhibit 2

# Heather Ward

| | |
|---|---|
| **From:** | Mark D. Peterson <MarkPeterson@catespeterson.com> |
| **Sent:** | Thursday, January 20, 2022 10:58 AM |
| **To:** | Jim Wagoner; Nicholas Rasmussen |
| **Subject:** | Travelers v. New York Marine (ProSight) (Depp v. Heard) -- Questions Regarding Payment |
| **Attachments:** | Letter to Peterson from Wagoner w_ProSight check (1_18_22).PDF |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Jim and Nick:

At the hearing this morning, Jim informed the court that New York Marine has sent a check to Travelers ($621,693.43). New York Marine's filing today made the same point.

Your cover letter sending the check, copy attached, states that "This amounts reflects reimbursement by New York Marine of 50% of the fees and costs paid by Travelers to the Charlson Bredehoft firm for its services and costs incurred between November 6, 2020 and February 28, 2021."

I understand that New York Marine contends that it owes no contribution for fees and costs prior to November 6, 2020. The parties have briefed that issue, so positions are clear.

Please explain how it is that February 28, 2021, was used by New York Marine as the closing part of the four month time period reflected by this check. That is eleven months ago. Does New York Marine plan on paying 50% of the fees incurred in the eleven months after that and into the future? Does it contend that it doesn't owe those? If so, why? Is it agreeing to pay the fees incurred through this one law firm, but not other law firms? If so, why? Thank you for clarifying this.

Mark

Mark D. Peterson
Cates Peterson LLP
4100 Newport Place
Suite 230
Newport Beach, CA 92660
Telephone Direct: (949) 252-2622
Telephone General: (949) 724-1180
Fax: (949) 724-1190
www.CatesPeterson.com



Exhibit 2

# Exhibit 3

# Heather Ward

| | |
|---|---|
| **From:** | Jim Wagoner |
| **Sent:** | Monday, January 24, 2022 3:13 PM |
| **To:** | Mark D. Peterson |
| **Cc:** | Nicholas Rasmussen |
| **Subject:** | Travelers v. New York Marine (ProSight) (Depp v. Heard) |
| **Attachments:** | Letter to Mark Peterson from Wagoner (1-24-2022).PDF |

Please see attached correspondence.

Very truly yours,

**James P. Wagoner**
**McCormick Barstow LLP**
7647 North Fresno Street | Fresno, CA 93720
Main (559) 433.1300 | Direct (559) 433.2119
www.mccormickbarstow.com

*Certified Specialist in Appellate Law
The State Bar of California

Exhibit 3



**McCORMICK BARSTOW LLP**
ATTORNEYS AT LAW

James P. Wagoner
jim.wagoner@mccormickbarstow.com

*Certified Appellate Law Specialist certified by the Board of Legal Specialization of the California State Bar.

**FRESNO, CA OFFICE**
7647 North Fresno Street
Fresno, California 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

**Other offices of**
**McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP**

www.mccormickbarstow.com

**BAKERSFIELD, CA OFFICE**
5060 California Ave., Suite 1090
Bakersfield, California 93309
Telephone (661) 616-1594
Fax (661) 616-1595

**CINCINNATI, OH OFFICE**
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

**LAS VEGAS, NV OFFICE**
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

**MODESTO, CA OFFICE**
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

**RENO, NV OFFICE**
241 Ridge Street, Suite 300
Reno, Nevada 89501
Telephone (775) 333-0400
Fax (775) 333-0412

**SAN LUIS OBISPO, CA OFFICE**
656 Santa Rosa Street, Suite 2A
San Luis Obispo, California 93401
P.O. Box 31
San Luis Obispo, California 93406
Telephone (805) 541-2800
Fax (805) 541-2802

Exhibit 3

January 24, 2022

**VIA ELECTRONIC MAIL ONLY**

Mr. Mark D. Peterson
Cates Peterson LLP
4100 Newport Place, Ste. 230
Newport Beach, CA 92660

Re: *Depp v. Heard*, Case no. 2019-02911, Circuit Court of Fairfax County, Virginia

Dear Mark:

This letter responds to your email of January 20, 2022, following the conference with the Court of that same date.

