1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
     *jim.wagoner@mccormickbarstow.com*
3  Lejf E. Knutson, #234203
     *lejf.knutson@mccormickbarstow.com*
4  Nicholas H. Rasmussen, #285736
     *nrasmussen@mccormickbarstow.com*
5  Graham A Van Leuven, #295599
     *graham.vanleuven@mccormickbarstow.com*
6  7647 North Fresno Street
   Fresno, California 93720
7  Telephone:  (559) 433-1300
   Facsimile:   (559) 433-2300
8
   Attorneys for Defendant New York
9  Marine and General Insurance Company

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13 | Travelers Commercial Insurance | Case No. 2:21-cv-5832-GW (PDx)
   | Company, a Connecticut Corporation, |
14 |                                | **DECLARATION OF**
   |          Plaintiff,            | **SEAN PATRICK ROCHE**
15 |                                |
   |          v.                    | Filed Concurrently with NEW YORK
16 |                                | MARINE'S FURTHER BRIEF IN
   | New York Marine and General    | SUPPORT OF ITS MOTION TO
17 | Insurance Company, a New York   | DISMISS
   | Corporation,                   |
18 |                                | Hon. George H. Wu
   |          Defendant.            |
19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF SEAN ROCHE

I, Sean Patrick Roche, hereby declare as follows:

1.      I am a member of the law firm Cameron McEvoy PLLC based in Fairfax, Virginia, a suburb of the District of Columbia ("D.C."). I am a member in good standing of the State Bars of the Commonwealth of Virginia, Maryland, and D.C.  I am admitted to practice in all Virginia, Maryland, and D.C. state and federal courts, including the United States District Courts for the Eastern and Western Districts of Virginia, the District of Maryland, the District of Columbia, the United States Bankruptcy Courts for the Eastern and Western Districts of Virginia, the District of Maryland and the District of Columbia, The United States Court of Appeals for the Fourth Circuit, the District Circuit, and the Federal Circuit, as well as the Supreme Court of the United States. I have been specially admitted to appear *pro hac vice* in this Court (among others nationwide) on at least one occasion in unrelated litigation. The undersigned and the Cameron McEvoy firm were co-counsel to the defendant ("Insured") in the litigation underlying the claims asserted in Travelers' First Amended Complaint ("FAC") in this action (the "Underlying Action"). The following facts are based upon my personal knowledge, and if called as a witness I could and would testify competently to these facts under oath.

2.      This Declaration is submitted in order to assist the Court with regard to further briefing requested by the Court during a hearing on January 27, 2022 in connection with New York Marine's motion to dismiss. I have reviewed a copy of Travelers' FAC, as well as a transcript of the January 27, 2022 hearing. I have not reviewed, or been provided as of signing this Declaration, any briefing that may be submitted concurrently with this Declaration.

3.      On or about March 4, 2019, I reviewed a daily filing report for the Circuit Court of Fairfax County, Virginia, and noted the filing of the Underlying Action in that court. Because my firm is based in Fairfax County and the law firm identified as counsel for the Insured, Brown George Ross, LLP ("BGR"), is a California-based firm, on March 4, 2019, I reached out to that firm to express my own and Cameron

McEvoy's willingness to assist in the Underlying Action as local counsel.  My firm not only has significant experience with defamation matters, but at all relevant times I have been the Chair of the Civil Litigation Subcommittee for the Fairfax Bar Association Circuit Court Committee and I have served as editor to the last three editions of the Fairfax Bar Circuit Court Practice Manual.

4.    Pursuant to a retainer agreement signed by the Insured on March 14, 2019, the Insured retained our firm to serve as local counsel to BGR in connection with the underlying action.

5.    After months of serving as local counsel to BGR, I was informed in late August 2019 that the Insured retained Kaplan Hecker & Fink, LLP, a New York-based law firm, to work with BGR as co-counsel in the Underlying Action.  The Insured and/or the Kaplan firm also retained the law firm Woods Rogers, PLC out of Roanoke, Virginia (approximately three hours by car from Fairfax, Virginia), as additional counsel.  As my firm was the only retained firm with local offices, or experience with local practice or procedure, we were instructed to remain as local counsel though with indications that BGR and my firm were to be terminated by Kaplan eventually.

