MARK D. PETERSON (State Bar #126174)
KATHLEEN O. PETERSON (State Bar #124791)
AMY HOWSE (State Bar # 252922)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Defendants. | Case No.: 2:21-cv-5832-GW (PDx)<br>Hon. George H. Wu<br>Hon. M.J. Patricia Donahue<br><br>**PLAINTIFF TRAVELERS COMMERCIAL INSURANCE COMPANY'S RESPONSE TO DEFENDANT'S "FURTHER BRIEFING" (DKT. 39) IN SUPPORT OF ITS MOTION TO DISMISS TRAVELERS' FIRST AMENDED COMPLAINT (DKT. 17)**<br><br>**[FILED CONCURRENTLY WITH OBJECTIONS TO PROSIGHT'S DECLARATIONS (DKT. 39-1, 39-2, AND 39-3)]**<br><br>DATE:   February 17, 2022<br>TIME:   8:30 a.m.<br>Courtroom: 9D |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................... 1

II. THE COURT SHOULD NOT CONSIDER PROSIGHT'S THREE DECLARATIONS AND THEIR EXHIBITS ................................................. 2

III. THE COURT SHOULD DENY PROSIGHT'S MOTION TO DISMISS ................................................................................................ 2

    A. Travelers' Claims for Equitable Contribution and Declaratory Relief are Supported by the Allegations Regarding ProSight's Failure to Provide the Insured an Adequate Defense or, for the Last Year, Any Defense At All ..................................................................................................... 3

    B. The Court Should Reject ProSight's Attempts to Mischaracterize Travelers' Complaint ....................................... 7

    C. Travelers' Claim for Declaratory Relief Also Survives ........... 11

IV. CONCLUSION .................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Axis Surplus Ins. Co. v. Glencoe Ins. Ltd.*,
   204 Cal.App.4th 1214 (2012) .................................................................... 4, 7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................... 3

*De La Cruz v. Tormey*,
   582 F.2d 45 (9th Cir. 1978) ............................................................................ 4

*Doe v. United States*,
   419 F.3d 1058 (9th Cir. 2005) ........................................................................ 3

*Fireman's Fund Ins. Co. v. Maryland Cas. Co.*,
   65 Cal.App.4th 1279 (1998) ...................................................................... 3, 6

*James River Ins. Co. v. Liberty Surplus Ins. Corp.*,
   2018 U.S. Dist. LEXIS 244225 (C.D. Cal. 2018) ...................................... 5, 6

*Residence Mut. Ins. Co. v. Travelers Indem. Co. of Connecticut*,
   26 F.Supp.3d 965 (C.D. Cal. 2014) ........................................................... 4, 6

*Signal Cos., Inc. v. Harbor Ins. Co.*,
   27 Cal.3d 359 (1980) ..................................................................................... 4

*Truck Ins. Exchange v. Unigard Ins. Co.*,
   79 Cal. App. 4th 966 (2000) .......................................................................... 6

*Underwriters v. ProBuilders Specialty Ins. Co.*,
   241 Cal. App. 4th 721 (2015) ........................................................................ 7

*Williamsburg Nat. Ins. Co. v. New York Marine and General Ins. Co.*,
   2021 WL 4458952 (C.D. Cal. Sept. 29, 2021) ............................................ 11

**Statutes**

Cal. Civ. Code §2860 ............................................................................................ 8

Fed.R.Civ.P. Rule 12 ................................................................................... 2, 3, 4

Fed.R.Civ.P. Rule 8 .............................................................................................. 3

Plaintiff Travelers Commercial Insurance Company ("Travelers") responds to the "further briefing" (Dkt. 39) by Defendant New York Marine and General Insurance Company ("ProSight") in support of its motion to dismiss Travelers' First Amended Complaint (Dkt. 17).

# I.
# INTRODUCTION

On January 6, 2022, the Court granted ProSight's motion to dismiss Travelers' First Amended Complaint (Dkt. 24). The Court's order did not address the argument in section III(E) of Travelers' opposition to ProSight's motion titled "Travelers' Claim for Equitable Contribution is Further Supported by the Allegations Regarding ProSight's Failure to Provide an Adequate Defense to the Insured." That argument is presented at Dkt. 20, pp. 20, line 15, through 23, line 15.

