MARK D. PETERSON (State Bar #126174)
KATHLEEN O. PETERSON (State Bar #124791)
AMY HOWSE (State Bar # 252922)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Defendants. | Case No.: 2:21-cv-5832-GW (PDx)<br>Hon. George H. Wu<br>Hon. M.J. Patricia Donahue<br><br>**PLAINTIFF TRAVELERS COMMERCIAL INSURANCE COMPANY'S OBJECTION TO NEW EVIDENCE PROFFERED BY DEFENDANT (DKT. 39-1, 39-2, AND 39-3)**<br><br>DATE: February 17, 2022<br>TIME: 8:30 a.m.<br>Courtroom: 9D |

Plaintiff Travelers Commercial Insurance Company ("Travelers") hereby objects to the new evidence proffered by Defendant New York Marine and General Insurance Company ("ProSight") in connection with its further briefing (Dkt. 39.)

More specifically, ProSight has submitted three declarations from Steven Battaglia, Sean Patrick Roche, and James P. Wagoner (Dkts. 39-1, 39-2, and 39-3). Each of these declarations includes attached exhibits. ***Travelers objects to the three declarations and their exhibits in their entirety.***

First, declarations are improper in response to a motion under Fed.R.Civ.P. 12(b)(6). Such a motion challenges the sufficiency of the pleading and is not a place for a factual dispute. On such a motion the Court is to accept **"all allegations of material fact as true"** and "construe[d] … in the light most favorable to the nonmoving party." *Steinle v. City and County of San Francisco,* 919 F.3d 1154, 1160 (9th Cir. 2019); *Arpin v. Santa Clara Valley Transportation Authority*, 261 F.3d 912, 925 (9th Cir. 2001). In general, information extraneous to the complaint should not be considered by the court. *Arpin, supra*.

Second, the doctrine of "incorporation by reference," on which ProSight relies (Dkt. 39, p. 9 of 27, line 20), does not apply to declarations or to the other documents submitted by ProSight. *Steinle*, 919 F.3d at 1162-63. That doctrine is not a method to convert a motion where the Court is to take "all allegations of material fact as true" and construe[d] . . . in the light most favorable to the nonmoving party"[1] into a half-baked motion for summary judgment. Rather, it is simply a method to allow a Court to have before it the full version of ***documents*** referred to in a complaint but not attached to it. It is not a device to allow the consideration of conclusory ***declarations***. This is particularly so here, where ProSight provides, for example, private emails between it and its retained counsel

---

[1] *Steinle v. City and County of San Francisco,* 919 F.3d 1154, 1160 (9th Cir. 2019).

1
PLAINTIFF'S OBJECTIONS TO NEWLY PROFFERED EVIDENCE

(see Exhibits 1, 4, 5, and 6 to the Steven Battaglia declaration, Dkt. 39-2, pp. 11, 17, 20, and 23 of 24)—emails that Travelers had no knowledge of and which certainly were not referred to in the complaint.[2]

*Steinle,* 919 F.3d at 1162-3, states the essence of the incorporation by reference doctrine: "This doctrine permits a court to consider a document 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Steinle* involved a negligence claim against government entities concerning a woman who had been shot by an undocumented person after he had been released from custody. The district court took judicial notice of a policy memorandum of the government concerning the treatment of undocumented people under the "incorporation by reference" doctrine. The Ninth Circuit approved the district court's consideration of the memo because "the Memo forms the very basis of Plaintiffs' claims." *Steinle* at 1163.

ProSight's citation to *Parrino v. FHP, Inc.,* 146 F.3d 699 (9th Cir. 1998), does not support its position.[3] That case involved a claim against a medical

---

[2] ProSight's public filing of these highly sensitive defense communications is a startling breach of trust by ProSight of the interests of its insured and those supporting her, including Travelers. While the purpose of these supplemental filings by ProSight and Travelers was not to have the Court revisit its prior order on ProSight's motion to dismiss, ProSight just proved Travelers' point: ProSight's conduct in publicly sharing these very private communications demonstrates the conflicting interests between it and its insured which entitles the insured to independent counsel, no matter that an argument can be made that a Virginia lawyer, technically, has no duties to the insurer under the Virginia Code of Professional Responsibility.

[3] The other cases cited by ProSight likewise do not support its argument. *Maloney v. Verizon Internet Servs.,* 2009 U.S. Dist. LEXIS 131027 (C.D. Cal. 2009), is similar to *Parrino.* In *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), discussed *infra*, the Court found the government's attempt to bring in a declaration and exhibits "unpersuasive."

insurance company for failure to provide treatment. The court allowed the defendant to submit an application in ruling on a 12(b)(6) motion, even though the document was not referred to in the complaint on the theory that the plaintiff should not be able to deliberately omit a reference to a document upon which its claim is based. The Ninth Circuit approved this, but stated: "We therefore hold that a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino* at 706. This is not the case here: (1) ProSight has not submitted just documents, but also declarations; (2) Travelers contests the authenticity of the documents and the accuracy of the declarations; and (3) Travelers' complaint does not rely on the proffered evidence. In fact, as is clear from ProSight's brief, ProSight is not trying to provide this new evidence because Travelers' complaint "relies" on it, but rather to try to disprove the factual allegations of the complaint. This is not an accepted basis for application of the "incorporation by reference" doctrine.

In *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), also cited by ProSight, the Ninth Circuit found the government's attempt to bring in a declaration and exhibits "unpersuasive" because '[t]he Hieronymus declaration, prepared in response to Horner's motion, was obviously not mentioned in the motion." Those documents "are not allowed as pleading exhibits unless they form the basis of the complaint."

The narrow exception for allowing the use of documents that were not referred to in the complaint is expressed by the Second Circuit in *International Audiotext. Network v. American Telephone and Telegraph,* 62 F.3d 69, 72 (2d Cir. 1995). "'[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference ***a [document] upon which it solely relies and which is integral to the complaint,'*** the court may nevertheless take the document into consideration in

3

PLAINTIFF'S OBJECTIONS TO NEWLY PROFFERED EVIDENCE

deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *International Audiotext* at 72, citing *Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47-48 (2d Cir. 1991)*, cert. denied,* 503 U.S. 960 (1992) (emphasis added).

There is no reason for the Court to consider the emails and letters proffered by ProSight. Further, the Court's consideration of such material would, as the *International Audiotext* court warned, convert this Rule 12(b)(6) motion to an impermissible, improperly noticed motion for summary judgment. This is particularly unacceptable here where the brief that ProSight submitted is a brief that was requested by the Court on a narrow issue, months after the central briefing on the Rule 12(b)(6) motion was complete.

For documents (other than declarations) to be properly considered under the doctrine of "incorporation by reference," the documents must be referred to in the complaint or form the basis of the plaintiff's claim. "This doctrine permits a court to consider a document 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Steinle*, 919 F.3d at 1162-63. That is not the case with Travelers' First Amended Complaint.

In sum, ProSight's declarations and their attached exhibits do not meet the standard for the Court to consider them on this motion. If the Court were to consider any of the declarations or the exhibits, the Court would be converting a Rule 12(b)(6) motion to an improperly noticed, untimely, and procedurally improper motion for summary judgment under Rule 56 of the Federal Rules of

4

Civil Procedure.  Travelers objects and requests that the Court decline to consider the declarations and their exhibits in their entirety.

Dated: February 11, 2022

                                     Respectfully submitted,

                                   /s/ Mark D. Peterson
                                MARK D. PETERSON
                                Of CATES PETERSON LLP
                                Attorneys for Plaintiff
                                TRAVELERS COMMERCIAL
                                INSURANCE COMPANY