McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
　jim.wagoner@mccormickbarstow.com
Lejf E. Knutson, #234203
　lejf.knutson@mccormickbarstow.com
Nicholas H. Rasmussen, #285736
　nrasmussen@mccormickbarstow.com
Graham A Van Leuven, #295599
　graham.vanleuven@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:　(559) 433-1300
Facsimile:　(559) 433-2300

Attorneys for Defendant New York
Marine and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>New York Marine and General Insurance Company, a New York Corporation,<br><br>　　　　　Defendant. | Case No. 2:21-cv-5832-GW (PDx)<br><br>**NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S RESPONSE TO TRAVELERS COMMERCIAL INSURANCE COMPANY'S "OBJECTION TO NEW EVIDENCE PROFFERED BY DEFENDANT"**<br><br>Date:　Status Conference: February 17, 2022<br>Time:　8:30 a.m.,<br><br>Hon. George H. Wu |

## I. INTRODUCTION

On February 7, 2022, New York Marine and General Insurance Company ("New York Marine") submitted its "Further Briefing In Response to Travelers' 'Request For Further Order'" (Dkt. # 39), as well as the Declarations of James P. Wagoner (Dkt. #39-1), Steven Battaglia (Dkt. #39-2), and Sean Patrick Roche (Dkt. #39-3).

On February 11, 2021, Travelers Commercial Insurance Company ("Travelers") submitted its Opposition to New York Marine's brief (Dkt. #40), as well as its "Objection to New Evidence Proffered by "New York Marine" (Dkt. #41) (the "Objection").

Travelers' Objection asserts that it "objects to the three declarations and their exhibits in their entirety". Objection, Dkt. # 41, at p. 1:6-7. Travelers' Objection thereafter variously asserts that: (1) declarations are improper in response to a motion under Fed. R. Civ. P. 12(b)(6)" (*id.,* at p. 1:8-15); (2) that the "incorporation by reference" doctrine "does not apply to declarations or other documents submitted by" New York Marine (*id.,* at pp. 1:16-4:6); and (3) that the Court's consideration of any of the materials submitted by way of New York Marine's declarations "would . . . convert this Rule 12(b)(6) motion to an impermissible, improperly noticed motion for summary judgment" (*id.,* at p. 4:6-8, 4:18-22.). Finally, Travelers contends that the evidence may not be considered under the incorporation by reference doctrine because "Travelers contests the authenticity of the documents and the accuracy of the declarations." *Id.,* at p. 3:9-10.

Travelers' objections are incorrect and fail to withstand analysis.

## II. NEW YORK MARINE'S RESPONSE TO TRAVELERS' OBJECTIONS

### A. New York Marine's Declarations are Permissible

New York Marine submitted the declarations of James P. Wagoner, Steven Battaglia and Sean Patrick Roche in part to authenticate documents which it seeks to admit pursuant to the "incorporation by reference" doctrine. *See, e.g.,* New York

1

Marine's Further Brief, Dkt. #40, at p.4, fn. 2. To that end, Travelers' Objection admits that the doctrine permits the court, in connection with a motion to dismiss under Rule 12(b)(6), to review documents "referred to in a complaint" but not attached to it. *See,* Objection, Dkt. # 41, at p: 1:21-23.

As an initial matter, it is a logical necessity that any document which was *not* filed with a Plaintiff's complaint but which was to be considered pursuant to the "incorporation by reference" doctrine would necessarily have to be admitted and authenticated by way of a declaration, and Courts therefore acknowledge the validity of a declaration at least for the purpose of authenticating such documents. Thus, as expressly stated in *Gerritson v. Warner Bros. Ent'mt Inc.,* 112 F.Supp.3d 1011, 1021 (C.D.Cal. 2015), "[i]n deciding a motion to dismiss, the court can consider only the pleadings and documents that are incorporated by reference therein or are properly the subject of judicial notice", and thus "*[d]eclarations can be used to bring materials that are properly considered to the attention of the court.*" (Emphasis added); *see also, City of Royal Oak Retirement System v. Juniper Networks, Inc.,* 880 F.Supp.2d 1045, 1060 (N.D.Cal. 2012) (noting that a court may consider material outside the complaint on a motion to dismiss where they fall under certain exceptions, including "(2) documents incorporated by reference in the complaint", but rejecting admission of a submitted declaration on the grounds that it "falls into none of these categories"); *Masimo Corp. v. Wireless,* Case no. 19-cv-01100-BAS-BLS, 2020 WL 7260660 *3-*4 and fn. 4 (S.D.Cal. Dec. 10, 2020) (considering under the incorporation by reference doctrine documents submitted via declaration); *Kremer v. Zillow, Inc.,* Case no. SACV 14-1889 DOC(DFMx), 2015 WL 438418 *3, fn. 1 (C.D.Cal. Feb. 3, 2015) (incorporating documents by reference submitted via declaration).

