1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
     jim.wagoner@mccormickbarstow.com
3  Lejf E. Knutson, #234203
     lejf.knutson@mccormickbarstow.com
4  Nicholas H. Rasmussen, #285736
     nrasmussen@mccormickbarstow.com
5  Graham A Van Leuven, #295599
     graham.vanleuven@mccormickbarstow.com
6  7647 North Fresno Street
   Fresno, California 93720
7  Telephone:  (559) 433-1300
   Facsimile:   (559) 433-2300
8
   Attorneys for Defendant New York
9  Marine and General Insurance Company

10              UNITED STATES DISTRICT COURT

11        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

| | |
|---|---|
| 13 Travelers Commercial Insurance Company, a Connecticut Corporation, | Case No. 2:21-cv-5832-GW (PDx) |
| 14 | **NEW YORK MARINE AND** |
| Plaintiff, | **GENERAL INSURANCE** |
| 15 | **COMPANY'S RESPONSE TO** |
| v. | **TRAVELERS COMMERCIAL** |
| 16 | **INSURANCE COMPANY'S** |
| New York Marine and General | **"OBJECTION TO NEW EVIDENCE** |
| 17 Insurance Company, a New York Corporation, | **PROFFERED BY DEFENDANT"** |
| 18 | Date:   Status Conference: February 17, 2022 |
| Defendant. | Time:   8:30 a.m., |
| 19 | |
| 20 | Hon. George H. Wu |

21

22

23

24

25

26

27

28

## I.      **INTRODUCTION**

On February 7, 2022, New York Marine and General Insurance Company ("New York Marine") submitted its "Further Briefing In Response to Travelers' 'Request For Further Order'" (Dkt. # 39), as well as the Declarations of James P. Wagoner (Dkt. #39-1), Steven Battaglia (Dkt. #39-2), and Sean Patrick Roche (Dkt. #39-3).

On February 11, 2021, Travelers Commercial Insurance Company ("Travelers") submitted its Opposition to New York Marine's brief (Dkt. #40), as well as its "Objection to New Evidence Proffered by "New York Marine" (Dkt. #41) (the "Objection").

Travelers' Objection asserts that it "objects to the three declarations and their exhibits in their entirety". Objection, Dkt. # 41, at p. 1:6-7. Travelers' Objection thereafter variously asserts that: (1) declarations are improper in response to a motion under Fed. R. Civ. P. 12(b)(6)" (*id.,* at p. 1:8-15); (2) that the "incorporation by reference" doctrine "does not apply to declarations or other documents submitted by" New York Marine (*id.,* at pp. 1:16-4:6); and (3) that the Court's consideration of any of the materials submitted by way of New York Marine's declarations "would . . . convert this Rule 12(b)(6) motion to an impermissible, improperly noticed motion for summary judgment" (*id.*, at p. 4:6-8, 4:18-22.). Finally, Travelers contends that the evidence may not be considered under the incorporation by reference doctrine because "Travelers contests the authenticity of the documents and the accuracy of the declarations." *Id.,* at p. 3:9-10.

Travelers' objections are incorrect and fail to withstand analysis.

## II.      **NEW YORK MARINE'S RESPONSE TO TRAVELERS' OBJECTIONS**

### A.      **New York Marine's Declarations are Permissible**

New York Marine submitted the declarations of James P. Wagoner, Steven Battaglia and Sean Patrick Roche in part to authenticate documents which it seeks to admit pursuant to the "incorporation by reference" doctrine. *See, e.g.,* New York

1  Marine's Further Brief, Dkt. #40, at p.4, fn. 2. To that end, Travelers' Objection
2  admits that the doctrine permits the court, in connection with a motion to dismiss
3  under Rule 12(b)(6), to review documents "referred to in a complaint" but not
4  attached to it. *See,* Objection, Dkt. # 41, at p: 1:21-23.

