MARK D. PETERSON (State Bar #126174)
markpeterson@catespeterson.com
KATHLEEN O. PETERSON (State Bar #124791)
kpeterson@catespeterson.com
AMY HOWSE (State Bar # 252922)
ahowse@catespeterson.com
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660

Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

JAMES P. WAGONER, #58553
jim.wagoner@mccormickbarstow.com
LEJF E. KNUTSON, #234203
lejf.knutson@mccormickbarstow.com
NICHOLAS H. RASMUSSEN, #285736
nrasmussen@mccormickbarstow.com
GRAHAM VAN LEUVEN, #295599
graham.vanleuven@mccormickbarstow.com
MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300

Attorneys for Defendant New York
MARINE AND GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Defendants. | Case No.: 2:21-cv-5832-GW (PDx)<br>Hon. George H. Wu<br>Hon. MJ Patricia Donahue<br><br>**Joint Rule 16(b)/26(f) Report**<br><br>**Date:** March 3, 2022<br>**Time:** 8:30 a.m.<br>**Place:** Courtroom 9D<br><br>**Complaint Filed:** July 20, 2021<br>**Trial:** Not Set |

1
JOINT RULE 16(b)/26(f) REPORT

a. **Statement of the Case**

Plaintiff Travelers Commercial Insurance Company ("Travelers") and defendant New York Marine and General Insurance Company's ("New York Marine"), by and through their undersigned counsel, hereby submit this Joint Report pursuant to Federal Rules of Civil Procedure 16(b) 26(f) and Local Rule 26-1.

This is an inter-insurer dispute regarding an underlying defamation case currently pending in Virginia against a California insured.[1] This case pertains to the duties of the two insurers to defend their mutual insured in the defamation action and the alleged duty of Defendant New York Marine—if any—to share the costs of doing so with Plaintiff Travelers. Travelers has sued for declaratory relief and equitable contribution. It contends that New York Marine is obligated to defend their mutual insured, that New York Marine is obligated to do so with independent counsel of the insured's choosing, and that New York Marine is obligated to reimburse Travelers for at least 50% of the cost of the insured's defense since the date New York Marine received the insured's tender of the underlying action, regardless of whether or not New York Marine was obligated to provide independent counsel. Travelers also seeks interest.

New York Marine contends that it provided a defense to the mutual insured through the firm of Cameron McEvoy, PLLC, which was originally retained by the insured and which was subsequently appointed by New York Marine following the insured's tender and remained as counsel of record up through November 6, 2020, when that firm withdrew from the insured's representation. Accordingly, New York Marine contends that at no time prior thereto was it obligated to provide a defense

---

[1] In or about March 2019, the parties' mutual insured, a California resident, was sued in Virginia state court ("the Underlying Action"). The lawsuit seeks damages for defamation potentially covered under both the Travelers and the New York Marine policies, so each owed the mutual insured a defense from the date the action was tendered to it.

for the insured through independent counsel of the insured's choosing (a position which has been adopted by the Court in ruling on New York Marine's motion to dismiss). New York Marine also maintains that at no time did it direct the Cameron McEvoy firm to provide other than a full and complete defense to the mutual insured. Accordingly, New York Marine denies that it owes any obligation to reimburse Travelers for sums which it incurred from the inception of Travelers' defense of the insured through November 6, 2020 when Cameron McEvoy, PLLC. withdrew. Further, though New York Marine has previously agreed that it would, under reservation of rights, participate with Travelers following the withdrawal of the Cameron McEvoy firm on November 6, 2020 by contributing on a 50/50 basis with Travelers from that date forward, New York Marine contends that the withdrawal of the Cameron McEvoy firm resulted from the active and intentional non-cooperation with and obstruction of Cameron McEvoy's participation by the various independent counsel retained by the insured and funded by Travelers. As such, New York Marine further contends that the deliberate refusal of independent counsel whom Travelers appointed to cooperate with the Cameron McEvoy firm, and the deliberate obstruction of and non-cooperation with Cameron McEvoy's efforts by independent counsel, amounts to a "refusal" of the defense provided by New York Marine by the insured. In addition, New York Marine contends that Travelers was entitled under Civil Code § 2860(f) to require that independent counsel—whom it was paying to defend the insured—cooperate with Cameron McEvoy, but Travelers failed to do so such that it has "unclean hands." As a result, New York Marine has no obligation to fund a defense for the insured or to reimburse Travelers for any sums incurred by it in the defense of the insured following retained counsel's November 6, 2020 withdrawal from the defense of the insured.

b.     **Subject Matter Jurisdiction**

This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) in that this is

a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. This Court has diversity jurisdiction because plaintiff Travelers is incorporated in and domiciled in Connecticut and defendant New York Marine is incorporated in New York and is domiciled in New Jersey.

