McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

Attorneys for Defendant New York
Marine and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>New York Marine and General Insurance Company, a Delaware Corporation,<br><br>Defendant. | Case No. 2:21-cv-5832-GW (PDx)<br><br>**DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL**<br><br>Hon. George H. Wu |

COMES NOW DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY ("NEW YORK MARINE") and Answers the First Amended Complaint of PLAINTIFF TRAVELERS COMMERCIAL INSURANCE COMPANY ("Travelers")  as follows:

1.      Answering Paragraph 1, NEW YORK MARINE submits that the allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but to the extent a response is required, denies the allegation that it "fail[ed] to meet its obligation to provide its and Travelers' mutual insured … with independent counsel

1

to defend the insured in an underlying defamation action", and further denies that it "breached … its insurance policy and its obligations" to its insured. NEW YORK MARINE further denies that "[i]t has unfairly forced Travelers to pay [NEW YORK MARINE'S] proper share of defense costs", and so also denies the allegations therein that Travelers has been damaged in any way on account of any conduct by NEW YORK MARINE, that Travelers is entitled to judgment or a declaration, and further denies the allegation implied therein that NEW YORK MARINE failed to provide the insured "with a proper defense." NEW YORK MARINE further denies that the allegation therein that "Travelers is entitled to reimbursement from NEW YORK MARINE" of amounts that Travelers has spent to defend the mutual insured, whether by way of equitable contribution or any other claim or cause of action, and denies the implied allegation therein that it failed to "defend the[] mutual insured with proper counsel and adequate experts and vendors."

2.      Answering Paragraph 2, NEW YORK MARINE admits the allegations therein.

3.      Answering Paragraph 3, NEW YORK MARINE denies the allegation therein that "ProSight" is a "corporation existing under the law of the State of New York, with its principal place of business in Morristown, New Jersey". NEW YORK MARINE further denies that "ProSight is, and at all times relevant was, an insurance carrier eligible to do business and doing business as an insurer in the State of California"—indeed, inasmuch as "ProSight" is not a named defendant in the present action, it is unclear to NEW YORK MARINE why the allegations concerning "ProSight" are alleged herein. In light of the foregoing, NEW YORK MARINE also denies the allegation therein that "ProSight" is a "corporation existing under the law of the State of New York," and denies the allegation that its "principal place of business in Morristown, New Jersey", to the extent that Travelers intends but fails to assert that allegation against NEW YORK MARINE, as NEW YORK MARINE is a company existing under the laws of the State of Delaware with a principal place of

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

business in New York City within the State of New York. NEW YORK MARINE further admits that it is an insurer "eligible to do business and doing business as an insurer in the State of California."

4.      Answering Paragraph 4, NEW YORK MARINE admits the allegation that the matter is subject to the jurisdiction of this Court based on the amount in controversy and the diversity of citizenship between the parties. However, NEW YORK MARINE denies the allegation that any sums "should have been paid by ProSight", and further denies that it is "incorporated in New York", inasmuch as it is incorporated in Delaware, and has a principal place of business in New York City in the state of New York.

5.      Answering Paragraph 5, NEW YORK MARINE admits the allegation that the Court has personal jurisdiction over the parties based on the fact that the dispute arises over policies of insurance issued in California, and admits that it operated its business continuously in California as an insurer at all times relevant to the present complaint.

6.      Answering Paragraph 6, NEW YORK MARINE admits the allegation that venue is proper in this judicial district because the dispute arises out of policies of insurance issued in this district, but denies the remaining allegations that "a substantial part of the events which are the subject of the claims asserted here took place in this judicial district, including that the underlying defense has involved extensive activities in the County of Los Angeles."

7.      Answering Paragraph 7, NEW YORK MARINE admits the allegations therein.

8.      Answering Paragraph 8, NEW YORK MARINE has insufficient information to admit or deny whether the insured is a California resident and so denies that allegation, but admits that the insured was "sued in Virginia state court". NEW YORK MARINE further admits that the Underlying Action "seeks damages for defamation", and admits that the Underlying Action originally obligated both

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Travelers and New York Marine to defend the insured, to the extent such obligation was or is not otherwise excused. However, NEW YORK MARINE denies that it has an ongoing obligation to defend the insured in light of: (1) the insured's refusal of the defense properly provided by NEW YORK MARINE through appointed defense counsel; and/or (2) the refusal of independent counsel retained by the insured and funded by Travelers to cooperate with or facilitate the participation of defense counsel appointed by NEW YORK MARINE, and Travelers' unclean hands with respect to that lack of cooperation including by way of its failure to require that independent counsel which it approved and appointed cooperate with and facilitate the active participation of NEW YORK MARINE's appointed counsel in the defense.

9.    Answering Paragraph 9, NEW YORK MARINE admits the allegations therein to the extent that the allegations of the complaint in the underlying action originally triggered Travelers' and NEW YORK MARINE'S respective duties to defend the insured, but denies that NEW YORK MARINE has an ongoing obligation to defend the insured in light of: (1) the insured's refusal of the defense properly provided by NEW YORK MARINE through appointed defense counsel; and/or (2) the refusal of independent counsel retained by the insured and funded by Travelers to cooperate with or facilitate the participation of defense counsel appointed by NEW YORK MARINE, and Travelers' unclean hands with respect to that lack of cooperation including by way of its failure to require that independent counsel cooperate with and facilitate the active participation of NEW YORK MARINE's appointed counsel in the defense.

10.    Answering Paragraph 10, NEW YORK MARINE admits the allegation therein that Travelers "agreed to defend the mutual insured" in the Underlying Action "under a reservation of rights". However, to the extent that the lead counsel retained by the insured and funded by Travelers to defend the Underlying Action was licensed in Virginia and not California, NEW YORK MARINE denies the allegation therein that Travelers' "reservation of rights and California law" imposed any obligation on

Travelers to provide a defense to the insured through independent counsel, whether under *San Diego Navy Federal Credit Union v. Cumis Insurance Society,* 162 Cal.App.3d 358 (1984), Civil Code § 2860, and/or Civil Code § 1646, since under Virginia law, even when retained by an insurer defense counsel has only the insured as a client, and so no conflict exists which would trigger the insured's right to independent counsel under Civil Code § 2860, as previously held by this Court in its January 6, 2022 Order. Nevertheless, responding to that allegation, NEW YORK MARINE admits that Travelers "offered to pay for independent defense counsel of the mutual insured's own selection" and consequently assumed a duty to provide independent counsel to the insured. NEW YORK MARINE further denies the allegation therein that "Travelers offered to pay for independent defense counsel of the mutual insured's own selection, subject to the rate limitations of California Civil Code section 2860", since Travelers instead agreed to pay independent counsel its substantially higher hourly rates, and only subsequently required that independent counsel accept "the rate limitations of California Civil Code section 2860" in or about May 2021. Subject to the foregoing, NEW YORK MARINE admits the allegation therein that "Travelers has paid the fees of the mutual insured's independent defense counsel", but lacks sufficient information to determine whether Travelers has paid all or merely some portion of such fees, and consequently denies the allegations to the extent they impliedly allege that Travelers has paid 100% of all fees and costs incurred to date.

