UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE GEORGE WU

UNITED STATES DISTRICT JUDGE PRESIDING

- - -

| | |
|---|---|
| Travelers Commercial Insurance Company, | ) ) |
| PLAINTIFF, | ) ) |
| VS. | ) NO. CV 21-5832 GW ) |
| New York Marine and General Insurance Company, | ) ) |
| DEFENDANT, | ) ) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

THURSDAY, FEBRUARY 17, 2022

_____

KATIE E. THIBODEAUX, CSR 9858
U.S. Official Court Reporter
Suite 4311
350 West 1st Street
Los Angeles, CA  90012

```
 1   APPEARANCES OF COUNSEL:

 2

 3   FOR PLAINTIFF:

 4   CATES PETERSON LLP
     BY:  MARK PETERSON
 5   4100 Newport Place
     Suite 230
 6   Newport Beach, CA  92660

 7

 8   FOR DEFENDANT:

 9   MCCORMICK BARSTOW
     BY:  JAMES P. WAGONER
10   -and- NICHOLAS H. RASMUSSEN
     McCormick Barstow
11   7647 N. Fresno St.
     Fresno, CA 93720
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1     LOS ANGELES, CALIFORNIA; THURSDAY, FEBRUARY 17, 2022

2                            8:47 A.M.

3                            - - - - -

4

5

6        (The following proceedings were conducted via

7         teleconference:)

8         THE COURT:  Let me call the matter of Travelers

9   Commercial Insurance versus New York Marine.

10            For the plaintiff, we have?

11        MR. PETERSON:  Good morning, your Honor.  Mark

12  Peterson.

13        THE COURT:  And for the defense, we have?

14        MR. WAGONER:  James Wagoner and Nick Rasmussen,

15  your Honor.

16        THE COURT:  Good morning, gentlemen.

17            We are here on a continuation of the motion to

18  dismiss.  Let me just summarize my view at this point in

19  time, and then I will allow the parties to speak.

20            I saw the supplemental filings, but, looking

21  at everything in the file, these are my thoughts.  You

22  know, the plaintiff has two causes of action, one for

23  declaratory relief and the other for equitable

24  contribution of defense expenses including obviously

25  attorney's fees.

1        And my view is that the first amended
2   complaint provides two bases for those causes of action.
3   Although, frankly, the declaratory judgment, I think
4   declaratory judgment is simply seeking the equitable
5   contribution or findings in regards to the equitable
6   contribution issue.  But the two theories that I find
7   that are the bases for those claims are, one, the
8   obligation to provide Cumis counsel on the part of the
9   defendant, and, two, the supposed -- I don't know how to
10  quite characterize it -- the supposed defense arrangement
11  such that its Virginia counsel would more or less
12  piggyback or ride on the coat tails or not do what it is
13  supposed to have done but simply rely on the Cumis
14  counsel that was provided by the plaintiff.
15       And, as to the first of those theories, my
16  ruling on the motion to dismiss more or less found in
17  favor of the defendant on the point because I held that
18  the defendant was not obligated to appoint Cumis counsel.
19  And, as to the second, that is an issue that my tentative
20  did not firmly address, and that was the basis of the
21  supplemental filings.
22       You know, at this point in time, I would find
23  that the first amended complaint sufficiently alleges
24  that theory as a basis for the plaintiff's claims, but I
25  would have two provisos on that.  One is that I would

1    note that if the -- the plaintiff's theory on that is
2    something that is either intentional or reckless.  If it
3    is a situation where the Virginia counsel merely
4    performed inadequately or something of that sort without
5    any prearrangement beforehand, then the plaintiff
6    wouldn't have any standing, and there would be also no
7    basis for an equitable subrogation, sorry, equitable
8    contribution contention.  So I would note that.
9            And the other proviso is that the plaintiff is
10   not making any other arguments or theories, not relying
11   on any other theories in its case in this matter, is it?
12   And that is a question for plaintiff's counsel.
13         MR. PETERSON:  Mark Peterson, your Honor.  Shall I
14   respond?
15         THE COURT:  Yes.
16         MR. PETERSON:  You noted two bases for the claim
17   for equitable contribution and dec relief.  One of them
18   is the obligation to provide Cumis counsel.  Your Honor
19   has decided that against plaintiff for the time being.
20           The other one is the defense arrangement to
21   allow defense counsel appointed by ProSight, the
22   defendant insurer, to not do much work, just piggy back
23   along.  The third one that your Honor missed in that
24   summary is that February 20 and ProSight's appointed
25   counsel withdrew.

