1  MARK D. PETERSON (State Bar #126174)
   KATHLEEN O. PETERSON (State Bar #124791)
2  AMY HOWSE (State Bar # 252922)
   CATES PETERSON LLP
3  4100 Newport Place, Suite 230
   Newport Beach, CA 92660
4  Telephone: (949) 724-1180
   markpeterson@catespeterson.com
5  kpeterson@catespeterson.com
   ahowse@catespeterson.com
6
   Attorneys for Plaintiff and Counter-Defendant
7  TRAVELERS COMMERCIAL
   INSURANCE COMPANY
8
                **UNITED STATES DISTRICT COURT**
9
          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11 TRAVELERS COMMERCIAL          ) Case No.: 2:21-cv-5832-GW (PDx)
   INSURANCE COMPANY, a          ) Hon. George H. Wu
12 Connecticut corporation,      ) Hon. MJ Patricia Donahue
                                 )
13            Plaintiff,         ) **ANSWER BY TRAVELERS**
                                 ) **COMMERCIAL  INSURANCE**
14       v.                      ) **COMPANY TO COUNTERCLAIM**
                                 )
15 NEW YORK MARINE AND           )
   GENERAL INSURANCE COMPANY,    )
16 a Delaware corporation,       )
                                 )
17            Defendant.         )
                                 )
18 _____   )
                                 )
19 NEW YORK MARINE AND           )
   GENERAL INSURANCE COMPANY,    )
20 a Delaware corporation,       )
                                 )
21            Counter-Claimant,  )
                                 )
22 TRAVELERS COMMERCIAL          )
   INSURANCE COMPANY, a          )
23 Connecticut corporation,      )
                                 )
24            Counter-Defendant. )
                                 )
25                               )
                                 )
26 _____   )

27

28
                              1
          ANSWER TO COUNTERCLAIM

1   Plaintiff and counter-defendant Travelers Commercial Insurance Company

2   ("Travelers") responds to the counterclaim by defendant and counter-claimant New

3   York Marine and General Insurance Company's ("ProSight") as follows:

4                                   **GENERAL ALLEGATIONS**

5          1.      In response to paragraph 1, Travelers admits that it issued the policy

6   described there and that it provided coverage for defamation claims in certain

7   circumstances, subject to the terms, conditions and limitations of the policy and the

8   applicable law.

9          2.      Travelers admits the allegations of paragraph 2.

10         3.      In response to paragraph 3, Travelers admits that in or about March

11  2019, the mutual insured—a California resident—was sued in Virginia state court

12  ("the Underlying Action"), that the lawsuit seeks damages for defamation,

13  potentially covered under the Travelers Policy and the ProSight Policy, subject to

14  the terms, conditions and limitations of the two policies and the applicable law.

15  so each owed the mutual insured a defense from the date the action was

16  tendered to it.

17         4.      Travelers admits the allegations of paragraph 4, except that it

18  lacks sufficient information or belief regarding the date of tender so, on that

19  basis, it denies that the stated date is correct.

20         5.      Travelers admits the allegations of paragraph 5, except that the actual

21  tender date to it was on or about August 30, 2019.

22         6.      Travelers admits the allegations of paragraph 6.

23         7.      Travelers admits the allegations of paragraph 7.

24         8.      In response to paragraph 8, Travelers admits that Cameron McEvoy is

25  located in Fairfax, Virginia.  Except as admitted, Travelers lacks sufficient

26  information or belief to respond to the allegations of paragraph 8 and, therefore,

27  denies them on that basis.

28

ANSWER TO COUNTERCLAIM

9.     Travelers lacks sufficient information or belief to respond to the allegations of paragraph 9 and, therefore, denies them on that basis.

10.     Travelers admits the allegations of paragraph 10.

11.     Travelers admits the allegations of paragraph 11.

12.     Travelers denies the allegations in paragraph 12 as stated. The insured had retained Roberta Kaplan of the law firm Kaplan, Hecker & Fink LLP before tending the claim to Travelers.  Travelers paid for a portion of the fees incurred by the Kaplan firm for the defense of the insured.

