MARK D. PETERSON (State Bar #126174)
*markpeterson@catespeterson.com*
KATHLEEN O. PETERSON (State Bar #124791)
*kpeterson@catespeterson.com*
AMY HOWSE (State Bar # 252922)
*ahowse@catespeterson.com*
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660

Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a Delaware corporation,<br><br>Defendant.<br>_____<br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a Delaware corporation,<br><br>Counter-Claimant,<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Counter-Defendant. | Case No.: 2:21-cv-5832-GW (PDx)<br>Hon. George H. Wu<br>Hon. MJ Patricia Donahue<br><br>*EX PARTE* APPLICATION FOR ORDER VACATING CURRENT DEADLINES AND TEMPORARILY STAYING CASE PENDING CONCLUSION OF UNDERLYING ACTION OR, ALTERNATIVELY, EXTENDING ALL CURRENT DATES AND DEADLINES<br><br>**Complaint Filed:** July 20, 2021<br>**Trial:** January 3, 2023 |

*EX PARTE* APPLICATION FOR TEMPORARY STAY

To the Court and to defendant and counter-claimant New York Marine and General Insurance Company's ("ProSight"):

Plaintiff Travelers Commercial Insurance Company ("Travelers") hereby applies to the Court, *ex parte*, for the following relief, for the following reasons:

**Introduction / Relief Requested**

This is an insurance coverage case regarding an underlying high-profile defamation case which is being tried now in Virginia. Travelers' claim professional is staying in a rented place in Virginia, not Minnesota where she lives and works, in order to monitor the trial and to assist the insured and her attorneys, full-time. The trial is expected to go until about May 27, seven weeks, and she expects to remain there the entire time. Since she is not at her office, and she is monitoring the trial and working with the defense team all day, she cannot effectively assist Travelers in responding to detailed document and other ***discovery from ProSight, which is due in two weeks***. Travelers needs her help and, absent relief from this Court, it cannot get it. Also, ProSight's pending discovery probes into privileged and otherwise confidential matters, the disclosure of which could prejudice the insured in the ongoing underlying trial if not deferred until after the conclusion of that trial.

**Relief**: To allow Travelers the fair ability to respond to discovery with the essential assistance of the responsible claim professional, to prevent the risk of prejudice to the insured, and to give ProSight access to as much discovery as reasonable, Travelers seeks to briefly stay this insurance case and to vacate the January 3, 2023, trial and the current deadlines until the conclusion of the trial in the Underlying Action, and until a further order of the Court, to be entered in July. Alternatively, Travelers requests that the Court order that all current deadlines and dates are extended by six months.

**There is Good Cause for this Relief**

Both Travelers and ProSight cover a common insured for defamation claims.

The Underlying Action has been, and continues to be, vigorously litigated by the parties there, resulting in more than $8 million in attorneys' fees and expenses.

The Underlying Action involves compelling privacy concerns of the parties' mutual insured, it is a matter of media interest, and it is being litigated pursuant to a protective order entered in that case. (See Exhibits 1 and 2, complaint and protective order in Underlying Action; see also Declaration of Pamela A. Johnson, paras. 3-8.)

Travelers and ProSight each have an obligation to protect their mutual insured's interest in maintaining her privacy, to the extent possible, and her right to a fair and effective trial without risking public exposure of hyper-sensitive information during trial.

In this case, ProSight has propounded written discovery to Travelers which demands a copy of Travelers' entire claim regarding the Underlying Action (Exhibit 3, p. 7, Request no. 1). ProSight also demands copies of all communications with defense counsel (Exhibit 3, p. 7, Requests nos. 3, 4, and 5). Needless to say, these document demands implicate the insured's right to privacy as well as her attorney-client privilege. Travelers is on the inside of that privilege, under the common interest doctrine, because it is supporting the defense. To the extent that ProSight contends that it has no duty to defend the insured under the circumstances of this case, its interests may not align with the insured's interests, and it may not be entitled to some privileged information. ProSight, in fact, recently filed a counterclaim which contends just that: ProSight contends that it is no longer obligated to contribute toward the insured's defense, and even that it is entitled to get back the money that it contributed as a partial payment toward the defense. (See counterclaim, Dkt. 50, paras. 53-55, p. 29 of 32.) This position may put ProSight outside of the insured's privilege. The parties here may need input from the insured's attorneys and guidance from the Court on the issue. The issue requires careful reflection; it cannot be rushed.

