1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
    *jim.wagoner@mccormickbarstow.com*
3  Lejf E. Knutson, #234203
    *lejf.knutson@mccormickbarstow.com*
4  Nicholas H. Rasmussen, #285736
    *nrasmussen@mccormickbarstow.com*
5  Graham A Van Leuven, #295599
    *graham.vanleuven@mccormickbarstow.com*
6  7647 North Fresno Street
   Fresno, California 93720
7  Telephone:  (559) 433-1300
   Facsimile:   (559) 433-2300
8
   Attorneys for Defendant New York
9  Marine and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>New York Marine and General Insurance Company, a Delaware Corporation,<br><br>Defendant. | Case No. 2:21-cv-5832-GW (PDx)<br><br>**NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO TRAVELERS' EX PARTE APPLICATION VACATING DEADLINES AND STAYING CASE OR ALTERNATIVELY, EXTENDING ALL CURRENT DEADLINES**<br><br>Complaint Filed: July 20, 2021<br>Trial: January 3, 2023<br><br>Hon. George H. Wu |
| New York Marine and General Insurance Company, a Delaware corporation<br><br>Counter-Claimant<br><br>v.<br><br>Travelers Commercial Insurance Company, a Connecticut corporation,<br><br>Counter-Defendant | |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................... 1

II.   BACKGROUND FACTS ...................................................................... 3

III.  LEGAL ARGUMENT ........................................................................... 6

      A.   Legal Standard ............................................................................ 6

      B.   Travelers' Arguments Are Without Merit ................................. 6

           1.     Travelers' Argument That It Cannot Complete Discovery Because Its Claim Professional Is "Working With the Defense" Belies Travelers' Corporate Nature, The Fact of Travelers' *Cumis* Triggering ROR, and Common Sense ............ 6

           2.     Travelers' Privacy Arguments Are Specious And Misstate The Law Concerning Its Own Entitlement to Privileged Material Given the "Serious … Actual" Conflict Existing Between the Insured and Itself ....................................................... 9

           3.     Travelers Offers No Plausible Substantive Explanation or Argument How the Insured's Interests Are Impinged By The Present Litigation .................................................................. 12

IV.  CONCLUSION ..................................................................................... 14

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*Assur. Co. of Am. v. Haven,*
  32 Cal.App.4th 78 (1995)...................................................................................11

*Atlantic Cas. Ins. Co. v. Crum,*
  364 F.Supp.3d 1123 (E.D.Cal. 2019).................................................................12

*Cal. ex rel. Cal. Dep't. of Toxic Substances Control v. Campbell,*
  138 F.3d 772 (9th Cir. 1998)................................................................................6

*Dynamic Concepts, Inc. v. Truck Ins. Exch.,*
  61 Cal.App.4th 999 (1998)...................................................................................8

*Freeman v. ABC Legal Services Inc.,*
  827 F.Supp.2d 1065 (2011).................................................................................6

*Hartford Cas. Ins. Co. v. J.R. Marketing, L.L.C.,*
  61 Cal.4th 988 (2015)........................................................................................11

*In re Intermagnetics Am., Inc.,*
  101 B.R. 191 (C.D.Cal. 1989)..............................................................................2

*James 3 Corp. v. Truck Ins. Exch.,*
  91 Cal.App.4th 1093 (2001).................................................................................8

*Kamilche Co. v. United States,*
  53 F.3d 1059 (9th Cir. 1995)..............................................................................13

*Maryland Cas. Co. v Witherspoon,*
  993 F.Supp.2d 1178 (N.D.Cal. 2014) .........................................................12, 13

*Mission Power Engineering Co. v. Continental Casualty Co.,*
  883 F. Supp. 488 (C.D. Cal. 1995)..................................................1, 2, 6, 9, 12

*Montrose Chem Corp. v. Superior Court,*
  6 Cal.4th 287 (1993)....................................................................................12, 13

*San Diego Navy Federal Credit Union v. Cumis Insurance Society,*
  162 Cal.App.3d 358 (1984)..................................................................................8

