MARK D. PETERSON (State Bar #126174)
KATHLEEN O. PETERSON (State Bar #124791)
AMY HOWSE (State Bar # 252922)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

Attorneys for Plaintiff
TRAVELERS COMMERCIAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Defendants. | Case No.: 2:21-cv-5832-GW (PDx)<br>Hon. George H. Wu<br>Hon. M.J. Patricia Donahue<br><br>**DECLARATION OF MARK D. PETERSON IN SUPPORT OF MOTION OF PLAINTIFF TRAVELERS COMMERCIAL INSURANCE COMPANY TO CONSOLIDATE ITS ACTION WITH ACTION FILED BY DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY AGAINST INSURED**<br><br>DATE:        October 17, 2022<br>TIME:         8:30 a.m.<br>Courtroom: 9D |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMBER HEARD, an individual,<br><br>Defendant. | Case No. 2:22-cv-04685-GW (PDx)<br>Hon. George H. Wu<br>Hon. M.J. Patricia Donahue |

1

MOTION TO CONSOLIDATE / DECLARATION OF MARK D. PETERSON

I, MARK D. PETERSON, do hereby declare as follows:

1. I am an attorney admitted to practice in the State of California and before this Court and I am a partner in the law firm of Cates Peterson LLP, located in Newport Beach, California. I am the partner in charge of the representation of Plaintiff Travelers Commercial Insurance Company ("Travelers") in the action filed against New York Marine and General Insurance Company ("ProSight"), which is assigned Case No. 2:21-cv-5832-GW (PDx) (the "First Action"). As a result, I have personal knowledge of the facts set forth in this declaration and if called as a witness I could and would truthfully testify to them.

2. Travelers filed the First Action against ProSight on July 20, 2021. The First Action is for declaratory relief and equitable contribution of defense expenses relating to a dispute pending in the State of Virginia against the parties' joint insured. The insured is a defendant in a defamation action which proceeded to trial after the First Action was filed. The thrust of Travelers' action is that ProSight has not provided a proper defense to the insured, which left Travelers bearing an inequitable portion of the defense. A true and correct copy of the First Amended Complaint in the First Action (Dkt. 15) is attached as Exhibit 1 to the accompanying Request for Judicial Notice.

3. On March 25, 2022, ProSight first filed a counterclaim against Travelers in which ProSight seeks, among other things, a declaration that ProSight did not owe Travelers or the insured anything. A true and correct copy of the counterclaim, which is contained in ProSight's Answer to First Amended Complaint, Counterclaim and Demand for Jury Trial ("Counterclaim"), Docket 56, is attached as Exhibit 2 to the Request for Judicial Notice.

4. I am informed that in early June 2022, the trial of the Virginia action against the insured concluded with a jury verdict. On July 8, 2022, ProSight filed an action against the insured, Case No. 2:22-cv-04685-GW-PD (the "Second Action"). I am informed that an amended complaint in the Second Action was filed on July 11, 2022. The Second Action is a claim for declaratory relief in which ProSight seeks various declarations concerning ProSight's obligations to the insured under ProSight's insurance policy. ProSight filed a copy of the judgment in the Virginia Action as an exhibit to its First Amended Complaint in the Second Action (filed as Exhibit 4 to that amended complaint).

5. A true and correct copy of the First Amended Complaint in the Second Action (Dkt. 5) is attached as Exhibit 3 to the Request for Judicial Notice without its exhibits.

6. A true and correct copy of the exhibit to the First Amended Complaint in the Second Action (Dkt. 5) which is the Judgment Order containing the jury verdict in the underlying action is attached as Exhibit 4 to the Request for Judicial Notice.

7. Both of these actions will require the Court and/or a jury to resolve questions of the scope of ProSight's duty to the insured, whether ProSight met its obligations, and whether ProSight is excused from them.

8. It is my belief that consolidation of the two matters will reduce judicial time and most likely the time spent by the parties on these cases. The witnesses in the cases will be almost identical, the documentary evidence in the cases will greatly overlap. Further, I believe there is little risk of prejudice or confusion if the two cases are consolidated. The main issue in both cases arises from ProSight's duties to the insured and whether those have been met or are excused. There is a greater risk of confusion and inconsistent results if the cases proceed forward on independent tracks with different trial evidence and possibly one or two juries.

9. The First Action is procedurally ahead of the Second Action: its discovery cut-off is October 4, 2022, and its trial is scheduled for January 3, 2023. The Second Action was just filed and the defendant insured has not appeared. Consolidation will require vacating the dates in the First Action, but Travelers, the moving party here, would rather have the litigation done correctly, rather than quickly. Travelers is the moving party and it is not complaining about waiting to try its case to let the Second Action catch up.

10. Travelers has brought this issue before the Court promptly. ProSight only brought the Second Action on July 8, 2022.

11. Attached as Exhibit 5 to the Request for Judicial Notice is a true and correct copy of the order transferring the Second Action to the calendar of Judge George H. Wu, to whom the initial case filed by Travelers has been assigned.

I declare under penalty of perjury that the foregoing is true and correct.

This declaration is made on August 24, 2022, at Newport Beach, California.

_____
Mark D. Peterson