Cates Peterson LLP
Mark D. Peterson, #126174
 *markpeterson@catespeterson.com*
Kathleen O. Peterson, #124791
 *kpeterson@catespeterson.com*
Amy Howse, #252922
 *ahowse@catespeterson.com*
4100 Newport Place, Ste. 230
Newport Beach, CA 92660

Attorneys for Plaintiff and Cross-Defendant
Travelers Commercial Insurance Company

McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
 *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
 *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
 *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
 *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant and Cross-Claimant New York Marine and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>New York Marine and General Insurance Company, a Delaware Corporation,<br><br>Defendant. | Case No. 2:21-cv-5832-GW (PDx)<br><br>**JOINT STIPULATION AND APPLICATION TO MODIFY SCHEDULING ORDER**<br><br>L.R. 40-1<br><br>Hon. George H. Wu<br><br>Complaint Filed: July 20, 2021<br>Trial Date: January 3, 2023 |

| | |
|---|---|
| New York Marine and General Insurance Company, a Delaware corporation<br><br>Counter-Claimant<br><br>v.<br><br>Travelers Commercial Insurance Company, a Connecticut corporation,<br><br>Counter-Defendant | Filed concurrently with: Declaration of James P. Wagoner; Declaration of Mark D. Peterson; Request for Judicial Notice |

## I. INTRODUCTION

As the Court is aware, this litigation encompasses a dispute between insurer-Plaintiff and Counter-Defendant Travelers Commercial Insurance Company ("Travelers") and Defendant and Counter-Claimant New York Marine and General Insurance Company ("NY Marine") concerning their respective rights, obligations and duties with respect to the defense of their mutual insured in ongoing underlying litigation.

After NY Marine filed its motion to dismiss Travelers' initial complaint, Travelers filed a First Amended Complaint, to which NY Marine filed a further motion to dismiss. This Court heard hearings on the motion to dismiss on December 13, 2021, January 20, 2022; January 27, 2022; and February 17, 2022. The parties held a Rule 26 conference on February 22, 2022, and this Court held a Rule 26 Scheduling Conference on March 3, 2022.  NY Marine then filed its Answer to Travelers' First Amended Complaint and Counterclaim on March 25, 2022, and accordingly, this matter did not come to issue until April 15, 2022, when Travelers filed its Answer to NY Marine's Counterclaim. The parties have thereafter engaged in extensive discovery, resulting in the production of more than 159,000 pages of documents solely from their own respective claim files.  In addition, both parties have issued subpoenas to other law firms which represented their mutual insured and have received objections as well as numerous documents produced by them.  In addition

2
JOINT STIPULATION AND APPLICATION TO MODIFY SCHEDULING ORDER

the parties anticipate receiving additional documents in response to those subpoenas. The parties are also in the process of negotiating with third parties, including multiple attorneys, concerning both their responses to subpoenas for records and their availability to appear for depositions in this matter.

Notwithstanding the foregoing efforts, neither Travelers nor NY Marine anticipate that the parties will be reasonably able to complete discovery, mediation, or prepare for trial within the cutoffs established by the Court in its March 3, 2022, Scheduling Order.  This is due to a host of factors: (1) the sheer volume of documents produced; (2) the necessity of coordinating the production of  information from various third-parties, including material which those parties contend is privileged; (3) the parties' ongoing efforts to obtain documents from and schedule the depositions of multiple-party-affiliated witnesses; (4) the parties' further ongoing efforts to obtain documents from and schedule the depositions of third-party attorney-witnesses located in at least four states, including of attorney-witnesses who have expressed reluctance to be deposed separately in both this matter and in the related litigation entitled *New York Marine and General Insurance Company v. Amber Heard,* United States District Court, Central District of California, Case no. 2:22-cv-04685 (the "*NY Marine v. Heard"* litigation) (or indeed to be deposed at all); (5) the anticipated necessity of bringing separate motions to compel the non-party attorneys' compliance with subpoenas for documents which will need to be filed in three different courts: this Court; the Southern District of New York; and the United States District Court for the District of Columbia, respectively; (6) ongoing negotiations regarding PMK deposition topics; and (7) difficulties in scheduling a mediation before the parties' mutually agreed-upon Mediator, Ralph O. Williams III of ADR Services, Inc.

Moreover, these considerations are of particular note given Travelers' pending motion to consolidate this matter with the *NY Marine v. Heard* litigation (which is not yet at issue), which motion is presently scheduled to be heard on October 17, 2022.

