# EXHIBIT 3

MARK D. PETERSON (State Bar #126174)
KATHLEEN O. PETERSON (State Bar #124791)
AMY HOWSE (State Bar # 252922)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

Attorneys for Plaintiff
TRAVELERS COMMERCIAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Defendants. | Case No.: 2:21-cv-5832-GW (PDx)<br>Hon. George H. Wu<br>Hon. M.J. Patricia Donahue<br><br>**(1) NOTICE OF MOTION AND MOTION OF PLAINTIFF TRAVELERS COMMERCIAL INSURANCE COMPANY TO CONSOLIDATE THIS ACTION FILED BY TRAVELERS WITH ACTION FILED BY DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY AGAINST INSURED;**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>**(3) DECLARATION OF MARK D. PETERSON; and**<br><br>**(4) REQUEST FOR JUDICIAL NOTICE.**<br><br>DATE: October 17, 2022<br>TIME: 8:30 a.m.<br>Courtroom: 9D |

NOTICE OF MOTION AND MOTION TO CONSOLIDATE

| | | |
|---|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation, | ) ) ) ) | Case No. 2:22-cv-04685-GW (PDx) Hon. George H. Wu Hon. M.J. Patricia Donahue |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AMBER HEARD, an individual, | ) ) | |
| Defendant. | ) ) | |

NOTICE OF MOTION AND MOTION TO CONSOLIDATE

To all parties in both captioned cases above and to their attorneys of record:

Notice is hereby given that on October 17, 2022, at 8:30 a.m. in Courtroom 9D in the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiff Travelers Commercial Insurance Company ("Travelers") will and hereby does move to consolidate for all purposes the action filed by Travelers, Case No.: 2:21-cv-5832-GW (PDx) (the "First Action") with the action recently filed by Defendant New York Marine and General Insurance Company ("ProSight") against the insured who is the subject of the action filed by Travelers. That second action was filed as Case No. 2:22-cv-04685 on July 8, 2022 (the "Second Action").

This motion is brought under Rule 42 of the Federal Rules of Civil Procedure on the grounds that both cases involve similar issues of fact and law, the resolution of which will require much of the same evidence. As a result, it will be of great convenience to the Court and to all of the parties to consolidate the matters for all purposes. This will result in greater efficiency and it will eliminate the potential for inconsistent results. The Court should exercise its discretion and order consolidation of the two cases for all purposes, or on whatever other terms the Court believes are appropriate. Inasmuch as the Second Action was just filed and the First Action is heading toward an October 4, 2022, discovery cut-off and January 4, 2023, trial, consolidation must include vacating the current discovery cut-off and trial dates. Travelers further moves for an order vacating the current discovery cut-off and trial date in the First Action to permit the Court to set a consolidated case schedule for the two cases.

This motion is based upon this notice of motion and motion, and the concurrently filed memorandum of points and authorities, declaration of Mark D. Peterson, and request for judicial notice. This notice of motion and all related papers are being filed in both actions.

This motion is made following the conference of counsel required by Local Rule 7-3, which took place with counsel in this case on August 11, 2022. Counsel for ProSight in the First Action are also counsel for ProSight as plaintiff in the Second Action. There has not yet been an appearance on behalf of the defendant insured in the Second Action.

Dated: August 24, 2022

                                                Respectfully submitted,

                                                  /s/ Mark D. Peterson
MARK D. PETERSON
Of CATES PETERSON LLP
Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

2
NOTICE OF MOTION AND MOTION TO CONSOLIDATE

| | |
|---|---|
| 1 | MARK D. PETERSON (State Bar #126174) |
| 2 | KATHLEEN O. PETERSON (State Bar #124791) |
|   | AMY HOWSE (State Bar # 252922) |
| 3 | CATES PETERSON LLP |
|   | 4100 Newport Place, Suite 230 |
| 4 | Newport Beach, CA 92660 |
|   | Telephone: (949) 724-1180 |
| 5 | markpeterson@catespeterson.com |
|   | kpeterson@catespeterson.com |
| 6 | ahowse@catespeterson.com |
| 7 | Attorneys for Plaintiff |
|   | TRAVELERS COMMERCIAL INSURANCE COMPANY |

