1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
     *jim.wagoner@mccormickbarstow.com*
3  Lejf E. Knutson, #234203
     *lejf.knutson@mccormickbarstow.com*
4  Nicholas H. Rasmussen, #285736
     *nrasmussen@mccormickbarstow.com*
5  Graham A Van Leuven, #295599
     *graham.vanleuven@mccormickbarstow.com*
6  7647 North Fresno Street
   Fresno, California 93720
7  Telephone:  (559) 433-1300
   Facsimile:  (559) 433-2300
8
   Attorneys for Defendant New York
9  Marine and General Insurance Company

10              UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

| | |
|---|---|
| 13  Travelers Commercial Insurance Company, a Connecticut Corporation, | Case No. 2:21-cv-5832-GW (PDx) |
| 14 | **DECLARATION OF JAMES P. WAGONER IN SUPPORT OF JOINT STIPULATION AND APPLICATION TO MODIFY SCHEDULING ORDER** |
| 15       Plaintiff, | |
| 15       v. | |
| 16 | |
| 17  New York Marine and General Insurance Company, a Delaware Corporation, | Filed Concurrently with Joint Stipulation and Application; Declaration of Mark D. Peterson; Request for Judicial Notice |
| 18 | |
| 18       Defendant. | Hon. George H. Wu |
| 19 | |
| 20  New York Marine and General Insurance Company, a Delaware corporation | |
| 21 | |
| 22       Counter-Claimant | |
| 23       v. | |
| 24  Travelers Commercial Insurance Company, a Connecticut corporation, | |
| 25 | |
| 26  Counter-Defendant | |

27

28

---

DECLARATION OF JAMES P. WAGONER IN SUPPORT OF JOINT STIPULATION AND APPLICATION TO MODIFY SCHEDULING ORDER

I, James P. Wagoner do hereby declare:

1. I am an attorney licensed to practice in the State of California, and am admitted to practice in the United States District Court for the Central District of California. I am a member of the firm McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, attorneys of record for New York Marine and General Insurance Company ("NY Marine"), the Defendant and Counter-Claimant in this litigation and the Plaintiff in the action entitled *New York Marine and General Insurance Company v. Amber Heard,* United States District Court, Central District of California, Case no. 2:22-cv-04685 (the "*NY Marine v. Heard*" litigation). The facts herein are known to me and within my personal knowledge and if called upon to testify thereto, I could and would testify hereto.

2. On July 8, 2022, NY Marine filed the *NY Marine v. Heard* action, United States District Court, Central District of California, Case no. 2:22-cv-04685, and on July 11, 2022, filed a First Amended Complaint in that action.

3. With respect to the present status of the *NY Marine v. Heard* action, NY Marine has negotiated an agreement pursuant to which Mr. Kirk Pasich, counsel for Defendant, has agreed to accept service on her behalf by way of a Notice and Acknowledgement of Receipt of Summons and Complaint. A copy of the Civil Cover Sheet, First Amended Complaint, Summons, Notice and Acknowledgement, and related documents were provided to Mr. Pasich on August 31, 2022.

4. As of the filing of this Application, the Defendant's signed Notice of Receipt and Acknowledgment of Service of the First Amended Complaint in the *NY Marine v. Heard* action had not been returned to NY Marine, and she is not legally obligated to return a the signed Notice and Acknowledgment any earlier than September 20, 2022. As a result, Defendant has not yet filed a responsive pleading and does not have any present legal obligation to do so until, at the latest, October 14, 2022.

5. On August 24, 2022, Travelers filed a motion to consolidate the *NY*

*Marine v. Heard* litigation with the present action. The hearing on Travelers' motion to consolidate the *NY Marine v. Heard* litigation and this action is set for October 17, 2022. Pursuant to an agreement between the parties, NY Marine's Opposition will be due on September 19, 2022, and Travelers' Reply will be due on October 3, 2022, one day immediately preceding the October 4, 2022 discovery cutoff in this action.

6. NY Marine served special interrogatories, requests for admission and requests for production on Travelers on March 19, 2022.

7. Travelers requested and NY Marine granted it a two week extension of time to respond. Travelers thereafter requested a further extension, and NY Marine agreed to a further one (1) week extension, but declined any further extension, such that Travelers' responses were due on May 9, 2022. Travelers then served responses to the interrogatories, requests for admissions and requests for production on May 9, 2022. However, Travelers unilaterally took the position that it was not able to produce any documents at that time and consequently would not do so.

8. On June 7, 2022, Travelers served its initial disclosures, along with 100,206 pages of documents encompassing its initial disclosures and documents responsive to NY Marine's requests for production.

9. On June 27, 2022, NY Marine provided Travelers with its initial disclosures, as well as 27,576 pages of documents.

10. On August 22, 2022, Travelers produced an additional 31,768 pages of documents to NY Marine.

11. Thus, to date, the parties have exchanged a total of 159,550 pages between themselves.

12. Given the volume of documents produced, the parties have not yet completed a full detailed review of the respective productions.

