# Exhibit A

**Marisela Taylor**

| | |
|---|---|
| **From:** | Kirk Pasich <kpasich@pasichllp.com> |
| **Sent:** | Thursday, August 25, 2022 3:12 PM |
| **To:** | Mark D. Peterson |
| **Cc:** | Jim Wagoner; Nicholas Rasmussen; Jeremiah Reynolds |
| **Subject:** | RE: New York Marine v. Amber Heard (Depp) (Travelers) -- Travelers' Motion to Consolidate Insurance by Travelers with ProSight Case Against Ms. Heard |

Gentlemen:

As you know, Ms. Heard is not a party to the Travelers lawsuit and has not been served in the New York Marine lawsuit.  But the policies are her assets and you are proceeding without her involvement (I note that each of you have reached out to me, but I have not had authority to accept service in the New York Marine lawsuit).  Given that the policies are her assets, she clearly is a real party in interest, and likely an indispensable party.

As you also know, Ms. Heard is actively pursuing her appellate remedies in the *Depp* lawsuit.  Your actions are forcing her to litigate on multiple fronts and increasing the stress upon her.  This is not an appropriate way for insurers to treat their insured.

Because Ms. Heard is not a party to the Travelers lawsuit, she has no meaningful way to assess whether it is appropriate to consolidate the two lawsuits or what any prejudicial impact might be from consolidation.  She also does not know what has transpired to date in the Travelers lawsuit, including what discovery may have been conducted (although she is aware that certain discovery is being directed against lawyers that have represented her, which may itself be prejudicial).

I suggest that you, New York Marine's counsel, and I have a conference call to discuss this.  Meanwhile, we request that you withdraw your motion to consolidate until we talk.  Please note that we are not saying at this point that the lawsuits should not be consolidated—we are simply asking that you defer the motion until Ms. Heard and we have a chance to consider what has transpired in the lawsuits.  If you are not willing to do so, please advise us so that we can take steps to protect Ms. Heard's rights.  Also, to the extent you intend to proceed at some point with a consolidation motion, please provide us now with copies of all filings and orders in the case, all discovery conducted to date, including transcripts of any depositions, and all future deadlines and other events.

Meanwhile, Ms. Heard continues to reserve all rights.

**KIRK PASICH**
(424) 313-7850
KPASICH@PASICHLLP.COM

---

**From:** Mark D. Peterson <MarkPeterson@catespeterson.com>
**Sent:** Thursday, August 25, 2022 11:27 AM
**To:** Jeremiah Reynolds <jreynolds@eisnerlaw.com>; Kirk Pasich <kpasich@pasichllp.com>
**Cc:** Jim Wagoner <Jim.Wagoner@mccormickbarstow.com>; Nicholas Rasmussen <Nicholas.Rasmussen@mccormickbarstow.com>

1

**Subject:** New York Marine v. Amber Heard (Depp) (Travelers) -- Travelers' Motion to Consolidate Insurance by Travelers with ProSight Case Against Ms. Heard

External Email

Gentlemen:

Yesterday, Travelers filed a motion to consolidate its insurance case against ProSight with ProSight's case against Ms. Heard. The same papers were filed in each case.

Attached are copies of the papers filed in the ProSight case against Ms. Heard.

Counsel for ProSight and I have an agreement that each party would have at least two weeks to respond, rather than the normal one. We filed the motion yesterday with seven and a half weeks of notice, rather than the required four weeks of notice. ProSight's opposition will be filed by **September 19**, four weeks prior to the October 17 hearing, and Travelers' reply will be filed by **October 3**, two weeks prior to the hearing.

Let me know if you have any questions.

Mark

Mark D. Peterson
Cates Peterson LLP
4100 Newport Place
Suite 230
Newport Beach, CA  92660
Telephone Direct: (949) 252-2622
Telephone General: (949) 724-1180
Fax: (949) 724-1190
www.CatesPeterson.com

