MARK D. PETERSON (State Bar #126174)
KATHLEEN O. PETERSON (State Bar #124791)
AMY HOWSE (State Bar # 252922)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

Attorneys for Plaintiff
TRAVELERS COMMERCIAL
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>Defendants. | Case No.: 2:21-cv-5832-GW (PDx)<br>Hon. George H. Wu<br>Hon. M.J. Patricia Donahue<br><br>**PLAINTIFF TRAVELERS COMMERCIAL INSURANCE COMPANY'S REPLY BRIEF RE MOTION TO CONSOLIDATE ITS ACTION WITH ACTION FILED BY DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY AGAINST INSURED**<br><br>[FILED CONCURRENTLY WITH DECLARATION OF MARK D. PETERSON]<br><br>DATE:    October 17, 2022<br>TIME:    8:30 a.m.<br>Courtroom: 9D |

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a New York corporation,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>AMBER HEARD, an individual,<br><br>　　　　　Defendant. | Case No. 2:22-cv-04685-GW (PDx)<br>Hon. George H. Wu<br>Hon. M.J. Patricia Donahue |

MOTION TO CONSOLIDATE / REPLY BRIEF

# TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  CONSOLIDATION DOES NOT REQUIRE IDENTICAL ACTIONS, BUT MERELY COMMON QUESTIONS, WHICH PROSIGHT DOES NOT DENY EXIST HERE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. THE LACK OF INPUT FROM THE INSURED TO DATE DOES NOT PREVENT CONSOLIDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

# I.

# INTRODUCTION

In opposing the motion of Plaintiff Travelers Commercial Insurance Company ("Travelers") to consolidate two actions pending before this Court, Defendant New York Marine and General Insurance Company ("ProSight") concede the main point, that the actions substantially overlap. ProSight makes two arguments against consolidation: (1) that the two cases are not identical; and (2) that we need to first hear from the insured, who is the defendant in one of the actions.

Neither argument is a reason to deny consolidation. The Court should order the two cases consolidated.

# II.

# CONSOLIDATION DOES NOT REQUIRE IDENTICAL ACTIONS, BUT MERELY COMMON QUESTIONS, WHICH PROSIGHT DOES NOT DENY EXIST HERE

The majority of ProSight's opposition discusses issues that are present in one action or another that ProSight's asserts are not common. For example, ProSight notes that Travelers' rights and obligations are not at issue in the dispute between ProSight and the insured. (See Opposition, p. 6, lines 6-7.) ProSight offers a tortured analysis of the issues in both cases and it ignores the close relationship between the rights of Travelers and the insured. Travelers' rights against ProSight are tightly intertwined with and dependent upon the scope of ProSight's obligations to the insured. In other words, the Court or other trier of fact cannot determine the respective rights of Travelers and ProSight without also considering the rights of the insured against ProSight. The Court's assessment of the inter-related rights of the three parties should not be done twice, with the potential for two possibly differing results.

Rule 42 of the Federal Rules of Civil Procedure does not require identicality of claims or issues but rather that there be "a common question of law or fact." F.R.Civ.Pro 42.  There is no mention of identicality or the absence of uncommon issues, as ProSight implies.  It is impractical to imagine that two cases would present entirely identical factual or legal issues.  That is likely why that is not the standard.  The existence of some additional questions or issues is ***not*** a reason to deny consolidation.

ProSight's opposition mentions a line of cases that state that consolidation is inappropriate if it results in inefficiency, inconvenience or unfair prejudice. (Opposition, p. 7.)  True enough.  However, ProSight does not then establish that we see that here.  ProSight does not argue (and it is hard to see how it could) that litigating one consolidated case would be inefficient or inconvenient to it.  As the common party to both cases, it would be absurd for ProSight to argue that it would be more convenient or efficient for it to manage two separate lawsuits, which involve overlapping issues, rather than one.

ProSight argues that it would be prejudiced by consolidation.  However, its basis for this argument are difficult to understand and unpersuasive.  ProSight guesses that the insured may seek to stay part of one of the actions. (Opposition, p. 9.)  Speculation about what the insured might seek and the Court might order is not evidence of anything.  Moreover, even if ProSight's speculation is true, it does not prove that the situation will be more complex or prejudicial after consolidation.

ProSight also states that a jury in a consolidated case could be confused by the rights of the various parties. (Opposition, pp. 9 – 10.)  The thread of this argument is difficult to follow.  However, Travelers has every confidence that the Court's experience in instructing juries in cases involving multiple parties would eliminate any concern of jury confusion.

ProSight does not offer any substantive reason why consolidation should be

1 denied. It merely speculates on uncertain possibilities which, in any case, are
2 unlikely to cause ProSight any prejudice.
3     The factual overlap in the two cases has recently crystalized. One of the
4 insured's former defense attorneys was scheduled to be deposed in the First Action:
5 he cooperated with the scheduling, but he put the parties on notice that he would
6 likely object to sitting for another deposition in the Second Action. The insured's
7 personal counsel, likewise, has expressed opposition to witnesses being deposed
8 twice and he has pushed back on ProSight's request that he sit for a deposition in the
9 First Action prior to a ruling regarding consolidation. The deponents' positions are
10 indicative of the topical overlap in the two cases.
11     In light of the undeniable common questions of fact and law, the Court should
12 order consolidation for all purposes. Nothing in ProSight's opposition suggests
13 otherwise.

## III.

## THE LACK OF INPUT FROM THE
## INSURED TO DATE DOES NOT PREVENT
## CONSOLIDATION

18     ProSight also asserts that consolidation should be postponed until the view of
19 the insured can be assessed. This is not a reason for the motion to be "withdrawn,"
20 as ProSight suggests. (Opposition, p. 8, line 13.) If the Court would like to hear
21 from the insured before ruling, it can continue the hearing on this motion, and order
22 a response by the insured, followed by a reply from Travelers, on a briefing
23 schedule.
24     On a side note, it is not true that Travelers failed to respond to a
25 communication from counsel for the insured regarding consolidation, as ProSight
26 informed the Court. (Opposition, p. 8, lines 19 -22.) Counsel for Travelers did
27 communicate with counsel for the insured, more than once, in writing, but it did not
28

copy ProSight on those communications. (See accompanying Declaration of Mark D. Peterson.) Travelers intended those communications to be private and it does not provide them here. The insured's counsel was aware of this motion and has not provided any formal objection or opposition to the consolidation. ProSight's incorrect statement that Travelers did not respond to the insured should have no bearing on this motion.

## IV.
## CONCLUSION

Travelers' case against ProSight, the First Action, and ProSight's case against the insured, the Second Action, should be consolidated for all purposes. The two actions involve the same key factual and legal issues and they will involve similar witnesses and documentary evidence. Both actions are pending before the same judge in the same court. Efficiency and judicial economy will be best served by consolidation. The Court should order consolidation for all purposes under Rule 42 of the Federal Rules of Civil Procedure, and it should vacate the current trial and discovery schedule in the First Action.

If the Court wishes to hear from the insured before ruling, it can continue the hearing on this motion, and order a response by the insured, followed by a reply from Travelers, on a set schedule.

Dated:  September 30, 2022

                                            Respectfully submitted,

                                              /s/ Mark D. Peterson
                                          MARK D. PETERSON
                                          Of CATES PETERSON LLP
                                          Attorneys for Plaintiff
                                          TRAVELERS COMMERCIAL
                                          INSURANCE COMPANY