UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5832-GW-PDx | Date | October 18, 2022 |
|---|---|---|---|
| Title | *Travelers Commercial Insurance Company v. New York Marine and General Insurance Company* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** **IN CHAMBERS - TENTATIVE RULING ON PLAINTIFF TRAVELERS COMMERCIAL INSURANCE COMPANY'S MOTION TO CONSOLIDATE THIS ACTION FILED BY TRAVELERS WITH ACTION FILED BY DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY AGAINST INSURED [66]**

Attached hereto is the Court's Tentative Ruling on Plaintiff's Motion [66] set for hearing on October 20, 2022 at 8:30 a.m.

:

Initials of Preparer   JG

***Travelers Commercial Ins. Co. v. N.Y. Marine & Gen. Ins. Co.***, Case No. 2:21-cv-5832-GW-(PDx), Tentative Ruling on Motion of Plaintiff Travelers Commercial Insurance Company to Consolidate its Action with Action Filed by Defendant New York Marine and General Insurance Company Against Insured

Plaintiff Travelers Commercial Insurance Company ("Travelers") moves to consolidate this action – the "*Travelers* Action," filed on July 20, 2021 – for all purposes, including trial, with *New York Marine & General Insurance Company v. Heard*, No. 2:22-cv-04685-GW (PDx) (the "*NY Marine* Action"), filed on July 8, 2022, after the conclusion of underlying litigation involving a common-insured. New York Marine and General Insurance Company ("NY Marine") has opposed the motion. NY Marine is the defendant/counter-claimant in this action and the plaintiff in the *NY Marine* Action, which it filed against the two insurance companies' common insured, Amber Heard ("Heard"). The Court will almost certainly grant the motion, but believes that allowing consideration of Heard's position, if she has any to offer, is the wisest course before it makes such a determination. Heard, apparently, has not yet appeared in the *NY Marine* Action.

Under the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Court's decision on a request to consolidate is discretionary, and that discretion is broad. *See Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018); *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016).

The *Travelers* Action's current operative complaint is the First Amended Complaint ("*Travelers* FAC"), filed September 7, 2021. *See* Docket No. 15. It contains claims for declaratory judgment and equitable contribution of defense expenses. NY Marine answered the *Travelers* FAC on March 25, 2022, and at the same time asserted counterclaims for: 1) "Declaratory Relief – New York Marine Did Not Owe A Duty To Defend the Insured Through Independent Counsel," 2) "Declaratory Relief – New York Marine Did Not Fail To Provide A Defense To Its Insured," and 3) "Declaratory Relief – Reimbursement." Docket No. 56.

The *NY Marine* Action's current operative complaint is the First Amended Complaint ("*NY Marine* FAC") filed July 11, 2022. *See NY Marine* Action, Docket No. 5.

1

The *NY Marine* FAC contains four claims for relief against Heard: 1) "Declaratory Relief as to Plaintiff's Duty to Indemnify Heard for the Judgment Order under the Policy," 2) "Declaratory Relief as to Plaintiff's Duty to Indemnify Heard for any Judgment in the Underlying Action," 3) "Declaratory Relief as to Plaintiff's Duty to Defend Heard in the Underlying Action the Policy [California Insurance Code § 533]," and 4) "Declaratory Relief as to Plaintiff's Duty to Defend and Indemnify Heard in the Underlying Action under the Policy [Conditions]."

Travelers believes that NY Marine did not provide a proper defense to Heard in underlying litigation. NY Marine's counterclaim in the *Travelers* Action, meanwhile, challenges the existence or scope of NY Marine's duty to Heard, and takes the position that NY Marine did not breach any duty to either Heard or Travelers. NY Marine also takes the position in the *Travelers* Action that independent counsel chosen by Heard and funded by Travelers obstructed, prevented, and/or limited the participation of NY Marine's appointed counsel.

The *NY Marine* Action against Heard likewise contests the scope of NY Marine's duties to Heard. It also charges that NY Marine's counsel was prevented from assisting in Heard's defense in the underlying action.

It is plain from the parties' briefing that, as Travelers asserts and the aforementioned discussion suggests, the two cases "share common parties and common issues and . . . will include common sources of evidence." Docket No. 66-1, at 1:3-4. As Travelers argues in its opening brief, NY Marine's "scope of duty to its insured, its failure (or success) in satisfying that duty, and whether it is excused from performing it are the central legal and factual issues in both cases." Docket No. 66-1, at 7:13-15. The actions therefore meet the slim requirements of Rule 42(a) for "a common question of law or fact," and the Court agrees that keeping the two actions separate will lead to a duplicative waste of time and resources and will risk inconsistent findings. As such, it believes that exercising its discretion in favor of consolidation is a wise course.

The common ground is not outweighed by other considerations. Obviously, the issues that are common between the two actions are not the only issues in those actions – the first involves a dispute between two insurers with a common insured, and the second is a dispute between only one of those insurers and the insured herself. But the Court

2

agrees with Travelers that any risk of confusion of issues, and/or any concern that the conduct of one party will be improperly-attributed to another, can be adequately managed with careful preparation by the attorneys, aided, if necessary, with appropriate jury instructions and verdict forms crafted with care.  As Travelers asserts, "[t]he main issue in both cases arises from [NY Marine's] duties to the insured and whether those have been met or are excused."  Docket No. 66-1, at 8:18-20.

Moreover, this is not an overly-complex situation, either factually or in terms of the number of parties – it presents a fairly straightforward tri-partite relationship involving two insurers and a common insured.  As Travelers aptly summarizes things in its Reply brief, "[t]he Court's assessment of the inter-related rights of the three parties should not be done twice, with the potential for two possibly differing results."  Docket No. 72, at 1:25-27.

Any concern about delay from consolidation is drastically-reduced here by virtue of the fact that it is Travelers – the *plaintiff* in the action filed a year before the second action – is the moving party.  It affirmatively acknowledges and *asks* for a new consolidated timeline that would necessarily cause a delay in the advancement of its own case.[1]  *See* Docket No. 66-1, at 9:11-14 ("Consolidation will require vacating the dates in the [*Travelers*] Action, but Travelers, the moving party here, would rather have the litigation done correctly, rather than quickly.  Travelers is the moving party and it is not complaining about waiting to try its case to let the [*NY Marine*] Action catch up.").

In sum, far from adding confusion to the proceeding, presenting the events as part of a single story will only aid in comprehension, and there is little-to-nothing to be gained from having that single story presented to two different factfinders, with the potential for inconsistent findings and judgments.

The Court will likely grant the motion, but will first give Heard an opportunity to weigh-in before it does so.  It will discuss with the parties present at the hearing the best way of making that happen/presenting that opportunity.

---

[1] As Travelers notes, the discovery cut-off in the Travelers Action is October 4, 2022, and the trial date is January 3, 2023.  *See* Docket No. 55.

3