Cates Peterson, LLP
Mark D. Peterson, #126174
  markpeterson@catespeterson.com
Kathleen O. Peterson, #124791
  kpeterson@catesopeterson.com
Amy Howse #252922
  ahowse@catespeterson.com
4100 Newport Place, Ste. 230
Newport Beach, CA 92660
Telephone:   (949) 724-1180

Attorneys for Plaintiff Travelers
Commercial Insurance Company

McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant New York
Marine and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>　　　　Plaintiff and Counter-Defendant,<br><br>　　v.<br><br>New York Marine and General Insurance Company, a Delaware Corporation,<br><br>　　　　Defendant and Counter-Claimant. | Case No. 2:21-cv-5832-GW (PDx)<br><br>**[PROPOSED]**<br>**AMENDED STIPULATED**<br>**PROTECTIVE ORDER**<br><br>Hon. Patricia Donahue, Magistrate Judge |

## I. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

This is an inter-insurer dispute regarding an underlying defamation case currently pending in Virginia against the parties' mutual insured (the "Underlying Action"). This case pertains to the duties of the two insurers to defend their mutual insured in the defamation action and the alleged duty of Defendant New York Marine—if any—to share the costs of doing so with Plaintiff Travelers.

The nature of Plaintiff Travelers' claims and New York Marine's defenses expressly implicate the correspondence and communications between the parties and the respective defense counsel appointed and/or funded by the parties to provide a defense to the mutual insured in the underlying action, as well as other privileged and highly confidential documents and records, including the parties' respective claims files and related materials. Specifically, Travelers contends that New York Marine instructed or directed the defense counsel which New York Marine appointed to represent the mutual insured, to "piggy-back" off the work performed by independent

1  counsel retained by the insured and funded by Travelers; that New York Marine failed
2  or refused to adequately pay counsel its appointed counsel to provide an appropriate
3  defense; and that New York Marine's conduct was intended to provide an "inadequate
4  defense" to the parties' mutual insured. In turn, New York Marine contends that
5  independent counsel, with Travelers' active participation or its indifference, actively
6  and deliberately chose not to cooperate with New York Marine's appointed counsel,
7  the law firm of Cameron McEvoy, PLLC, and intentionally acted to prevent the
8  Cameron McEvoy firm from participating in the defense, leading to the withdrawal
9  of the Cameron McEvoy firm.

10        As a result, discovery in this case may include the production and exchange of
11  confidential communications subject to the attorney-client privilege and work-
12  product doctrines, and which may implicate the privacy interests of Travelers, New
13  York Marine, and third parties including their mutual insured, the insured's various
14  defense counsel and/or the insured's personal counsel, all of which are or may be
15  subject to protection under the United States Constitution, the Constitution of the State
16  of California, the California Insurance Privacy Protection Act, and/or other provisions
17  of state and/or federal law.  Many of the relevant documents and information may be
18  entitled to special protection from public disclosure and from use for any purpose
19  other than prosecution of this action is warranted.

20        Additionally, Travelers' claims and New York Marine's defense may involve
21  the production and exchange of documents encompassing trade secrets, and other
22  valuable research, development, commercial, financial, technical and/or proprietary
23  information for which special protection from public disclosure and from use for any
24  purpose other than prosecution of this action is warranted.  Such confidential and
25  proprietary materials and information may include, among other things, confidential
26  business or financial information, information regarding confidential business
27  practices, or other confidential research, development, or commercial information
28  (including information implicating privacy rights of third parties), information

otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law including, specifically, claims files and other documents maintained by the parties to this litigation and/or others in connection with the applications, policies of insurance and insurance claims of third parties not involve in the present litigation.

Further, the parties now request that the Court enter this Amended Stipulated Protective Order because certain facts which have developed since the Court's initial entry of a protective order on April 25, 2022 (Docket #64), effectively rendering moot section XIII(D) of this agreement which prohibited naming the parties' mutual insured. Specifically, since the initial entry of the order: (1) judgment has been entered in the action filed by against the parties' mutual insured in the Circuit Court of Fairfax County, Virginia, case no. CL-2019-0002911 (the "Underlying Action"), the action out of which this litigation arises; (2) the insured has been sued by New York Marine in a second insurance action entitled *New York Marine and General Insurance Company v. Amber Laura Heard,* U.S.D.C. Central District of California, Case No. 2:22-cv-04685 (the "*NY Marine v. Heard*"), and (3) there has been vast publicity surrounding the Underlying Action, as well as publicity regarding this litigation and the *NY Marine v. Heard* action—all of which establish that the identity of the parties to the Underlying Action and the insurance litigation are well known to the public. As a result, the provisions of the current protective agreement pertaining to the identification or naming of the parties' mutual insured, section "XIII. MISCELLANEOUS", "D. Protection Of Identity of Parties to Underlying Case", serve no practical purpose.  In addition, it may hinder the parties and the Court by requiring that even routine documents be filed under seal merely because they disclose the insured's name.  The parties propose to eliminate that provision in an amended protective order and to make no other changes.