As an initial matter, and with respect to your inquiry "how it is that February 28, 2021, was used by New York Marine as the closing part of the four month time period reflected by this check", that date was chosen based on Ms. Johnson's express representation to Mr. Battaglia, via an April 1, 2021 email, that "after I pay the February bill" from Charleson Bredehoft, "the capped fee will be exhausted".[1] The exhaustion of the purported "cap" at the end of February 2021 is likewise confirmed in the "BUDGET MARCH 1, 2021 THROUGH MAY 30, 2022" prepared by Ms. Bredehoft and provided to New York Marine by Ms. Johnson via a March 12, 2021 email in which Ms. Bredehoft herself stated that the $2.5 million budget was "used up through the end of February". Finally, the exhaustion of the purported "cap" at the end of February 2021 was also confirmed by Travelers' own calculations and our own based on a review of the invoices received.

With respect to your inquiries regarding fees incurred in the defense of the above-referenced litigation since March 1, 2021, as explained in our April 23, 2021 call, as well as our letters of April 28, 2021 and June 9, 2021, New York Marine has agreed and continues to agree that it would participate with Travelers in the defense of the above-referenced litigation. Specially, and again as set forth therein, New York Marine will make payments reflecting a 50% share of Travelers' panel rates, which as agreed and referenced in the May 18, 2021 agreement with the Charleson Bredehoft firm, were to be $320 per hour for partners, $255 for associates, and $115 for paralegals, such that

---

[1] As you know, the purportedly "capped" agreement memorialized in Travelers' June 10, 2020 letter to Ms. Bredehoft provided for payment of the Charleson Bredehoft firm's usual rates (instead of the more favorable panel rates upon which Travelers could have insisted) with the condition that the $2.5 million cap would cover all necessary work by that firm "through post-trial motions". Accordingly, and as has been previously expressed, it remains inexplicable to New York Marine why the (entirely predictable) extension of the trial date necessitated a renegotiation of that agreement if it had ever been appropriate in the first place.



Mr. Mark D. Peterson
January 24, 2022
Page 2

New York Marine's share would be measured at a rate of $160 per hour for partners, $127.50 per hour for associates, and $57.50 per hour for paralegals, subject to New York Marine's reservation of its rights.

As noted in our letter of June 9, 2021, New York Marine also agreed that it was "amenable to the use of Travelers' litigation guidelines" and would "take under advisement determinations made by Travelers" with respect to the appropriateness of those invoices for payment—though New York Marine reserved and continues to reserve its right to review defense counsel's invoices and "to make an independent decision whether the time and services reflected therein [were] reasonable and necessary to Ms. Heard's defense".

Nevertheless, as reflected in our letters of April 28, 2021; June 9, 2021; June 14, 2021; July 21, 2021; and October 22, 2021, and notwithstanding its repeated agreement to participate with Travelers, neither New York Marine nor our office has been provided with copies of invoices reflecting all the work performed since March 2021, and only recently received copies of invoices reflecting work performed from March through May of 2021. New York Marine likewise has not received any status updates or other information concerning the present status of the defense and proceedings therein.

Concerning the invoices covering work performed from March through May 2021, New York Marine has now received copies of those invoices directly from defense counsel. However, New York Marine has not received any information regarding the application of Travelers' litigation guidelines, invoice review, or payment of those invoices. New York Marine is reviewing those invoices and at the same time is hereby requesting invoices from defense counsel from May 2021 to the present. If Travelers has made payments on any invoices reflecting work performed from March 2021 to the present and has any documents or correspondence addressing its payments, please provide them and New York Marine will make payments—as appropriate--following its review. Likewise, to the extent that Travelers has any status reports regarding the present posture of the defense, we would appreciate copies of those, as well.

In the meanwhile, we hope this serves to resolve your questions. Please note that New York Marine continues to reserve all rights with respect to cost sharing with Travelers and understands that Travelers' rights are similarly reserved. If you wish to discuss anything herein, please don't hesitate to give us a call.

Very truly yours,

James P. Wagoner
McCormick Barstow LLP

8161784.1

Exhibit 3

# PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**
Case No. 2:21-cv-5832-GW (PDx)

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On February 7, 2022, I served true copies of the following document(s) described as **DECLARATION OF JAMES P. WAGONER** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 7, 2022, at Fresno, California.

/s/ Heather Ward
Heather Ward