6.    In the subsequent weeks, BGR notified me that they had been terminated as counsel and they were unsure as to my firm's future role.  BGR withdrew from the Underlying Action soon after.  As the only local firm, we remained on as local counsel until further instructions.

7.    In terms of the transition between BGR and the Kaplan firm, all client files were transitioned directly from BGR to the Kaplan firm, and Kaplan quickly assumed control of the litigation, including issuing public statements to media and taking control of communications with opposing counsel.

8.    By October 1, 2019, my firm and I were planning to follow BGR in withdrawing from the Underlying Action as the Kaplan firm had assumed very clear and capable control.  Woods Rogers indicated the Kaplan firm desired our withdrawal

but Woods Rogers asked us to refrain from withdrawing as they were advocating for our continued involvement due in part to our familiarity with local practice and procedure.  Ironically, on October 1, 2019, prior to our filing a motion to withdraw, my firm and I were notified by New York Marine and General Insurance Company ("New York Marine") that New York Marine selected Cameron McEvoy from panel counsel to represent the Insured under a tendered defense in the Underlying Action. We informed New York Marine that we were already involved as local counsel for the Insured.  Around that same time, or perhaps shortly after, we were notified that Travelers was funding the services of the Kaplan firm and we were instructed by Travelers to work cooperatively with the Kaplan firm.  We agreed to remain on as counsel, at New York Marine's request, with such representation primarily carried on by myself and my partners, Tim McEvoy and Edward Cameron and with assurances that Traveler's retained counsel (Kaplan) would work amicably and cooperatively with my firm.

9.     In our capacity as counsel retained by New York Marine to represent the Insured in the Underlying Action, <u>at no time</u> did New York Marine ever instruct myself, my partners or anyone else at the Cameron McEvoy firm to provide anything other than a full and zealous representation of our client and its Insured consistent with our ethical duties. It certainly did not instruct us to "do nothing" or "piggy back" off of other counsel as alleged in paragraph 18 of the FAC.

10.     Indeed, as set forth in an October 1, 2019 email from Mr. Steven Battaglia, the Claims Specialist handling the Underlying Action on behalf of New York Marine in which he confirmed our firm's retention by New York Marine in connection with the Underlying Action, the expectation of New York Marine was that our firm would be "lead counsel." Specifically, Mr. Battaglia stated that New York Marine was "retaining []our firm to represent the interests of [New York Marine's] insured . . . in connection with" the Underlying Action, and that "[w]e would like you to be *lead counsel* in the case". (Emphasis added.) Mr. Battaglia's email continued by

acknowledging that "I'm sure there will be some issues given that there are 3 other firms actively involved. We of course will agree to cooperate to the best of our ability with the other firms, however that mainly should be for the purpose of communications and discovery. However, it needs to be clear that your firm *is lead counsel*. …". (Emphasis added.) A true and correct copy of Mr. Battaglia's October 1, 2019 email is attached hereto as Exhibit 1.

11.    Starting on October 1, 2019 through our ultimate withdrawal in November 2020, my office attempted to cooperate with the law firms retained by the Insured and Travelers: first, the Kaplan firm (with Woods Rogers), which replaced BGR in August 2019; and beginning in or about June 2020, the firm of Charleson Bredehoft (with Woods Rogers), which replaced the Kaplan firm upon its withdrawal.

12.    Nevertheless, between the time of our retention by New York Marine on October 1, 2019 through November 2020, it was clear that counsel retained by the Insured and Travelers sought to minimize or altogether avoid our participation in the litigation, involving us only rarely and in merely a support capacity. For example, our involvement was often limited to questions of local procedure, emergency filings, or sporadic discovery assistance. In this regard, there were multiple instances in which we were not included on case-related emails, depositions were planned and scheduled without any notice to my firm, we were not included on communications with the court or opposing counsel, and our co-counsel permanently removed our contact information from pleadings, court filings, and communications.  As such, we often discovered case details and court filings of our co-counsel after the fact by way of the public docket.  Given a professional friendship and mutual respect with opposing counsel, at times we were informed of events by opposing counsel when it was noticed we were omitted by our co-counsel.