Travelers asked the Court to issue a further order addressing this argument. (Dkt. 29.) The Court agreed and set a briefing schedule. (Dkt. 36.) Rather than file the authorized brief on the narrow legal issue raised in Travelers' section III(E) argument, ProSight filed twenty pages of mostly off-topic legal arguments, which it combines with three unpermitted and entirely inappropriate declarations, along with emails and letters. ProSight invites the Court to adjudicate the facts underlying the pleading, with ProSight's evidence, but without Travelers' evidence or any discovery to challenge the evidence Prosight improperly attempts to submit, and in the context of a motion to dismiss. Travelers objects to this. The Court should not consider ProSight's declarations,[1] and it should deny ProSight's motion to dismiss because Travelers' amended complaint states valid claims against ProSight.

---

[1] Travelers concurrently files its objection.

## II.
## THE COURT SHOULD NOT CONSIDER PROSIGHT'S
## THREE DECLARATIONS AND THEIR EXHIBITS

ProSight improperly submits three declarations which contain substantive testimony, as well as emails and letters. (Dkts. 39-1, 39-2, and 39-3.) This is not permissible in opposing a motion to dismiss under Fed.R.Civ.P. Rule 12(b)(6). Concurrently with this filing, Travelers has filed an objection to these improper declarations. It urges the Court to sustain its objection for the reasons stated there. On the assumption that the Court will sustain Travelers' objection, Travelers does not address the content of that material.

## III.
## THE COURT SHOULD DENY PROSIGHT'S
## MOTION TO DISMISS

ProSight's "Further Briefing" in support of its motion to dismiss is comprised largely of:

- ●arguments that ProSight will be able to disprove Travelers' factual allegations; and
- ●mischaracterizations of Travelers' complaint as being one for breach of contract and / or for fraud and / or for subrogation and / or for negligent defense, which it is not.

None of these arguments are appropriate or persuasive on a motion to dismiss.

Moreover, none of ProSight's distractions changes that Travelers' complaint adequately pleads its claims for equitable contribution and declaratory relief.

### A. Travelers' Claims for Equitable Contribution and Declaratory Relief are Supported by the Allegations Regarding ProSight's Failure to Provide the Insured an Adequate Defense or, for the Last Year, Any Defense At All

Travelers' claims for equitable contribution and declaratory relief survive ProSight's motion to dismiss based on the allegations that both Travelers and ProSight have a duty to defend their common insured (a duty ProSight concedes) and that Travelers has paid more than its fair share of the defense expenses.

The standard for dismissing a complaint on motion is stringent, as the Court knows. The complaint "does not need detailed factual allegations" to survive dismissal; its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)**Error! Bookmark not defined.**. Under Fed.R.Civ.P. 8(a)(2), a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." In addressing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the court must construe the complaint in the light most favorable to the plaintiff, taking all her allegations as true and drawing all reasonable inferences from the complaint in her favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). Therefore, the motion must be denied unless the complaint altogether fails to allege "enough facts to state a claim for relief that is plausible on its face" and "even if it appears that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 570.

An insurer has the right to equitable contribution against other insurers where: (1) they are coinsurers, meaning, insurers of the same coverage level (i.e., all primary); and (2) one insurer satisfies more than its share of the claim. *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal.App.4th 1279, 1293 (1998)*; Residence*

*Mut. Ins. Co. v. Travelers Indem. Co. of Connecticut*, 26 F.Supp.3d 965 (C.D. Cal. 2014) (the doctrine of equitable contribution grants an insurer that has paid a claim the right to recover from a co-insurer, where both insurers were obliged to indemnify or defend the claim, and where the co-insurer did not share, or did not sufficiently share, in covering the claim). The purpose of this rule of equity is to accomplish substantial justice by equalizing the common burden shared by co-insurers, and to prevent one insurer from profiting at the expense of others. *Signal Cos., Inc. v. Harbor Ins. Co.*, 27 Cal.3d 359, 269 (1980). Equitable contribution claims allow for wide-reaching consideration by the Court of **all equitable factors**. *See Axis Surplus Ins. Co. v. Glencoe Ins. Ltd.*, 204 Cal.App.4th 1214, 1231-32 (2012) ("The court may consider numerous factors in making its determination, including the nature of the underlying claim, the relationship of the insured to the various insurers, the particulars of each policy, and any other equitable considerations. [Citation omitted.].")