Consequently, and contrary to Travelers' Objection, New York Marine's declarations are admissible for the purpose of authenticating document submitted for consideration pursuant to the incorporation by reference doctrine.

### B. The Allegations of Travelers' First Amended Complaint Necessarily Refer to New York Marine's Instructions To Its Counsel

#### 1. Travelers' Objection Understates the Appropriate Scope of the "Incorporation by Reference" Doctrine

As construed by Travelers, incorporation of the various declarations and exhibits submitted by New York Marine is inappropriate because the doctrine of incorporation by reference extends only "to allow a Court to have before it the full version of *documents* referred to in the complaint but not attached do it." Objection, Dkt. # 41, at p. 1:16-24. Travelers further construes the doctrine to apply only to documents of which Travelers *had knowledge. See, Id.,* at pp. 1:24-2:3. However, the doctrine is not so narrow.

Rather, as stated by the Ninth Circuit in *Knievel v. ESPN,* 393 F.3d 1068, 1079 (9th Cir. 2005), "[w]e have extended the 'incorporation by reference'" doctrine to situations in which the plaintiff's claim *depends on the contents of a document*, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." (Emphasis added); *see also, Parrino v. FHP, Inc.,* 146 F.3d 699, 705-706 (9th Cir. 1998) (court may consider documents under the doctrine "*upon which Plaintiff's complaint necessarily relies."*) (emphasis added).

#### 2. Travelers' Allegation That New York Marine "Ha[d] Its Appointed Counsel" Provide An "Inadequate Defense" Necessarily Refers to and Relies On New York Marine's Instructions to Defense Counsel

On January 19, 2022, Travelers filed its "Request for Further Order" which expressly requested that this Court address the allegations of its First Amended Complaint ("FAC") and raised in its Opposition to New York Marine's motion, that New York Marine provided an "inadequate defense to the insured". See, Travelers' Request for Further Order, Dkt. #29, at p. 1.

In turn, at the January 27, 2022 Status Conference this Court made specific and

repeated reference to those allegations. Notably, the Court also stated that to the extent that Travelers "would not have standing to argue ineffective assistance of counsel or something of that sort," but then observed that it was the Court's its "understand[ing that] what [Travelers] is trying to do is . . . to argue that there was an *affirmative position taken* by the defense or by [New York Marine] not to provide a defense, and instead, to just simply and improperly rely on [Travelers'] appointed *Cumis* counsel." January 27, 2022 Trans., Dkt. # 37, at pp. 4:4-4:11. (Emphasis added.) At no time did Travelers' counsel contend that the Court misinterpreted its argument, or otherwise seek to alter or re-direct the Court's focus. *See generally, Id.*

In sum, if Travelers is <u>not</u> alleging some intentional instruction by New York Marine to its defense counsel to "do next to nothing", then as this Court has previously observed, it lacks standing to bring its claims for the allegedly "inadequate defense", and its FAC should therefore be dismissed. January 27, 2022 Trans., Dkt. # 37, at p. 4:3-6 ("On the one hand, you know, obviously, [Travelers] would not have standing to argue ineffective assistance of counsel or something of that sort…".). *If,* however, Travelers' allegations are to be taken at face value, then the allegation that New York Marine "*ha[d]* its appointed counsel do next to nothing" *necessarily* "refers to" or "relies on" New York Marine's *instructions to* "its appointed counsel", and thus documents reflecting those communications are appropriately considered by this Court by way of the incorporation by reference doctrine.[1]