5          As an initial matter, it is a logical necessity that any document which was *not*
6  filed with a Plaintiff's complaint but which was to be considered pursuant to the
7  "incorporation by reference" doctrine would necessarily have to be admitted and
8  authenticated by way of a declaration, and Courts therefore acknowledge the validity
9  of a declaration at least for the purpose of authenticating such documents. Thus, as
10 expressly stated in *Gerritson v. Warner Bros. Ent'mt Inc.,* 112 F.Supp.3d 1011, 1021
11 (C.D.Cal. 2015), "[i]n deciding a motion to dismiss, the court can consider only the
12 pleadings and documents that are incorporated by reference therein or are properly
13 the subject of judicial notice", and thus "*[d]eclarations can be used to bring materials*
14 *that are properly considered to the attention of the court.*" (Emphasis added); *see*
15 *also, City of Royal Oak Retirement System v. Juniper Networks, Inc.,* 880 F.Supp.2d
16 1045, 1060 (N.D.Cal. 2012) (noting that a court may consider material outside the
17 complaint on a motion to dismiss where they fall under certain exceptions, including
18 "(2) documents incorporated by reference in the complaint", but rejecting admission
19 of a submitted declaration on the grounds that it "falls into none of these categories");
20 *Masimo Corp. v. Wireless,* Case no. 19-cv-01100-BAS-BLS, 2020 WL 7260660 *3-
21 *4 and fn. 4 (S.D.Cal. Dec. 10, 2020) (considering under the incorporation by
22 reference doctrine documents submitted via declaration); *Kremer v. Zillow, Inc.,* Case
23 no. SACV 14-1889 DOC(DFMx), 2015 WL 438418 *3, fn. 1 (C.D.Cal. Feb. 3, 2015)
24 (incorporating documents by reference submitted via declaration).

25          Consequently, and contrary to Travelers' Objection, New York Marine's
26 declarations are admissible for the purpose of authenticating document submitted for
27 consideration pursuant to the incorporation by reference doctrine.

28

---

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S RESPONSE TO TRAVELERS
COMMERCIAL INSURANCE COMPANY'S "OBJECTION TO NEW EVIDENCE PROFFERED BY
DEFENDANT"

**B.** **The Allegations of Travelers' First Amended Complaint Necessarily Refer to New York Marine's Instructions To Its Counsel**

    **1.** **Travelers' Objection Understates the Appropriate Scope of the "Incorporation by Reference" Doctrine**

As construed by Travelers, incorporation of the various declarations and exhibits submitted by New York Marine is inappropriate because the doctrine of incorporation by reference extends only "to allow a Court to have before it the full version of *documents* referred to in the complaint but not attached do it." Objection, Dkt. # 41, at p. 1:16-24. Travelers further construes the doctrine to apply only to documents of which Travelers *had knowledge. See, Id.,* at pp. 1:24-2:3. However, the doctrine is not so narrow.

Rather, as stated by the Ninth Circuit in *Knievel v. ESPN,* 393 F.3d 1068, 1079 (9th Cir. 2005), "[w]e have extended the 'incorporation by reference'" doctrine to situations in which the plaintiff's claim *depends on the contents of a document*, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." (Emphasis added); *see also, Parrino v. FHP, Inc.,* 146 F.3d 699, 705-706 (9th Cir. 1998) (court may consider documents under the doctrine *"upon which Plaintiff's complaint necessarily relies."*) (emphasis added).

    **2.** **Travelers' Allegation That New York Marine "Ha[d] Its Appointed Counsel" Provide An "Inadequate Defense" Necessarily Refers to and Relies On New York Marine's Instructions to Defense Counsel**

On January 19, 2022, Travelers filed its "Request for Further Order" which expressly requested that this Court address the allegations of its First Amended Complaint ("FAC") and raised in its Opposition to New York Marine's motion, that New York Marine provided an "inadequate defense to the insured". See, Travelers' Request for Further Order, Dkt. #29, at p. 1.

In turn, at the January 27, 2022 Status Conference this Court made specific and

1  repeated reference to those allegations. Notably, the Court also stated that to the extent
2  that Travelers "would not have standing to argue ineffective assistance of counsel or
3  something of that sort," but then observed that it was the Court's its "understand[ing
4  that] what [Travelers] is trying to do is . . . to argue that there was an *affirmative
5  position taken* by the defense or by [New York Marine] not to provide a defense, and
6  instead, to just simply and improperly rely on [Travelers'] appointed *Cumis* counsel."
7  January 27, 2022 Trans., Dkt. # 37, at pp. 4:4-4:11. (Emphasis added.)  At no time
8  did Travelers' counsel contend that the Court misinterpreted its argument, or
9  otherwise seek to alter or re-direct the Court's focus. *See generally, Id.*

10      In sum, if Travelers is <u>not</u> alleging some intentional instruction by New York
11  Marine to its defense counsel to "do next to nothing", then as this Court has previously
12  observed, it lacks standing to bring its claims for the allegedly "inadequate defense",
13  and its FAC should therefore be dismissed. January 27, 2022 Trans., Dkt. # 37, at p.
14  4:3-6 ("On the one hand, you know, obviously, [Travelers] would not have standing
15  to argue ineffective assistance of counsel or something of that sort...".). *If,* however,
16  Travelers' allegations are to be taken at face value, then the allegation that New York
17  Marine "*ha[d]* its appointed counsel do next to nothing" *necessarily* "refers to" or
18  "relies on" New York Marine's *instructions to* "its appointed counsel", and thus
19  documents reflecting those communications are appropriately considered by this
20  Court by way of the incorporation by reference doctrine.[1]