      **c.**     **Legal Issues**

Under theories of equitable contribution and declaratory relief brought by Travelers, the Court will need to decide:

        1. <u>Duty to Defend</u>: Whether New York Marine has been obligated, and remains obligated, to defend the insured in the Underlying Action, since the matter was tendered to it;

        2. <u>Duty to Defend with Independent Defense Counsel</u>: Whether New York Marine has been obligated to defend the insured in the Underlying Action with independent counsel selected by the insured (already ruled upon by the Court in New York Marine's favor);

        3. <u>Satisfaction of Duty to Defend</u>: (i) Whether New York Marine satisfied its duty to defend the insured from the date of her tender to it through November 6, 2020, when the Cameron McEvoy firm withdrew from the defense; (ii) whether New York Marine has satisfied its duty to defend the insured from November 6, 2020 to the present;

        4. <u>"Unclean Hands" Defense</u>: Whether Travelers had the right to require that independent counsel was obligated under Civil Code § 2860(f) to cooperate with defense counsel appointed by New York Marine, whether Travelers failed to do so and, if so, whether that supports an "unclean hands" or other equitable defense.

        5. <u>Obligation to Reimburse Travelers</u>: How much, if anything, New York Marine is equitably obligated to pay Travelers in contribution toward the

defense of the Underlying Action (Travelers seeks a declaratory and money judgment, including interest).

New York Marine contends that it has no duty to reimburse Travelers for the following reasons.

      i. New York Marine Had No Duty to Provide Independent Counsel

New York Marine issued a reservation of rights to the insured confirming that it would "provide [the insured] with a legal defense under a reservation of rights." Following the insured's tender, New York Marine appointed as defense counsel Cameron McEvoy, PLLC, the same firm which had already been retained by the insured to represent her in the defense of the Underlying Action, and instructed that firm to act as "lead counsel." Therefore, New York Marine contends it was not obligated to provide additional independent counsel of the insured's choosing (a position with which the Court has announced it agrees).

      ii. New York Marine Did Not Direct Cameron McEvoy Not To Participate In the Insured's Defense

New York Marine further contends that it did not instruct or direct Cameron McEvoy to provide the insured with anything other than a full, complete and ethical defense in the Underlying Action at any time, and consequently that it owes nothing to Travelers for that period. Rather, the withdrawal of Cameron McEvoy from the defense of the Underlying Action was caused by the active and deliberate refusal of independent counsel to cooperate with Cameron McEvoy, and the deliberate acts of independent counsel to obstruct and prevent Cameron McEvoy's participation in the defense, coupled with Travelers' failure to enforce its rights under Civil Code § 2860(f) to require that independent counsel cooperate with the Cameron McEvoy firm and facilitate its active participation in the defense. As such, New York Marine contends that the foregoing conduct amounts to both a "refusal" of the defense

provided by New York Marine by its insured and "unclean hands" on the part of Travelers, as a consequence of which New York Marine owes no duty to reimburse Travelers for any defense fees and/or costs incurred either prior to Cameron McEvoy's withdrawal from the defense on November 6, 2020 or thereafter.

                        iii.    Payments Made By New York Marine to Travelers Were Made Subject to a Reservation of Its Rights

As to the cost of defending the mutual insured since November 6, 2020: New York Marine made a partial payment under a reservation of "all rights with respect to cost sharing with Travelers" and has expressed its willingness to continue to contribute 50% of the reasonable fees and costs of defending from that date through the conclusion of the Underlying Action subject to its reservation of its rights. Consequently, for the reasons set forth above which reflect a "refusal" by the insured of the defense provided by New York Marine, "unclean hands" on the part of Travelers, or other equitable defense, which New York Marine is entitled to reimbursement of sums already paid to Travelers.

    **d.**    **Parties, Evidence, etc.**

<u>Parties</u>: Travelers and New York Marine are the only parties; at this time, it is not expected that there will be any other parties.

<u>Documents</u>: The central evidence will be the documents that reflect the dispute in the Underlying Action (e.g., the pleadings), the parties' respective insurance policies, claim files and claim notes. This might include the parties' respective communications with their respective defense counsels, including their correspondence with both independent counsel retained by the insured and funded by Travelers as well as the insured's personal counsel. Such documents may implicate privilege or privacy issues preventing their disclosure. The parties also anticipate that the underlying defense invoices submitted to Travelers will be relevant, as will evidence of all payments by Travelers toward the insured's defense.

New York Marine may seek internal reviews or audits of defense invoices by Travelers; Travelers does not concede that any such documents are discoverable by New York Marine. The parties are gathering their documents and they plan to make their initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) by April 29, 2022.