11.     Answering Paragraph 11, NEW YORK MARINE admits the allegation therein that it "accepted its obligation to defend the insured under a reservation of rights", but denies the remaining allegations therein that its "reservation of rights triggered the mutual insured's right to independent counsel under California law, under the holding of *Cumis,* Civil Code Section 2860, and Civil Code section 1646", since, as the Court concluded in its January 6, 2022 Order, the reservation of rights issued by NEW YORK MARINE is a "general" reservation of rights which "is not

1  sufficient to create a duty on the insurer to provide independent counsel". NEW
2  YORK MARINE further denies the allegation since, as also held by the Court in its
3  January 6, 2022 Order, "under California law [NEW YORK MARINE] would not
4  have such obligation because the Virginia lawyer [retained by NEW YORK
5  MARINE] – whose professional conduct is unquestionably governed/measured by
6  Virginia law – has no undivided loyalty."

7         12.    Answering Paragraph 12, NEW YORK MARINE denies the allegations
8  therein that its "reservation of rights letter—like Travelers' reservation of rights
9  letter—indicated that indemnity coverage could be denied based on the insured's
10 knowledge and / or intent with respect to the alleged events giving rise to the
11 Underlying Action", since as held by the Court in its January 6, 2022 Order, the
12 reservation of rights issued by NEW YORK MARINE is a "general" reservation of
13 rights which "is not sufficient to create a duty on the insurer to provide independent
14 counsel". NEW YORK MARINE further denies the allegation since, as also held by
15 the Court in its January 6, 2022 Order, "under California law [NEW YORK
16 MARINE] would not have such obligation because the Virginia lawyer [retained by
17 NEW YORK MARINE] – whose professional conduct is unquestionably
18 governed/measured by Virginia law – has no undivided loyalty."

19        13.    Answering Paragraph 13, NEW YORK MARINE admits that it "did not
20 agree to provide the mutual insured with independent defense counsel", but to the
21 extent the allegations therein imply that it had an obligation to do so, denies such
22 obligation since as held by the Court in its January 6, 2022 Order, the reservation of
23 rights issued by NEW YORK MARINE is a "general" reservation of rights which "is
24 not sufficient to create a duty on the insurer to provide independent counsel". NEW
25 YORK MARINE further denies the allegation since, as also held by the Court in its
26 January 6, 2022 Order, "under California law [NEW YORK MARINE] would not
27 have such obligation because the Virginia lawyer [retained by NEW YORK
28 MARINE] – whose professional conduct is unquestionably governed/measured by

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Virginia law – has no undivided loyalty."

14.     Answering Paragraph 14, NEW YORK MARINE denies the allegations therein.

15.     Answering Paragraph 15, NEW YORK MARINE admits the allegations therein, and observes that its position was confirmed correct by the Court as reflected in its January 6, 2022 Order holding that NEW YORK MARINE's reservation of rights letter did not trigger the insured's right to independent "*Cumis*" counsel under Civil Code § 2860.

16.     Answering Paragraph 16, NEW YORK MARINE denies the allegations therein, and in particular, denies that NEW YORK MARINE was engaged in any "scheme" to deny the insured's rights—a position again confirmed correct by the Court as reflected in its January 6, 2022 Order holding that NEW YORK MARINE's reservation of rights letter did not trigger the insured's right to independent "*Cumis*" counsel under Civil Code § 2860.

17.     Answering Paragraph 17, NEW YORK MARINE admits the allegations therein to the extent that it appointed defense counsel, but denies the allegation to the extent it alleges that the insured opposed retention of the counsel so-appointed by NEW YORK MARINE inasmuch as the counsel which NEW YORK MARINE appointed *had originally been retained by the insured* to represent her in the defense of the Underlying Action.

18.     Answering Paragraph 18, NEW YORK MARINE denies the allegations therein that it "ha[d] its appointed counsel do next to nothing and 'piggy-back' on the work of the mutual insured's independent defense counsel, paid for by Travelers", as NEW YORK MARINE in fact intended and instructed its appointed defense counsel to act as "lead counsel" with respect to the defense of the Underlying Action. NEW YORK MARINE further denies the allegation since any failure of appointed counsel to participate fully in the defense of the insured was the result of the affirmative refusal of independent counsel retained by the insured and funded by Travelers to

7

cooperate with, and its active obstruction of, the participation of NEW YORK MARINE's appointed counsel.

19. Answering Paragraph 19, NEW YORK MARINE generally admits the allegation therein, and denies the same only to the extent that counsel withdrew on November 6, 2020, rather than November 20, 2020.

20. Answering Paragraph 20, NEW YORK MARINE generally admits the allegations therein, and denies the same only to the extent that counsel withdrew on November 6, 2020, rather than November 20, 2020. NEW YORK MARINE further denies the allegation therein to the extent that the allegation does not reflect that NEW YORK MARINE's agreement was subject to a reservation of all of NEW YORK MARINE'S rights.

21. Answering Paragraph 21, NEW YORK MARINE denies the allegation that "Travelers acknowledged [NEW YORK MARINE'S] agreement", but admits the allegation that Travelers demanded that NEW YORK MARINE reimburse Travelers for sums incurred by independent counsel retained by the insured and funded by Travelers from the date of the insured's tender; however, NEW YORK MARINE further denies the allegations therein to the extent that appointed defense counsel withdrew from the defense on November 6, 2020, rather than November 20, 2020.

22. Answering Paragraph 22, NEW YORK MARINE denies the allegation therein as NEW YORK MARINE has previously paid Travelers the sum of $621,693.43.