```
 1          THE COURT:  I apologize.  You are absolutely
 2   right.  That, I did include in my original tentative.  I
 3   indicated that they had reached an agreement to pay
 4   for -- thereafter, in other words, once its Virginia
 5   counsel withdrew to pay for one half of those costs and
 6   expenses, and those supposedly have not been paid.  I
 7   understand that, and I agree with you.  That is a third
 8   element.
 9          MR. PETERSON:  Very good.  I wanted to draw your
10   Honor's attention to that.  Since your Honor is agreeing
11   that the first amended complaint states a cause of action
12   and the Cumis issue aside, I was just going to draw your
13   Honor's attention to the paragraphs that do take that
14   claim.  I think your Honor's summary makes that
15   unnecessary.
16          I would ask your Honor dismiss the motion on
17   that basis.  We have stated a cause of action.
18          THE COURT:  That is the thing I was going to
19   discuss with the parties at this point in time because it
20   seems to me that there is a question.  Am I going to
21   require yet another amended complaint, or is the amended
22   complaint sufficient as to the remaining claims?  And I
23   think that it is.
24          But the other problem is that I can't grant a
25   motion to dismiss on, you know, part of a cause of
```

1   action.  In other words, either I dismiss the claim or I
2   don't dismiss the claim.  So if I am not going to require
3   an amendment, what I would do is I would deny the motion
4   to dismiss but with my further statement that I am not
5   changing my view on the Cumis counsel issue.  And I will
6   not allow that to go to trial or to be litigated further
7   in the case.  That theory is ending now.
8          MR. PETERSON:  Mark Peterson, your Honor.
9              I understand that point, and your Honor's
10  opinion on it is very clear.  We will move forward with
11  the proviso that we understand that is the Court's view
12  and the case can move forward with that understanding.
13  Both causes of action survive.  Both causes of action are
14  based on failure to adequately defend before November,
15  2020, and the failure to defend at all after November of
16  2020.  So, with those understandings, we would move
17  forward.
18         THE COURT:  Okay.  Let me ask a response from the
19  defense.  Does the defense want to add anything at this
20  point?
21         MR. WAGONER:  Yes.  I would, your Honor.  This is
22  James Wagoner.  A couple of things.  During the hearing
23  on January 27th, you characterized Travelers' argument
24  that there was an intentional obstruction to
25  (unintelligible).  Travelers has disavowed that

1  allegation.  In its opposition --
2        THE COURT:  Let me stop you.  I saw your
3  opposition, but the problem I have is that at this point
4  in time it is a factual issue.  And I don't resolve
5  factual disputes in the course of a motion to dismiss.
6  Now, you can convert it to a motion for summary judgment
7  at any point in time.
8        You can make a motion for summary judgment on
9  the particular point, and I will entertain it then.  But
10 at that point, there will have to be, you know, formal
11 evidentiary submissions, and there will have to be a
12 statement of undisputed facts and a response to the
13 statement of undisputed facts, all the other type of
14 stuff.
15       But I understand what I think is the defense
16 position is that, no, we never instructed our Virginia
17 counsel to do anything less than what they were supposed
18 to do.
19       MR. WAGONER:  And assuming that can be proven,
20 does the Court then agree with the defense?
21       THE COURT:  If the defense shows -- well, let's
22 put it this way, it is up to the plaintiff to establish
23 by a preponderance of the evidence that, in fact, there
24 was some sort of prearrangement or sufficient level of
25 recklessness such that the Virginia counsel, the

1   defendant's Virginia counsel understood that it was not