13.     Travelers admits the allegations of paragraph 13.

14.     Travelers denies the allegations in paragraph 14 as stated.

15.     In response to paragraph 15, Travelers responds that the allegations are compound, muddled, and vague.  On that basis, Travelers lacks sufficient information or belief to respond to the allegations of paragraph 15 and it denies them.  Further responding to paragraph 15, Travelers states that paragraph 15 also sets forth a legal conclusion to which no response is required. To the extent a response is required, Travelers denies the allegations.

16.     In response to paragraph 16, Travelers responds that this is a mischaracterization of the fee agreement referred to, including that Travelers never agreed to pay more than reasonable and necessary fees.  On that basis, Travelers denies the allegations of paragraph 16.

17.     In response to paragraph 17, Travelers responds that the allegations are compound, muddled, and vague.  For example, these allegations presume that Travelers was not obligated to treat the insured's interests with equal weight to Travelers' interests, which is not correct.  On that basis, Travelers lacks sufficient information or belief to respond to the allegations of paragraph 17 and it denies them.

ANSWER TO COUNTERCLAIM

18.    In response to paragraph 18, Travelers admits that it has incurred in excess of $5 million defending the insured in the Underlying Action.  Except as admitted, Travelers denies the allegation so paragraph 18.

19.    Travelers admits the allegations of paragraph 19 as they apply to Travelers and denies them as they apply to ProSight

20.    Travelers lacks sufficient information or belief to respond to the allegations of paragraph 20 and, therefore, denies them on that basis.

21.    Travelers lacks sufficient information or belief to respond to the allegations of paragraph 21 and, therefore, denies them on that basis.

22.    Travelers denies the allegations of paragraph 22.

23.    Travelers denies the allegations of paragraph 23.

24.    In response to paragraph 24, Travelers admits that on the stated date, Ms. Johnson wrote an email that included the quoted words and also stated "but the conversation is far from over," rendering the allegation here grossly misleading. Except as expressly admitted, Travelers denies the allegations and implications of paragraph 24.

25.    Travelers lacks sufficient information or belief to respond to the allegations of paragraph 25 and, therefore, denies them on that basis.

26.    In response to paragraph 26, Travelers responds that the allegations are compound, muddled, vague, and falsely presumptuous.  Given this, Travelers lacks sufficient information or belief to respond to the allegations of paragraph 27 and, therefore, denies them on that basis.

27.    In response to paragraph 27, Travelers responds that the allegations are compound, muddled, vague, and falsely presumptuous.  Given this, Travelers lacks sufficient information or belief to respond to the allegations of paragraph 27 and, therefore, denies them on that basis.

4

ANSWER TO COUNTERCLAIM

**FIRST CAUSE OF ACTION**

**"DECLARATORY RELIEF – NEW YORK MARINE DID**

**NOT OWE A DUTY TO DEFEND THE INSURED**

**THROUGH INDEPENDENT COUNSEL"**

28.    In response to paragraph 28, Travelers incorporates its responses to paragraphs 1 through 27 as if restated here.

29.    In response to paragraph 29, Travelers responds that the allegation is unclear and asserts a legal conclusion to which no response is required.  To the extent a response is required,  Travelers lacks sufficient information or belief to respond to the allegation of paragraph 29 and, therefore, denies it on that basis.

30.    In response to paragraph 30, Travelers responds that the allegation is unclear and assert a legal conclusion to which no response is required.  To the extent a response is required,  Travelers lacks sufficient information or belief to respond to the allegation of paragraph 30 and, therefore, denies it on that basis.

31.    In response to paragraph 31, Travelers responds that the allegation is unclear and asserts a legal conclusion to which no response is required. To the extent a response is required, Travelers lacks sufficient information or belief to respond to the allegation of paragraph 31 and, therefore, denies it on that basis.

32.    Travelers denies the allegations of paragraph 32.

33.    Travelers denies the allegations in paragraph 33.

34.    Travelers denies the allegations of paragraph 34.

35.    Travelers denies the allegations of paragraph 35.

36.    Travelers admits the allegations of paragraph 36, i.e. the parties disagree on the material issues and there is an actual justiciable controversy for the Court to adjudicate.