For their part, ProSight's interrogatories (Exhibit 4) and its requests for admissions (Exhibit 5) probe deeply into Travelers' contentions and the evidence supporting them.  (See, e.g., Exhibit 5 (interrogatories), pp. 4-6, nos. 2, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, and 16.)  Some of the facts required to respond are uniquely within the knowledge of one person, Pamela A. Johnson, the Travelers claim professional responsible for this case from its inception.  Travelers cannot effectively respond to ProSight's discovery—and it would be unfair to require it to try—without the active participation of Ms. Johnson.  As indicated above, Ms. Johnson is tied up in Virginia through late May working the full-time job of monitoring and supporting the defense in the underlying trial.

Ms. Johnson's practical unavailability also affects Travelers' ability to respond to ProSight's document demands.  During this frenetic pre-trial and trial period in the Underlying Action, the claim file has been and remains in constant flux.  Ms. Johnson's assistance in ensuring that it is properly updated and organized is essential to Travelers adequately responding to ProSight's document demands.  She estimates that this will take days, if not weeks.  Also, producing Travelers' claim material is a multi-step process.  After Ms. Johnson updates the claim file, Travelers' internal e-discovery team will perform computer searches, then it will provide the material to its outside e-discovery vendor to process; the material will then be provided to counsel in this action for review and redaction, and then counsel will produce it to ProSight.  This process is time-consuming, it takes place over weeks, and, again, it begins with days of work by Ms. Johnson, who is not available to do that work while she is working with the trial team in Virginia.

In sum, fairness to Travelers and fairness to the insured requires a pause in this insurance case.

The current pertinent dates are:

| | |
|---|---|
| Deadline to Respond to ProSight Discovery: | **May 2, 2022** |
| Trial in the Underlying Action: | April 11, 2022 – (approx.) May 27, 2022 |
| Discovery Cutoff: | October 4, 2022 |
| Mediation Cutoff: | October 11, 2022 |
| Post-Mediation Status Conference: | October 13, 2022 |
| Expert Discovery Cutoff: | November 4, 2022 |
| Motion Hearing Cutoff: | December 1, 2022 |
| Pretrial Conference: | December 22, 2022 |
| Court Trial: | January 3, 2023 |

Travelers requests that the Court vacate these deadlines and dates and stay this case until further order of the Court, which Travelers proposes for July.

**ProSight Opposes This Relief**

ProSight opposes this request for a brief stay. ProSight also declined Travelers' request to extend the discovery response deadline to when Ms. Johnson is back after the trial. (See Declaration of Mark D. Peterson, para. 3.) ProSight has cited the October 4 discovery cut-off as a concern with putting off discovery.

Counsel for Travelers and ProSight have discussed this application and they have not been able to resolve the issues here. (Peterson Dec., para. 3.) Thus, this Court's involvement is necessary.

**Conclusion**

Travelers needs, and it is entitled to, the active assistance of claim professional Pamela A. Johnson to respond to ProSight's wide-reaching discovery. That isn't possible until the trial in the Underlying Action is finished and she can dedicate days to helping.

Moreover, discovery while the trial is pending implicates the insured's rights

to privacy, privilege with her attorneys, and a fair trial. These concerns can be assessed better, and differently, when the trial is finished.

A brief stay of this action, eventually with a new set of litigation dates, is called for. It won't prejudice defendant ProSight at all: its opposition to this application is tactical, and the Court should not condone it.

For all of these reasons, Travelers requests that the Court enter an order which provides that:

1. The current dates set in this case, including the January 3, 2023, trial date, are vacated;

2. This case, including discovery response deadlines, is stayed until further order;

3. On July 28, 2022, or thereafter at the Court's convenience, the Court will hold a status and trial-setting conference;

4. One week prior to the status and trial-setting conference, the parties will submit a proposed order with a new set of proposed deadlines and dates for this case, for the Court to consider.