*Shaw v. Hahn,*
  56 F.3d 1128 (9th Cir. 1995)..............................................................................13

*Steen v. John Hancock Mut. Life Ins. Co.,*
  106 F.3d 904 (1997) ...........................................................................................13

*Tokio Marine Spec. Ins. Co. v. Thompson Brooks, Inc.,*
  252 F.Sup.3d 753 (N.D.Cal. 2017) ....................................................................12

# TABLE OF AUTHORITIES
## (Continued)

**Page**

**STATUTES**

Civil Code § 1646 .............................................................................................. 8

Civil Code § 2860 ............................................................................................ 11

Civil Code § 2860(d) ....................................................................................... 11

## I. INTRODUCTION

Defendant New York Marine and General Insurance Company ("NY Marine") opposes the *Ex Parte* Application to Vacate Dates and Stay the present litigation filed by Plaintiff Travelers Commercial Insurance Company ("Travelers"). NY Marine's Opposition is predicated upon the fact that: (1) Travelers, a multi-billion dollar corporation with tens of thousands of employees, should reasonably be able to respond to routine discovery requests in litigation *it initiated and which it pressed this Court not to dismiss as recently as eight (8) weeks ago*, even if its assigned claim professional is attending trial of the underlying litigation; (2) because the issuance of a protective order in the underlying action, to which counsel and NY Marine's assigned claim professional are signatories, as well as the anticipated issuance of a protective order in this matter, undeniably resolve any "privacy" or "privilege" concerns which may exist in connection with the underlying action; and (3) because Travelers' own statements and admissions establish that it's present difficulties arise from its own conduct, and thus do not satisfy the standard for *ex parte* relief, that as the moving party, it be "without fault in creating the crisis that requires ex parte relief or that the crisis occurred as a result of excusable neglect." *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (hereinafter, "*Mission Power Eng'g*").

Here, Travelers brings the pending *Ex Parte* Application in the present coverage litigation against NY Marine asking this Court to "vacate" all deadlines and stay the present action or, alternatively, to extend all current deadlines. In support of its application, Travelers asserts of hodge-podge of complaints, including that: (1) its adjuster is presently attending the trial in the underlying action, and is unable to respond to discovery or otherwise assist its counsel in this litigation because of her purported role "supporting" the insured's defense; (2) that responding to NY Marine's discovery requests would implicate the insured's privacy interests; and (3) that *Travelers* shares "a common interest" with the insured entitling them to privileged

and confidential information generated in connection with the underlying litigation, but that NY Marine "may" be "outside of the insured's privilege", contending that a resolution of those matters "*may* need input from the insured's attorneys and guidance from the Court" and that "[t]he issue requires careful reflection; it cannot be rushed." (*Ex Parte* App. at pp. 1:7-18, 2:3-28.)

As this Court's general instructions state, "[e]x parte applications are for extraordinary relief." *See Mission Power Eng'g, supra,* 883 F. Supp. 488. As the Court in *Mission Power Eng'g* observed, "to justify ex parte relief", "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.,* at 492. In short, "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have…". *Id.*; *In re Intermagnetics Am., Inc.,* 101 B.R. 191, 193 (C.D.Cal. 1989).

In light of that well established rule, Travelers' Application presents no "good cause" why it should be permitted to proceed on an ex parte basis, much less that it should be granted a stay or continuance. Instead, Travelers presents a series of arguments which were both entirely foreseeable, *and* which Travelers has never before raised as potential obstacles to the prosecution of this litigation—despite repeated opportunities to do so.

In this respect, this is *Travelers'* litigation: it filed the present lawsuit against NY Marine on January 20, 2021, *during the pendency of the underlying litigation.* (Dkt. #1.) A mere two months ago, on February 17, 2022, Travelers appeared before this Court asking that NY Marine's motion to dismiss its Complaint be denied. (Dkt. #36). On March 1, 2022, the parties filed a "Joint Rule 16(b)/26(f) Report" and on March 3, 2022, appeared before this Court for the Rule 26 Scheduling Conference *at which the present schedule was set*. (See, Dkt. #54 and 55, respectively). Neither in

2

the Joint Report nor during the Status Conference did Travelers raise *any* of the concerns which are now asserted in its *Ex Parte* application. (Declaration of James P. Wagoner, ¶¶ 4-5.)