Accordingly, Travelers and NY Marine jointly apply to this Court for an Order

vacating and modifying the scheduling order, continuing all relevant dates, including and the trial date and all relevant intervening deadlines by approximately 180 days, with trial on or about June 26, 2023, or until such time thereafter as the Court deems appropriate and convenient.[1]

## II. BACKGROUND AND TIMELINE

### A. Procedural and Scheduling Background In This Litigation

This case was initially filed on July 20, 2021. The parties thereafter vigorously addressed the sufficiency of the claims asserted in the Complaint and the subsequent First Amended Complaint. (See, e.g., Dkt. Nos. 1-48.) As a result, this matter was not at issue until April 15, 2022, when Travelers filed its Answer to NY Marine's Counterclaim. (Dkt. No. 48.)

On March 1, 2022, the parties filed their Joint Rule 16(b)/26(f) Report, which proposed, as relevant, the following procedural deadlines:

| | |
|---|---|
| Initial Disclosures: | April 29, 2022 |
| Mediation Deadline: | October 31, 2022 |
| Mediation Status Report: | November 10, 2022 |
| Non-Expert Discovery: | January 20, 2023 |
| Expert Disclosure (Initial): | February 10, 2023 |
| Expert Disclosure (Rebuttal): | March 10, 2023 |
| Expert Discovery Cut-off: | March 24, 2023 |
| Motion Filing: | April 10, 2023 |
| Pre-trial/Trial: | June 26, 2023-July 2023 |

(Dkt # 54, at pp. 9-11.)

---

[1] In this regard, the parties note that NY Marine's lead counsels have a trial presently scheduled to commence in the Central District on April 4, 2022, while Travelers' lead counsels will be unavailable due to foreign travel from April 22, 2023 to May 26, 2023. (Declaration of Mark D. Peterson ("Peterson Decl.") ¶ 4; Declaration of James P. Wagoner ("Wagoner Decl.") ¶ 32.)

On March 3, 2022, the Court issued its Scheduling Order, which set the following deadlines:

| | |
|---|---|
| Discovery Cutoff: | October 4, 2022 |
| Mediation Cutoff: | October 11, 2022 |
| Post-Mediation Status Conference: | October 13, 2022 at 8:30 a.m. |
| Expert Discovery Cutoff: | November 4, 2022 |
| Motion Hearing Cutoff: | December 1, 2022 |
| Pretrial Conference: | December 22, 2022 at 8:30 a.m. |
| Court Trial: | January 3, 2023 at 9:00 a.m. |

(Dkt. No. 55.)

### B. Other Litigation

As this Court is also aware by virtue of its decision on July 12, 2022 to relate the two cases pursuant to General Order 21-01, on July 8, 2022, NY Marine filed the *NY Marine v. Heard* litigation, and on July 11, 2022, filed a First Amended Complaint in that action. (Wagoner Decl. ¶ 2; Request for Judicial Notice ("RJN"), ¶¶ 1-2, Ex. 1-2.)

With respect to the present status of that litigation, NY Marine has negotiated an agreement pursuant to which Mr. Kirk Pasich, counsel for Defendant, has agreed to accept service on her behalf of the First Amended Complaint by way of a Notice of Acknowledgement and Receipt. Those and related documents were provided to Mr. Pasich on August 31, 2022. (Wagoner Decl. ¶ 3.) Nevertheless, as of the filing of this Application, the Defendant's signed Notice of Receipt and Acknowledgment of Service of Summons and Complaint has not been returned to NY Marine, and thus Defendant is not legally obligated to do so any earlier than September 20, 2022. (Wagoner Decl. ¶ 4.) As a result, Defendant has not yet filed a responsive pleading and does not have any present legal obligation to do so until, at the latest, October 14, 2022. (*Id.*) In consequence, that matter is not presently at issue and thus discovery in that action is not yet open.

On August 24, 2022, Travelers filed a motion to consolidate the *NY Marine v. Heard* litigation with the present action. (Wagoner Decl., ¶ 5; RJN, ¶ 3, Ex. 3.) The hearing on Travelers' motion to consolidate this action and the *NY Marine v. Heard* litigation is set for October 17, 2022. (Wagoner Decl. ¶ 5; RJN, ¶ 3, Ex. 3.) .) Pursuant to an agreement between the parties, NY Marine's Opposition will be due on September 19, 2022, and Travelers' Reply will be due on October 3, 2022. (Peterson Decl. ¶ 2; Wagoner Decl., ¶ 5.)