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation, | ) Case No.: 2:21-cv-5832-GW (PDx) |
| | ) Hon. George H. Wu |
| | ) Hon. M.J. Patricia Donahue |
| Plaintiff, | ) |
| | ) **MEMORANDUM OF POINTS AND** |
| v. | ) **AUTHORITIES IN SUPPORT OF** |
| | ) **MOTION OF PLAINTIFF** |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation, | ) **TRAVELERS COMMERCIAL** |
| | ) **INSURANCE COMPANY TO** |
| | ) **CONSOLIDATE ITS ACTION** |
| | ) **WITH ACTION FILED BY** |
| | ) **DEFENDANT NEW YORK** |
| Defendants. | ) **MARINE AND GENERAL** |
| | ) **INSURANCE COMPANY** |
| | ) **AGAINST INSURED** |
| | ) |
| | ) DATE:      October 17, 2022 |
| | ) TIME:      8:30 a.m. |
| | ) Courtroom:  9D |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation, | ) Case No. 2:22-cv-04685-GW (PDx) |
| | ) Hon. George H. Wu |
| | ) Hon. M.J. Patricia Donahue |
| Plaintiff, | ) |
| v. | ) |
| AMBER HEARD, an individual, | ) |
| Defendant. | ) |

# TABLE OF CONTENTS

I.   INTRODUCTION ......................................................................................... 1

II.  RELEVANT FACTS ................................................................................... 1

    A. First Action: *Travelers v. ProSight* ........................................................ 1

    B. Second Action: *ProSight v. the Insured* .................................................. 5

III. THE COURT SHOULD ORDER CONSOLIDATION UNDER
    FRCP RULE 42 ............................................................................................ 6

IV.  CONCLUSION ........................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Barraford v. T & N Ltd.*,
　778 F.3d 258 fn. 8 (1st Cir. 2015) .......................................................................... 10

*Dusky v. Bellasaire Invs.*,
　2007 U.S. Dist. LEXIS 95501 (C.D. Cal. 2007) ...................................................... 7

*Enterprise Bank v. Saettele*,
　21 F.3d 233 (8th Cir. 1994) ...................................................................................... 7

*Finder v. Leprino Foods Co.*,
　2016 U.S. Dist. LEXIS 161346 (E.D. Cal. 2016) ..................................................... 9

*Gray v. Suttell & Assoc.; Midland Funding, LLC*,
　2010 U.S. Dist. LEXIS 146948 (E.D. Wash. 2010) ................................................. 9

*Internet Law Library, Inc. v. Southridge Capital Management, LLC*,
　208 F.R.D. 59 (S.D.N.Y. 2002) ............................................................................... 9

*Johnson v. Celotex Corp.*,
　899 F.2d 1281 (2d Cir. 1990) ................................................................................... 8

*Toyo Tire & Rubber Co., Ltd. v. Wheel Group Holdings, LLC*,
　2016 U.S. Dist. LEXIS 201358 (C.D. Cal. 2016) ..................................................... 9

**Statutes**

F.R.Civ.Pro 42 ...................................................................................................... 1, 6, 7

**Other Authorities**

Phillips & Stevenson, Cal. Practice Guide: Federal Civil Procedure Before Trial,
　(The Rutter Group 2022) ..................................................................................... 7, 10

# I.
# INTRODUCTION

Pending before this Court are two cases which share common parties and common issues and which will include common sources of evidence: the first-filed case is *Travelers Commercial Properties Insurance Company v. New York Marine and General Insurance Company*, No.: 2:21-cv-5832-GW(PDx) (the "First Action") and the later-filed case is *New York Marine and General Insurance Company v. Amber Heard*, No.:2-22-cv-04685-GW(PDx) (the "Second Action"). Plaintiff Travelers Commercial Insurance Company ("Travelers") seeks to consolidate these two actions for all purposes, including trial, as a matter of efficiency and fairness. The actions involve common questions of fact and law and will depend on similar documents and testimony. If the matters are not consolidated, the Court will waste time and resources litigating the same issues twice and there is a possibility of inconsistent jury and/or bench findings.

Travelers requests that the Court exercise its discretion under Rule 42 of the Federal Rules of Civil Procedure and order consolidation of these two matters for all purposes.