13. On July 5, 2022, NY Marine served a subpoena for records on non-party Kaplan Hecker & Fink, LLP ("Kaplan Hecker"), a law firm located in New York which initially represented the insured in the underlying litigation; NY Marine also

served a July 5, 2022 subpoena for records on non-party Charlson Bredehoft Cohen Brown & Nadelhaft ("Charlson Bredehoft"), a law firm located in Virginia which subsequently represented the insured in the Underlying litigation; additionally, on July 5, 2022 NY Marine served a subpoena for records on non-party Eisner, LLP, a law firm located in California which also represented the insured as personal counsel.

14. Though the Charlson Bredehoft and Eisner law firms have each produced certain documents in response to NY Marine's subpoena, each of the non-party law firms—Kaplan Hecker, Charlson Bredehoft, and Eisner—have also served objections to the subpoenas: Eisner LLP serving its objections and responses on July 25, 2022, along with a written explanation thereof; Kaplan Hecker serving objections via written correspondence on July 29, 2022, August 4, 2022, and September 1, 2022; and Charlson Bredehoft serving objections on July 25, 2022.

15. On August 22, 2022, Travelers served a subpoena on Sean Roche of the firm of Cameron McEvoy, PLLC, which firm was initially retained by the insured and which, upon the insured's subsequent tender, was appointed by NY Marine as the insured's defense counsel. That subpoena sought the production of documents and also Mr. Roche's deposition. The parties and Mr. Roche thereafter met and conferred concerning Travelers' subpoena to Mr. Roche and the Cameron McEvoy Firm on August 22, 2022, August 23, 2022, and August 24, 2022, and Cameron McEvoy produced responsive, non-privileged documents in response to the subpoena on August 23, 2022. The parties and Mr. Roche likewise agreed that his deposition will proceed on September 27, 2022.

16. NY Marine has exchanged multiple emails with Mr. John Quinn of the Kaplan and Hecker firm, and formally met and conferred with him via phone on July 15, 2022, August 24, 2022, and August 25, 2022 concerning both the Kaplan Hecker firm's responses to the subpoena and the setting of a deposition of Ms. Roberta Kaplan, who had represented the insured in the underlying litigation for a time.

17. Mr. Quinn and Kaplan Hecker indicated that the firm will produce a

limited subset of the documents requested and also provide a more fulsome explanation of the grounds on which it has declined to produce additional documents. On September 1, 2022, it provided a letter outlining its position and asserting that at the instruction of its client (the parties' mutual insured), it would produce only correspondence previously exchanged with one or both of the parties in this action. To date however, it has not produced any of those documents.

18. Following receipt of the Eisner firm's objections and responses, counsel for NY Marine telephonically met and conferred with Mr. Reynolds of the Eisner firm on August 5, 2022, and has subsequently telephonically met and conferred with him regarding the setting of his deposition. Mr. Reynolds has indicated that he is willing to appear for a deposition, but has also stated that he is unwilling to appear twice for separate depositions in both this litigation and the *NY Marine v. Heard* litigation.

19. With respect to the Charlson Bredehoft firm, after NY Marine wrote to the Charlson Bredehoft firm on August 6, 2022 seeking to arrange a meet and confer call regarding that firm's objections to the subpoena, it was informed that separate counsel had been retained, and would be in contact with NY Marine's counsel. However, it was not until August 30, 2022 that counsel for NY Marine was contacted by Mr. Richard Simpson, Esq., of Wiley Rein, LLP, who confirmed that he had been retained to represent the Charlson Bredehoft firm in response to NY Marine's subpoena and agreed to meet and confer with NY Marine's counsel. However, Mr. Simpson indicated that he was and would be traveling extensively. Consequently, due to the delay on account of the Charlson Bredehoft firm's need to retain counsel, and as a result of Mr. Simpson's travel schedule, the call between Mr. Simpson and the undersigned counsel for NY Marine did not occur until September 6, 2022, the earliest date upon which Mr. Simpson was available.

20. Given the foregoing, and in particular given that each of the law firms have raised objections primarily based on the attorney-client privilege and work-product doctrine, the parties anticipate that NY Marine will be required to bring

motions to compel against each of those non-parties in order to obtain the Court's intervention and full compliance by the subpoenaed parties with the requests set forth in the respective subpoenas for documents served upon them. To that end, NY Marine is in the process of preparing such motions for filing. However, because the firms are located in different states, the motions will need to be filed in multiple jurisdictions: the motion as against the Eisner firm will be filed in this District before Magistrate Judge Donahue, as Mr. Reynolds is located in Eisner's LA office; the motion against the Kaplan Hecker firm will be filed in the United States District Court for the Southern District of New York where the relevant attorneys and document production are located; and with respect to the Charlson Bredehoft firm, the motion will be filed in the United States District Court for the District of Columbia where the documents sought by way of the subpoena were required to be produced.