Accordingly, to expedite the flow of information, to facilitate the prompt

resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial without unduly burdening the parties or the Court and obstructing the public's access to information as guaranteed by the First Amendment to the United State Constitution, to address their handling at the end of the litigation, and serve the ends of justice, this amended stipulated protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### III. DEFINITIONS

**A.** **Action:**

The instant litigation entitled *Travelers Commercial Insurance Company v. New York Marine and General Insurance Company,* U.S.D.C. Central District of California, Case No. 2:21-cv-5832-GW (PDx).

**B.** **Challenging Party:**

A Party or Non-Party that challenges the designation of information or items under this Order.

**C.** **"CONFIDENTIAL" Information or Items:**

Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**D.** **Counsel:**

Outside Counsel of Record and House Counsel (as well as their support staff).

**E.** **Designating Party:**

A Party or Non-Party that designates information or items that it produces in

4
AMENDED STIPULATED PROTECTIVE ORDER

disclosures or in responses to discovery as "CONFIDENTIAL."

**F.** **Disclosure or Discovery Material:**

All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**G.** **Expert:**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**H.** **House Counsel:**

Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**I.** **Non-Party:**

Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**J.** **Outside Counsel of Record:**

Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

**K.** **Party:**

Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**L.** **Producing Party:**

A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**M.     Professional Vendors:**

Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**N.     Protected Material:**

Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL", or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**O.     Receiving Party:**

A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.    SCOPE**

A.     The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.     Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**V.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI. DESIGNATING PROTECTED MATERIAL

### A. Exercise of Restraint and Care in Designating Material for Protection

#### 1. Care in Designation

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

#### 2. No Routinized or Mass Designation

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

#### 3. Improperly Designated Materials

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### B. Manner and Timing of Designations

#### 1. Clear Designation

Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2. Designation in conformity with this Order requires the following:

  a. Documentary Form

For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

  b. Originals Made Available for Inspection

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

3. Deposition Testimony

For testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

    4.  Other Formats

For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  C. **Inadvertent Failure to Designate**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

  A. **Timing of Challenges**

Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

  B. **Meet and Confer**

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

  C. **Burden**

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

### A. Basic Principles

#### 1. Use

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

#### 2. Storage

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. This remains true after the conclusion of this Action.

### B. Disclosure of "CONFIDENTIAL" Information or Items

#### 1. General Rules for Disclosure

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    b. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    d. The Court and its personnel;

    e. Court reporters and their staff;

    f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

    g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    h. During their depositions, witnesses in the action who are former employees of a Party or witnesses in the Action who are non-Parties, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

    j. Any insurer, reinsurer, retrocessionaire, auditor, regulator or other entity or person, including any governmental or regulatory body, to whom any Party or its counsel is contractually or legally obligated to make such disclosure, or deems it necessary to make such disclosure, to the extent necessary for this Action or for any other reinsurance matter concerning this Action.

///

///

///

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

### A. Subpoenas

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

### B. Protective Order

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

### A. Non-Party Confidential Material

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by

Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

### B. Non-Party Confidential Material Subject to Other Agreements

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party, if requested.

### C. Non-Party's Obligation to Seek Protective Order

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

### A. Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B. Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground, including those not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### C. Filing Protected Material

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

### XIV. PUNISHMENT OF VIOLATIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 21, 2022     CATES PETERSON, LLP

By: /s/ *Mark D. Peterson*
   Mark D. Peterson
   Attorneys for Plaintiff Travelers
   Commercial Insurance Company

Dated: October 21, 2022     McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ *James P. Wagoner*
   James P. Wagoner
   Lejf E. Knutson
   Nicholas H. Rasmussen
   Graham A. Van Leuven
   Attorneys for Defendant New York
   Marine and General Insurance Company

### ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(2)(i)

Pursuant to L.R. 5-4.3.4, I, James P. Wagoner, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

Dated: October 21, 2022　　　McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ James P. Wagoner*
James P. Wagoner
Attorneys for Defendant New York Marine and General Insurance Company

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:

HONORABLE Patricia Donahue
United States Magistrate Judge

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issue by the United States District Court for the Central District of California on [DATE] in the case of *Travelers Commercial Insurance Company v. New York Marine and General Insurance Company,* U.S.D.C. Central District of California, Case No. 2:21-cv-5832-GW (PDx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

# PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On October 21, 2022, I served true copies of the following document(s) described as **AMENDED STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

Mark D. Peterson
Kathleen O. Peterson
Amy Howse
Cates Peterson LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Email: markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 21, 2022, at Fresno, California.

*/s/ Heather Ward*
Heather Ward

8698086.1