13.    The attached Exhibit 2 consists of true and accurate copies of signature blocks and service lists for dispositive briefing, the Insured's Answer, and the Insured's Counterclaim, filed by Travelers' retained counsel omitting my firm.  These

filings were submitted without input or ability to participate from my firm, after assurance and follow-up by me that case deadlines were understood, covered, and not missed.

14.     By way of further example as to the extent of our exclusion by co-counsel, the Underlying Action was initially scheduled for trial beginning February 3, 2020. That trial date was subsequently continued to August 3, 2020 due to COVID. It was subsequently continued again into 2021 by the parties mutual stipulation. Evidencing the extent to which our office was excluded from participation in even the most critical decisions pertaining to the defense, we were not included in the discussions surrounding that second continuance, and indeed, we did not find out the trial date had been continued by our co-counsel *until we observed on the publicly available docket the Court's Order granting the stipulation filed by our co-counsel continuing the trial to January 11, 2021.* As a result of our exclusion from participation by Travelers' counsel retained by the Insured and funded by Travelers, we made numerous attempts to obtain the cooperation of counsel retained by Travelers so that our office could actively participate in, assist with, or lead the Insured's defense in the Underlying Action, all to no avail. By March 2020, Travelers was openly upset with its retained counsel and began to intervene to force its retained counsel to share the workload with my firm, so much that Travelers repeatedly indicated they were preparing to terminate their retained counsel (the Kaplan firm) at least in part for failure to involve my firm and that my firm should be prepared to take over as sole counsel at a moment's notice, per New York Marine's original (and continuing) request. Specifically, Travelers and the Claims Professional responsible for handling the Underlying Action on its behalf, Pamela Johnson, was in recurring contact with me to confirm their retained counsel was excluding my firm, as was repeatedly disclosed to Ms. Johnson and self-evident from the filings their counsel was submitting (see Exhibit 2). A true and correct copy of one such example

embodied within an email from Ms. Johnson, dated March 21, 2020, is attached hereto as Exhibit 3.

15.     As reflected in Exhibit 3, Travelers acknowledged that it was aware its retained counsel was excluding my firm from participation, refusing to share work, *and that it had contacted the Kaplan firm* in order to press the issue of our firm's participation in the Insured's defense. However, as reflected in her March 21, 2020 email, Ms. Johnson informed our office that she "spoke with the Kaplan firm last week about billing, sharing the work, etc. *It did not go well*, but the conversation is far from over. …" (emphasis added).

16.     Thereafter, little to no improvement in the cooperation from Travelers' counsel ensued. Our omission from court filings, strategy, discovery/case scheduling, and communications with opposing counsel continued even after the termination of the Kaplan firm and the retention of the Charleson Bredehoft firm as Travelers new retained counsel. More specifically, starting with the transition from BRG to the Kaplan firm, and continuing with the subsequent transition to the Bredehoft firm, it seemed to us that our firm was viewed as part of the "original" legal team which had been "replaced" and therefore we were excluded from any ability to control or even assist in the defense—notwithstanding that we had been initially retained by the Insured as local counsel and subsequently by New York Marine as "lead" counsel. As a consequence, starting from the Kaplan firm's initial involvement through the date of my firm's formal withdrawal, we continued to be excluded from routine correspondence, emails, status reports, and both small and large decisions concerning the defense. It was always my understanding that Travelers was actively working to wrestle control of the case from its retained counsel, without success. My firm could not have wrestled control away in any event as all Travelers retained counsel publicly assumed leadership through frequent media statements, represented case leadership to opposing counsel, and maintained exclusive control of client files and client access. Not to mention that a public tug-of-war between co-counsel would have been

professionally inappropriate, strategically damaging to the Insured, and very confusing to the court if inconsistent or duplicate filings were filed by separate counsel for the same party.  By way of further example, we were often excluded from strategy calls but on the few instances we were included we were omitted from call agendas, status reports, or draft filings that were circulated amongst Travelers' retained counsel and the Insured such that it was professionally embarrassing when questions would arise and we would have no ability to participate because we were in the dark as to what was being discussed.