And, for this FRCP 12(b)(6) motion, the issue is not—as ProSight seems to believe—whether Travelers' success on the merit is likely (which it is), but whether Travelers is entitled to proceed beyond the pleading threshold in attempting to establish its claim. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). Without question, Travelers' First Amended Complaint pleads sufficient facts to support a claim of equitable contribution. As set forth in detail in the First Amended Complaint, Travelers asserts that both Travelers and ProSight owed a defense to their common insured for the same risk and, despite this common obligation, Travelers has paid more than its fair share. (*See* FAC Dkt. 15, p. 9, ¶36.) Nothing more need be alleged to state a claim for equitable contribution. But Travelers does allege more. Travelers alleges that ProSight had its appointed counsel do did next to nothing in the defense of the insured and, instead, "piggy-backed" on the work of

independent counsel paid by Travelers. (*Id*. p. 6, ¶ 18.)  In fact, ProSight's appointed counsel withdrew from representation on November 20, 2020, and, while ProSight advised that it would pay 50% of fees and costs incurred by independent counsel on or after November 20, 2020, the amended complaint alleges that it has not paid a dime to Travelers.  (*Id.* ¶¶19-20.)[2]  Thus, at least as of that date, the amended complaint alleges that ProSight was not a defending insurer.  ProSight's subsequent partial payment does not fully satisfy ProSight's obligation or undermine Travelers' claims to enforce it. *See e.g., James River Ins. Co. v. Liberty Surplus Ins. Corp*., 2018 U.S. Dist. LEXIS 244225, pp. *5-6, *17-22 (C.D. Cal. 2018) (denying motion to dismiss James River's equitable contribution claim against Liberty despite fact that Liberty ultimately paid fifty percent of defense expenses because plaintiff James River remained entitled to interest).

In its count for equitable contribution, by which Travelers seeks at least half of the attorney's fees, costs, and expenses of defending the insured, Travelers pled:

> 37.  Travelers has spent and continues to spend substantial sums toward the mutual insured's defense in the Underlying Action with independent defense counsel of the mutual insured's choosing, as well as other counsel, experts, and vendors necessary to defend the insured.  The case continues and the amount incurred by Travelers continues to grow.
>
> 38.  For its part, rather than pay half, ProSight has not reimbursed the insured or Travelers anything, and it has not adequately funded a defense of its own.  It has not actually defended by any objective measure.  ProSight instead appointed defense counsel of its choice and it repeatedly refused

---

[2] A very recent ***partial*** payment by ProSight changes this reality, but it does not satisfy ProSight's obligation to contribute 50% to the defense, at least since November 20, 2020, when its appointed counsel withdrew.  Moreover, the partial payment does not include any interest ProSight owed.

demands by the mutual insured and by Travelers to participate in the defense with counsel of the mutual insured's choosing.

In addition, as set for in its prayer for relief, Travelers also seeks interests on amounts owed by ProSight. These allegations, and the facts behind them, must be considered by this Court later in the litigation, past the pleading stage, to allow the Court to determine, in equity, how much ProSight owes Travelers. See *James River, supra.*

ProSight audaciously states that an insurer cannot sue another for equitable contribution if the target insurer has paid anything at all. This simply is wrong. Citing to *Truck Ins. Exchange v. Unigard Ins. Co.*, 79 Cal. App. 4th 966, 974 (2000), ProSight's motion states that "equitable contribution only applies where the insurer seeking contribution for defense costs 'defended the action ***without any participation*** by the other [insurers].'" (Motion, Dkt. 17-1 pp. 34 of 37; 1-9, (emphasis in ProSight's Motion); repeated in ProSight's Further Briefing, Dkt. 39, p. 19 of 27, at line 24.) ProSight's selective quote is misleading and results in a complete misstatement of the law. Rather, the case law relied upon by ProSight states as follows:

> In the insurance context, the right to contribution arises when several insurers are obligated to indemnify or defend the same loss or claim, and one insured has paid more than its share of the loss or defended the action without any participation by the others.

*Unigard Ins. Co.*, 79 Cal. App. 4th at 974. This does not support ProSight's theory that paying a dollar supports a full defense.

Rather, under the correct rule of law, the doctrine of equitable contribution grants rights against an insurer which has paid less than its fair share. See *Fireman's Fund, supra; Residence Mut., supra.* There is no one dollar buy-out

6

PLAINTIFF'S RESPONSE TO DEFENDANT'S FURTHER BRIEFING ISO OF ITS MOTION TO DISMISS

defense, as ProSight suggests.  And, without question, Travelers had pled sufficient facts to support its claim for equitable contribution.  ProSight's motion must be denied to prevent ProSight from profiting at Travelers' expense.

### B.   The Court Should Reject ProSight's Attempts to Mischaracterize Travelers' Complaint

In a desperate attempt to detract from the fact that Travelers has adequately pled claims for equitable contribution and declaratory relief, ProSight repeatedly mischaracterizes Travelers' complaint, then argues that Travelers has not adequately pled claims that it never tried to plead.