---

[1] Travelers' Objection also takes the time to include an off-topic series of allegations that New York Marine's declarations and exhibits amount to a "public filing of [] highly sensitive defense communications", which Travelers believes is somehow "a breach of trust" by New York Marine. *See,* Objection, Dkt. #41, at p. 2, fn. 2. Travelers' colloquy has no bearing on the merit of its objections, but is a notably cynical example of its self-serving and hypocritical posturing throughout the underlying defense and this litigation. Put simply, *Travelers* initiated the present litigation, and *Travelers* asks this Court to permit its claims to survive *based on an express allegation that New York Marine directed its appointed defense counsel to provide an inadequate defense for the insured.* Presumably then, if Travelers' claims

### 3. Travelers' Allegations and Arguments Concerning Sums Allegedly Still Owed by New York Marine Necessarily "Rely On" Documents Submitted By New York Marine

Travelers' Opposition also raises an argument that "ProSight advised that it would pay 50% of fees and costs incurred by independent counsel on or after November 20, 2020". Opposition, Dkt. #40, at p. 5:2-4. Travelers concedes that New York Marine *has* made payments to Travelers consistent with the alleged agreement. *Id.,* at p. 5:6-8, and fn 2. Nevertheless, it contends that the allegations relating to the alleged agreement and New York Marine's purported non-payment suffice to support its claims. *Id.,* at pp. 5:6-6:7. In response, New York Marine submitted the declaration of Mr. James P. Wagoner, which authenticated and attached correspondence to Travelers' counsel addressing the payments and the purported agreement of New York Marine, and demonstrating that despite *numerous* requests from New York Marine, Travelers—contrary to the allegations of its FAC and its arguments—has simply failed to timely provide New York Marine with additional relevant invoices for review and payment. *See,* Wagoner Decl., Dkt. #39-1, at ¶¶ 23-24, Ex. A.

Thus, Travelers' allegations of an incomplete payment[2] directly rely upon the parties' agreement and conduct subsequent to that alleged agreement. As a result, the Wagoner declaration and attached correspondence, which directly address the parties' conduct on that account, are appropriate for consideration under the incorporation by

---

are predicated on allegations of sufficient factual basis to survive dismissal, they will have to be tried *on the basis of some evidence—and specifically, evidence of New York Marine's instructions to its appointed counsel.* Travelers' complaint that New York Marine now presents evidence bearing on its claims thus cannot be taken as anything other than an inexplicable change of position.

[2] It bears noting that in choosing to emphasize this argument, Travelers not only declines to engage on the issues which the Court asked the parties to brief, and which were addressed in New York Marine's supplemental brief, and instead shifts to at least the *third* "new" argument it has raised since this Court's January 6, 2022 Order granted the motion to dismiss.

reference doctrine.

### 4. The Court May Appropriately Convert the Matter Into A Motion for Summary Judgment If It Deems Appropriate

Travelers' Objection also asserts that "the Court's consideration of" the materials submitted by way of New York Marine's declarations and affidavits "would … convert this Rule 12(b)(6) motion to an impermissible, improperly noticed motion for summary judgment." Objection, Dkt. #41, at p. 4:6-8.

Travelers Objection omits that, if the Court believes the documents and declarations are appropriate for consideration, it may simply convert the motion to a properly noticed motion for summary judgment by granting Travelers the opportunity to respond consistent with Federal Rules of Civil Procedure, Rule 56. Fed. R. Civ. P. 12(d); *and see, e.g., Francis v. F.B.I.*, 203 F.3d 830, *1 (9th Cir. 1999); *Garaux v. Pulley*, 739 F.2d 437, 438 (9th Cir. 1984).

### C. Travelers' Unsupported "Objection" Does Not Present Any Evidence Supporting the Inaccuracy or Inauthenticity of the Correspondence Submitted by New York Marine, And its Objections Cannot Be Taken At Face Value

As observed above, Travelers contends that the various materials submitted by New York Marine may not be considered under the incorporation by reference doctrine because "Travelers contests the authenticity of the documents and the accuracy of the declarations." Objection, Dkt. #41 at p. 3:9-10.