21  _____

22  [1] Travelers' Objection also takes the time to include an off-topic series of allegations
    that New York Marine's declarations and exhibits amount to a "public filing of []
23  highly sensitive defense communications", which Travelers believes is somehow "a
    breach of trust" by New York Marine. *See,* Objection, Dkt. #41, at p. 2, fn. 2.
24  Travelers' colloquy has no bearing on the merit of its objections, but is a notably
25  cynical example of its self-serving and hypocritical posturing throughout the
    underlying defense and this litigation. Put simply, *Travelers* initiated the present
26  litigation, and *Travelers* asks this Court to permit its claims to survive *based on an
27  express allegation that New York Marine directed its appointed defense counsel to
    provide an inadequate defense for the insured.* Presumably then, if Travelers' claims

3.   **Travelers' Allegations and Arguments Concerning Sums Allegedly Still Owed by New York Marine Necessarily "Rely On" Documents Submitted By New York Marine**

Travelers' Opposition also raises an argument that "ProSight advised that it would pay 50% of fees and costs incurred by independent counsel on or after November 20, 2020". Opposition, Dkt. #40, at p. 5:2-4. Travelers concedes that New York Marine *has* made payments to Travelers consistent with the alleged agreement. *Id.,* at p. 5:6-8, and fn 2.  Nevertheless, it contends that the allegations relating to the alleged agreement and New York Marine's purported non-payment suffice to support its claims. *Id.,* at pp. 5:6-6:7.  In response, New York Marine submitted the declaration of Mr. James P. Wagoner, which authenticated and attached correspondence to Travelers' counsel addressing the payments and the purported agreement of New York Marine, and demonstrating that despite *numerous* requests from New York Marine, Travelers—contrary to the allegations of its FAC and its arguments—has simply failed to timely provide New York Marine with additional relevant invoices for review and payment. *See,* Wagoner Decl., Dkt. #39-1, at ¶¶ 23-24, Ex. A.

Thus, Travelers' allegations of an incomplete payment[2] directly rely upon the parties' agreement and conduct subsequent to that alleged agreement. As a result, the Wagoner declaration and attached correspondence, which directly address the parties' conduct on that account, are appropriate for consideration under the incorporation by

---

are predicated on allegations of sufficient factual basis to survive dismissal, they will have to be tried *on the basis of some evidence—and specifically, evidence of New York Marine's instructions to its appointed counsel.* Travelers' complaint that New York Marine now presents evidence bearing on its claims thus cannot be taken as anything other than an inexplicable change of position.

[2] It bears noting that in choosing to emphasize this argument, Travelers not only declines to engage on the issues which the Court asked the parties to brief, and which were addressed in New York Marine's supplemental brief, and instead shifts to at least the *third* "new" argument it has raised since this Court's January 6, 2022 Order granted the motion to dismiss.

1   reference doctrine.

2      **4.   The Court May Appropriately Convert the Matter Into A Motion for Summary Judgment If It Deems Appropriate**

3

4      Travelers' Objection also asserts that "the Court's consideration of" the

5   materials submitted by way of New York Marine's declarations and affidavits "would

6   … convert this Rule 12(b)(6) motion to an impermissible, improperly noticed motion

7   for summary judgment." Objection, Dkt. #41, at p. 4:6-8.

8      Travelers Objection omits that, if the Court believes the documents and

9   declarations are appropriate for consideration, it may simply convert the motion to a

10  properly noticed motion for summary judgment by granting Travelers the opportunity

11  to respond consistent with Federal Rules of Civil Procedure, Rule 56. Fed. R. Civ. P.

12  12(d); *and see, e.g., Francis v. F.B.I.,* 203 F.3d 830, *1 (9th Cir. 1999); *Garaux v.*

13  *Pulley,* 739 F.2d 437, 438 (9th Cir. 1984).

14     **C.   Travelers' Unsupported "Objection" Does Not Present Any Evidence Supporting the Inaccuracy or Inauthenticity of the Correspondence Submitted by New York Marine, And its Objections Cannot Be Taken At Face Value**

15

16     As observed above, Travelers contends that the various materials submitted by

17  New York Marine may not be considered under the incorporation by reference

18  doctrine because "Travelers contests the authenticity of the documents and the

19  accuracy of the declarations." Objection, Dkt. #41 at p. 3:9-10.

20     As the cases addressing the incorporation by reference doctrine make clear,

21  merely asserting that  "we object!" is not a sufficient basis upon which to preclude

22  admission of documents under that doctrine; rather, a party objecting to the

23  consideration of documents must provide an *evidentiary basis* for the alleged

24  inaccuracy and/or inauthenticity of the documents for which consideration is sought.