<u>Witnesses</u>: Possible witnesses known at this time are:

1. Pamela Johnson, Travelers, Claim Professional | Intellectual Property - Business Torts;

2. Steven Battaglia, New York Marine, Senior Examiner, Claims;

3. Sean Patrick Roche, defense attorney appointed by New York Marine, Cameron McEvoy, PLLC based in Fairfax, Virginia;

4. Richard Schwartz, of Ellis George Cipollone, O'Brien & Annaguey LLP (formerly "Browne George Ross, LLP"), defense counsel first retained by the insured;

5. Roberta Kaplan, of Kaplan, Hecker & Fink, LLP, independent counsel retained by the insured;

6. Elaine Bredhoft, of Charleson, Bredehoft, Cohen, Brown & Nadelhaft, P.C., independent counsel retained by the insured;

7. Jeremiah Reynolds, of Eisner, LLP, personal counsel for the insured.

**e.    Damages**

Travelers alleges that it has paid millions toward the insured's defense in the underlying action, of which New York Marine owes Travelers 50%, plus interest.

New York Marine made a partial payment to Travelers of $621,693 on account of defense fees incurred by Travelers for the period November 6, 2020 through February 28, 2021, subject to a reservation of "all rights with respect to cost sharing with Travelers." New York Marine contends that because its defense counsel was forced to withdraw from the defense as a result of both the wrongful "refusal" of the

defense by the insured, and as a result of Travelers' unclean hands, that Travelers is not entitled to any recovery from New York Marine and/or that its right to recovery must be reduced, and moreover, that New York Marine is entitled to reimbursement of the $621,693 previously paid to Travelers. Travelers contends that this payment reduces New York Marine's obligation to Travelers.

### f.   Insurance

This is a dispute over insurance obligations and the equitable rights and obligations which flow from them.

### g.   Motions Regarding Pleadings

The Court denied New York Marine's motion to dismiss Travelers' first amended complaint, but ruled in New York Marine's favor that New York Marine did not owe the insured a defense through independent counsel of the insured's own choosing.

At this time, the parties do not contemplate any further pleading motions to add other parties or claims, to amend the pleadings, or transfer venue.

### h.   Manual for Complex Litigation

The parties do not believe that the procedures of the Manual for Complex Litigation should be utilized.

### i.   Status of Discovery

The parties have been in their initial discovery hold required under FRCP Rule 26(d)(1). Counsel for the parties have now met, so discovery may proceed.

The parties have agreed to make their early disclosures by April 29, 2022.

**j.  Discovery Plan**

The parties contemplate the following discovery and early motion plan:

| Date | Event |
|---|---|
| 4/29/2022 | Initial Disclosures |
| 10/31/2022 | Deadline to hold private mediation |
| 11/10/2022 | Deadline to notify court of result of mediation in joint report regarding settlement |
| 1/20/2023 | Non-Expert Discovery Cut-Off |
| 2/10/2023 | Expert Disclosure (Initial) |
| 3/10/2023 | Expert Disclosure (Rebuttal) |
| 3/24/2023 | Expert Discovery Cut-Off |
| 4/10/2023 | Last day to file all motions (including discovery motions) |

Shortly, Travelers will propound a document demand. After that, it plans to propound interrogatories and requests for admission.

Travelers also plans to take depositions of: (1) the designee for New York Marine regarding its actions related to the Underlying Action, (2) Steven Battaglia, New York Marine, Senior Examiner, Claims, (3) Sean Patrick Roche, defense attorney appointed by New York Marine, Cameron McEvoy, PLLC based in Fairfax, Virginia, and (4) other attorneys in the Underlying Action.

Travelers also may serve document subpoenas on some of the defense attorneys in the Underlying Action.

New York Marine similarly intends to propound a document demand,

interrogatories and requests for admissions on Travelers.

New York Marine may take depositions of: (1) the designee for Travelers regarding its actions related to the Underlying Action, (2) Pamela Johnson, Travelers, Claim Professional, Intellectual Property - Business Torts; (3) Richard Schwartz, Ellis George Cipollone, Obrien & Annaguey LLP, defense counsel first retained by the insured; (4) Roberta Kaplan, of Kaplan, Hecker & Fink, LLP, independent counsel retained by the insured; (5) Elaine Bredhoft, of Charleson, Bredehoft, Cohen, Brown & Nadelhaft, P.C., independent counsel retained by the insured; and (6) Jeremiah Reynolds, personal counsel of the insured.

The parties have chosen April 29, 2022 as the deadline for initial disclosures. They plan to stipulate to the entry of a protective order, which will be necessary given concerns for the insured's privacy, privilege, and other issues. Other than that, the parties do not feel that any changes to the disclosures under Rule 26(a) should be made, or that discovery should be conducted in court-ordered phases or otherwise be formally limited.