23. Answering Paragraph 23, NEW YORK MARINE denies the allegation therein as NEW YORK MARINE has previously paid Travelers the sum of $621,693.43.

24. Answering Paragraph 24, NEW YORK MARINE acknowledges that it extended a defense to the mutual insured subject to a reservation of its rights—as Travelers itself has done—and so denies the allegation therein to the extent that it implies that NEW YORK MARINE's provision of a defense pursuant to routine and

8

legally-recognized reservation of its rights—just like Travelers has done—somehow reflects a "scheme" or a deliberate intent by NEW YORK MARINE to *wrongfully* deny the insured the benefit of the NEW YORK MARINE policy. NEW YORK MARINE further denies that it has "indicated" any particular position to the insured, to Travelers, or to any other person or entity, with respect to the coverage available to the insured, including the availability or non-availability of indemnity for the insured, beyond the "general" reservation of rights pursuant to which it originally assumed the insured's defense as acknowledged in the Court's January 6, 2022 Order. In addition, NEW YORK MARINE denies the remaining allegations of paragraph 24 in their entirety.

25.     Answering Paragraph 25, NEW YORK MARINE denies the allegation therein "that its defense obligations should be determined under the law of Virginia", as New York Marine's position is that it is the relationship between the insured, the insured's Virginia-based and licensed defense counsel, and the insurer which is governed by Virginia law, for purposes of ascertaining NEW YORK MARINE's obligations under California law.

26.     Answering Paragraph 26, NEW YORK MARINE submits that the allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but nevertheless denies the allegations therein to the extent they relate the substance of the dispute at hand.

27.     Answering Paragraph 27, NEW YORK MARINE denies the allegations therein.

28.     Answering Paragraph 28, NEW YORK MARINE admits the allegations therein.

29.     Answering Paragraph 29, NEW YORK MARINE restates the admissions and denials previously set forth in paragraphs 1- 28 as appropriate.

30.     Answering Paragraph 30, NEW YORK MARINE submits that the allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

admits that a present controversy exists between Travelers and NEW YORK MARINE as to NEW YORK MARINE'S obligations with respect to the defense of the insured in the Underlying Action and as to Travelers' entitlement to recovery from NEW YORK MARINE of sums incurred by Travelers in connection with the defense provided through independent counsel retained by the insured and funded by Travelers.

31.     Answering Paragraph 31, NEW YORK MARINE admits the allegation of subpart a. therein that it originally had a duty to defend the insured except to the extent otherwise excused. However, NEW YORK MARINE denies that it has an ongoing obligation to defend the insured in light of: (1) the insured's refusal of the defense properly provided by NEW YORK MARINE through appointed defense counsel; and/or (2) the refusal of independent counsel retained by the insured and funded by Travelers to cooperate with or facilitate the participation of defense counsel appointed by NEW YORK MARINE, and Travelers' unclean hands with respect to that lack of cooperation including by way of its failure to require that independent counsel which it approved and appointed cooperate with and facilitate the active participation of NEW YORK MARINE's appointed counsel in the defense.

Answering subpart b. therein, NEW YORK MARINE denies the allegation that it had or has any duty to provide defense through "independent counsel of the insured's choosing", since as held by the Court in its January 6, 2022 Order, the reservation of rights issued by NEW YORK MARINE is a "general" reservation of rights which "is not sufficient to create a duty on the insurer to provide independent counsel". NEW YORK MARINE further denies the allegation since, as also held by the Court in its January 6, 2022 Order, "under California law [NEW YORK MARINE] would not have such obligation because the Virginia lawyer [retained by NEW YORK MARINE] – whose professional conduct is unquestionably governed/measured by Virginia law – has no undivided loyalty."

Answering subpart c. therein, NEW YORK MARINE denies the allegations

10

that it breached its duty to defend, either by refusing to provide the insured "with independent defense counsel of the insured's choosing", or by "failing to provide [the insured] an adequate defense", and further denies that allegations that it breached the duty to defend by "not paying its attorneys to do adequate work to defend the insured and not replacing its chosen Virginia attorneys at all when they withdrew from the defense". Answering subpart d. therein, NEW YORK MARINE further denies the allegations therein. Furthermore, answering subpart e. therein, NEW YORK MARINE denies that it "has an obligation to pay [at] least half of the fees, costs, and expenses incurred by independent defense counsel on a going forward basis" to the extent that NEW YORK MARINE may provide a defense to the insured through counsel it appoints, and/or to the extent that its ongoing obligation to provide a defense to the insured has been excused in light of: (1) the insured's refusal of the defense properly provided by NEW YORK MARINE through appointed defense counsel; and/or (2) the refusal of independent counsel retained by the insured and funded by Travelers to cooperate with or facilitate the participation of defense counsel appointed by NEW YORK MARINE, and Travelers' unclean hands with respect to that lack of cooperation including by way of its failure to require that independent counsel which it approved and appointed cooperate with and facilitate the active participation of NEW YORK MARINE's appointed counsel in the defense.

32. Answering Paragraph 32, NEW YORK MARINE submits that the allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but admits that a present controversy exists between Travelers and NEW YORK MARINE as to NEW YORK MARINE'S obligations with respect to the defense of the insured in the Underlying Action and as to Travelers' entitlement to recovery from NEW YORK MARINE of sums incurred by TRAVELERS in connection with the defense provided through independent counsel retained by the insured and funded by Travelers.

33. Answering Paragraph 33, NEW YORK MARINE submits that the

11

allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but admits that a present controversy exists between Travelers and NEW YORK MARINE as to NEW YORK MARINE'S obligations with respect to the defense of the insured in the Underlying Action and as to Travelers' entitlement to recovery from NEW YORK MARINE of sums incurred by TRAVELERS in connection with the defense provided through independent counsel retained by the insured and funded by Travelers.

34. Answering Paragraph 34, NEW YORK MARINE submits that the allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but otherwise denies Travelers' entitlement to the relief requested therein.

35. Answering Paragraph 35, NEW YORK MARINE restates the admissions and denials previously set forth in paragraphs 1-28 and 30-34 above as appropriate.