2   supposed to do anything other than ride on the coat tails
3   of the plaintiff's appointed Cumis counsel.  If the
4   plaintiff can't establish that by preponderance of the
5   evidence, then the defendant prevails.
6           But, conversely, however, if the defendant
7   makes the motion, summary judgment motion on that point,
8   the standard of proof is different for the -- or the
9   level of proof is different for a moving party that does
10  not have the burden of proof.  In other words, the
11  plaintiff has the burden of proof on that.  So the burden
12  of proof that is -- or the level of proof that is
13  required from the defendant is different than it would be
14  from the plaintiff on that type of motion for summary
15  judgment.
16       MR. WAGONER:  And James Wagoner, again, your
17  Honor.  Excuse me.
18           During the hearing on January 27th, the Court
19  said that defendant can respond with, quote, whatever it
20  wants to, and so we took that as being able to say that
21  we could submit declarations in order to under 12(b)(6)
22  convert the motion to one for summary judgment.
23       THE COURT:  No.  But you can't do that without
24  formally converting it into a motion for summary
25  judgment.  In other words, when you make a motion to

1  dismiss, you don't do all the things you need to for a
2  motion for summary judgment.  Because a motion for
3  summary judgment under the local rules in this Court, for
4  example, the moving party has to file a statement of
5  undisputed facts and not only list the facts but list the
6  evidentiary bases for each of those facts, and then the
7  party opposing that responds and also submits whatever
8  evidentiary materials that they have.
9         So when I said that you could respond in any
10 way, you could respond in any way, but that doesn't
11 necessarily mean that that response would be deemed
12 sufficient by me.  So I understand the defense position,
13 but, at this point in time, there seems to me not
14 necessarily an agreement in terms of what the factual
15 basis of the situation is.
16      MR. WAGONER:  Thank you, your Honor.  Let me just
17 ask one more question.  During the January 27th hearing,
18 the Court commented that if Travelers is merely saying
19 that New York Marine's counsel provided an inadequate
20 defense that there was no standing for Travelers to
21 assert that, is the Court still of that view?  I am
22 trying to get clarity.
23      THE COURT:  Yes.  In other words, if it is just a
24 mere situation that Virginia counsel was either negligent
25 or insufficient but without any prearrangement on the

1  part of the defendant, there is no -- the plaintiff
2  wouldn't have standing because, again, the deficient
3  performance would be a performance that was due to the
4  insured in that situation, not to the plaintiff.
5      MR. WAGONER:  Okay.  And then the other thing I
6  would point out, your Honor, you may have already
7  answered this in the Federal versus MBL case that the
8  Court relied upon in granting the motion to dismiss in
9  part, I guess, that was a case where the insured did not
10 allow appointment counsel appointed by the insurers who
11 were not providing Cumis counsel, did not allow them in.
12     The court says in that case the insured who
13 did provide appointed counsel cannot get their defense
14 fees back.  Their only remedy was to go after the
15 insured.  So the Court is not deviating from its reliance
16 on that case as I understand it.
17     THE COURT:  Let me put it this way, the case
18 speaks for itself, and, hopefully, what I said about the
19 case is in conformance with what the case said because
20 if, in some way, I have mischaracterized the case which I
21 don't think I have, but, if I have, the case speaks for
22 itself and it is the law.
23     MR. WAGONER:  Your Honor, thank you for your time.
24 I appreciate your consideration.
25     Mr. Rasmussen, do you have anything else to