37.    Travelers denies the allegations of paragraph 37.

ANSWER TO COUNTERCLAIM

## SECOND CAUSE OF ACTION
## "DECLARATORY RELIEF – NEW YORK MARINE
## DID NOT FAIL TO PROVIDE A DEFENSE TO ITS INSURED"

38.     In response to paragraph 38, Travelers incorporates its responses to paragraphs 1 through 37 as if restated here.

39.     Travelers denies the allegations of paragraph 39.

40.     Travelers denies the allegations of paragraph 40.

41.     Travelers admits the allegations of paragraph 41, i.e. the parties disagree on the material issues and there is an actual justiciable controversy for the Court to adjudicate.

42.     Travelers denies the allegations of paragraph 42.

## THIRD CAUSE OF ACTION
## "DECLARATORY RELIEF – REIMBURSEMENT"

43.     In response to paragraph 43, Travelers incorporates its responses to paragraphs 1 through 42 as if restated here.

44.     Travelers admits the allegations of paragraph 44.

45.     Travelers denies the allegations of paragraph 45.

46.     Travelers denies the allegations of paragraph 46.  Travelers further alleges that the assumption by ProSight that Travelers is obligated to control the insured and its independent counsel's communication with ProSight are unsupported and wrong.  It was and is up to ProSight, not Travelers, to interact with the insured and its independent counsel, to get information from them, and not to rely upon Travelers to do ProSight's job.

47.     Travelers denies the allegations of paragraph 47.

48.     In response to paragraph 48, Travelers admits that ProSight has paid Travelers approximately $621,693 toward its obligation, which is much greater. Except as admitted, Travelers denies the allegations of paragraph 48.

ANSWER TO COUNTERCLAIM

49. In response to paragraph 49, Travelers alleges that the assumption by ProSight that Travelers is obligated to control the insured and its independent counsel's communications with ProSight are unsupported and wrong. It was and is up to ProSight, not Travelers, to interact with the insured and its independent counsel, to get information from them, and not to rely upon Travelers to do ProSight's job. Travelers denies the allegations of paragraph 49 as they apply to Travelers and denies them, based upon a lack of information and belief, as they apply to anyone else.

50. Travelers denies the allegations in paragraph 50.

51. In response to paragraph 51, Travelers responds that the allegations are compound, muddled, and vague. Travelers also states that the allegations in paragraph 51 set forth a legal conclusion to which no response is required. To the extent a response is required, Travelers denies the allegations in paragraph 51. Travelers notes that this paragraph and many others in this counterclaim presume that California, not Virginia, law control the parties' rights and obligations, even as ProSight argues the opposite when it behooves it.

52. Travelers denies the allegations in paragraph 52.

53. Travelers denies the allegations of paragraph 53.

54. Travelers denies the allegations of paragraph 54.

55. Travelers denies the allegations of paragraph 55.

56. Travelers admits the allegations of paragraph 56, i.e. the parties disagree on the material issues and there is an actual justiciable controversy for the Court to adjudicate.

57. Travelers denies the allegations of paragraph 57.

ANSWER TO COUNTERCLAIM

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**Failure to State a Claim**

58.   Each counterclaim and each request for relief fails for failure to state a claim.

**SECOND AFFIRMATIVE DEFENSE**

**Incorporation of Amended Complaint**

59.   Each counterclaim and each request for relief fails for the reasons stated in Travelers' first amended complaint, which is incorporated here by this reference.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff and counter-defendant Travelers prays for an order and judgment against defendant and counter-claimant ProSight as follows:

1.   Awarding ProSight nothing on its counterclaim;

2.   Granting Travelers all of the relief it seeks in its complaint;

3.   Awarding Travelers its costs of suit; and

4.   Awarding Travelers all other relief which the Court finds just and proper.

Dated:  April 15, 2022                    Respectfully submitted,


                              /s/ Mark D. Peterson
                              MARK D. PETERSON
                              Of CATES PETERSON LLP
                              Attorneys for Plaintiff and Counter-
                              Defendant
                              TRAVELERS COMMERCIAL
                              INSURANCE COMPANY

ANSWER TO COUNTERCLAIM