Dated: April 18, 2022

Respectfully submitted,

   /s/ Mark D. Peterson
MARK D. PETERSON
Of CATES PETERSON LLP
Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

# DECLARATION OF PAMELA A. JOHNSON

I, Pamela A. Johnson, declare as follows:

1. I am employed by Travelers, Inc. My title is Assistant Vice President | Claim | Professional Intellectual Property - Business Torts. In this capacity, I provide claim professional services to various companies, in the Travelers, Inc. family of companies, including Travelers Commercial Insurance Company ("Travelers"). I have been with Travelers, Inc. since 2015 and I have been a claim professional since 2005. Given my experience, I often handle some of the company's most challenging cases. I am making this declaration in support of Travelers' *ex parte* application for a stay of this action pending conclusion of the underlying action or, alternatively, extending all current dates and deadlines.

2. Travelers issued homeowners policy no. 601627108 634 1 to Amber Heard for the policy period beginning November 14, 2018, and ending November 14, 2019 (the "Travelers Policy").

3. In March, 2019, Ms. Heard was sued for defamation by her former husband Johnny Depp in *John C. Depp, II, v. Amber Laura Heard*, Fairfax County, Virginia, Case No. 2019 02911 ("the Underlying Action"). Exhibit 1 is an accurate copy of the complaint in the Underlying Action. The matter was tendered for defense and indemnity to Travelers and, as well, to the defendant in this insurance action, New York Marine and General Insurance Company's ("ProSight"). At all times, I have been the claim professional for Travelers with primary responsibility for handling the defense of this case on behalf of Travelers.

4. Travelers agreed to defend Ms. Heard, under a reservation of rights. ProSight did the same.

5. The Underlying Action has been very hotly litigated. Travelers has spent more than $8 million in attorneys' fees and expenses defending Ms. Heard. This has included paying law firms in Virginia, New York, and California for extensive discovery and other work.

6. This has been a very challenging and time-consuming case for the litigants, the lawyers, and for me. It has required and it continues to require an extraordinary commitment of my time and attention. Throughout the case, I have been in frequent contact with Ms. Heard and her chosen attorneys who are defending her. I have been an active part of the defense team.

7. On April 11, 2022, trial began in the Underlying Action. The first week of trial just finished. I was there every day. Trial is expected to go until about May 27, seven weeks. I plan to continue to monitor the trial, in person, full-time. To do this, I am staying in a rented place near the courthouse in Fairfax County, Virginia, where I expect to stay the entire seven weeks. This is far from my home and office in St. Paul, Minnesota. I am providing Travelers and ProSight with daily reports regarding the progress of the trial. I also continue to support the defense team. This week, for example, I was able to assist in getting an adverse witness disqualified by discovering, via social media research, that she had been following the testimony of other witnesses, when the Court had ordered that no witness could read or listen to any part of the trial prior to their testimony. In short, my support role in Ms. Heard's defense is substantive. It also is ongoing.

8. The Underlying Action has had great media interest. To help provide the litigants with some privacy protection, the Court has entered a protective order. Exhibit 2 is a true and accurate copy of the order. The existence of the protective order has made me particularly cautious about sharing information about the case.

9. In this insurance case, ProSight has served Travelers with: (1) document demands, (2) requests for admissions, and (3) interrogatories. Accurate copies of these are attached here as Exhibit 3 (the document demands), Exhibit 4 (the requests for admissions, excluding the exhibits to it), and Exhibit 5 (the interrogatories). Among other things, ProSight demands a copy of Travelers' entire claim file regarding the Underlying Action (Exhibit 3, p. 7, Request no. 1). ProSight also demands copies of all communications with defense counsel (Exhibit 3, p. 7, Requests

nos. 3, 4, and 5). These demands raise concerns on my part and Travelers' part of the insured's right to privacy as well as her attorney-client privilege.