It is also the case that Travelers' substantive arguments underpinning its request for a stay or continuance are without merit. Travelers is a multi-billion dollar company with tens of thousands of employees: if Ms. Johnson is unable to review and respond to discovery and document requests, surely it can find someone to assist her. Travelers also contends that the insured's privacy interests could be implicated; but as it relates to this concern, there is already a protective order in place in connection with the underlying action to which NY Marine's assigned claim professional and the undersigned counsel are all signatories, and NY Marine and Travelers are in the process of finalizing a protective order in this action.

In short, that Travelers now finds the present litigation *inconvenient* is not, of itself, "good cause" for a stay or continuance.

## II.     BACKGROUND FACTS

Travelers filed its complaint initiating the present litigation on January 20, 2021. (Dkt. #1.) On August 17, 2021, NY Marine filed a motion to dismiss the complaint, and on September 7, 2021, Travelers filed its presently-operative First Amended Complaint ("FAC"). (Dkt. # 11, 15-16.) On September 21, 2021, NY Marine responded to the FAC by way of a motion to dismiss. Thereafter, the motion was fully briefed and, pursuant to a stipulation between the parties, argument was heard on December 13, 2021. (See generally, Dkt. # 17-24). Although the Court initially indicated its intent to grant the motion, at the insistence of Travelers, the Court requested additional argument as to whether certain allegations contained in Travelers' FAC concerning NY Marine's provision of an allegedly "inadequate" defense sufficed to state a cognizable claim. (*See,* Dkt. #23 [tentative ruling]; Dkt. #23 [Minutes]; Dkt. #24 [Minute Order granting the motion]; Dkt. #27 [Transcript of 12/13/21 Hearing]). Thereafter, during hearings held on January 20, 2022 and

February 17, 2022, this Court heard considerable argument addressing the motion to dismiss.  At each of those hearings, NY Marine urged the court to grant the motion and dismiss Travelers' FAC, while Travelers urged the Court to deny NY Marine's motion—an outcome which would have permitted Travelers to appeal at least that portion of the Court's ruling holding that NY Marine's reservation of rights did not trigger the insured's right to independent counsel. (Dkt. #24,  26, 27, 32, 36-37, 42, 48-49.)  As memorialized at the February 17, 2022 conference, the Court ultimately denied the motion, although it foreclosed further argument regarding the effect of NY Marine's reservation of rights in connection with the underlying action. (Dkt. #48 [Minutes]; Dkt. #57 [Transcript].)

On March 1, 2022, the parties filed a "Joint Rule 16(b)/26(f) Report" and on March 3, 2022, appeared before this Court for the Rule 26 Scheduling Conference *at which the present schedule was set*. (See, Dkt. #54 and 55, respectively). Although the parties initially proposed a slightly longer schedule, in neither the Joint Report nor at the March 3, 2022 hearing did Travelers alert either the Court or NY Marine to the impending trial in the underlying action or suggest that any privacy interest of the parties' mutual insured would render discovery impossible or difficult under existing circumstances. (See generally, Dkt. 54 [Joint Report]; Wagoner Decl. ¶¶ 4-5.) Likewise, in neither the Joint Report nor at the March 3, 2022 hearing did Travelers even alert the Court or NY Marine to the impending trial of in the underlying action— much less suggest that the trial of that action would prevent Travelers from fulfilling either its discovery or its Rule 26 obligations in this action. (Dkt. 54 [Joint Report]; Wagoner Decl. ¶¶ 4-5.)