### C. Discovery Efforts In The Present Litigation

Shortly after the matter became at issue, NY Marine served special interrogatories, requests for admission and requests for production on Travelers on March 19, 2022. (Wagoner Decl., ¶ 6.) Travelers requested and NY Marine granted it a two week extension of time to respond. Travelers thereafter requested a further extension, and NY Marine agreed to a further one (1) week extension, but declined any further extension. Travelers then served responses to the interrogatories, requests for admissions and requests for production on May 9, 2022. (*Id.*, at ¶ 7.) On June 7, 2022, Travelers served its initial disclosures, along with 100,206 pages of documents encompassing both its initial disclosures and documents responsive to NY Marine's requests for production. (*Id.*, at ¶ 8.) On June 27, 2022, NY Marine provided Travelers with its initial disclosures, as well as 27,576 pages of documents. (*Id.*, at ¶ 9 .) On August 22, 2022, Travelers produced an additional 31,768 pages of documents to NY Marine. (*Id.*, at ¶ 10.) Thus, to date, between themselves the parties have exchanged a total of 159,550 pages solely from their claim files. (*Id.*, at ¶ 11.) Given the volume of documents produced, the parties have not yet completed a full detailed review of the respective productions. (*Id.*, at ¶ 12.)

In addition, the parties have served subpoenas for production of documents and depositions on a number of law firms who were retained or paid by the Travelers and/or NY Marine to represent the insured in the underlying litigation against her. Specifically, on July 5, 2022, NY Marine served a subpoena for records on non-party

Kaplan Hecker & Fink, LLP ("Kaplan Hecker"), a law firm located in New York, which initially represented the insured in the underlying litigation; NY Marine also served a July 5, 2022 subpoena for records on non-party Charlson Bredehoft Cohen Brown & Nadelhaft ("Charlson Bredehoft"), a law firm located in Virginia which subsequently represented the insured in the Underlying litigation; additionally, on July 5, 2022 NY Marine served a subpoena for records on non-party Eisner, LLP, a law firm located in California which represented the insured as personal counsel, but which was not an attorney of record in the underlying litigation. (Wagoner Decl., at ¶ 13.) Though the Charlson Bredehoft and Eisner law firms have each produced certain documents in response to NY Marine's subpoena, each of the non-party law firms—Kaplan Hecker, Charlson Bredehoft, and Eisner—have also served objections to the subpoenas: Eisner LLP serving its objections and responses on July 25, 2022, along with a written explanation thereof; Kaplan Hecker served objections via written correspondence on July 29, 2022, August 4, 2022, and September 1, 2022; and Charlson Bredehoft served objections on July 25, 2022. (*Id*., at ¶ 14.)

On August 22, 2022, Travelers served a subpoena on Sean Roche of Cameron McEvoy, PLLC, which firm was initially retained by the insured and which, upon the insured's tender, was appointed by NY Marine as the insured's defense counsel. That subpoena sought the production of documents and also Mr. Roche's deposition. (Wagoner Decl., ¶ 15.) The parties and Mr. Roche thereafter met and conferred concerning Travelers' subpoena to Mr. Roche and the Cameron McEvoy Firm on August 22, 2022, August 23, 2022, and August 24, 2022, and Cameron McEvoy produced responsive, non-privileged documents in response to the subpoena on August 23, 2022. (Wagoner Decl., ¶ 16.) The parties and Mr. Roche likewise agreed that his deposition will proceed on September 27, 2022. (*Id*.)

The parties have since engaged in meet-and-confer efforts with each of the non-party witnesses in order to secure their compliance with the various subpoenas for documents and to secure the depositions of key witnesses at each of those firms.

Specifically, NY Marine has exchanged multiple emails with Mr. John Quinn of the Kaplan and Hecker firm, and formally met and conferred with him via phone on July 15, 2022, August 24, 2022, and August 25, 2022 concerning both the Kaplan Hecker firm's responses to the subpoena and the setting of a deposition of Ms. Roberta Kaplan who represented the insured in the underlying litigation for a time. (Wagoner Decl., at ¶ 16.) That firm has indicated that it will produce a limited subset of documents requested and provide a more fulsome explanation of the grounds on which it has declined to produce additional documents. (*Id.*, at ¶ 7.) Consequently, on September 1, 2022, it provided a letter elucidating its position and asserting that at the instruction of its client (the parties' mutual insured), it would produce only correspondence previously exchanged with one or both of the parties in this action; to date, however, it has not produced any of those documents. (*Id.*)