# II.
# RELEVANT FACTS

A. **First Action: *Travelers v. ProSight***

Travelers filed the initial case against ProSight, which is Case No. 2:21-cv-5832-GW(PDx) on July 20, 2021 (the "First Action"). The First Action is for declaratory relief and equitable contribution of defense expenses relating to a dispute pending in the State of Virginia against the parties' joint insured. The insured is a defendant in a defamation action which proceeded to trial after the First Action was filed. The thrust of Travelers' action is that ProSight has not provided a proper defense to the insured, which left Travelers bearing an inequitable portion of the

1
MOTION TO CONSOLIDATE / MEMORANDUM OF POINTS AND AUTHORITIES

defense (Exhibit 1, First Action, First Amended Complaint, Dkt. 15, identified in accompanying Declaration of Mark D. Peterson ["Peterson Decl."], Par. 2 and attached to accompanying Request for Judicial Notice). On March 25, 2022, ProSight first filed a counterclaim against Travelers in which ProSight seeks, among other things, a declaration that ProSight did not owe Travelers or the insured anything. For example, it alleges:

> Travelers engaged in inequitable conduct and has "unclean hands" which completely bar, in whole or in part, any claim which Travelers has for recovery of defense fees which it incurred following the November 6, 2020 withdrawal of the Cameron McEvoy firm from the insured's defense in the Underlying Action.

(See Exhibit 2, First Action, Prayer, page. 30 of Defendant New York Marine and General Insurance Company's Answer to First Amended Complaint, Counterclaim and Demand for Jury Trial ("Counterclaim"), Docket 56; Peterson Decl., Par. 3.) It seeks reimbursement from Travelers of the limited defense fees and costs it paid toward defending the insured in the Virginia action. (*Id.*)

More specifically, in the complaint in the First Action, Travelers sues ProSight for declaratory relief and equitable contribution. Travelers prays for the following declarations:

> a. <u>Duty to Defend</u>: Since the Underlying Action was tendered to it, and through the present, ProSight has been obligated under the ProSight Policy to defend the mutual insured;
>
> . . .
>
> c. <u>Breach of its Duty to Defend</u>: ProSight has failed to meet its duty to defend the mutual insured in the Underlying Action. . . .
>
> d. <u>Obligation to Reimburse Travelers</u>: ProSight has an obligation to reimburse Travelers for at least half of the fees, costs, and expenses incurred

2
MOTION TO CONSOLIDATE / MEMORANDUM OF POINTS AND AUTHORITIES

| | |
|---|---|
| 1 | by Travelers in the defense of the mutual insured in the Underlying Action; |
| 2 | and |
| 3 |     e.  <u>Obligation to Pay Fees and Costs Incurred By Independent Counsel |
| 4 | Going Forward</u> : ProSight has an obligation to pay least half of the fees, costs, |
| 5 | and expenses incurred by independent defense counsel on a going forward |
| 6 | basis . . . . |
| 7 | (Exhibit 1, First Action, Dkt. 15, pp. 10-11.) |
| 8 | In its answer, ProSight challenges all of that and asserts that Travelers is not |
| 9 | entitled to any relief because it is guilty of "unclean hands." ProSight alleges: |
| 10 | **NINTH AFFIRMATIVE DEFENSE** |
| 11 | 50. As a ninth, separate defense, the First Amended Complaint and each |
| 12 | of its causes of action are barred, in whole or in part, by Travelers' "unclean |
| 13 | hands." Specifically, **any failure by NEW YORK MARINE'S appointed** |
| 14 | **defense counsel** to fully participate in the defense of the insured up to and |
| 15 | including its withdrawal from the defense on November 6, 2020 **resulted from** |
| 16 | **the conduct of independent counsel <u>appointed by the insured</u> and funded by** |
| 17 | **Travelers who affirmatively and deliberately refused to cooperate with and** |
| 18 | **actively sought to obstruct, prevent and limit the participation of NEW** |
| 19 | **YORK MARINE's appointed counsel** . . . in the insured's defense . . . . |
| 20 | (Exhibit 2, First Action, answer, Dkt. 56, p. 15.) |
| 21 | ProSight proceeds with this same theory in its Counterclaim: |
| 22 | **[I]ndependent counsel <u>retained by the insured</u> and funded by Travelers** |
| 23 | **consistently <u>refused to cooperate</u> with Cameron McEvoy and deliberately** |
| 24 | **obstructed and prevented Cameron McEvoy's active involvement in the** |
| 25 | **defense of the insured.** |
| 26 | . . . |
| 27 | |
| 28 | |