21. Although the parties have mutually engaged in extensive meet-and-confer conferences with the various non-party law firms in an attempt to obtain mutually agreeable dates for the deposition of key witnesses from those firms, to date, only third-party law firm Cameron McEvoy, LLP, which also represented the insured in the underlying action, has reached agreement with Travelers and NY Marine as to the date for a deposition of its representative, Sean Roche. Due to Mr. Roche's own trial calendar and vacation schedule, that deposition is not scheduled to proceed until September 27, 2022—a mere seven (7) days before the present discovery cutoff.

22. NY Marine has agreed to provide the deposition of its claims handler on Thursday, September 29, 2022, and has offered the deposition of its PMK on Saturday, October 1, 2022.

23. As to the unavailability of either Travelers' lead counsel or its claims professional and PMK between August 27, 2022 and early-mid October, NY Marine was told that he would be out of the country and thus unavailable for most of September during a phone call on August 18, 2022. NY Marine was advised that Travelers' claims professional and PMK would be unavailable "in late September"

during that same call. By email on Sunday, September 5, 2022, Travelers' counsel informed NY Marine that Travelers' claims professional had retired, and that her period of unavailability had expanded from "late September" to include the "first week" of October and the period October 21-31.

24. Although NY Marine unilaterally set the deposition of Travelers' claims professional and PMK for Monday, October 3, 2022, given her personal schedule, it does not appear that she will be available for deposition until after the present discovery cut-off, and the parties have tentatively agreed that her deposition will proceed on either October 13, 14, or 18, 2022.

25. The parties have also engaged in extensive meet and confer efforts to identify a mediator whom both parties agree would be an appropriate neutral qualified to address the insurance coverage and equitable issues involved in this matter. In so doing, the parties have considered at least eight (8) mediators. Based on their searches and discussions, the parties have agreed to use Mr. Ralph O. Williams III of ADR Services. However, as of August 22, 2022, Mr. Williams had availability only on November 11, 2022, November 14, 2022, and December 5th, 12th, 15th, and 19th, 2022. Given the parties' interest in having Mr. Williams mediate this matter, the parties have currently reserved the date of November 14, 2022 for a mediation before Mr. Williams.

26. The parties' voluminous discovery productions, and the time required to review those documents, resulted in the parties not being able to even begin addressing third party witnesses until early July. Indeed, as noted above, NY Marine itself has not even finished a complete review of the documents received from Travelers, having received an additional 31,768 pages of documents from Travelers only on August 22, 2022, and a total of 131,974 pages from Travelers since June 7, 2022.

27. Likewise, the parties' efforts to obtain documents from the identified third-party witnesses have been substantially impeded by objections served by each

of the witnesses in response to the subpoenas.

28. Despite meet-and-confer efforts, the third-party witness' objections are largely grounded on claims of attorney-client privilege and the work-product doctrine, and as such, NY Marine has not had success in obtaining acceptable agreements concerning the production of materials it deems critical to its defenses and claims.

29. Although the Kaplan Hecker firm has agreed "in principle" to permit a deposition, no firm date has been agreed, and that firm has also expressed concerns not only about privilege issues, but regarding the risk of multiple depositions in both this action and the *NY Marine v. Heard* litigation. Similarly, the Charlson Bredehoft firm has provided no agreement one way or another concerning a deposition date, but has retained counsel who has agreed to meet and confer with NY Marine concerning its document production and a potential deposition.

30. It is also the case that the timing of religious holidays on September 26-27, 2022 and October 4-5, 2022 impact the availability of NY Marine's PMK to prepare, travel for, and attend her deposition.

31. Even if the various third-party deponents are available for their depositions on or before October 4, 2022, it appears highly unlikely that the parties will obtain all required third-party documents and depositions, which the parties mutually agree are likely to be critical to their respective claims and defenses, before the present October 4, 2022 discovery cutoff.

32. The undersigned and Mr. Rasmussen have a trial which is presently scheduled to begin on April 4, 2022 in this District in the action entitled *Williamsburg National Insurance Company v. New York Marine and General Insurance Company,* U.S.D.C. Case no. 2:21-CV-04377-RSWL-JDE. In addition, on April 17, 2023 the undersigned is scheduled to appear at a trial in the case of *Lexington Insurance Company v. Liberty Mutual Insurance Company,* Superior Court of California, Los Angeles County, Case no. 21STCV05355, which is scheduled to last for two days.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 9, 2022.

By:     */s/ James P. Wagoner*
        James P. Wagoner

8617039.1

# PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On September 9, 2022, I served true copies of the following document(s) described as **DECLARATION OF JAMES P. WAGONER IN SUPPORT OF JOINT STIPULATION AND APPLICATION TO MODIFY SCHEDULING ORDER** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 9, 2022, at Fresno, California.

*/s/ Heather Ward*
Heather Ward

---

DECLARATION OF JAMES P. WAGONER IN SUPPORT OF JOINT STIPULATION AND APPLICATION TO MODIFY SCHEDULING ORDER