17.    As I stated in a September 8, 2020 email to Mr. Battaglia:

We're still getting updates on this case through our own docket searches and online searches, not from co-counsel.  This means we're finding out about things after the fact.  I'm not sure why we aren't at least copied by counsel on the courtesy copies of these that go around and added to signature blocks/service lists since that's an easy way to keep us in the loop in real time.  Which is at least marginally better than finding out days after the fact.

Unless Travelers has been given lead on the case, I would think that you should be included in decisions anyway, particularly whether the trial gets continued.

In any event, see attached.  We should regroup soon.  There is a growing consensus in our firm that we should withdraw very soon since we're dangerously in the dark on what is going on.

A true and correct copy of my September 8, 2020 email (omitting the lengthy attachments) is attached hereto as Exhibit 4.

18.     Having now read the FAC, I have a better understanding of the dynamics at play as I had vague knowledge of coverage discussions between Travelers and New York Marine but I was not informed of the details of any dispute.

19.     Ultimately, after more than a year of exclusion from case details by Travelers retained counsel, it had become clear that our firm would continue to be excluded from even the most minor decisions impacting the litigation, with Travelers' retained counsel controlling all aspects.  Despite our extreme respect for the quality of co-counsel involved, and our desire to remain involved to assist the Insured, we could not remain involved in a matter as co-counsel given the penchant of Travelers' counsel to undertake major strategic decisions and filings without consultation or even notice to us.  Accordingly, on November 6, 2020, after notice to New York Marine, the Insured, and Travelers' counsel, we deemed it necessary to withdraw from the representation. A true and correct copy of the Notice of Withdrawal is attached hereto as Exhibit 5.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 7, 2022 in Fairfax, Virginia.

By:   _____

Sean Patrick Roche

DECLARATION OF SEAN ROCHE

# EXHIBIT 1

From: Steven Battaglia
Sent: Tuesday, October 1, 2019 2:19 PM
To: Edward Cameron
Cc: Thomas Jambor; Jill Pompeii; Janice Bierman
Subject: New Lawsuit: John C. Depp, II v. Amber Heard | Fairfax, VA | Our
File # LAX00177770 | Media Program

Hi Sunny.

As discussed, we are retaining your firm to represent the interests of our
insured, Amber Heard, in connection with this defamation suit arising from
December 2018 op-eds Ms. Heard published in the Washington Post. I understand
our insured's personal counsel initially brought your firm on board as local
counsel. Our insured's personal counsel, Richard Schwartz at Browne George
Ross LLP, is currently admitted pro hac vice and Joshua Treece at Woods
Rogers PLC in Roanoke, VA may have been retained as local counsel as well
(although quite some distance from Fairfax).  Roberta Kaplan at Kaplan Hecker
& Fink LLP out of NYC is also involved with pro hac vice pending.

We would like you to be lead counsel in the case, and we have informed
Richard Schwartz of our decision to retain your firm. Initially, I'm sure
there will be some issues given there are at least 3 other firms actively
involved. We of course will agree to cooperate to the best of our ability
with the other firms, however that mainly should be for the purpose of
communications with Ms. Heard and discovery. However, it needs to be clear
that your firm is lead counsel. That's something I will have to deal with in
the coming days/weeks.

Our insured is also insured by Travelers, however I am not aware of which
firm they have or will agree to retain. I informed Travelers of your
retention as well, and I'm hoping they also agree to retain you firm. I
should have more information on that in the coming days.

Preliminarily, I would like you to reach out to Mr. Schwartz to see how
quickly we can make this a smooth transition. If you get any pushback, please
let me know. In addition, I would like you to take a look at the possibility
of changing venue. It appears some motion practice has already taken place on
this issue. We need to know if there's still a chance to have this kicked
from the Circuit Court of Fairfax, VA. Please get us up to speed on this
matter procedurally as soon as possible.