ProSight argues that Travelers can't sue ProSight for breach of contract because it lacks standing, etc.  (Dkt. 39, p. 12 of 27, line 12, *et seq.*)  Travelers is not pursuing a contract claim against ProSight, so this argument amounts to nothing.  ProSight itself makes Travelers' point: "[n]umerous cases have reinforced the principle that an action for equitable contribution is rooted in equity, not contract."  (Dkt. 39, p. 14 of 27, line 12, citing *Underwriters v. ProBuilders Specialty Ins. Co.,* 241 Cal. App. 4th 721, 736 (2015).)

ProSight also argues that it can't be held vicariously liable for any legal malpractice or negligent conduct of defense counsel.  (Dkt. 39, pp. 16-17 of 27.)  Again, Travelers does not argue otherwise.  This is another attempt by ProSight to mischaracterize Travelers' claims.  Travelers pleads that "ProSight compounded its breach of the duty to defend by having its appointed counsel do next to nothing and "piggy-back" on the work of the mutual insured's independent defense counsel, paid for by Travelers." (¶18.)  This is an allegation of acts by ProSight.  It is not a claim against lawyers.  As explained above, equitable contribution claims allow for wide-reaching consideration by the Court of **all equitable factors**.  *See Axis Surplus Ins. Co., supra,* 204 Cal. App. 4th 1214 at 1231-32.  These are allegations of

1 compelling equitable factors.  They are properly included and they are relevant to
2 ProSight's equitable obligations to Travelers.  It does not matter that Travelers
3 cannot bring a legal malpractice claim.  It isn't trying to do that.

4     ProSight also asks the Court to view Travelers' equitable contribution claim
5 as one for fraud.  (Dkt. 39, p. 24 of 27, line 12 et seq.)  It then argues that Travelers
6 has not adequately pled a claim for fraud.  Travelers did not plead, and did not
7 intend to plead, any claim for fraud.  Travelers is not obligated to meet the
8 heightened pleading standard for a fraud claim which it did not bring.  This
9 argument has no merit.

10     ProSight also battles Travelers' non-existent claim for equitable subrogation.
11 (Dkt. 39, p. 17, line 15, *et seq.*)  ProSight argues that since Travelers provided the
12 mutual insured a defense, there are no damages to the insured to support a
13 subrogation claim against ProSight.  (Dkt. 39, p. 18 of 27, lines 15-22.)  This is
14 another distraction.  Travelers did not plead, and did not intend to plead, a
15 subrogation claim.  An insurer which steps in for another insurer to protect their
16 joint insured may not have an equitable subrogation claim, because the joint insured
17 has no damages to support such a claim.  But the over-performing insurer, here
18 Travelers, has an equitable ***contribution*** claim against the under-performing insurer,
19 here ProSight.

20     ProSight also argues that it would respond to Travelers' non-existent
21 subrogation claim (if Travelers made one) by arguing that the insured did not
22 compel its independent attorneys to cooperate adequately with ProSight's appointed
23 attorneys.  In a supreme irony, ProSight cites California law, Civil Code §2860(c)
24 and California cases, as the foundation for the insured's duty to cooperate with

ProSight's appointed attorneys,[3] even as its motion is founded on its argument that the defense it provides is not controlled by California law.[4]  Again, Travelers is not bringing a subrogation claim, so this argument has no relevance.

ProSight also suggests that Travelers improperly bases its claim on ProSight's "intent," which ProSight notes is not an element of a contract claim. (Dkt. 39, p. 20 of 27, line 11, et seq.)  Travelers does no such thing.  And because Travelers is not suing for breach of contract, ProSight's argument has no bearing here.

ProSight also impermissibly argues that when ProSight's evidence is considered—evidence which it improperly proffers on this pleading motion—it can defeat Travelers' claims, as a matter of fact.  (Dkt. 39, p. 21 of 27, line 22, *et seq.*; declarations of James P. Wagoner, Steven Battaglia, Sean Patrick Roche.)   As indicated in section II above and in Travelers' concurrently filed objection, this is a pleading motion.  ProSight's evidence is not properly before the Court.  The very proffer by ProSight of three declarations and numerous written communications proves Travelers' point that it has stated a valid claim, and the matter should proceed forward for discovery and trial, so that the Court can consider **both** parties' evidence, not just ProSight's.