As the cases addressing the incorporation by reference doctrine make clear, merely asserting that "we object!" is not a sufficient basis upon which to preclude admission of documents under that doctrine; rather, a party objecting to the consideration of documents must provide an *evidentiary basis* for the alleged inaccuracy and/or inauthenticity of the documents for which consideration is sought. *See, e.g., Keithly v. Intelius, Inc.*, 764 F.Supp.2d 1257, 1261-1262 (W.D.Wash. 2011) (considering documents under the incorporation by reference doctrine over Plaintiff's objection on grounds of accuracy and authenticity because "Plaintiffs have not . . . presented any evidence to contradict defendants' representations, *and do not*

*affirmatively identify any discrepancies...*")(emphasis added); *Stolebarger v. Prudential Ins. Co. of Am.*, Case no. 17-cv-06161-WHO, 2018 WL 2287672 *3, and fn. 2 (N.D.Cal. May 18, 2018) (rejecting plaintiff's objections because "he points to no reason why the Edwards Declaration does not adequately authenticate the documents for purposes of the incorporation by reference doctrine."); *see also, Quigley v. United Airlines, Inc.*, Case no. 3:21-cv-00538-WHO, 2021 WL 1176687 *2, fn. 1 (N.D.Cal. March 29, 2021) (acknowledging that authentication by a party to the communication suffices to authenticate the document over plaintiff's objection for purposes of the incorporation by reference doctrine).

Here, Travelers' objection makes no evidentiary or legal argument regarding the supposed basis for its objection that the documents are not accurate and authentic, instead merely baldly asserting that it "contests" their accuracy and authenticity. *See generally,* Objection, Dkt. #41. Because Travelers makes no evidentiary presentation, and because the declarations adequately establish both the accuracy and authenticity of the communications attached thereto—as to which the declarants were direct parties—Travelers' objections are legally insufficient and should be overruled. *See generally,* Wagoner Decl., Dkt. #39-1; Battaglia Decl., Dkt. #39-2; and Roche Decl., Dkt. #39-3, and related exhibits.

Moreover, that Travelers' objection is self-serving, without basis, and insufficient is self-evident: *three* of the emails which New York Marine seeks consideration of *originated from, or were sent to, Travelers' own claims professional, Pamela Johnson. See,* Battaglia Decl., Dkt. #39-2, at ¶¶ 6-7, Exs. 2-3; Roche Declaration, Dkt. #39-3, at ¶¶ 14-15, Ex. 3. Accordingly, the lack of any declaration by Ms. Johnson or counsel *asserting the lack of accuracy and/or authenticity of those emails* is tantamount to an admission that Travelers' "objection" to their accuracy and authenticity is without merit—and indeed, would appear to flirt with express misrepresentation to the Court.

Setting aside the blatant and self-serving nature of Travelers' unsupported

claim that it cannot verify the accuracy or authenticity of emails *to and from its own claims professional* (who has previously submitted a declaration in this action, *see* Docket #20-1), Travelers also offers "no reason" to question the authenticity of the remaining documents or suggesting why the sworn declarations provided by New York Marine do not adequately authenticate the documents submitted therewith. *See generally,* Objection, Dkt. #41. Accordingly, its objections to the "accuracy" and "authenticity" of New York Marine's exhibits should be overruled.

### III. CONCLUSION

For each of the reasons set forth herein, and for the reasons stated in New York Marine's "Further Briefing In Response to Travelers' 'Request For Further Order'" (Dkt. # 39), Travelers' objections to the declarations and exhibits submitted by New York Marine in support of its further briefing should be overruled.

Dated: February 15, 2022

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____
James P. Wagoner
Lejf E. Knutson
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Defendant New York Marine and General Insurance Company

8212755.1

# PROOF OF SERVICE

**Cristina Urioste v. New York Marine & General Ins. Co., et al.**
**USDC Central District Case No. 2:21-cv-05581**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On February 15, 2022, I served true copies of the following document(s) described as **NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S RESPONSE TO TRAVELERS COMMERCIAL INSURANCE COMPANY'S "OBJECTION TO NEW EVIDENCE PROFFERED BY DEFENDANT"** on the interested parties in this action as follows:

Steven C. Glickman, Esq.          *Attorneys for Plaintiff, Cristina Urioste*
Nicole Hoikka, Esq.
Glickman & Glickman, ALC
15233 Ventura Blvd., Ste. 400
Sherman Oaks, CA 91403
Email: scg@glickman-law.com
       neh@glickman-law.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 15, 2022, at Fresno, California.

Heather Ward