25  *See, e.g., Keithly v. Intelius, Inc.,* 764 F.Supp.2d 1257, 1261-1262 (W.D.Wash. 2011)

26  (considering documents under the incorporation by reference doctrine over Plaintiff's

27  objection on grounds of accuracy and authenticity because "Plaintiffs have not . . .

28  presented any evidence to contradict defendants' representations, *and do not*

1  *affirmatively identify any discrepancies...*")(emphasis added); *Stolebarger v.*
2  *Prudential Ins. Co. of Am.,* Case no. 17-cv-06161-WHO, 2018 WL 2287672 *3, and
3  fn. 2 (N.D.Cal. May 18, 2018) (rejecting plaintiff's objections because "he points to
4  no reason why the Edwards Declaration does not adequately authenticate the
5  documents for purposes of the incorporation by reference doctrine."); *see also,*
6  *Quigley v. United Airlines, Inc.,* Case no. 3:21-cv-00538-WHO, 2021 WL 1176687
7  *2, fn. 1 (N.D.Cal. March 29, 2021) (acknowledging that authentication by a party to
8  the communication suffices to authenticate the document over plaintiff's objection for
9  purposes of the incorporation by reference doctrine).

10          Here, Travelers' objection makes no evidentiary or legal argument regarding
11  the supposed basis for its objection that the documents are not accurate and authentic,
12  instead merely baldly asserting that it "contests" their accuracy and authenticity. *See*
13  *generally,* Objection, Dkt. #41. Because Travelers makes no evidentiary presentation,
14  and because the declarations adequately establish both the accuracy and authenticity
15  of the communications attached thereto—as to which the declarants were direct
16  parties—Travelers' objections are legally insufficient and should be overruled. *See*
17  *generally,* Wagoner Decl., Dkt. #39-1; Battaglia Decl., Dkt. #39-2; and Roche Decl.,
18  Dkt. #39-3, and related exhibits.

19          Moreover, that Travelers' objection is self-serving, without basis, and
20  insufficient is self-evident: *three* of the emails which New York Marine seeks
21  consideration of *originated from, or were sent to, Travelers' own claims professional,*
22  *Pamela Johnson. See,* Battaglia Decl., Dkt. #39-2, at ¶¶ 6-7, Exs. 2-3; Roche
23  Declaration, Dkt. #39-3, at ¶¶ 14-15, Ex. 3. Accordingly, the lack of any declaration
24  by Ms. Johnson or counsel *asserting the lack of accuracy and/or authenticity of those*
25  *emails* is tantamount to an admission that Travelers' "objection" to their accuracy and
26  authenticity is without merit—and indeed, would appear to flirt with express
27  misrepresentation to the Court.

28          Setting aside the blatant and self-serving nature of Travelers' unsupported

NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S RESPONSE TO TRAVELERS
COMMERCIAL INSURANCE COMPANY'S "OBJECTION TO NEW EVIDENCE PROFFERED BY
DEFENDANT"

1  claim that it cannot verify the accuracy or authenticity of emails *to and from its own*
2  *claims professional* (who has previously submitted a declaration in this action, *see*
3  Docket #20-1), Travelers also offers "no reason" to question the authenticity of the
4  remaining documents or suggesting why the sworn declarations provided by New
5  York Marine do not adequately authenticate the documents submitted therewith. *See*
6  *generally,* Objection, Dkt. #41. Accordingly, its objections to the "accuracy" and
7  "authenticity" of New York Marine's exhibits should be overruled.

8  **III.   CONCLUSION**

9       For each of the reasons set forth herein, and for the reasons stated in New York
10 Marine's "Further Briefing In Response to Travelers' 'Request For Further Order'"
11 (Dkt. # 39), Travelers' objections to the declarations and exhibits submitted by New
12 York Marine in support of its further briefing should  be overruled.

14 Dated:  February 15, 2022                McCORMICK, BARSTOW, SHEPPARD,
                                            WAYTE & CARRUTH LLP

17 By: _____
18                                           James P. Wagoner
19                                           Lejf E. Knutson
                                             Nicholas H. Rasmussen
                                             Graham A. Van Leuven
20                                  Attorneys for Defendant New York Marine and
21                                       General Insurance Company

22 8212755.1

# PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

On February 15, 2022, I served true copies of the following document(s) described as **NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S RESPONSE TO TRAVELERS COMMERCIAL INSURANCE COMPANY'S "OBJECTION TO NEW EVIDENCE PROFFERED BY DEFENDANT"** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 15, 2022, at Fresno, California.

Heather Ward