The parties do not feel that any changes to the applicable limitations should be made with respect to the limits on interrogatories and requests for admission and depositions.

Because these two insurer parties will be handling, exploring, and exchanging documents which raise issues of privilege and privacy both as to the parties' respective internal communications and external communications with counsel, as well as with respect to third parties including, but not limited to their mutual insured, they will require a protective order. Further, because this matter involves an inter-insurer dispute over the rights owed to a mutual insured involved in active, ongoing litigation, and because Travelers and New York Marine assert differing views with respect to the application of Virginia law, discovery may give rise to questions regarding the existence and application of attorney-client or other privileges

applicable to certain documents and communications. Accordingly, the parties foresee that they may require guidance from the Magistrate Judge about how to resolve issues which arise regarding such issues.

### k. Discovery Cut-off

The parties propose a non-expert discovery cut-off date of **January 20, 2023.**

### l. Expert Discovery

The parties propose an initial expert disclosure date of **February 10, 2023**, rebuttal expert disclosure date of **March 10, 2023,** and expert discovery cut-off date of **March 24, 2023.**

### m. Dispositive Motions

The parties have agreed that the last day to file all motions shall be **April 10, 2023**.

### n. Settlement/Alternative Dispute Resolution (ADR)

The parties have not exchanged settlement offers. Rather, they have agreed to attend a private mediation on or before **October 31, 2022**.

### o. Trial, Dates and Time Estimate / Pre-Trial Conference

The case will be tried to the bench. The parties currently estimate that it will take six days, though that might be shortened by stipulating to many of the pertinent facts.

At the upcoming conference, counsel will be prepared to discuss suggested dates for the pre-trial conference and for trial on or about June 26, 2023, or in July, 2023, or otherwise at the Court's convenience. The parties have jointly agreed that they are unavailable for trial or briefing between April 20, 2023, through May 20, 2023, as a result of previously scheduled international travel.

### p. Trial Counsel

Mark D. Peterson and Kathleen O. Peterson will try the case for Travelers.

James P. Wagoner and Nicholas H. Rasmussen will try the case for New York

Marine.

q. **Independent Expert or Master**

The parties do not believe an independent expert or master should be appointed.

r. **Timetable**

A completed Schedule of Pretrial Dates form is attached as Exhibit A to this Joint Rule 16(b)/26(f) Report.

s. **Other Issues**

Because the evidence to be adduced in the matter will involve communications potentially subject to the attorney-client privilege, the work-product doctrine, and other potentially applicable privileges pertaining to the Underlying Action, which remains active, as well as insurance and other information which contains sensitive and/or private insurance or other personal information, the parties will submit a proposed protective order to the Magistrate Judge in the near future.

The parties are not aware of any other issues affecting the status or management of the case.

t. **Patent Cases**

This is not a patent case.

**u.** **Magistrate Judge**

The parties do not seek to have this case heard by a Magistrate Judge.

Dated: March 1, 2022

                                                            Respectfully submitted,

                                                            /s/ Mark D. Peterson
                                              MARK D. PETERSON
                                              Of CATES PETERSON LLP
                                              Attorneys for Plaintiff
                                              TRAVELERS COMMERCIAL
                                              INSURANCE COMPANY


                                              /s/ James P. Wagoner
                                            JAMES P. WAGONER
                                            Of MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
                                            Attorneys for Defendant NEW YORK MARINE AND GENERAL INSURANCE COMPANY

# EXHIBIT A

# SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: | 2:21-cv-5832-GW (PDx) |
|---|---|
| Case Name: | *Travelers Commercial Insurance Company v. New York Marine And General Insurance Company,* |

| Deadlines: | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| **Last Date to Add Parties/Amend Pleadings** | 3/31/2022 | | |
| **Non-Expert Discovery Cut-Off** | 1/20/2023 | | |
| **Expert Disclosure (Initial)** | 2/10/2023 | | |
| **Expert Disclosure (Rebuttal)** | 3/10/2023 | | |
| **Expert Discovery Cut-Off** | 3/24/2024 | | |
| **Last Date to File All Motions** (incl. discovery motions) | 4/10/2023 | | |
| **Settlement Procedure Selection:** *(ADR-12 Form will be completed by Court after scheduling conference)* | Plaintiff's Request | | Court Order |
| **1. Magistrate Judge** **2. Attorney Settlement Officer Panel** **3. Outside ADR/Non-Judicial (Private)** | #3 | | |
| **Last day to conduct settlement conference or mediation** | 10/31/2022 | | |

| | | | |
|---|---|---|---|
| **Notice of Settlement /Joint Report re Settlement** | 11/10/2022 | | |
| **Post Mediation Status Conference** | 11/21/2022 | | |