36. Answering Paragraph 36, NEW YORK MARINE admits the allegation therein that Travelers and NEW YORK MARINE "each owe the insured a defense in the Underlying Action". However, NEW YORK MARINE denies that it has an ongoing obligation to defend the insured in light of: (1) the insured's refusal of the defense properly provided by NEW YORK MARINE through appointed defense counsel; and/or (2) the refusal of independent counsel retained by the insured and funded by Travelers to cooperate with or facilitate the participation of defense counsel appointed by NEW YORK MARINE, and Travelers' unclean hands with respect to that lack of cooperation including by way of its failure to require that independent counsel which it approved and appointed cooperate with and facilitate the active participation of NEW YORK MARINE's appointed counsel in the defense.

37. Answering Paragraph 37, NEW YORK MARINE has insufficient information to admit or deny the allegations therein, and therefore denies the same.

38. Answering Paragraph 38, NEW YORK MARINE denies the allegations therein.

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

39.     Answering Paragraph 39, NEW YORK MARINE admits the allegations therein.

40.     Answering Paragraph 40, NEW YORK MARINE denies the allegations that it "owes but [] has refused to reimburse Travelers or pay any fees of the mutual insured's independent defense counsel" inasmuch as it has previously paid to Travelers the sum of   $621,693.43. New York Marine further denies that it "committed to participate in the defense and split the fees and costs incurred by independent counsel on and after November 20, 2020" inasmuch as any agreement made by NEW YORK MARINE was made pursuant to an express reservation of its rights; consequently, NEW YORK MARINE further denies the allegation on the grounds that any obligation to defend or to reimburse Travelers for the costs of such defense has been excused by both Travelers' unclean hands and by the Insured's refusal of the defense provided by NEW YORK MARINE.

41.     Answering Paragraph 41, NEW YORK MARINE submits that the allegation requires no response under Federal Rules of Civil Procedure, Rule 12, but otherwise denies Travelers' entitlement to the relief requested therein.

WHEREFORE, NEW YORK MARINE denies the allegations set forth and dispute Travelers claim for relief as set forth in the First Amended Complaint's prayer for relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

42.     As a first, separate defense to all claims for relief alleged in the First Amended Complaint, NEW YORK MARINE alleges as to each and every cause of action and claim that  Plaintiff's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

43.     As a second, separate defense, the First Amended Complaint and each of its causes of action are barred because Plaintiff lacks standing to assert the claims

therein.

## THIRD AFFIRMATIVE DEFENSE

44.    As a third, separate defense, the First Amended Complaint and each of its causes of action are barred because Plaintiff has failed to name and join all necessary parties.

## FOURTH AFFIRMATIVE DEFENSE

45.    As a fourth, separate defense to all claims for relief alleged in the First Amended Complaint, NEW YORK MARINE alleges that it acted in accordance with the terms of its policy and applicable law and that Plaintiff and/or its insured are not entitled to benefits under the policy because the insured has failed to satisfy conditions precedent to coverage, including by failing to cooperate with NEW YORK MARINE and its appointed defense counsel.

## FIFTH AFFIRMATIVE DEFENSE

46.    As a fifth, separate defense, the First Amended Complaint and each of its causes of action are barred because NEW YORK MARINE has reasonably performed and discharged in good faith each and every obligation, if any, owed to the insured and/or to Travelers.

## SIXTH AFFIRMATIVE DEFENSE

47.    As a sixth, separate defense, the First Amended Complaint and each of its causes of action are barred because all of NEW YORK MARINE's actions with respect to Plaintiff and the insured were done in good faith and/or in a manner consistent with business necessity.

## SEVENTH AFFIRMATIVE DEFENSE

48.    As a seventh, separate defense, the First Amended Complaint and each of its causes of action are barred, in whole or in part, because NEW YORK MARINE did not, either directly, legally, or proximately cause and/or contribute to Plaintiff's alleged damages, injuries, or losses.

///

**EIGHTH AFFIRMATIVE DEFENSE**

49.     As an eighth, separate defense, the First Amended Complaint and each of its causes of action are barred, in whole or in part, by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

50.     As a ninth, separate defense, the First Amended Complaint and each of its causes of action are barred, in whole or in part, by Travelers' "unclean hands." Specifically, any failure by NEW YORK MARINE'S appointed defense counsel to fully participate in the defense of the insured up to and including its withdrawal from the defense on November 6, 2020 resulted from the conduct of independent counsel appointed by the insured and funded by Travelers who affirmatively and deliberately refused to cooperate with and actively sought to obstruct, prevent and limit the participation of NEW YORK MARINE's appointed counsel (who was originally retained by the insured) in the insured's defense, and moreover, that Travelers either deliberately encouraged and fomented the conduct of independent counsel in affirmatively and deliberately refusing to cooperate with New York Marine's appointed counsel and actively sought to obstruct, prevent and limit their participation, and/or failed to insist that independent counsel cooperate with and facilitate the participation of NEW YORK MARINE's appointed defense counsel, including by failing to either bring an action to enforce independent counsel's obligation to cooperate with NEW YORK MARINE's appointed counsel as Travelers was entitled to do pursuant to Civil Code § 2860(f), or in the alternative, to decline to pay or delay payment of its invoices until its independent counsel did so.

NEW YORK MARINE further contends that Travelers has "unclean hands" because it has inhibited and sought to obstruct NEW YORK MARINE'S ongoing participation in the defense of the insured, including by failing to timely provide copies of status reports, invoices, billing audits and proofs of payment, despite NEW YORK MARINE's repeated requests to both Travelers and independent counsel for such documents and information, including by failing to either request such status

15

reports or to insist upon their provision as required of independent counsel under Civil Code §§ 2860(d) and (f), and/or by instructing and/or encouraging independent counsel to not share all or certain of such invoices, status reports and other relevant information with NEW YORK MARINE despite NEW YORK MARINE's repeated requests.

Accordingly, and on account of the foregoing conduct, NEW YORK MARINE contends that Travelers' claims and rights of recovery are barred in whole or in part.

### TENTH AFFIRMATIVE DEFENSE

51.    As a tenth, separate defense, the First Amended Complaint and each of its causes of action are barred, in whole or in part, to the extent that Plaintiff has failed to mitigate, minimize or avoid the harm for the claims alleged in this action, and any recovery against Defendant must, therefore, be reduced by the amount of any such costs and/or damages thereby incurred by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

52.    As an eleventh, separate defense, the First Amended Complaint and each of its causes of action are barred, in whole or in part, because any obligation of NEW YORK MARINE to Plaintiff and/or the insured has been excused.