```
 1  add?
 2          MR. RASMUSSEN:  No.  Not right now.
 3          THE COURT:  All right.  Let me do this.  At this
 4  point in time, I don't know whether or not we have any
 5  form of scheduling.  Let me ask Javier, did we have a
 6  Rule 26(f)?
 7          THE CLERK:  I don't think we have.
 8          THE COURT:  Why don't we do this.  Let me set this
 9  matter for a 26(f) scheduling conference, and I will put
10  it on for March the 3rd, and what I want the parties to
11  do is to give me a joint 26(f) report by noon on March
12  the 1st.  Okay?
13          MR. WAGONER:  Thank you.
14          MR. PETERSON:  One more time, your Honor.
15  March 3rd?
16          THE COURT:  March 3rd is going to be the 26(f)
17  hearing date and, by March the 1st, I want a joint report
18  that needs to be filed pursuant to Rule 26(f).  Okay?
19          MR. PETERSON:  Very good.  Thank you, your Honor.
20  Mark Peterson.
21          THE COURT:  Yes, gentlemen.  And you guys should
22  tell your respective clients to just buck up and settle
23  the case.
24          MR. PETERSON:  From your lip's to God's ears, your
25  Honor.  Mark Peterson signing off.
```

```
1          THE COURT:  All right.  Everybody have a nice day.
2          MR. WAGONER:  They haven't sent us any other
3    invoices.  There is nothing we can do.
4          THE COURT:  If they can get some money, they are
5    going to give you something to base their money request
6    on.  So just wait and they will give it to you.
7          All right, gentlemen.  Have a nice day.
8    (Proceedings concluded.)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  March 28, 2022

 /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR

```
 MR. PETERSON: [8]
 MR. RASMUSSEN: [1]  12/1
 MR. WAGONER: [9]
 THE CLERK: [1]  12/6
 THE COURT: [18]
```

**-**
-and [1]   2/10

**/**
/s [1]   14/12

**1**
12 [1]   9/21
17 [2]   1/16  3/1
1st [3]   1/21  12/12  12/17

**2**
20 [1]   5/24
2020 [2]   7/15  7/16
2022 [3]   1/16  3/1  14/10
21-5832 [1]   1/8
230 [1]   2/5
26 [5]   12/6  12/9  12/11  12/16  12/18
27th [3]   7/23  9/18  10/17
28 [2]   14/4  14/10

**3**
350 [1]   1/21
3rd [3]   12/10  12/15  12/16

**4**
4100 [1]   2/5
4311 [1]   1/21

**5**
5832 [1]   1/8

**7**
753 [1]   14/4
7647 [1]   2/11

**8**
8:47 [1]   3/2

**9**
90012 [1]   1/22
92660 [1]   2/6
93720 [1]   2/11
9858 [2]   1/20  14/12

**A**
A.M [1]   3/2
able [1]   9/20
about [1]   11/18
above [1]   14/7
above-entitled [1]   14/7
absolutely [1]   6/1
action [7]   3/22  4/2  6/11  6/17  7/1  7/13  7/13
add [2]   7/19  12/1
address [1]   4/20
adequately [1]   7/14
after [2]   7/15  11/14
again [2]   9/16  11/2
against [1]   5/19
agree [2]   6/7  8/20
agreeing [1]   6/10
agreement [2]   6/3  10/14
all [6]   7/15  8/13  10/1  12/3  13/1  13/7
allegation [1]   8/1
alleges [1]   4/23
allow [5]   3/19  5/21  7/6  11/10  11/11
along [1]   5/23

already [1]   11/6
also [2]   5/6  10/7
Although [1]   4/3
am [4]   6/20  7/2  7/4  10/21
amended [5]   4/1  4/23  6/11  6/21  6/21
amendment [1]   7/3
ANGELES [3]   1/15  1/22  3/1
another [1]   6/21
answered [1]   11/7
any [10]
anything [4]   7/19  8/17  9/2  11/25
apologize [1]   6/1
APPEARANCES [1]   2/1
appoint [1]   4/18
appointed [5]   5/21  5/24  9/3  11/10  11/13
appointment [1]   11/10
appreciate [1]   11/24
are [7]   3/17  3/21  4/7  4/7  6/1  7/13  13/4
argument [1]   7/23
arguments [1]   5/10
arrangement [2]   4/10  5/20
as [6]   4/15  4/19  4/24  6/22  9/20  11/16
aside [1]   6/12
ask [4]   6/16  7/18  10/17  12/5
assert [1]   10/21
assuming [1]   8/19
attention [2]   6/10  6/13
attorney's [1]   3/25

**B**
back [2]   5/22  11/14
BARSTOW [2]   2/9  2/10
base [1]   13/5
based [1]   7/14
bases [4]   4/2  4/7  5/16  10/6
basis [5]   4/20  4/24  5/7  6/17  10/15
be [10]
Beach [1]   2/6
because [5]   4/17  6/19  10/2  11/2  11/19
been [1]   6/6
before [1]   7/14
beforehand [1]   5/5
being [2]   5/19  9/20
Both [2]   7/13  7/13
buck [1]   12/22
burden [3]   9/10  9/11  9/11