10. ProSight's interrogatories (Exhibit 4) and its requests for admissions (Exhibit 5) probe Travelers' contentions and the evidence supporting them. (See, e.g., Exhibit 5 (interrogatories), pp. 4-6, nos. 2, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, and 16.) Some of the facts required to respond are uniquely within my knowledge. Travelers cannot effectively respond to this discovery without my active participation. As indicated above, I am tied up in Virginia, and I will be for the next several weeks, estimated through May 27, with a full-time job monitoring the underlying trial.

11. My unavailability also affects Travelers' ability to respond to ProSight's document demands. During the pre-trial and trial period, the claim file has been in constant and substantial flux. I have work to do to ensure that it is properly updated and organized prior to its production to ProSight. I estimate that this will take days if not weeks on my part. Producing the claim material is a multi-step process. After I update it, Travelers will perform computer searches, through its internal e-discovery team, then it will provide the material to its outside e-discovery vendor to process, then it will provide the material to our counsel in this action for review and redaction, and then counsel will produce the documents to ProSight, subject to redaction and objections. This process is time-consuming, it takes place over weeks, and, again, it begins with days of work by me, which I am not available to do while I am working full-time with the trial team in Virginia.

12. For all of these reasons, Travelers and I respectfully request that the Court grant this application, and stay this insurance case for a few months.

I declare under penalty of perjury under the laws of the United States and the State of California that the facts stated here are true and correct. I sign this declaration on April 15, 2022, at Fairfax County, Virginia.

*[signature]*
_____
Pamela A. Johnson

## DECLARATION OF MARK D. PETERSON

I, Mark D. Peterson, declare as follows:

1. I am a partner with the law firm of Cates Peterson LLP. At all pertinent times, I have been counsel of record for plaintiff Travelers Commercial Insurance Company ("Travelers") in this action. I am making this declaration in support of Travelers' *ex parte* application for a stay of this action pending conclusion of the underlying action or, alternatively, extending all current dates and deadlines.

2. ProSight has served Travelers with: (1) document demands, (2) requests for admissions, and (3) interrogatories. Copies of these are attached here as Exhibit 3 (the document demands), Exhibit 4 (the requests for admissions), and Exhibit 5 (the interrogatories). Among other things, ProSight demands a copy of Travelers' entire claim regarding the Underlying Action (Exhibit 3, p. 7, Request no. 1). ProSight also demands copies of all communications with defense counsel (Exhibit 3, p. 7, Requests nos. 3, 4, and 5). ProSight's interrogatories (Exhibit 4) and its requests for admissions (Exhibit 5) probe Travelers' contentions and the evidence supporting them. (See, e.g., Exhibit 5 (interrogatories), pp. 4-6, nos. 2, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, and 16.) In my opinion, some of the facts required to respond are uniquely within the knowledge of Travelers' claim professional Pamela A. Johnson and, thus, Travelers cannot effectively respond to this discovery without her active participation. As indicated in her declaration here, she is tied up in Virginia, and she will be for the next several weeks straight, estimated through May 27, with a full-time job monitoring the underlying trial and working with the defense team. Fairness to Travelers requires an adjustment of the May 2 discovery deadlines and the other dates and deadlines to allow her to finish the trial, spend time updating the claim file, and advance the process for my document review and the production of the claim file and response to the written discovery by Travelers.

3. On March 25 and April 14, 2022, I spoke with James Wagoner, counsel for defendant New York Marine and General Insurance Company's ("ProSight"). In

1  those calls and in exchanges of emails in between, I requested that ProSight agree to
2  stay this insurance action pending the conclusion of the trial in the Underlying Action.
3  Mr. Wagoner told me that ProSight would not agree to a stay.  We also explored a
4  possible extension of the discovery response deadlines until after the trial.
5  Mr. Wagoner told that ProSight likewise would not agree to that; it granted only a two
6  week courtesy extension.  ProSight cited the October 4, 2022, discovery cut-off in this
7  case as one reason that it would not agree.
8      4.   For all of these reasons and those cited in this *ex parte* application,
9  Travelers and I respectfully request that the Court grant this application, and stay this
10 insurance case for a few months.
11     I declare under penalty of perjury under the laws of the United States and the
12 State of California that the facts stated here are true and correct.  I sign this
13 declaration on April 18, 2022, at Newport Beach, California.

_____
Mark D. Peterson