/ / /

/ / /

/ / /

/ / /

/ / /

On Saturday, March 19, 2022, NY Marine served Requests for Admission, Requests for Production, and Special Interrogatories on Travelers. (Dkt. 61-1, Exs. 3-5; Wagoner Decl. ¶ 6.) On Thursday, March 24, 2022, Travelers' counsel requested a telephone conference with the undersigned counsel on the following day, Friday, March 25, 2022. (Wagoner Decl. ¶ 7, Ex. 1.) On March 25, 2022, counsel for Travelers and undersigned counsel spoke at length; for the first time, counsel for Travelers disclosed that trial of the underlying action was scheduled to commence on April 7, 2021, that Travelers' claim professional, Ms. Johnson, would be attending, and that Travelers believed it would be unable to respond to NY Marine's requests or adequately litigate this matter, and consequently proposed a continuation or stay of these proceedings. (*Id.,* at ¶ 8.) In this respect, during the March 25, 2022 call, Travelers' counsel acknowledged that Travelers had received substantial volumes of invoices, emails and other materials in connection with the underlying action which it had yet to fully categorize or integrate into its claim file—implying that the backlog included potentially months of invoices, emails and other materials relating to the underlying action which were within the scope of NY Marine's discovery requests but which Travelers had yet to organize—and that it would be impracticable for Travelers to do so during the trial of the underlying litigation.[1] (*Id.*)

After consideration, NY Marine declined to stipulate to the requested continuance.[2] (Wagoner Decl. ¶ 9.) Nevertheless, in response to an April 7, 2022

---

[1] Indeed, as recently as April 12, 2022, Ms. Johnson herself admitted in an email to NY Marine's claim professional that she has "hundreds of emails from defense counsel" which have apparently not been cataloged or included in Travelers' claim file. (Wagoner Decl. ¶ 12, Ex. 3.)

[2] Put simply, Travelers has repeatedly elected to press forward with the present litigation on the basis of claims which NY Marine considers not only specious, but predicated on a blatant misreading of the facts. NY Marine is entitled to its day in Court to establish the falsity of Travelers' allegations, and Travelers should not now be permitted to delay an adjudication which it ardently sought as recently as 6 weeks

request for a thirty (30) day extension of time to respond to NY Marine's previously-served discovery, NY Marine agreed to grant Travelers a fourteen (14) day extension. (*Id.,* at ¶ 10, Ex. 2.)

### III. LEGAL ARGUMENT

#### A. Legal Standard

Whether to grant a stay or continuance of the present matter is within the discretion of this Court. *See, e.g., Freeman v. ABC Legal Services Inc.,* 827 F.Supp.2d 1065, 1071 (2011) (observing that "courts 'have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion.'") (quoting *Cal. ex rel. Cal. Dep't. of Toxic Substances Control v. Campbell,* 138 F.3d 772, 770 (9th Cir. 1998)).

Furthermore, on an *ex parte* basis, Travelers must demonstrate that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures", and that Travelers *itself* "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g, supra,* 883 F. Supp. 488, 492.

#### B. Travelers' Arguments Are Without Merit

##### 1. Travelers' Argument That It Cannot Complete Discovery Because Its Claim Professional Is "Working With the Defense" Belies Travelers' Corporate Nature, The Fact of Travelers' *Cumis* Triggering ROR, and Common Sense

Travelers' first argument asserts that its claims professional, Pamela Johnson, "is staying in a rented place in Virginia, not Minnesota where she lives and works, in order to monitor trial and to assist the insured and her attorneys, full-time. … Since she is not in her office, and she is monitoring the trial and working with the defense

---

ago merely because Travelers is disorganized and now finds it inconvenient to fulfill the obligations which attend the *litigation it filed and actively entreated this Court not to dismiss*.

1  team all day, she cannot effectively assist Travelers in responding to detailed
2  document and other discovery from [NY Marine], which is due in two weeks." Ex
3  Parte App., at p. 1:8-15.[3] To this end, Ms. Johnson asserts in her declaration that she
4  is "an active part of the defense team" who has, for instance, "assist[ed]" the defense
5  team "in getting an adverse witness disqualified by discovering, via social media
6  research, that she had been following the testimony of other witnesses…", with the
7  result that her "support role in [the insured's] defense is substantive." Ex Parte App.,
8  Johnson Decl., at p. 7, ¶ 7.