Likewise, following receipt of the Eisner firm's objections and responses, counsel for NY Marine met and conferred with Mr. Reynolds of the Eisner firm by telephone on August 5, 2022, and has subsequently met and conferred with him regarding the setting of his deposition. (Wagoner Decl., at ¶ 18.) Notably, although Mr. Reynolds has indicated that he is willing to appear for a deposition, he has also indicated that he is unwilling to sit twice for separate depositions in both this litigation and in the *NY Marine v. Heard* litigation. (*Id.*)

Similarly, after NY Marine wrote to the Charlson Bredehoft firm on August 6, 2022 seeking to arrange a meet and confer regarding that firm's objections to NY Marine's subpoena, NY Marine was informed that separate counsel had been retained and would be in contact with NY Marine's counsel. (*Id.*, at ¶ 19.)  However, it was only on August 30, 2022 that counsel for NY Marine was contacted by Mr. Richard Simpson, Esq., of Wiley Rein, LLP, who confirmed that he had been retained to represent the Charlson Bredehoft firm in response to NY Marine's subpoena, and agreed to meet and confer with NY Marine's counsel following his return from his previously scheduled travel. (*Id.*) Consequently, due to the delay on account of the

Charlson Bredehoft firm's need to retain counsel, and as a result of Mr. Simpson's travel schedule, the call between Mr. Simpson and the undersigned counsel for NY Marine did not occur until September 6, 2022, the earliest date upon which Mr. Simpson was available. (Wagoner Decl., ¶¶ 18-19.)

Given the foregoing, and in particular given that each of the law firms have raised objections primarily based on the attorney-client privilege and work-product doctrine, the parties anticipate that NY Marine will be required to bring motions to compel against each of those non-parties in order to obtain full compliance by the subpoenaed parties with the requests set forth in the respective subpoenas for documents served upon them. (*Id*., at ¶ 20.) To that end, NY Marine is in the process of preparing such motions for filing. However, because the firms are located in different states, the motions will need to be filed in multiple jurisdictions: the motion as against the Eisner firm will be filed in in this District before Magistrate Judge Donahue, as Mr. Reynolds is located in Eisner's LA office; the motion against the Kaplan Hecker firm will be filed in the United States District Court for the Southern District of New York where the relevant attorneys and documents are located; and with respect to the Charlson Bredehoft firm, the motion will be filed in the United States District Court for the District of Columbia where the documents requested by the subpoena were required to be produced. (*Id*.)

Furthermore, although the parties have mutually engaged in extensive meet-and-confer conferences with the various non-party law firms in attempts to obtain mutually agreeable dates for the depositions of key witnesses from those firms, to date, only third-party law firm Cameron McEvoy, LLP, which also represented the insured in the underlying action, has reached agreement with Travelers and NY Marine as to the date for a deposition of its representative, Sean Roche. (Wagoner Decl., ¶ 21.) Due to Mr. Roche's own trial calendar and vacation schedule, that deposition is not scheduled to proceed until September 27, 2022—just seven days before the present discovery cutoff. (*Id.*)

Turning to the depositions of the parties' own witnesses, NY Marine has agreed to provide the deposition of its claims handler on Thursday, September 29, 2022, and has offered the deposition of its PMK on Saturday, October 1, 2022. (Wagoner Decl., ¶ 23.) Nevertheless, Travelers' lead trial counsel is presently out of the country on a three-week trip which was planed in March, and consequently is unavailable from August 27, 2022 until September 19, 2022. (Peterson Decl. ¶ 3.)  Likewise, counsel for Travelers has advised NY Marine that Travelers' claims professional, who may also be its person most knowledgeable and who has since retired, will agree to voluntarily appear for a deposition, but is "not available the last half of September and first week of October due to being in Houston for a surgery and recovery of a family member", and "also has a trip planned October 21 returning on about the October 31." (*Id.*)  Consequently, although NY Marine unilaterally set her deposition for Monday, October 3, 2022, given her personal schedule it does not appear that she will be available for deposition until after the present discovery cut-off, and the parties have tentatively agreed that her deposition will proceed on October 13, 14, or 18, 2022.  (Wagoner Decl. ¶¶ 23-24.)