3
MOTION TO CONSOLIDATE / MEMORANDUM OF POINTS AND AUTHORITIES

| | |
|---|---|
| 1 | The refusal of independent counsel to cooperate with or facilitate the |
| 2 | active participation of Cameron McEvoy in the defense of the |
| 3 | Underlying Action and Travelers' failure to obtain or enforce |
| 4 | independent counsel's cooperation with Cameron McEvoy, which |
| 5 | resulted in Cameron McEvoy's withdrawal from the defense, |
| 6 | ***amounts to a "refusal" by the insured*** *and/or Travelers of the* |
| 7 | *defense rightfully extended by New York Marine and unclean* |
| 8 | *hands by Travelers.* |
| 9 | 53. ***Because of* the insured's *and Travelers'* "refusal" *of the defense*** |
| 10 | *offered by New York Marine and Travelers' unclean hands, Travelers is not* |
| 11 | *entitled to any recovery* for amounts incurred by it in the defense of the |
| 12 | Underlying Action. |
| 13 | 54. As such, New York Marine is entitled to recover the sum of |
| 14 | $621,693.43 previously paid to Travelers on or about January 18, 2022 under |
| 15 | reservation of rights, in reimbursement of 50% of the defense fees incurred by |
| 16 | independent counsel and paid by Travelers for the period from Cameron |
| 17 | McEvoy's withdrawal on November 6, 2020 through February 28, 2021, |
| 18 | under reservation of New York Marine's rights, as well as interest on that |
| 19 | amount from January 18, 2022. |
| 20 | (Exhibit 2, First Action, Counterclaim, Dkt. 56, p. 21, para. 20, p. 28-29, Paras. 52- |
| 21 | 54 (emphasis added).) |
| 22 | So, in sum, in the First Action, ProSight alleges that the failure by the insured, |
| 23 | by the insured's selected attorneys, and by Travelers to adequately cooperate in the |
| 24 | defense by ProSight should result in the insured losing her right to a defense and in |
| 25 | Travelers losing its right to contribution, millions of dollars, toward the cost of that |
| 26 | defense. |
| 27 | |
| 28 | |

4

MOTION TO CONSOLIDATE / MEMORANDUM OF POINTS AND AUTHORITIES

### B. Second Action: *ProSight v. the Insured*

In early June 2022, the trial of the Virginia action against the insured concluded with a jury verdict. On July 8, 2022, ProSight filed the Second Action, a claim for declaratory relief in which ProSight seeks various declarations concerning ProSight's obligations to the insured under ProSight's insurance policy. (Peterson Decl., Pars. 4 - 6; see also Judgment Order in Virginia action, attached as an exhibit in the Second Action and included as Exhibit 4 to the Request for Judicial Notice.) In its new lawsuit, the Second Action, amended on July 11, 2022, ProSight makes the same arguments set forth in its Counterclaim in the First Action, only this time it sues the insured. (Exhibit 3, Second Action, First Amended Complaint, Dkt. 5; Peterson Decl., Par. 5.) ProSight alleges:

> [The Insured][1] or her agents instructed other firms defending [The Insured] in the Underlying Action to not include Cameron McEvoy in [The Insured]'s ongoing defense.

(Exhibit 3, Dkt. 5, p. 4, para. 16.) ProSight asks the Court to declare that it has no duty to defend the insured. (Exhibit 3, Second Action, Dkt. 5, p. 9, third cause of action.)

Ultimately ProSight frames the same core issue in the Second Action that it frames in the First Action:

> 43. . . . [A]fter New York Marine accepted [The Insured]'s defense, *[The Insured], both individually and through her agents, refused to help New York Marine with the conduct of the suit and instructed other defense firms representing [The Insured] not to include defense counsel provided by New York Marine in the ongoing defense of [The Insured] in the Underlying Action.*

---

[1] In this Memorandum of Points and Authorities the term "[The Insured]" is being inserted in place of the actual name of the insured, which was used in complaints in the Second Action. Similarly, the term "[ProSight]" is used from time to time to indicate the common reference to New York Marine.