Your assistance is greatly appreciated, and I look forward to working with
you.

Steven Battaglia
Claims Specialist
412 Mt. Kemble Avenue, Suite 300C
Morristown, NJ 07960
Direct: 973.532.6395
Cell: 908.578.6242
E-mail: sbattaglia@prosightspecialty.com

Exhibit 1

EXHIBIT 2

## CONCLUSION

WHEREFORE, Ms. Heard respectfully requests that this Court grant her Demurrer and

Plea in Bar.

Dated this 13th day of December, 2019          Respectfully submitted,
                                               Amber L. Heard

                                               By Counsel: *J. Benjamin Rottenborn*

                                               Roberta A. Kaplan (admitted *pro hac vice*)
                                               John C. Quinn (admitted *pro hac vice*)
                                               KAPLAN HECKER & FINK LLP
                                               350 Fifth Avenue, Suite 7110
                                               New York, New York 10118
                                               (212) 763-0883
                                               rkaplan@kaplanhecker.com
                                               jquinn@kaplanhecker.com

                                               J. Benjamin Rottenborn (VSB #84796)
                                               Joshua R. Treece (VSB #79149)
                                               WOODS ROGERS PLC
                                               10 S. Jefferson Street, Suite 1400
                                               P.O. Box 14125
                                               Roanoke, Virginia 24011
                                               (540) 983-7540
                                               brottenborn@woodsrogers.com
                                               jtreece@woodsrogers.com

                                               *Counsel to Defendant Amber Laura Heard*

Exhibit 2

## CERTIFICATE OF SERVICE

I certify that on this 13th day of December 2019, a copy of the foregoing shall be served

by first class mail, postage prepaid, and by email, upon:

Benjamin G. Chew, Esq.
Elliot J. Weingarten, Esq.
Andrew C. Crawford, Esq.
BROWN RUDNICK LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 536-1700
Facsimile: (202) 536-1701
bchew@brownrudnick.com
eweingarten@brownrudnick.com
acrawford@brownrudnick.com

Camille M. Vasquez, Esq.
BROWN RUDNICK LLP
2211 Michelson Drive
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
cvasquez@brownrudnick.com

Adam R. Waldman, Esq.
THE ENDEAVOR LAW FIRM, P.C.
5163 Tilden Street NW
Washington, DC 20016
awaldman@theendeavorgroup.com

Robert Gilmore, Esq.
Kevin Attridge, Esq.
STEIN MITCHELL BEATO & MISSNER LLP
901 Fifteenth Street, N.W.
Suite 700
Washington, D.C. 20005
Telephone: (202) 601-1589
Facsimile: (202) 296-8312
rgilmore@steinmitchell.com
kattridge@steinmitchell.com
*Counsel for Plaintiff John C. Depp, II*

J. Benjamin Rottenborn
Joshua Treece
WOODS ROGERS PLC
10 S. Jefferson Street
Suite 1400
Roanoke, VA 24011
Telephone: (540) 983-7540
Facsimile: (540) 983-7711
brottenborn@woodsrogers.com
jtreece@woodsrogers.com

Exhibit 2

g)      Enjoin Mr. Depp permanently from continuing his harassment and relentless pursuit of Ms. Heard; and

h)      Awarding Ms. Heard such other and further relief as the Court deems just and proper.

## JURY DEMAND

Ms. Heard hereby demands a trial by jury on all matters for which a jury trial is permitted or allowed under applicable law.