ProSight also argues that Travelers cannot sue ProSight for equitable

---

[3] See Dkt. 39, p. 18 of 27, line 23, *et seq.*; see also p. 22 of 27, n. 7; see also p. 23 of 27, line 27, *et seq.*

[4] See, e.g., Dkt. 17, p. 2 of 5, line 21, *et. seq.* ("Virginia law, unlike California law, does not recognize that an attorney appointed by a defending insurer is in a "tripartite" relationship with or otherwise has an attorney client relationship with the insurer. Thus, defense counsel appointed by New York Marine to defend the mutual insured did not have an attorney-client relationship with New York Marine from which a conflict of interest could even arise.").

contribution because they didn't both share the obligation to provide a defense ***through independent counsel.*** (Dkt. 39, p. 14 of 27, line 2.) This is another straw man argument. The Court has ruled that ProSight did not have an obligation to provide a defense through independent counsel, but it did not rule that ProSight did not have an obligation to provide a defense at all. Travelers alleges that it did, and that ProSight acknowledged this (a duty ProSight admits). (Dkt. 15, ¶11.) Travelers further alleges that ProSight did not meet its obligation to provide a defense, but rather: (a) ProSight defended inadequately prior to November 20, 2020, and (b) it didn't defend at all from November 20, 2020, when its appointed counsel withdrew and ProSight did not replace them (¶¶18, 19, 38 ("ProSight has not reimbursed the insured or Travelers anything, and it has not adequately funded a defense of its own. It has not actually defended by any objective measure.") Travelers' First Amended Complaint further states:

> 31. Travelers seeks the following declarations against ProSight regarding their mutual insured and the Underlying Action:
>
> . . .
>
> [c] Alternatively, even if the Court determines that ProSight was not obligated to defend the insured with independent defense counsel of the insured's choosing, either because California law does not apply or for some other reason, ProSight still breached its duty to defend the insured by failing to provide it an adequate defense. This failure includes not paying attorneys to do adequate work to defend the insured and not replacing its chosen Virginia attorneys at all when they withdrew from the defense . . .

(Dkt. 15, ¶31 (emphasis omitted).)

Even under the Court's ruling that ProSight did not have an obligation to provide a defense through independent counsel, ProSight remained obligated to

10
PLAINTIFF'S RESPONSE TO DEFENDANT'S FURTHER BRIEFING ISO OF ITS MOTION TO DISMISS

provide a defense *of some kind*, an adequate defense. This is the joint obligation which supports Travelers' claim for equitable contribution. Travelers alleges that ProSight failed to perform or contribute to this joint obligation (¶¶22-23, 27, 31, 38). Travelers alleges that ProSight failed in this both before and after November 20, 2020 (¶38), so ProSight is obligated to contribute to the defense Travelers is funding (e.g. ¶¶37-41). It does ProSight no good to say that it is only obligated to defend through appointed counsel if it fails to do even that. Travelers alleges that is what happened here. Thus, Travelers has stated adequate claims against ProSight for equitable contribution and declaratory relief.

### C. Travelers' Claim for Declaratory Relief Also Survives

Because Travelers has stated a claim for relief against ProSight for equitable contribution, it has also stated a valid claim for a declaratory judgment. ProSight's argument as to the dismissal of the declaratory judgment claim is part and parcel of its argument that Travelers is not entitled to equitable contribution. (See Dkt. 17-1, p. 34 of 37:17-22.) Because Travelers has adequately pled its claim for equitable contribution, its claim for declaratory judgment likewise survives a motion to dismiss. *See Williamsburg Nat. Ins. Co. v. New York Marine and General Ins. Co.*, 2021 WL 4458952 (C.D. Cal. Sept. 29, 2021) (denying a motion to dismiss a declaratory judgment accompanying a claim for equitable relief).

### IV.
### CONCLUSION

Travelers' First Amended Complaint alleges sufficient facts to state claims upon which relief can be granted against ProSight for equitable contribution and declaratory relief. This is true even in light of this Court's view that ProSight was not obligated to provide the insured with independent counsel. The complaint alleges that ProSight did not provide an adequate defense prior to November 20,

2020, and that it did not provide any defense whatsoever after that date, when its appointed attorney withdrew and ProSight appointed no substitute. The carriers shared the obligation to defend a common insured and ProSight did not satisfy its part of the obligation. These are factors which support Travelers' claims and which the Court must consider at trial in its wide-reaching review of the equitable factors which determine the right of Travelers, an over-performing insurer, against ProSight, an under-performing one. The Court should deny the ProSight's motion.

Dated: February 11, 2022

                              Respectfully submitted,

                                /s/ Mark D. Peterson
                              MARK D. PETERSON
                              Of CATES PETERSON LLP
                              Attorneys for Plaintiff
                              TRAVELERS COMMERCIAL
                              INSURANCE COMPANY

PLAINTIFF'S RESPONSE TO DEFENDANT'S FURTHER BRIEFING ISO OF ITS MOTION TO DISMISS