### TWELFTH AFFIRMATIVE DEFENSE

53.    As a twelfth, separate defense, NEW YORK MARINE is entitled to an offset against any amount awarded to Plaintiff on account of the First Amended Complaint and each of its causes of action for sums already incurred by NEW YORK MARINE in the defense of the INSURED, and/or for sums already paid to Plaintiff.

### ADDITIONAL DEFENSES

54.    NEW YORK MARINE reserves the right to assert additional defenses based on information learned or obtained during discovery.

### PRAYER FOR RELIEF

WHEREFORE, NEW YORK MARINE prays as follows:

1.    That Plaintiff takes nothing by way of the First Amended Complaint on

16

file herein

2.     That in the event the Court determines that it should declare the rights and the duties of the parties as requested by Travelers' First Amended Complaint, that the Court declare that:

a.     NEW YORK MARINE has no duty to defend the mutual insured;

b.     That NEW YORK MARINE has no obligation to provide the insured with a defense with independent defense counsel of the insured's choosing;

c.     That NEW YORK MARINE has satisfied its duty to defend the insured in the UNDERLYING ACTION by appointing defense counsel to represent the INSURED, and that NEW YORK MARINE has not breached its duty to defend the insured by failing to provide it with an adequate defense, including by failing to pay attorneys fees to do adequate work to defend the insured or by not replacing its appointed retained attorneys at all when they withdrew from the defense;

d.     That NEW YORK MARINE has no obligation to reimburse Travelers for one half of the costs and expenses incurred by Travelers in the defense of the insured or any other amount; and

e.     That NEW YORK MARINE has no obligation to pay at least one half of the fees, costs and expenses incurred by independent counsel appointed by Travelers on a going-forward basis or any other amount.

3.     That the Court not enjoin NEW YORK MARINE from refusing to participate in the defense of the underlying action via independent counsel selected by the insured nor order NEW YORK MARINE pay at least 50% of the attorneys fees, costs and expenses incurred by independent counsel appointed by Travelers going forward or any other amount.

4.     That NEW YORK MARINE be awarded judgment in its favor on Plaintiff's First Amended Complaint.

5.     That NEW YORK MARINE be awarded its costs of suit; and

6.     That NEW YORK MARINE be awarded such other and further relief as

17

the court deems just and proper.

Dated:  March 25, 2022

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP


By: _____/s/ James P. Wagoner_____
James P. Wagoner
Lejf E. Knutson
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Defendant New York Marine and
General Insurance Company


## COUNTERCLAIM

Defendant and Counterclaimant New York Marine and General Insurance Company ("New York Marine") brings this Counterclaim against Plaintiff and Counter-Defendant Travelers Commercial Insurance Company ("Travelers") and alleges as follows:

## GENERAL ALLEGATIONS

### The Travelers Insurance Policy

1. Travelers issued homeowners policy no. 601627108 634 1 to the mutual insured for the policy period November 14, 2018 to November 14, 2019 (the "Travelers Policy"). The Travelers Policy was issued/delivered to the mutual insured in California. The coverage provided by the Travelers Policy extends to otherwise covered or potentially covered damages because of defamation. The Travelers policy promised a defense to any lawsuit seeking such damages.

2. New York Marine issued a commercial general liability policy, policy no. 201800012500, which provides coverage to the mutual insured for the policy period July 18, 2018 to July 18, 2019 (the "New York Marine Policy"). The New York Marine policy includes coverage for claims of "defamation" subject to its terms,

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

1   conditions and limitations.

2   **The Underlying Action**

3       3.      In or about March 2019, the mutual insured was sued in Virginia state

4   court ("the Underlying Action"). The Underlying Action seeks damages for

5   defamation. The Underlying Action states claims which are potentially within the

6   scope of both the Travelers and New York Marine Policies subject to the terms,

7   provisions and limitations of the New York Marine policy.

8   **New York Marine's Acceptance of the Insured's Defense**

9       4.      In or about September 4, 2019, the insured tendered the Underlying

10  Action to New York Marine.

11      5.      Upon information and belief, the insured also tendered the Underlying

12  Action to Travelers on or about September 4, 2019.

13      6.      On October 1, 2019, New York Marine accepted the insured's defense

14  subject to a reservation of its rights.

15      7.      New York Marine appointed the law firm Cameron McEvoy PLLC

16  ("Cameron McEvoy"), to defend the insured in the Underlying Action. At the time it

17  appointed Cameron McEvoy to represent the insured in the Underlying Action,

18  Cameron McEvoy was already representing the insured in that litigation, having been

19  previously retained by the insured.

20      8.      Cameron McEvoy is located in Fairfax, Virginia, and the attorneys

21  retained to defend the insured in the Underlying Action are licensed in, *inter alia,*

22  Virginia but not in California.

23      9.      In appointing Cameron McEvoy, New York Marine expressly instructed

24  that firm that it was to serve as "lead counsel" in the defense of the insured in the

25  Underlying Action.

26  **Travelers' Acceptance of the Insured's Defense**

27      10.     By way of an October 7, 2019 reservation of rights letter, Travelers

28  agreed to assume the insured's defense in the Underlying Action, subject to a

19

1  reservation of Travelers' rights as set forth therein.

2      11.    Travelers' October 7, 2019 reservation of rights letter offered to provide

3  the insured with independent counsel.

4      12.    Following Travelers' October 7, 2019 reservation of rights letter, the

5  insured retained and Travelers has funded the insured's defense through New York

6  based attorney Roberta Kaplan of the law firm Kaplan Hecker & Fink LLP

7  ("Kaplan").

8      13.    In or about June 2020, the insured replaced the Kaplan firm with

9  Virginia-based and licensed attorney Elaine Bredehoft of the law firm Charlson

10  Bredehoft Cohen Brown & Nadelhaft, P.C ("Charlson Bredehoft").

11      14.    Although Travelers has permitted the insured and both the Kaplan and

12  Charlson Bredehoft firms to retain and utilize other attorneys and firms to assist in the

13  representation of the insured, the Kaplan firm and, subsequently, the Charlson

14  Bredehoft firm, were the only firms funded by Travelers who were primarily

15  responsible for the insured's defense.