**C**
CA [3]   1/22  2/6  2/11
CALIFORNIA [3]   1/2  1/15  3/1
call [1]   3/8
can [7]   7/12  8/6  8/8  8/19  9/19  13/3  13/4
can't [3]   6/24  9/4  9/23
cannot [1]   11/13
case [13]
CATES [1]   2/4
cause [3]   6/11  6/17  6/25
causes [4]   3/22  4/2  7/13  7/13
CENTRAL [1]   1/2
CERTIFICATE [1]   14/1
certify [1]   14/4
changing [1]   7/5
characterize [1]   4/10
characterized [1]   7/23
claim [4]   5/16  6/14  7/1  7/2
claims [3]   4/7  4/24  6/22
clarity [1]   10/22
clear [1]   7/10
clients [1]   12/22

coat [2]   4/12  9/2
Code [1]   14/9
commented [1]   10/18
Commercial [2]   1/6  3/9
Company [2]   1/7  1/10
complaint [5]   4/2  4/23  6/11  6/21  6/22
concluded [1]   13/8
conducted [1]   3/6
conference [2]   12/9  14/9
conformance [2]   11/19  14/8
consideration [1]   11/24
contention [1]   5/8
continuation [1]   3/17
contribution [5]   3/24  4/5  4/6  5/8  5/17
conversely [1]   9/6
convert [2]   8/6  9/22
converting [1]   9/24
correct [1]   14/5
costs [1]   6/5
could [3]   9/21  10/9  10/10
counsel [21]
couple [1]   7/22
course [1]   8/5
court [10]
Court's [1]   7/11
CRR [1]   14/12
CSR [2]   1/20  14/12
Cumis [8]
CV [1]   1/8

**D**
date [2]   12/17  14/10
day [2]   13/1  13/7
dec [1]   5/17
decided [1]   5/19
declarations [1]   9/21
declaratory [3]   3/23  4/3  4/4
deemed [1]   10/11
defend [2]   7/14  7/15
defendant [11]
defendant's [1]   9/1
defense [13]
deficient [1]   11/2
deny [1]   7/3
deviating [1]   11/15
did [6]   4/20  6/2  11/9  11/11  11/13  12/5
different [3]   9/8  9/9  9/13
disavowed [1]   7/25
discuss [1]   6/19
dismiss [10]
disputes [1]   8/5
DISTRICT [3]   1/1  1/2  1/4
DIVISION [1]   1/2
do [14]
does [3]   7/19  8/20  9/9
doesn't [1]   10/10
don't [8]
done [1]   4/13
draw [2]   6/9  6/12
due [1]   11/3
During [3]   7/22  9/18  10/17

**E**
each [1]   10/6
ears [1]   12/24
either [3]   5/2  7/1  10/24
element [1]   6/8
else [1]   11/25
ending [1]   7/7
entertain [1]   8/9
entitled [1]   14/7
equitable [6]   3/23  4/4  4/5  5/7  5/7  5/17
establish [2]   8/22  9/4
Everybody [1]   13/1

**E**
everything [1] 3/21
evidence [2] 8/23 9/5
evidentiary [3] 8/11 10/6 10/8
example [1] 10/4
Excuse [1] 9/17
expenses [2] 3/24 6/6

**F**
fact [1] 8/23
facts [5] 8/12 8/13 10/5 10/5 10/6
factual [3] 8/4 8/5 10/14
failure [2] 7/14 7/15
favor [1] 4/17
FEBRUARY [3] 1/16 3/1 5/24
February 20 [1] 5/24
Federal [1] 11/7
fees [2] 3/25 11/14
file [2] 3/21 10/4
filed [1] 12/18
filings [2] 3/20 4/21
find [2] 4/6 4/22
findings [1] 4/5
firmly [1] 4/20
first [4] 4/1 4/15 4/23 6/11
following [1] 3/6
foregoing [1] 14/5
form [1] 12/5
formal [1] 8/10
formally [1] 9/24
format [1] 14/8
forward [3] 7/10 7/12 7/17
found [1] 4/16
frankly [1] 4/3
Fresno [2] 2/11 2/11
further [2] 7/4 7/6