9       As an initial matter, it bears noting that Ms. Johnson's declaration does not
10 attest whether Travelers has relieved her of all of her otherwise pre-existing duties in
11 their entirety—or whether she is merely contending that she is unable attend to her
12 obligations in connection with *this specific litigation*. *See generally,* Ex Parte App.,
13 Johnson Decl., at pp. 6-8, ¶¶ 1-11. Absent such direct testimony, her inability to
14 participate in the present litigation appears, at best, selective.

15      More to the point, the simple fact is that Travelers is a multi-billion dollar
16 company employing "approximately 30,000 employees . . . in the United States,
17 Canada, the United Kingdom and Ireland". *See,* Wagoner Decl. ¶ 11; Request for
18 Judicial Notice ¶¶ 1-2, Exs. 1-2.) It therefore stands to reason that if Ms. Johnson is
19 *truly* unable to assist Travelers in this litigation, that Travelers can find *someone*
20 qualified and able to review correspondence and produce appropriate documents in
21 response to NY Marine's routine discovery requests.

22      Furthermore, Ms. Johnson's naked conflation of her role as Travelers'
23 appointed claim representative as one necessarily involving "an active part of the

---

[3] As noted above and as relevant to the present posture of the discovery, New York Marine's discovery was served on Saturday, March 19, 2022 and was initially due April 18, 2022. NY Marine then granted Travelers a two-week extension of time to respond such that based on the present deadline, May 2, 2022, Travelers has had six (6) weeks to respond. (Wagoner Decl., ¶ 10, Ex. 2.)

defense team", not only defies common sense *but the obvious implications emanating from Travelers' reservation of rights.* Specifically, Travelers itself acknowledges that its reservation of rights letter triggered the insured's right to "independent" *Cumis* counsel. (FAC, Dkt. #15, at ¶ 10 ["Travelers agreed to defend the mutual insured with respect to the Underlying Action under a reservation of rights. In light of its reservation of rights and California law, including the holding of *San Diego Navy Federal Credit Union v. Cumis Insurance Society ("Cumis"),* 162 Cal.App.3d 358 (1984), Civil Code section 1646, Travelers offered to pay for independent counsel of the mutual insured's own selection…".]). Therefore, it necessarily follows that there is a conflict of interest between Travelers and the insured.

Furthermore, under California law, "[f]or independent counsel to be required, the conflict of interest must be 'significant, not merely theoretical, actual, not merely potential.'" *James 3 Corp. v. Truck Ins. Exch.,* 91 Cal.App.4th 1093, 1101 (2001) (quoting *Dynamic Concepts, Inc. v. Truck Ins. Exch.,* 61 Cal.App.4th 999, 1006-1008 (1998)). Accordingly, Travelers' appointment of independent counsel is an acknowledgement that a "significant … actual" conflict of interest exists between Travelers and the insured.  It follows that if Ms. Johnson is in fact acting in a "substantive", "active part of the defense team", that is certainly *inconsistent* with the acknowledged conflict of interest.

Moreover, Travelers' contention that it is because Ms. Johnson is involved *trial*—and not any other reason—that it simply cannot accommodate responding to NY Marine's discovery is belied by the admissions of Travelers' counsel and Ms. Johnson herself. In this respect, during the undersigned counsel's call with Travelers' counsel on March 25, 2022, Travelers' counsel conceded that part of the reason it was difficult for Travelers to respond at present was that its claim file was "incomplete", with an extensive backlog of invoices, emails, and other documents which had not yet been cataloged and incorporated into its claim file by Ms. Johnson. (Wagoner Decl., ¶ 8.) Likewise, in an April 12, 2022 email to NY Marine's claim professional, Ms.