### D.     Mediation

The parties have also engaged in extensive meet and confer efforts to identify a mediator who both parties agree would be an appropriate neutral qualified to address the insurance coverage and equitable issues present in this matter. In so doing, the parties have considered at least eight (8) mediators. (Wagoner Decl., ¶ 25.) Based on their search, the parties have agreed to use Mr. Ralph O. Williams III of ADR Services.  (*Id.*) However, as of August 22, 2022, Mr. Williams had availability only on November 11, 2022, November 14, 2022, and December 5th, 12th, 15th, and 19th, 2022. (*Id.*) Given the parties' interest in having Mr. Williams mediate this matter, the parties have currently reserved the date of November 14, 2022 for a mediation before Mr. Williams. (*Id.*) This date is beyond the current deadline of October 10, 2022 which the Court's March 3, 2022 Scheduling Order set as the deadline for the parties

to mediate.

## III. BASIS FOR STIPULATION AND APPLICATION

### A. Legal Standard

Federal Rule of Civil Procedure Rule 16(b) states that a "scheduling order shall not be modified except by leave of court and upon a showing of good cause." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha,* 218 F.R.D. 667, 671 (C.D.Cal. 2003); *Zivkovic v. Southern Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Zivkovic, supra,* 302 F.3d at 1087; *Johnson, supra,* 975 F.2d 604, 609; *Matrix Motor Co., Inc., supra,* 218 F.R.D. at 671. And, "[a] party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor Co., Inc., supra,* 218 F.R.D. at 671; *Zivkovic, supra,* 302 F.3d at 1087; *Johnson, supra,* 975 F.2d 604, 609.

### B. Good Cause Exists to Grant the Stipulation and Application

As outlined above, since this matter came to issue, the parties have engaged in substantial and voluminous discovery, and have mutually engaged in extensive meet-and-confer efforts, not only between themselves but also with various third-party-witnesses to obtain documents and deposition testimony. Despite the parties' diligence however, several factors have combined to render unrealistic the completion of discovery, mediation, motion-work and preparation for trial consistent with the schedule presently set under the Court's March 3, 2022 Scheduling Order.

In this respect, the parties' own voluminous discovery productions, and the time required to review those documents, resulted in the parties not being able to even begin addressing third party witnesses until early July. (Wagoner Decl., ¶ 26.)[2]

---

[2] Indeed, as noted above, NY Marine itself has not even finished a complete review

11
JOINT STIPULATION AND APPLICATION TO MODIFY SCHEDULING ORDER

Likewise, the parties' efforts to obtain documents from the identified third-party witnesses have been substantially impeded by objections served by each of the witnesses in response to those subpoenas. (*Id*., at ¶ 27.) Despite meet-and-confer efforts, the third-party witness' objections are largely grounded in claims of attorney-client privilege and the work-product doctrine, and as such, NY Marine has not had success in obtaining agreements concerning the production of materials it deems both not subject to any privilege objections and critical to its defenses and claims. (*Id.*, at ¶¶ 27-29.) As a result, NY Marine anticipates filing motions to compel, potentially in multiple venues, including at least California, New York and the District of Columbia. (*Id.,* at ¶ 20.) Although NY Marine anticipates that the motion to compel further responses from the Eisner law firm will be filed within the next fourteen days, it is virtually certain that none of these motions will be resolved before the presently-scheduled October 4, 2022 discovery cut-off deadline in this litigation. Indeed, because each of the firms have raised virtually identical objections, NY Marine continues to meet and confer with those firms to ascertain whether multiple motions will be necessary, or whether the Kaplan Hecker and Charlson Bredehoft firms would abide by a ruling of the Court with respect to the subpoena to Eisner LLP to be filed and heard by Magistrate Judge Patricia Donahue in this Court. (*Id.*)

With respect to the depositions of key third-party attorney-witnesses with the Kaplan Hecker, Eisner, and Charlson Bredehoft firms, each of those firms have raised objections and considerations over which the parties are still meeting and conferring. In this respect, Jeremiah Reynolds of the Eisner LLP firm has informed the parties that although he is willing to appear for a deposition, he is unwilling to be deposed separately in this matter and in the related *NY Marine v. Heard* litigation. However,

---

of the documents received from Travelers, having received an additional 31,768 pages of documents from Travelers on August 22, 2022, a total of 131,974 pages from Travelers since June 7, 2022. (Wagoner Decl. ¶ 26.)