5

MOTION TO CONSOLIDATE / MEMORANDUM OF POINTS AND AUTHORITIES

|  |  |
|---|---|
| 1 | 44. An actual controversy has arisen and now exists between Plaintiff |
| 2 | [ProSight], on the one hand, and [The Insured], on the other hand, with regard |
| 3 | to the duties and obligations owed between Plaintiff and [The Insured] under |
| 4 | the Policy with respect to whether New York Marine is obligated to defend |
| 5 | [The Insured] in the Underlying Action. ***Plaintiff [ProSight] contends that it*** |
| 6 | ***has no duty to defend and/or indemnify [The Insured] based on her failure*** |
| 7 | ***to comply with the conditions of the Policy.*** Plaintiff is informed and |
| 8 | believes, and on such information and belief alleges, that [The Insured] |
| 9 | disputes Plaintiffs contentions and asserts that the Policy obligates New York |
| 10 | Marine to continue to defend [The Insured] on an ongoing basis in the |
| 11 | Underlying Action and to indemnify her. |

(Exhibit 3, Second Action, Dkt. 5, p.10, Second Action, fourth cause of action, paras. 43-44 (emphasis added).)

Thus, in both the First Action and the Second Action, ProSight alleges that its duty to defend the insured is excused because the insured and her designated attorneys and Travelers did not adequately cooperate with ProSight's selected counsel in the defense. This provocative allegation and aggressive theory will be fact-intensive and ProSight has scheduled the Court to try it twice.

### III.
### THE COURT SHOULD ORDER CONSOLIDATION
### UNDER FRCP RULE 42

This motion is brought under Rule 42 of the Federal Rules of Civil Procedure on the grounds that both cases involve similar issues of fact and law, the resolution of which will require the same evidence. As a result, it will be of great convenience to the Court and to all of the parties to consolidate the matters for all purposes. This will result in greater efficiency and eliminate the potential for inconsistent discovery and other rulings.

Rule 42 of the Federal Rules of Civil Procedure provides:

(a) CONSOLIDATION.  If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

F.R.Civ.Pro 42.  Consolidation of the two pending actions is proper here.

The most important issue to be addressed in deciding if consolidation is appropriate is if there are common questions of law or fact in the two cases. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994); *see also Dusky v. Bellasaire Invs*., 2007 U.S. Dist. LEXIS 95501, at *2 (C.D. Cal. 2007) (noting that while the complaints differed in specifics, the court "need only find one issue of fact or law in common in order to permit consolidation.").  Here, ProSight's scope of duty to its insured, its failure (or success) in satisfying that duty, and whether it is excused from performing it are the central legal and factual issues in both cases.  And, in both actions, ProSight asserts that the insured and/or Travelers engaged in conduct that prevented ProSight's appointed counsel from participating in the defense of the insured and, thus, ProSight should be relieved from contributing to the defense costs for the Underlying Action.  There is no reason for that analysis and determination to be done in two different actions.  In fact, if the determination is done in two different actions, a substantial risks exists of inconsistent outcomes.  Consolidation alleviates that risks and it would preserve the parties' and the Court's resources.

In exercising the broad discretion authorized under Rule 42, courts often consider the following factors: [2]

---

[2] Phillips & Stevenson, Cal. Practice Guide: Federal Civil Procedure Before Trial, (The Rutter Group 2022), ¶ 16:152.

***The burden on parties, witnesses and judicial resources*** – Consolidation will reduce judicial time and most likely the time spent by the parties. The time spent in one trial and one period of discovery and pre-trial preparation will almost certainly be less than that required for two separate cases, and perhaps only slightly more than that required to litigate just one of the cases. Given the allegations made by ProSight in both actions that the insured and Travelers engaged in conduct that prevented ProSight from engaging in the defense of the insured, the witnesses in the cases will be almost identical and the documentary evidence in the cases will greatly overlap. *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2d Cir. 1990). (Peterson Decl., Pars. 7 -8.) Indeed, Travelers anticipates a great deal of overlap between the witnesses regarding the issue of whether the insured or her agents engaged in conduct that impacted ProSight and Prosight's panel counsel's participation in the defense of the insured. Requiring witnesses to testify in both actions is clearly an unnecessary burden and a waste of the parties and the Court's resources. Likewise, given the overlap of the facts and issues in both actions, it would be more cost-effective and practical for all parties in the two actions to engage in one mediation.