Dated this 10th day of August, 2020          Respectfully submitted,

Amber L. Heard

By: _____

Elaine Charlson Bredehoft (VSB #23766)
Carla D. Brown (VSB #44803)
Adam S. Nadelhaft (VSB #91717)
David E. Murphy (VSB #90938)
Charlson Bredehoft Cohen & Brown, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA  20190
(703) 318-6800
ebredehoft@cbcblaw.com
cbrown@cbcblaw.com
anadelhaft@cbcblaw.com
dmurphy@cbcblaw.com

J. Benjamin Rottenborn (VSB #84796)
Joshua R. Treece (VSB #79149)
Woods Rogers PLC
10 S. Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, Virginia  24011
(540) 983-7540
brottenborn@woodsrogers.com
jtreece@woodsrogers.com

*Counsel for Defendant/Counterclaim Plaintiff,
Amber Laura Heard*

Exhibit 2                               20

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 10th day of August 2020, a copy of the foregoing was served by

email, by agreement of the parties, addressed as follows:

Benjamin G. Chew, Esq.
Andrew C. Crawford, Esq.
Brown Rudnick LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 536-1700
Facsimile: (202) 536-1701
bchew@brownrudnick.com
acrawford@brownrudnick.com

Camille M. Vasquez, Esq.
Brown Rudnick LLP
2211 Michelson Drive
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
cvasquez@brownrudnick.com

Adam R. Waldman, Esq.
The Endeavor Law Firm, P.C.
1775 Pennsylvania Avenue, N.W., Suite 350
Washington, DC 20006
awaldman@theendeavorgroup.com

*Counsel for Plaintiff/Counterclaim Defendant,*
 *John C. Depp, II*

Elaine Charlson Bredehoft

Exhibit 2

August 10, 2020                    Respectfully submitted,

Elaine Charlson Bredehoft (VSB No. 23766)
Adam S. Nadelhaft (VSB No. 91717)
David E. Murphy (VSB No. 90938)
Charlson Bredehoft Cohen & Brown, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
Telephone: (703) 318-6800
ebredehoft@cbcblaw.com
anadelhaft@cbcblaw.com
dmurphy@cbcblaw.com

J. Benjamin Rottenborn (VSB No. 84796)
Joshua R. Treece (VSB No. 79149)
WOODS ROGERS PLC
10 S. Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, Virginia  24011
Telephone:  (540) 983-7540
brottenborn@woodsrogers.com
jtreece@woodsrogers.com

*Counsel to Defendant Amber Laura Heard*

Exhibit 2

## **CERTIFICATE OF SERVICE**

I certify that on this 10th day of August 2020, a copy of the foregoing was served by email, as agreed upon by counsel and Court Order, upon:

Benjamin G. Chew, Esq.
Elliot J. Weingarten, Esq.
Andrew C. Crawford, Esq.
BROWN RUDNICK LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 536-1700
Facsimile: (202) 536-1701
bchew@brownrudnick.com
eweingarten@brownrudnick.com
acrawford@brownrudnick.com

Camille M. Vasquez, Esq.
BROWN RUDNICK LLP
2211 Michelson Drive
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
cvasquez@brownrudnick.com

Adam R. Waldman, Esq.
THE ENDEAVOR LAW FIRM, P.C.
1775 Pennsylvania Avenue, N.W., Suite 350
Washington, DC 20006
awaldman@theendeavorgroup.com

*Counsel for Plaintiff John C. Depp, II*

_____
Elaine Charlson Bredehoft (VSB No. 23766)

Exhibit 2

EXHIBIT 3

## Sean Roche

**From:** Johnson,Pamela A <PAJOHNSO@travelers.com>
**Sent:** Saturday, March 21, 2020 9:54 AM
**To:** Sean Roche
**Cc:** Steven Battaglia
**Subject:** Depp v. Heard

Sean,

I spoke with the Kaplan firm last week about billing, sharing the work, etc.  It did not go well, but the conversation is far from over.  Are the courts in Virginia shut down or are they still receiving efilings?