16      15.    Further, although Civil Code § 2860(c) states that "[t]he insurer's

17  obligation to pay fees to the independent counsel selected by the insured is limited to

18  the rates which are actually paid by the insurer to attorneys retained by it in the

19  ordinary course of business in the defense of similar actions in the community where

20  the claim arose or is being defended", Travelers did not enforce this requirement on

21  independent counsel retained by the insured and funded by Travelers. Instead,

22  Travelers permitted the independent counsel retained by the insured and funded by

23  Travelers to bill and receive payment at independent counsel's own usual and

24  customary rates—rates which are higher than "the rates which are actually paid by"

25  Travelers "to attorneys retained by it in the ordinary course of business in the defense

26  of similar actions in the community where the claim arose or is being defended".

27      16.    Specifically, in or about June 10, 2020, Travelers entered into an

28  agreement with independent counsel pursuant to which independent counsel was

20

DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

permitted to bill its usual and customary hourly rates, without limitation on those amounts, subject to a purported agreement that this would constitute a "capped fee of $2,500,000.00 through post-trial motions".

17.     As of February 2021, independent counsel had exhausted the purported fee cap of "$2,500,000", but trial remained more than a year away. Rather than holding independent counsel to the June 2020 agreement, on May 18, 2021 Travelers entered into a new agreement with independent counsel pursuant to which it vitiated the original purported "capped fee" and agreed to continue to pay independent counsel's ongoing fees and costs. On information and belief, by way of the new May 18, 2021 agreement, Travelers exercised its right under Civil Code § 2860 to limit payments to independent counsel to "the rates which are actually paid by" it "to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended", and then only on a going-forward basis.

18.     As a result, on information and belief, Travelers has incurred in excess of $5,000,000 in defense fees and costs in connection with the underlying action, far in excess of the amounts which Travelers was required to pay in light of the provisions of Civil Code § 2860(c) upon which it could have relied.

**The Conduct of the Underlying Defense**

19.     Following Travelers' and New York Marine's respective reservations of rights, Travelers and New York Marine, through the respective counsel funded by each, proceeded to defend the insured in the Underlying Action.

20.     However, independent counsel retained by the insured and funded by Travelers consistently refused to cooperate with Cameron McEvoy and deliberately obstructed and prevented Cameron McEvoy's active involvement in the defense of the insured. Specifically, independent counsel retained by the insured and funded by Travelers frequently omitted Cameron McEvoy and its attorneys from communications with the Court and  opposing counsel, and from case-related emails.

21

Independent counsel retained by the insured and funded by Travelers also frequently omitted and failed to notify or include Cameron McEvoy in discussions and consideration of case strategy and tactics, and frequently failed to include Cameron McEvoy in pleadings and notices, including by removing them from the pleadings, proofs of service, and other notices.

21.     In or about August 2020, the Charlson Bredehoft firm entered into a stipulation to continue trial without: (1) including Cameron McEvoy in discussions surrounding the stipulation; (2) notifying Cameron McEvoy that such a stipulation was contemplated; or (3) including Cameron McEvoy on the stipulation or related proofs of service; with the result that Cameron McEvoy learned of the stipulation and the Court's resulting Order through the Court's publicly available docket.

22.     Travelers has inhibited and obstructed New York Marine's ongoing participation in the defense of the insured by failing to timely provide copies of status reports, invoices, billing audits and proofs of payment, despite New York Marine's requests to Travelers and independent counsel for such documents and information, including by failing to either request that independent counsel provide such status reports, by failing to insist upon their provision as required of independent counsel under Civil Code §§ 2860(d) and (f), and/or by instructing and/or encouraging independent counsel to not share all or certain of such invoices, status reports, and relevant information with New York Marine despite New York Marine's requests.

23.     Travelers was aware that the independent counsel which it was funding refused to cooperate with or facilitate the Cameron McEvoy firm's participation in the defense.

24.     Indeed, in a March 21, 2020 email to attorney Sean Roche of Cameron McEvoy, Pamela Johnson, Travelers' Assistant Vice President, Claim Professional, Intellectual Property, Business Torts, who was responsible for handling the Underlying Action on behalf of Travelers, expressly acknowledged that she had spoken to independent counsel "about billing, sharing the work, etc." and stated that

1  her conversation with independent counsel "did not go well".

2      25.    Notwithstanding Travelers' March 2020 conversation with them,

3  independent counsel continued to refuse to cooperate with or facilitate Cameron

4  McEvoy's active participation in the defense of the Underlying Action.

5      26.    Travelers thereafter both failed to insist that independent counsel

6  cooperate with and facilitate the full and active participation of the Cameron McEvoy

7  firm in the defense of the insured in the Underlying Action and to enforce independent

8  counsel's cooperation with Cameron McEvoy as it was authorized to do under Civil

9  Code § 2860(f).

10     27.    As a result of independent counsel's refusal to cooperate with or

11  facilitate its active participation in the defense of the Underlying Action and

12  Travelers' failure to obtain or require its cooperation, on November 6, 2020, the

13  Cameron McEvoy firm withdrew from its representation of the insured in that action.

14  **<u>FIRST CAUSE OF ACTION – DECLARATORY RELIEF – NEW YORK</u>**

15  **<u>MARINE DID NOT OWE A DUTY TO DEFEND THE INSURED</u>**

16  **<u>THROUGH INDEPENDENT COUNSEL</u>**

17  **(Against Travelers)**

18     28.    New York Marine hereby incorporates by reference paragraphs 1-27 of

19  this Counterclaim as though fully set forth and alleged herein.

20     29.    Under California law, a "general" reservation of an insurer's rights does

21  not trigger an insured's right to independent counsel.

22     30.    Under Virginia law, insurer-appointed defense counsel only has the

23  insured for a client.

24     31.    Virginia does not apply any legal presumption that defense counsel

25  retained an insurer to defend an insured under a reservation of rights will do anything

26  in the conduct of the insured's defense which is inconsistent with the insured's

27  interests.

28     32.    New York Marine's October 1, 2019 reservation of rights did not trigger

23

any right in the insured to independent counsel since, as the Court concluded in its January 6, 2022 Order, the reservation of rights issued by New York Marine is a "general" reservation of rights which "is not sufficient to create a duty on the insurer to provide independent counsel".

33.     Additionally, because the Underlying Action is litigated in Virginia state court and the Cameron McEvoy firm and the attorneys appointed by New York Marine to defend the insured in the Underlying Action are licensed in Virginia but not in California, no conflict existed between the insured, defense counsel, and New York Marine, and consequently New York Marine's reservation of rights did not trigger a right in the insured to independent counsel under Civil Code § 2860 because no conflict existed between them under Virginia law.