**G**
General [1] 1/9
gentlemen [3] 3/16 12/21 13/7
GEORGE [1] 1/3
get [3] 10/22 11/13 13/4
give [3] 12/11 13/5 13/6
go [2] 7/6 11/14
God's [1] 12/24
going [6] 6/12 6/18 6/20 7/2 12/16 13/5
good [4] 3/11 3/16 6/9 12/19
grant [1] 6/24
granting [1] 11/8
guess [1] 11/9
guys [1] 12/21
GW [1] 1/8

**H**
had [1] 6/3
half [1] 6/5
has [5] 3/22 5/19 7/25 9/11 10/4
have [23]
haven't [1] 13/2
hearing [4] 7/22 9/18 10/17 12/17
held [2] 4/17 14/6
here [1] 3/17
hereby [1] 14/4
Honor [16]
Honor's [4] 6/10 6/13 6/14 7/9
HONORABLE [1] 1/3
hopefully [1] 11/18
how [1] 4/9
however [1] 9/6

**I**
inadequate [1] 10/19
inadequately [1] 5/4
include [1] 6/2
including [1] 3/24
indicated [1] 6/3
instructed [1] 8/16
insufficient [1] 10/25
Insurance [3] 1/6 1/10 3/9
insured [4] 11/4 11/9 11/12 11/15
insurer [1] 5/22
insurers [1] 11/10
intentional [2] 5/2 7/24
invoices [1] 13/3
is [50]
issue [5] 4/6 4/19 6/12 7/5 8/4
it [22]
its [5] 4/11 5/11 6/4 8/1 11/15
itself [2] 11/18 11/22

**J**
JAMES [4] 2/9 3/14 7/22 9/16
January [3] 7/23 9/18 10/17
January 27th [3] 7/23 9/18 10/17
Javier [1] 12/5
joint [2] 12/11 12/17
JUDGE [1] 1/4
judgment [10]
Judicial [1] 14/9
just [7] 3/18 5/22 6/12 10/16 10/23 12/22 13/6

**K**
KATIE [2] 1/20 14/12
know [6] 3/22 4/9 4/22 6/25 8/10 12/4

**L**
law [1] 11/22
less [3] 4/11 4/16 8/17
Let [9]
let's [1] 8/21
level [3] 8/24 9/9 9/12
lip's [1] 12/24
list [2] 10/5 10/5
litigated [1] 7/6
LLP [1] 2/4
local [1] 10/3
looking [1] 3/20
LOS [3] 1/15 1/22 3/1

**M**
make [2] 8/8 9/25
makes [2] 6/14 9/7
making [1] 5/10
March [6] 12/10 12/11 12/15 12/16 12/17 14/10
March 3rd [2] 12/15 12/16
Marine [2] 1/9 3/9
Marine's [1] 10/19
MARK [6] 2/4 3/11 5/13 7/8 12/20 12/25
materials [1] 10/8
matter [4] 3/8 5/11 12/9 14/7
may [1] 11/6
MBL [1] 11/7
MCCORMICK [2] 2/9 2/10
me [14]
mean [1] 10/11
mere [1] 10/24
merely [2] 5/3 10/18
mischaracterized [1] 11/20
missed [1] 5/23

money [2] 13/4 13/5
more [4] 4/11 4/10 10/11 12/14
morning [2] 3/11 3/16
motion [17]
move [3] 7/10 7/12 7/16
moving [2] 9/9 10/4
Mr. [1] 11/25
Mr. Rasmussen [1] 11/25
much [1] 5/22
my [8]

**N**
necessarily [2] 10/11 10/14
need [1] 10/1
needs [1] 12/18
negligent [1] 10/24
never [1] 8/16
New [3] 1/9 3/9 10/19
Newport [2] 2/5 2/6
nice [2] 13/1 13/7
NICHOLAS [1] 2/10
Nick [1] 3/14
no [8]
noon [1] 12/11
not [21]
note [2] 5/1 5/8
noted [1] 5/16
nothing [1] 13/3
November [2] 7/14 7/15
now [3] 7/7 8/6 12/2