Johnson specifically admitted that "[defense counsel] and I have communicated almost every day about this case", and that consequently, she has "hundreds of emails from defense counsel" which have apparently not been cataloged or included in Travelers' claim file—and which certainly have not been communicated to NY Marine, despite repeated requests to both Travelers and the insured's defense counsel for such materials. (*Id.,* ¶ 12, Ex. 3.) While one can imagine that this may result in *difficulty* for Travelers in now attempting to respond to NY Marine's discovery requests, it cannot plausibly claim that this is *solely* a result of the ongoing trial—nor can Travelers claim that it "is without fault in creating the crisis that requires ex parte relief". *Mission Power Eng'g, supra,* 883 F. Supp. 488, 492.

In short, because Travelers has thousands of employees, and because there is an acknowledged conflict of interest between the insured and Travelers, there is no logical or justifiable reason why Travelers cannot accommodate NY Marine's unremarkable discovery requests in this matter. (See, Ex Parte App., Exhibits, Dkt. #61-1, Exs. 3-5.) Moreover, since Travelers' own recent statements make clear that its present difficulties are apparently the result of its own long-running failure to properly update its claim file, Travelers cannot establish that it is entitled to ex parte relief.

> **2. Travelers' Privacy Arguments Are Specious And Misstate The Law Concerning Its Own Entitlement to Privileged Material Given the "Serious … Actual" Conflict Existing Between the Insured and Itself**

Travelers also contends that "[t]he Underlying Action involves compelling privacy concerns of the parties' mutual insured, [] is a matter of media interest, and [] is being litigated pursuant to a protective order entered in that case." (Ex Parte App., at p. 2:3-5). Travelers further asserts that the parties "each have an obligation to protect their mutual insured's right to maintaining her privacy, to the extent possible, and her right to a fair and effective trial without risking public exposure of hyper-sensitive information during the trial." (*Id.,* at p. 2:8-11).

To the extent Travelers implies that the insured's privacy interests alone outweigh the need for it to comply with its ongoing litigation obligations in this action which it instituted, those arguments are clearly without merit. As Travelers acknowledges, the underlying action is subject to a Protective Order—which as of the date of this filing, the undersigned counsel and NY Marine's claim professional have executed and are thus bound to comply with. (Wagoner Decl., ¶ 13.) Likewise, the parties have negotiated a proposed stipulated protective order in connection with this litigation, which is being filed with the Court contemporaneously with this Opposition. (Wagoner Decl., ¶ 14.)

At the outset, NY Marine does not deny that its discovery requests "implicate the insured's right to privacy as well as her attorney-client privilege." (Ex Parte App., at p. 2:16-17.) Nevertheless, it bears noting that Travelers' argument is entirely selective and utterly self-serving, as *Travelers initiated the present litigation. Where was its concern for the insured's privacy then*? Such are the nature of coverage disputes. Regardless, the existence of not one but two applicable protective orders, enforceable by two separate courts, should suffice to allay any concern that the insured's private information will be bandied about indiscriminately.

Moreover, Travelers argument goes further, asserting that it "is on the inside of that privilege, under the common interest doctrine, because it is supporting the defense", while contending that "[t]o the extent that [NY Marine] contends that it has no duty to defend the insured under the circumstances of this case, its interest may not align with the insureds". Once again, Travelers is seeking to have its cake and eat it to: initiating this litigation on the *express premise that NY Marine owes a duty to defend the insured*, but happily asserting that NY Marine may not be so obligated where, as here, it is momentarily convenient for it to take that contrary position. In any event, having initiated the present litigation, Travelers should not now be heard to complain that NY Marine seeks discovery of information which may be critical to its defense—and again, any concern regarding privacy should be more than

10

eliminated by the existence of not one, but likely two applicable protective orders.