discovery there is not yet open, and will not open until well-after the close of the present discovery cutoff in this matter. (Wagoner Decl., ¶ 29.) Similarly, although the Kaplan Hecker firm has agreed "in principle" to permit a deposition, no firm date has been agreed, and that firm has also expressed concerns not only about privilege issues, but also regarding the risk of multiple depositions in both this action and the *NY Marine v. Heard* litigation. (*Id.*.) Finally, though the undersigned counsel for NY Marine met and conferred with counsel for the Charlson Bredehoft firm on September 6, 2022, to date that law firm has not made any firm agreement to produce additional materials, nor has it agreed to a date for the deposition of Ms. Bredehoft. (*Id.*)

Travelers and NY Marine have also engaged in and continue to engage in obtaining mutually agreeable deposition dates for their own respective key personnel's depositions. To that end, the parties have tentatively agreed to the deposition of NY Marine's claim handler on September 29, 2022 and its person most knowledgeable on October 1, 2022. (Wagoner Decl., ¶ 22.) And as noted, the parties have also sought to arrange mutually agreeable dates for the depositions of Travelers' claims professional as well as its PMK

Nevertheless, several factors have again constrained the parties' availability for these depositions in addition to the parties' need to review their respective voluminous document productions prior to undertaking the depositions. First, as noted above, the fact that Travelers' lead counsel, Mr. Peterson, is unavailable until September 19th, when he returns from a three week foreign trip. (Peterson Decl. at ¶ 3.) Likewise, as noted above, Travelers' claim professional is now unavailable in late September and the first week of October for familial and medical reasons. (*Id.*) Finally, religious holidays on September 26-27, 2022 and October 4-5, 2022 impact the availability of NY Marine's PMK to prepare, travel for, and attend her deposition. (Wagoner Decl. ¶ 30.) Consequently, the fact that neither Travelers' lead counsel nor its claim professional/PMK were or will be simultaneously available from late August through early-mid October has limited NY Marine's ability to take her deposition. In light of

the present discovery cut-off, NY Marine unilaterally noticed Travelers' Claims Professional's and PMK's depositions for Monday, October 3, 2022; however, given the parties' schedules, the only available window upon which the parties have reached tentative agreement for those deposition are the dates of October 13th, 14th, or 18th—more than a week after the present discovery cut-off. (Wagoner Decl. ¶ 24.)

Moreover, the simple fact remains that even if the respective deponents are available for their depositions on or before October 4, 2022, it appears highly unlikely that the parties will obtain all requested third-party documents and depositions—which the parties mutually agree are likely to be critical to their respective claims and defenses—before the present October 4, 2022 discovery cutoff. (Wagoner Decl. ¶ 31.)

Accordingly, the parties submit that they have engaged and continue to engage diligently and cooperatively in discovery and related efforts in an attempt to bring this matter to a prompt resolution. Nevertheless, the substantial volume of the parties' own document productions, the need for discovery and depositions of multiple non-party attorney-witnesses residing both in and outside of California and related ongoing discovery efforts and related motions to compel, as well as the respective personal schedules and religious holidays observed by key party-principles preclude the parties from reasonably completing all necessary discovery, mediation, motion-work and trial preparation on the Court's presently ordered schedule. The parties accordingly submit that good cause exists for this Court to grant an Order vacating and modifying the present deadlines and continuing all deadlines by approximately 180 days, or until such time as is convenient for the Court.

**IV.   CONCLUSION**

The Parties jointly submit that good cause exists to vacate and modify the Scheduling Order in this matter to extent all deadlines by approximately 180 days, or until such time thereafter as the Court shall deem appropriate and convenient.

Dated:  September 9, 2022                    CATES PETERSON, LLP

By: _____*/s/ Mark D. Peterson*_____
Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Attorneys for Plaintiff Travelers Commercial Insurance Company

Dated:  September 9, 2022                    McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____*/s/ James P. Wagoner*_____
James P. Wagoner
Lejf E. Knutson
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Defendant New York Marine and General Insurance Company

**CERTIFICATION PURSUANT TO L.R. 5-4.3.4**

The undersigned hereby certifies that all signatories to this Joint Stipulation and Application to Modify Scheduling Order concur in the contents of this filing, and have authorized the undersigned to sign and file this document on their behalf.

Dated:  September 9, 2022                    McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____*/s/ James P. Wagoner*_____
James P. Wagoner
Lejf E. Knutson
Nicholas H. Rasmussen
Graham A. Van Leuven
Attorneys for Defendant New York Marine and General Insurance Company

8627015.1

## PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On September 9, 2022, I served true copies of the following document(s) described as **JOINT STIPULATION AND APPLICATION TO MODIFY SCHEDULING ORDER** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 9, 2022, at Fresno, California.

*/s/ Heather Ward*
Heather Ward