***Risk of prejudice and confusion*** – There is little risk of prejudice or confusion if the two cases are consolidated. The main issue in both cases arises from ProSight's duties to the insured and whether those have been met or are excused. There is a greater risk of confusion and inconsistent results if the cases proceed forward on independent tracks with different trial evidence and possibly one or two juries. (Peterson Decl., Pars. 7 - 8.) It is easy to envision a scenario in which the trier of fact in the First Action determines that ProSight has liability to Travelers for ProSight's failure to carry out its duties to the insured, only to have the Second Action end in a determination that ProSight was excused from that duty. ProSight, of course, would try to use that determination against Travelers, who is not a party to the Second Action. Alternatively, triers of fact in the two actions also could reach

8

MOTION TO CONSOLIDATE / MEMORANDUM OF POINTS AND AUTHORITIES

consistent conclusions on the existence of a duty, with inconsistent results on remedies. The risk of inconsistent outcomes between the two actions weighs heavily in favor of consolidation. *See e.g. Finder v. Leprino Foods Co.,* 2016 U.S. Dist. LEXIS 161346 (E.D. Cal. 2016) (holding that despite the cases being in different stages, consolidation was warranted to avoid inconsistent outcomes and to avoid inefficiency). The only way to prevent any of this is to have both actions litigated and tried together.

**The risk of delay of trial** – The First Action is procedurally ahead of the Second Action: its discovery cut-off is October 4, 2022, and its trial is scheduled for January 3, 2023. The Second Action was just filed and the defendant insured has not appeared. Consolidation will require vacating the dates in the First Action, but Travelers, the moving party here, would rather have the litigation done correctly, rather than quickly. Travelers is the moving party and it is not complaining about waiting to try its case to let the Second Action catch up. (Peterson Decl., Par. 8.)

Moreover, while the two cases are at different stages of litigation, it is still well within the Court's discretion to consolidate. For example, in *Toyo Tire & Rubber Co., Ltd. v. Wheel Group Holdings, LLC*, 2016 U.S. Dist. LEXIS 201358 at * 2 (C.D. Cal. 2016), the Court consolidated two cases on October 16, 2016, despite the fact that the second case had been filed on September 29, 2016, and the first case was less than two months from trial. Indeed, the *Toyo Tire* court noted that "cases at different states of litigation are routinely consolidated." *Id*, citing *Internet Law Library , Inc. v. Southridge Capital Management, LLC*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002); *see also Gray v. Suttell & Assoc.; Midland Funding, LLC*, 2010 U.S. Dist. LEXIS 146948 at * 3 (E.D. Wash. 2010) (court granted consolidation where summary judgment motions had been filed in one case and the other case was "still in its infancy.").

Also, Travelers brought this issue before the Court promptly.  ProSight only brought the Second Action on July 8, 2022.³  There has been no delay.  (Peterson Decl., Par. 9.)

Because both of the actions are assigned to the same judge in this Court, it is a simple matter for the Court to enter whatever scheduling orders are necessary to have both actions on the same schedule.

Consolidation under Rule 42 does not require that the two actions be merged for all purposes, but the Court should order a joint trial on "any or all matters at issue," as the Rule allows.  A common trial of the common issues is well within the Court's discretion (Phillips & Stevenson, Cal. Practice Guide: Federal Civil Procedure Before Trial, (The Rutter Group 2022), ¶ 16:154), as is consolidation for pre-trial purposes (*Barraford v. T & N Ltd.*, 778 F.3d 258, 262, fn. 8 (1st Cir. 2015)).  Both are called for here.

## IV.
## CONCLUSION

Travelers' case against ProSight, the First Action, and ProSight's case against the insured, the Second Action, should be consolidated for all purposes.  The two actions involve the same key factual and legal issues and they will involve similar witnesses and documentary evidence.  Both actions are pending before the same judge in the same court.  Efficiency and judicial economy will be best served by consolidation.  The Court should order consolidation for all purposes under Rule 42

---

³ The underlying matter in Virginia was only recently concluded; the jury rendered its verdict on June 1, 2022 (Exhibit 4 to the Request for Judicial Notice).  ProSight then sued the insured in the Second Action.

1  of the Federal Rules of Civil Procedure, and it should vacate the current trial and
2  discovery schedule in the First Action.
3  Dated:  August 24, 2022
4                                                    Respectfully submitted,
5
6                                                       /s/ Mark D. Peterson
   MARK D. PETERSON
7  Of CATES PETERSON LLP
   Attorneys for Plaintiff
8  TRAVELERS COMMERCIAL
   INSURANCE COMPANY