Best,

**Pamela Johnson | Claim Professional  | Intellectual Property - Business Torts**
W: 651.310.5861   F: 866.608.9633
pajohnso@travelers.com

**TRAVELERS**

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

Exhibit 3

1

EXHIBIT 4

## Sean Roche

| | |
|---|---|
| **From:** | Sean Roche <SRoche@cameronmcevoy.com> |
| **Sent:** | Tuesday, September 8, 2020 2:30 PM |
| **To:** | Steven Battaglia |
| **Subject:** | FW: 2519.002 |
| **Attachments:** | Def's Oppo to Motion for Continuance - Filed 09.04.20 (4847-0612-9098.1).pdf; Pltf's SDT to Natasha Brooks - Filed 08.20.20 (4814-0082-0938.1).pdf; Plaintiff's Praecipe Motion to Continue - Filed 08.21.20 (4825-9141-3450.1).pdf; Plaintiff's Motion to Continue - Filed 08.21.20 (4815-5096-3914.1).pdf; Plaintiff's Memo ISO Motion to Continue - Filed 08.21.20 (4849-5719-7514.1).pdf; Plaintiff's Praecipe re Briefing Schedule - Filed 08.31.20 (4852-1069-0762.1).pdf; Pltf's Motion for Leave to File Brief - Filed 08.31.20 (4827-4424-3402.1).pdf; Pltf's Demurrer & PiB to Counterclaims - Filed 08.31.20 (4838-1765-7546.1).pdf; Plaintiff's Memo ISO Motion to File Brief - Filed 08.31.20 (4826-9312-5322.1).pdf |

*External Email*

FYI.

We're still getting updates on this case through our own docket searches and online searches, not from co-counsel.  This means we're finding out about things after the fact.  I'm not sure why we aren't at least copied by counsel on the courtesy copies of these that go around and added to signature blocks/service lists since that's an easy way to keep us in the loop in real time.  Which is at least marginally better than finding out days after the fact.

Unless Travelers has been given lead on the case, I would think that you should be included in decisions anyway, particularly whether the trial gets continued.

In any event, see attached.  We should regroup soon.  There is a growing consensus in our firm that we should withdraw very soon since we're dangerously in the dark on what is going on.

I hope all is well and I really hope all turned out okay with your girlfriend.

**Sean Patrick Roche, Esq.**
**Cameron/McEvoy, PLLC** *– A Litigation Boutique*
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
703.460.9343 (direct)
571.213.5412 (mobile)
703.273.8897 (fax)
sean.patrick.roche (skype)
sroche@cameronmcevoy.com

Find us on the web at:  http://www.cameronmcevoy.com

Bio:  http://www.cameronmcevoy.com/attorneys/sean-patrick-roche/

Paralegal:  Courtney Moore
703.460.9350

Exhibit 4                                    1

# EXHIBIT 5

**VIRGINIA:**

### IN THE CIRCUIT COURT OF FAIRFAX COUNTY

JOHN C. DEPP, II

    Plaintiff,

    v.                     Civil Action No.: CL-2019-0002911

AMBER LAURA HEARD

    Defendant.

### CONSENT ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

THIS MATTER comes before the Court on the Motion to Withdraw as Counsel submitted by Timothy J. McEvoy, Esquire, Sean Patrick Roche, Esquire, and the law firm of Cameron/McEvoy, PLLC, seeking to withdraw as counsel of record for Defendant Amber Laura Heard, and

IT APPEARING to the Court that it is appropriate and that good cause exists to allow the withdrawal of counsel at this time, as evidenced by the signatures of counsel below, and that Ms. Heard is aware of, and consents to, the Motion, as evidenced by her signature below, it is hereby

ORDERED that Timothy J. McEvoy, Esquire, Sean Patrick Roche, Esquire, and the law firm of Cameron/McEvoy, PLLC are hereby withdrawn as counsel in this matter for Defendant Amber Laura Heard. Defendant will continue to be represented by Elaine Charlson Bredehoft and the law firm of Charlson Bredehoft Cohen & Brown, PC, and J. Benjamin Rottenborn and the law firm of Woods Rogers, PLC.

ENTERED this 6ᵗ day of _November_, 2020.