34.     Accordingly, New York Marine did not owe a duty to defend the insured through independent counsel because: (1) its reservation of rights did not trigger the right to independent counsel as a matter of California law since, as the Court concluded in its January 6, 2022 Order, the reservation of rights issued by New York Marine is a "general" reservation of rights which "is not sufficient to create a duty on the insurer to provide independent counsel"; and (2) because under Virginia law, the Virginia-licensed attorneys of the Cameron McEvoy firm which New York Marine appointed to defend the insured could have no conflict, no obligation to defend the insured through independent counsel was triggered under California law, whether pursuant to Civil Code § 2860 or any other provision of California law.

35.     Because New York Marine's October 1, 2019 reservation of rights did not obligate it to provide the insured with independent counsel in connection with the Underlying Action, New York Marine, by providing a defense in the Underlying Action through appointed counsel the Cameron McEvoy firm, did not fail to defend the insured.

36.     New York Marine is informed and believes based on the allegations of Travelers' First Amended Complaint herein, as well as the discussions,

24

correspondence, and documents exchanged between New York Marine and Travelers, that Travelers disputes each of the foregoing contentions, and that accordingly, an actual, justiciable controversy exists between New York Marine and Travelers as to these matters.

37.     Wherefore, New York Marine is entitled to a declaration that it owed no duty to defend the insured in the Underlying Action through independent counsel both because: (1) its reservation of rights did not trigger the insured's right to independent counsel as a matter of California law since, as the Court concluded in its January 6, 2022 Order, the reservation of rights issued by New York Marine is a "general" reservation of rights which "is not sufficient to create a duty on the insurer to provide independent counsel"; and (2) because under Virginia law the Virginia-licensed attorneys of the Cameron McEvoy firm which New York Marine appointed to defend the insured could have no conflict of interest in representing the insured upon their appointment by New York Marine, New York Marine had no obligation to defend the insured through independent counsel under California law, whether pursuant to Civil Code § 2860, or any other provision of California law.

**SECOND CAUSE OF ACTION – DECLARATORY RELIEF – NEW YORK MARINE DID NOT FAIL TO PROVIDE A DEFENSE TO ITS INSURED**

**(Against Travelers)**

38.     New York Marine hereby incorporates by reference paragraphs 1-37 of this Counterclaim as though fully set forth and alleged herein.

39.     New York Marine's October 1, 2019 reservation of rights did not give rise to any obligation to provide the insured with  independent counsel in connection with the defense of the Underlying Action.

40.     Because New York Marine's October 1, 2019 reservation of rights did not give rise to any obligation to provide the insured with  independent counsel in connection with the defense of the Underlying Action, New York Marine did not breach any obligation to the insured or to Travelers by providing a defense to the

insured through appointed counsel, the Cameron McEvoy firm who was originally obtained by the insured.

41.     New York Marine is informed and believes based on the allegations of Travelers' First Amended Complaint herein, as well as the discussions, correspondence and documents exchanged between New York Marine and Travelers, that Travelers disputes each of the foregoing contentions, and that accordingly, an actual, justiciable controversy exists between New York Marine and Travelers as to these matters.

42.     Wherefore, New York Marine is entitled to a declaration that it did not breach any duty to the insured or to Travelers by defending the insured through appointed counsel, the Cameron McEvoy firm who was originally retained by the insured.

## THIRD CAUSE OF ACTION – DECLARATORY RELIEF – REIMBURSEMENT

### (Against Travelers)

43.     New York Marine hereby incorporates by reference paragraphs 1-42 of this Counterclaim as though fully set forth and alleged herein.

44.     From the outset of New York Marine's participation in the defense of the insured, Travelers has wrongfully contended that New York Marine owed a duty to defend the insured through independent counsel, and in particular, that New York Marine reimburse Travelers for 50% of the fees and costs it incurred in funding independent counsel retained by the insured, and thereafter participate with it in funding independent counsel on a 50/50 basis going forward.

45.     In agreeing to defend the insured through independent counsel, Travelers failed or refused to exercise its right to limit amounts paid to independent counsel to "the rates which are actually paid by" Travelers "to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended", instead entering into improvident agreements

26

with independent counsel pursuant to which independent counsel was permitted to charge, and Travelers paid, higher rates and fees than the rates and fees which Travelers could have limited counsel to under Civil Code § 2860(c), and then ultimately failed even to enforce what limitations on independent counsel's fees were contained in its agreements with independent counsel.

46.     Travelers was aware that independent counsel consistently refused to cooperate with or facilitate the participation of New York Marine's appointed counsel, the Cameron McEvoy firm, in the defense of the insured, but whether through its negligence, indifference, or as part of a deliberate scheme to obtain New York Marine's participation with it in its ill-conceived and improvident agreements with independent counsel, Travelers failed to insist upon and obtain independent counsel's agreement to cooperate with and facilitate the full and active participation of the Cameron McEvoy firm in the defense of the insured, including by withholding payment of some or all of independent counsel's fees, by bringing an action for declaratory relief against independent counsel, or by seeking an injunction against independent counsel as it was permitted to do under Civil Code § 2860(f) to enforce independent counsel's obligation to cooperate with Cameron McEvoy and facilitate its participation in the defense of the insured.

47.     As a result of the inequitable conduct of Travelers, the Cameron McEvoy firm withdrew from the insured's defense in the Underlying Action on November 6, 2020.

48.     Following the November 6, 2020 withdrawal of the Cameron McEvoy firm from the insured's defense in the Underlying Action, New York Marine, subject to a reservation of rights, has to date paid Travelers at least the sum of $621,693.43, reflecting 50% of the fees and costs incurred by independent counsel from November 6, 2020 through February 28, 2021.

49.     Nevertheless, despite numerous and repeated requests from New York Marine, neither Travelers nor independent counsel has provided New York Marine

with copies of all status reports, invoices, billing audits, and related materials reflecting all amounts incurred by independent counsel and/or paid by Travelers to independent counsel since November 6, 2020, nor has New York Marine received status updates or other documents reflecting all the work performed by independent counsel since that date.