**O**
obligated [1] 4/18
obligation [2] 4/8 5/18
obstruction [1] 7/24
obviously [1] 3/24
off [1] 12/25
Official [1] 1/20
Okay [4] 7/18 11/5 12/12 12/18
once [1] 6/4
one [10]
only [2] 10/5 11/14
opinion [1] 7/10
opposing [1] 10/7
opposition [2] 8/1 8/3
order [1] 9/21
original [1] 6/2
other [15]
our [1] 8/16
out [1] 11/6

**P**
page [1] 14/7
paid [1] 6/6
paragraphs [1] 6/13
part [4] 4/8 6/25 11/1 11/9
particular [1] 8/9
parties [3] 3/19 6/19 12/10
party [3] 9/9 10/4 10/7
pay [2] 6/3 6/5
performance [2] 11/3 11/3
performed [1] 5/4
PETERSON [7] 2/4 2/4 3/12 5/13 7/8 12/20 12/25
piggy [1] 5/22
piggyback [1] 4/12
Place [1] 2/5
plaintiff [14]
plaintiff's [4] 4/24 5/1 5/12 9/3
point [14]
position [2] 8/16 10/12
prearrangement [3] 5/5 8/24 10/25
preponderance [2] 8/23 9/4
PRESIDING [1] 1/4

**P**

prevails [1]   9/5
problem [2]   6/24 8/3
proceedings [4]   1/14 3/6
  13/8 14/6
proof [6]   9/8 9/9 9/10 9/11
  9/12 9/12
ProSight [1]   5/21
ProSight's [1]   5/24
proven [1]   8/19
provide [3]   4/8 5/18 11/13
provided [2]   4/14 10/19
provides [1]   4/2
providing [1]   11/11
proviso [2]   5/9 7/11
provisos [1]   4/25
pursuant [2]   12/18 14/4
put [3]   8/22 11/17 12/9

**Q**

question [3]   5/12 6/20 10/17
quite [1]   4/10
quote [1]   9/19

**R**

RASMUSSEN [3]   2/10 3/14
  11/25
reached [1]   6/3
reckless [1]   5/2
recklessness [1]   8/25
regards [1]   4/5
regulations [1]   14/8
reliance [1]   11/15
relied [1]   11/8
relief [2]   3/23 5/17
rely [1]   4/13
relying [1]   5/10
remaining [1]   6/22
remedy [1]   11/14
report [2]   12/11 12/17
reported [1]   14/6
Reporter [1]   1/20
REPORTER'S [1]   1/14
request [1]   13/5
require [2]   6/21 7/2
required [1]   9/13
resolve [1]   8/4
respective [1]   12/22
respond [4]   5/14 9/19 10/9
  10/10
responds [1]   10/7
response [3]   7/18 8/12 10/11
ride [2]   4/12 9/2
right [5]   6/2 12/2 12/3 13/1
  13/7
RPR [1]   14/12
Rule [2]   12/6 12/18
rules [1]   10/3
ruling [1]   4/16

**S**

said [4]   9/19 10/9 11/18
  11/19
saw [2]   3/20 8/2
say [1]   9/20
saying [1]   10/18
says [1]   11/12
scheduling [2]   12/5 12/9
second [1]   4/19
Section [1]   14/4
seeking [1]   4/4
seems [2]   6/20 10/13
sent [1]   13/2
set [1]   12/8
settle [1]   12/22
Shall [1]   5/13
should [1]   12/21
shows [1]   8/21