Critically, Travelers' argument also not only misunderstands the law, but it misstates its own legal position as well. As outlined above, Travelers expressly acknowledged a "significant … actual" conflict between itself and the insured sufficient to trigger the insured's rights to independent counsel under Civil Code § 2860. (FAC, Dkt. #15, ¶ 10.)  As relevant, Civil Code § 2860(d) states that "[w]hen independent counsel has been selected by the insured, it shall be the duty of that counsel and the insured to disclose to the insurer all information concerning the action *except privileged materials relevant to coverage disputes*, and to timely inform and consult with the insurer on all matters relating to the action." (Emphasis added). In short, since it is Travelers and not NY Marine which issued a reservation of rights triggering the insured's right to independent counsel, it is *Travelers, not NY Marine* which is not entitled to obtain "privileged materials" to the extent they relate to the coverage dispute between itself and the insured. Civ. Code § 2860(d); *Assur. Co. of Am. v. Haven,* 32 Cal.App.4th 78, 85, 88; *see also, Hartford Cas. Ins. Co. v. J.R. Marketing, L.L.C.,* 61 Cal.4th 988, 1006 (2015) (insurer could obtain independent counsel's fee and task descriptions in fee dispute where requested documents necessarily contained material subject to the attorney-client privilege and work-product doctrine). Thus, its argument is incorrect as a matter of law, and therefore is not a basis to grant the requested relief.

Lastly, and setting aside Travelers' erroneous arguments in support of a stay or continuance, the fact that NY Marine would seek copies of correspondence, claim files, and other material regarding the defense was unquestionably foreseeable. Notwithstanding this fact—and despite numerous opportunities to raise the issue, including most recently in the March 1, 2022 Joint Report and during the March 3, 2022 Scheduling Conference—Travelers failed to do so. (Wagoner Decl. ¶ 8.) And as observed above, Travelers' statements effectively admit that its own disorganization has contributed to its inability to respond to NY Marine's requests. (*Id.,* at ¶¶ 8, 12,

Ex 3.) Travelers' moving papers provide no explanation why this was the result of "excusable neglect" and cannot plausibly do so. Travelers' urgent need for relief is thus a happenstance of its own creation, for which reason it cannot satisfy the necessary element of a claim for *ex parte* relief in showing that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g, supra,* 883 F. Supp. 488, 492.

### 3. Travelers Offers No Plausible Substantive Explanation or Argument How the Insured's Interests Are Impinged By The Present Litigation

As observed above Travelers' brief contains a series of broad, entirely general assertions concerning the insured's right of privacy, the need to protect her rights, as well as generalized (and unremarkable) hand-waving that NY Marine's discovery requests seek documents and materials including attorney-client privileged and/or other private documents pertaining to the insured's defense of the underlying litigation. (See generally, Ex Parte App., at pp. 2:3-17; 4:28-5:2). On that basis, Travelers asserts that "discovery while trial is pending implicates the insured's rights to privacy, privilege with her attorneys, and a fair trial", and so contends that "[t]hese concerns can be assessed better, and differently, when the trial is finished."

As it bears on Travelers' highly generalized assertions, California courts have developed a test to evaluate whether a coverage action should be stayed pending the resolution of underlying litigation. Specifically, "[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action." *Maryland Cas. Co. v Witherspoon,* 993 F.Supp.2d 1178, 1186 (N.D.Cal. 2014) (quoting *Montrose Chem Corp. v. Superior Court,* 6 Cal.4th 287, 301 (1993)); *Atlantic Cas. Ins. Co. v. Crum,* 364 F.Supp.3d 1123, 1136 (E.D.Cal. 2019) (same); *Tokio Marine Spec. Ins. Co. v. Thompson Brooks, Inc.,* 252 F.Sup.3d 753, 764 n. 11 (N.D.Cal. 2017) (same). "By contrast, when the coverage question is

1 logically unrelated to the issues of consequence in the underlying case,
2 the declaratory relief action may properly proceed to judgment." *Witherspoon, supra,*
3 993 F.Supp.2d at 1186 (quoting *Montrose Chem. Corp. v. Superior Court,* 25
4 Cal.Appp.4th 902, 908 (1995)).

5       Here, NY Marine is aware of no issue relevant to the present dispute *between*
6 *Travelers and NY Marine* which "turns on facts to be litigated in the underlying
7 action". Put simply: whether the insured is liable in the underlying action or not is
8 immaterial to the claims asserted between Travelers and NY Marine. Certainly, if
9 Travelers believes otherwise, then its Application utterly failed to identify the relevant
10 issues and facts.