The Honorable Bruce D. White

Exhibit 5

23

WE ASK FOR THIS:

███████████████

Timothy J. McEvoy, Esq. (VSB No. 33277)
Sean Patrick Roche, Esq. (VSB No. 71412)
CAMERON/McEVOY, PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898 (Telephone)
(703) 273-8897 (Facsimile)
tmcevoy@cameronmcevoy.com
sroche@cameronmcevoy.com
*Counsel for Defendant Amber Laura Heard*

SEEN AND AGREED:

_____
Amber Laura Heard

SEEN AND AGREED:

███████████████████████

Elaine Charlson Bredehoft, Esq. (VSB No. 23766)
Carla D. Brown, Esq. (VSB No. 44803)
Adam S. Nadelhaft, Esq. (VSB No. 91717)
David E. Murphy, Esq. (VSB No. 90938)
CHARLSON BREDEHOFT COHEN & BROWN, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
(703) 318-6800
ebredehoft@cbcblaw.com
cbrown@cbcblaw.com
anadelhaft@cbcblaw.com
dmurphy@cbcblaw.com
*Counsel for Defendant Amber Laura Heard*

2

Exhibit 5

WE ASK FOR THIS:

_____

Timothy J. McEvoy, Esq. (VSB No. 33277)
Sean Patrick Roche, Esq. (VSB No. 71412)
CAMERON/McEVOY, PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898 (Telephone)
(703) 273-8897 (Facsimile)
tmcevoy@cameronmcevoy.com
sroche@cameronmcevoy.com
*Counsel for Defendant Amber Laura Heard*

SEEN AND AGREED:

█████████
_____
Amber Laura Heard

SEEN AND AGREED:

_____

Elaine Charlson Bredehoft, Esq. (VSB No. 23766)
Carla D. Brown, Esq. (VSB No. 44803)
Adam S. Nadelhaft, Esq. (VSB No. 91717)
David E. Murphy, Esq. (VSB No. 90938)
CHARLSON BREDEHOFT COHEN & BROWN, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
(703) 318-6800
ebredehoft@cbcblaw.com
cbrown@cbcblaw.com
anadelhaft@cbcblaw.com
dmurphy@cbcblaw.com
*Counsel for Defendant Amber Laura Heard*

Exhibit 5

2

25

J. Benjamin Rottenborn, Esq. (VSB No. 84796)
Joshua R. Treece, Esq. (VSB No. 79149)
WOODS ROGERS, PLC
10 S. Jefferson Street, Suite 1400
P.O Box 14125
Roanoke, Virginia 24011
Telephone: (540) 983-7540
brottenborn@woodsrogers.com
jtreece@woodsrogers.com
*Counsel for Defendant Amber Laura Heard*

SEEN AND AGREED:

Benjamin G. Chew, Esq. (VSB No. 29113)
BROWN RUDNICK LLP
601 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005
Telephone: (202) 536-1700
Facsimile: (202) 536-1701
bchew@brownrudnick.com
eweingarten@brownrudnick.com
acrawford@brownrudnick.com
*Counsel for Plaintiff John C. Depp, II*

Camille M. Vasquez, Esq. (*pro hac vice*)
BROWN RUDNICK LLP
2211 Michelson Drive
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
cvasquez@brownrudnick.com
*Counsel for Plaintiff John C. Depp, II*

Adam R. Waldman, Esq. (*pro hac vice*)
THE ENDEAVOR LAW FIRM, P.C.
5163 Tilden Street, NW
Washington, DC 20016
Telephone: (202) 715-0966
Facsimile: (202) 715-0964
awaldman@theendeavorgroup.com
*Counsel for Plaintiff John C. Depp, II*

Exhibit 5

3

1

## <u>PROOF OF SERVICE</u>

2

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

3

**2:21-CV5832-GW (PDx)**

4

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

5

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

6

7

On February 7, 2022, I served true copies of the following document(s) described as **DECLARATION OF SEAN PATRICK ROCHE** on the interested parties in this action as follows:

8

9

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

10

11

12

13

14

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

15

16

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

17

18

19

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

Executed on February 7, 2022, at Fresno, California.

21

22

*/s/ Heather Ward*

23

Heather Ward

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

27

DECLARATION OF SEAN PATRICK ROCHE