50.    Travelers' conduct in entering into improvident agreements with independent counsel under which Travelers agreed to pay independent counsel amounts in excess of the amounts Travelers was obligated to pay under Civil Code § 2860(c), in failing to enforce limitations in its agreements with independent counsel, in failing to require that independent counsel—whether voluntarily or otherwise— cooperate with and facilitate the Cameron McEvoy firm's full and active participation in the defense of the Underlying Action, and in failing provide New York Marine with copies of all relevant reports, invoices, and other documents reflecting the work performed and the fees and costs incurred by independent counsel, amounts to "unclean hands" which should bar, in whole or in part, any right of Travelers to recover amounts from New York Marine, including for fees and costs incurred by Travelers to defend the insured after the November 6, 2020 withdrawal of the Cameron McEvoy firm from the insured's defense, including sums for which New York Marine, under reservation of rights, has reimbursed Travelers.

51.    Under California law, where an insurer properly offers a defense through appointed counsel, and the insured refuses the defense, neither the insured nor other insurers which fund the insured's defense may recover from the non-participating insurer for sums incurred to defend and/or indemnify the insured.

52.    The refusal of independent counsel to cooperate with or facilitate the active participation of Cameron McEvoy in the defense of the Underlying Action and Travelers' failure to obtain or enforce independent counsel's cooperation with Cameron McEvoy, which resulted in Cameron McEvoy's withdrawal from the defense, amounts to a "refusal" by the insured and/or Travelers of the defense

1  rightfully extended by New York Marine and unclean hands by Travelers.

2       53.    Because of the insured's and Travelers' "refusal" of the defense offered
3  by New York Marine and Travelers' unclean hands, Travelers is not entitled to any
4  recovery for amounts incurred by it in the defense of the Underlying Action.

5       54.    As such, New York Marine is entitled to recover the sum of $621,693.43
6  previously paid to Travelers on or about January 18, 2022 under reservation of rights,
7  in reimbursement of 50% of the defense fees incurred by independent counsel and
8  paid by Travelers for the period from Cameron McEvoy's withdrawal on November
9  6, 2020 through February 28, 2021, under reservation of New York Marine's rights,
10 as well as interest on that amount from January 18, 2022.

11      55.    New York Marine is also entitled to recover any additional amounts
12 which it may pay to Travelers on account of defense fees incurred following the
13 withdrawal of the Cameron McEvoy firm, as well as interest on those amounts from
14 the date of payment by New York Marine.

15      56.    New York Marine is informed and believes, based on the allegations of
16 Travelers' First Amended Complaint herein as well as the discussions,
17 correspondence, and documents exchanged between New York Marine and Travelers,
18 that Travelers disputes each of the foregoing contentions, and that accordingly, an
19 actual, justiciable controversy exists between New York Marine and Travelers as to
20 these matters.

21      57.    Wherefore, New York Marine is entitled to a declaration that: (1) New
22 York Marine is entitled to reimbursement of the $621,693.43 previously paid to
23 Travelers on or about January 18, 2022 under reservations, plus interest from that
24 date; (2) that New York Marine is entitled to reimbursement of any additional
25 amounts paid to Travelers in reimbursement of defense fees and costs incurred after
26 the November 6, 2020 withdrawal of Cameron McEvoy, plus interest from the date
27 of such payment(s) by New York Marine; and (3) that Travelers is not entitled to
28 recover any additional sums from New York Marine for costs incurred by independent

counsel in the defense of the underlying action after November 6, 2022.

## **PRAYER FOR RELIEF**

WHEREFORE, NEW YORK MARINE prays as follows:

1.     That it be awarded judgment in its favor on all of the causes of action set forth herein including for an award of damages in the amount of $621,693.43 plus interest from January 18, 2022;

2.     For a declaration that it did not owe any duty to provide the insured with independent counsel;

3.     For a declaration that it did not breach any duty to the insured or to Travelers by defending the insured through appointed counsel originally selected by the insured;

4.     For a declaration that in entering into improvident agreements with independent counsel under which Travelers agreed to pay independent counsel amounts in excess of the amounts Travelers was obligated to pay under Civil Code § 2860(c), in failing to enforce limitations in its agreements with independent counsel, and in failing to obtain or enforce independent counsel's cooperation with Cameron McEvoy and facilitate its full and active participation in the defense of the Underlying Action, as Travelers was entitled to do under Civil Code § 2860(f), and in failing to provide New York Marine with copies of all relevant reports, invoices, and other documents reflecting the work performed and fees and costs incurred by independent counsel, that Travelers engaged in inequitable conduct and has "unclean hands" which completely bar, in whole or in part, any claim which Travelers has for recovery of defense fees which it incurred following the November 6, 2020 withdrawal of the Cameron McEvoy firm from the insured's defense in the Underlying Action;

5.     For a declaration that: (1) that New York Marine is entitled to reimbursement of any additional amounts paid to Travelers in reimbursement of defense fees and costs incurred after the November 6, 2020 withdrawal of Cameron McEvoy, plus interest from the date of such payment(s) by New York Marine; and

30

(2) Travelers is not entitled to recover any additional sums from New York Marine for costs incurred by independent counsel in the defense of the underlying action after November 6, 2022;

6.    That it be awarded its costs of suit;

7.    For interest;

8.    For such other and further relief as the Court deems just and proper.

Dated:  March 25, 2022                    McCORMICK, BARSTOW, SHEPPARD,
                                                              WAYTE & CARRUTH LLP

                                        By:        /s/ James P. Wagoner
                                                    James P. Wagoner
                                                    Lejf E. Knutson
                                                    Nicholas H. Rasmussen
                                                    Graham A. Van Leuven
                                        Attorneys for Defendant New York Marine and
                                                    General Insurance Company

## **JURY DEMAND**

Defendant and Counterclaimant NEW YORK MARINE hereby demands a jury trial to the fullest extent facilitated by law.

Dated:  March 25, 2022                    McCORMICK, BARSTOW, SHEPPARD,
                                                              WAYTE & CARRUTH LLP

                                        By:        /s/ James P. Wagoner
                                                    James P. Wagoner
                                                    Lejf E. Knutson
                                                    Nicholas H. Rasmussen
                                                    Graham A. Van Leuven
                                        Attorneys for Defendant New York Marine and
                                                    General Insurance Company

8239080.1

31

## PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

On March 25, 2022, I served true copies of the following document(s) described as **DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 25, 2022, at Fresno, California.

*/s/ Marisela Taylor*
Marisela Taylor