signing [1]   12/25
simply [2]   4/24 4/25
Since [1]   6/10
situation [4]   5/3 10/15
  10/24 11/4
so [9]
some [3]   8/24 11/20 13/4
something [3]   5/2 5/4 13/5
sorry [1]   5/7
sort [2]   5/4 8/24
speak [1]   3/19
speaks [2]   11/18 11/21
St [1]   2/11
standard [1]   9/8
standing [3]   5/6 10/20 11/2
stated [1]   6/17
statement [4]   7/4 8/12 8/13
  10/4
states [5]   1/1 1/4 6/11 14/5
  14/9
stenographically [1]   14/6
still [1]   10/21
stop [1]   8/2
Street [1]   1/21
stuff [1]   8/14
submissions [1]   8/11
submit [1]   9/21
submits [1]   10/7
subrogation [1]   5/7
such [2]   4/11 8/25
sufficient [3]   6/22 8/24
  10/12
sufficiently [1]   4/23
Suite [2]   1/21 2/5
summarize [1]   3/18
summary [10]
supplemental [2]   3/20 4/21
supposed [5]   4/9 4/10 4/13
  8/17 9/2
supposedly [1]   6/6
survive [1]   7/13

**T**

tails [2]   4/12 9/2
take [1]   6/13
teleconference [1]   3/7
tell [1]   12/22
tentative [2]   4/19 6/2
terms [1]   10/14
than [3]   8/17 9/2 9/13
thank [4]   10/16 11/23 12/13
  12/19
that [86]
their [3]   11/13 11/14 13/5
them [2]   5/17 11/11
then [7]   3/19 5/5 8/9 8/20
  9/5 10/6 11/5
theories [4]   4/6 4/15 5/10
  5/11
theory [3]   4/24 5/1 7/7
there [10]
thereafter [1]   6/4
these [1]   3/21
they [7]   6/3 8/17 10/8 13/2
  13/4 13/4 13/6
THIBODEAUX [2]   1/20 14/12
thing [2]   6/18 11/5
things [2]   7/22 10/1
think [6]   4/3 6/14 6/23 8/15
  11/21 12/7
third [2]   5/23 6/7
this [16]
those [7]   4/2 4/7 4/15 6/5
  6/6 7/16 10/6
thoughts [1]   3/21
THURSDAY [2]   1/16 3/1
time [10]
Title [1]   14/4
took [1]   9/20

transcript [3]   1/14 14/6
  14/7
Travelers [5]   1/6 3/8 7/25
  10/18 10/20
Travelers' [1]   7/23
trial [1]   7/6
true [1]   14/5
trying [1]   10/22
two [6]   3/22 4/2 4/6 4/9
  4/25 5/16
type [2]   8/13 9/14

**U**

U.S [1]   1/20
under [2]   9/21 10/3
understand [6]   6/7 7/9 7/11
  8/15 10/12 11/16
understanding [1]   7/12
understandings [1]   7/16
understood [1]   9/1
undisputed [3]   8/12 8/13
  10/5
unintelligible [1]   7/25
UNITED [4]   1/1 1/4 14/5 14/9
unnecessary [1]   6/15
up [2]   8/22 12/22
upon [1]   11/8
us [1]   13/2

**V**

versus [2]   3/9 11/7
very [3]   6/9 7/10 12/19
via [1]   3/6
view [5]   3/18 4/1 7/5 7/11
  10/21
Virginia [7]   4/11 5/3 6/4
  8/16 8/25 9/1 10/24

**W**

WAGONER [4]   2/9 3/14 7/22
  9/16
wait [1]   13/6
want [3]   7/19 12/10 12/17
wanted [1]   6/9
wants [1]   9/20
was [13]
way [5]   8/22 10/10 10/10
  11/17 11/20
we [15]
well [1]   8/21
were [3]   3/6 8/17 11/11
West [1]   1/21
WESTERN [1]   1/2
what [8]
whatever [2]   9/19 10/7
when [2]   9/25 10/9
where [2]   5/3 11/9
whether [1]   12/4
which [1]   11/20
who [2]   11/10 11/12
Why [1]   12/8
will [8]
withdrew [2]   5/25 6/5
without [3]   5/4 9/23 10/25
words [5]   6/4 7/1 9/10 9/25
  10/23
work [1]   5/22
would [15]
wouldn't [2]   5/6 11/2
WU [1]   1/3

**Y**

Yes [4]   5/15 7/21 10/23
  12/21
yet [1]   6/21
York [3]   1/9 3/9 10/19
you [26]
your [25]