11       Likewise, Travelers presents no argument explaining how the insured would be
12 prejudiced by the resolution of the claims asserted between *Travelers* and *NY Marine,*
13 in an action to which she is not a party. (See generally, Ex. Parte App., Dkt. #61, at
14 pp. 1-5.) In general, however, absent unusual circumstances, since the insured is not
15 a party, nothing determined as between Travelers and NY Marine *in this action* would
16 be binding upon the insured. *See, e.g., Steen v. John Hancock Mut. Life Ins. Co.,* 106
17 F.3d 904, 910 ("'Collateral estoppel, or issue preclusion, bars the relitigation of issues
18 actually adjudicated in previous litigation between the same parties'", and noting that
19 "Collateral estoppel applies not only against actual parties to prior litigation, but also
20 against a party that is in privity to a party in previous litigation.") (quoting *Kamilche*
21 *Co. v. United States,* 53 F.3d 1059, 1062 (9th Cir. 1995), and *Shaw v. Hahn,* 56 F.3d
22 1128, 1131 (9th Cir.), *cert denied,* 516 U.S. 964 (1995)). Accordingly, lacking any
23 showing by Travelers in its Ex Parte Application how its *mere responses to discovery*
24 in the present action would prejudice the insured *in the underlying action*, its
25 arguments do not establish any "good cause" for a stay or continuance—much less on
26 an *ex parte* basis.

27       Again, a protective order is already in place in connection with the underlying
28 action, and a further order will no doubt shortly be in place in this action as well.

1  There is no reason to expect that the parties will be unable to protect the insured's
2  *generalized but non-specific,* privacy interests. For this additional reason, Travelers'
3  vague, non-specific allusions should not suffice to justify a stay of the present
4  litigation.

## IV.  CONCLUSION

Having initiated this litigation during the pendency of the underlying action and earnestly pressed this Court to permit its claims to stand as recently as 8 weeks ago, Travelers now seeks a stay of the present litigation, contending that staffing difficulties, the ongoing trial, and concerns regarding the insured's "privacy" interests require a stay of the present litigation. But Travelers' claims are vague and hypothetical—Travelers points to no *specific* issue in this litigation which is likely to expose the insured's private information or endanger the ongoing trial in the Underlying Action. More to the point, given the existing protective order in the underlying litigation with which both NY Marine's counsel and its claims professional are bound to comply, and the likely entrance of a second protective order in this litigation, Travelers' Ex Parte Application provides no logical reason why those interests cannot be properly safeguarded without the drastic act of staying the present litigation.

Likewise, Travelers' arguments that it is "inside" the insured's privilege but that NY Marine that are simply contrary to law: Travelers has expressly acknowledged an "actual" conflict with the insured, and as a consequence, it is *Travelers*, not NY Marine, which may not be entitled to privileged information from the insured. As well, Travelers' contention that it—a multibillion dollar corporation with tens of thousands of employees—cannot find someone to review and disclose communications *already in its possession* defy good practice and common sense.

Finally, Travelers' own acts and statements make clear that it is not "without fault in creating the crisis that requires ex parte relief".

Accordingly, for all the foregoing reasons, NY Marine respectfully requests

1 | that the Court deny Travelers' Ex Parte Application.

Dated:  April 19, 2022                          McCORMICK, BARSTOW, SHEPPARD,
                                                                WAYTE & CARRUTH LLP

                                                By:     */s/ James P. Wagoner*
                                                          James P. Wagoner
                                                          Lejf E. Knutson
                                                          Nicholas H. Rasmussen
                                                          Graham A. Van Leuven
                                                Attorneys for Defendant New York Marine and
                                                          General Insurance Company

8351810.1

## PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On April 19, 2022, I served true copies of the following document(s) described as **NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S OPPOSITION TO TRAVELERS' EX PARTE APPLICATION VACATING DEADLINES AND STAYING CASE OR ALTERNATIVELY, EXTENDING ALL CURRENT DEADLINES** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 19, 2022, at Fresno, California.

*/s/ Heather Ward*
Heather Ward