McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant, Counterclaimant
and Plaintiff New York Marine and
General Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>New York Marine and General Insurance Company, a Delaware Corporation,<br><br>      Defendant.<br><br>New York Marine and General Insurance Company, a Delaware corporation<br><br>      Counter-Claimant<br><br>    v.<br><br>Travelers Commercial Insurance Company, a Connecticut corporation,<br><br>      Counter-Defendant | Case No. 2:21-cv-5832-GW (PDx)<br><br>Consolidated for Pre-Trial Purposes with 2:22-CV-04685-GW (PDx)<br><br>**JOINT SCHEDULING REPORT**<br><br>Hon. George H. Wu |

Pursuant to the Court's October 21, 2022, Order on Travelers' Motion to Consolidate, Plaintiff and Counterdefendant Travelers Commercial Insurance Company ("Travelers"), Defendant, Counterclaimant, and Plaintiff New York Marine and General Insurance Company's ("New York Marine"), and Defendant Amber Heard have met and conferred with regard to scheduling for this matter and by and through their undersigned counsel, and hereby submit this Joint Scheduling Report.

**A. Ms. Heard's Position**

Ms. Heard respectfully submits that it is premature to enter a scheduling order for two reasons. First, there is no diversity of citizenship. Ms. Heard was not a resident of the United States when New York Marine filed its lawsuit and is not now a resident of the United States. Therefore, this Court lacks jurisdiction. *See, e.g., Louisiana Mun. Police Emps. Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056 (9th Cir. 2016) ("Because the defendant is a United States citizen, but has no domicile in any State, she is 'stateless' for purposes of 28 U.S.C. § 1332(a)(3). Such 'stateless' status destroys complete diversity under § 1332(a)(3)." (cleaned up, quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829 (1989)).

Second, this litigation should not go forward at this time. The continued prosecution of these actions is prejudicial to Ms. Heard's defense in the *Depp v. Heard* lawsuit, which is currently pending on appeal. Ms. Heard understands that Travelers does not oppose the request for a stay of the consolidated action and that New York Marine does not oppose a stay as to three of its four causes of action. However, Ms. Heard understands that New York Marine opposes a stay as to its first cause of action and as to the claims at issue in the *Travelers* lawsuit. Therefore, as she has advised the other parties, Ms. Heard will file a motion to stay or dismiss these actions pursuant to *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 301 (1993), and its progeny. In addition, Ms. Heard intends to move for judgment on the pleadings as to each of New York Marine's causes of action against her. New York Marine's first, second, and fourth causes of action, which address New York Marine's duty to

indemnify a judgment in the *Depp* lawsuit, are not ripe unless and until there is a final judgment in the *Depp* lawsuit. Given the appeal, there is no such final judgment. New York Marine's third cause of action addressing New York Marine's duty to defend Ms. Heard in the *Depp* lawsuit, fails as a matter of law because the statute relied on, California Insurance Code section 533, does not excuse an insurer of its duty to defend.

Despite the above, New York Marine will not agree to postpone depositions of Ms. Heard's former defense counsel in the *Depp* lawsuit noticed for mid-November in the *Travelers* lawsuit. Ms. Heard believes that discovery should not proceed pending this Court's determination on the jurisdictional issue and as to whether the consolidated actions should go forward given the appropriateness of dismiss or stay under *Montrose*. If necessary, Ms. Heard may move for a protective order regarding these depositions.

**B.  New York Marine's Position**

<u>Personal Jurisdiction Over Ms. Heard</u>: New York Marine has received no evidence establishing that Heard was not a resident of the United States at the time New York Marine filed its complaint against Heard.

<u>Ms. Heard's Request to Stay this Insurance Litigation</u>: New York Marine understands that Heard intends to file a motion to stay and will not oppose a stay as to the Second, Third, and Fourth causes of action. However, New York Marine's First cause of action is ripe as there is an existing judgment against Heard and New York Marine is seeking declaratory relief as to its rights and duties regarding that judgment if the judgment is affirmed or otherwise not disturbed on appeal.

<u>Temporary Halt to Scheduled Depositions</u>:  On September 23, 2022, Counsel for all Parties agreed to continue previously scheduled depositions provided that the depositions were moved "to a date certain" and those depositions were set for mid-November based on the agreed availability of the deponents and counsel for all Parties. At no point during the rescheduling of those depositions was there any

indication that jurisdictional questions would be raised. Accordingly, New York Marine believes it is appropriate for the depositions scheduled in mid-November to proceed as currently scheduled.

### C. Travelers' Position

<u>Personal Jurisdiction Over Ms. Heard</u>: This issue just arose. Travelers does not have adequate information to take a position.

<u>Ms. Heard's Request to Stay this Insurance Litigation</u>: Ms. Heard asserts that she will be prejudiced by this consolidated insurance litigation proceeding while the *Depp* lawsuit is active. Travelers will not oppose her request for a stay on that basis.

Travelers understands that New York Marine will argue that it should be able to proceed with part of its case. Travelers strongly opposes a ***partial*** stay of the insurance litigation, which allows New York Marine to move forward, in part, as it wishes. This would be prejudicial to Travelers and Ms. Heard and it would be highly inefficient. It likely will drive the parties into discovery disputes which can be avoided by a complete stay. If the Court stays the insurance litigation while the *Depp* lawsuit is pending, it should stay all of it.

<u>Temporary Halt to Scheduled Depositions</u>: Ms. Heard has asked that the parties agree to postpone two scheduled depositions until the Court has ruled on Ms. Heard's request for a stay. Travelers has no objection to this. (New York Marine objects.)

### D. Request for Postponement and Agreed Modified Pre-Trial Dates

Ms. Heard requests that the Court adjourn its hearing set for November 3, 2022, to December 1, 2022, or another date convenient for the Court.

If the Court determines that it is appropriate to enter a scheduling order, the parties agree the to the following pretrial timeline:

| Date | Event |
|---|---|
| 7/31/2023 | Deadline to hold private mediation |

| Date | Event |
|---|---|
| 8/10/2023 | Deadline to notify court of result of mediation in joint report regarding settlement |
| 8/14/2023 | Post-Mediation Status Conference |
| 8/24/2023 | Non-Expert Discovery Cut-Off |
| 9/18/2023 | Expert Disclosure (Initial) |
| 10/2/2023 | Expert Disclosure (Rebuttal) |
| 10/16/2023 | Expert Discovery Cut-Off |
| 11/6/2023 | Last day to file all motions (including discovery motions) |
| 12/14/2023 | Pre-Trial Conference |

| | |
|---|---|
| Dated:  October 31, 2022 | CATES PETERSON, LLP |
| | By: _/s/ Mark D. Peterson_ |
| | Mark D. Peterson |
| | Attorneys for Plaintiff and Counterdefendant Travelers Commercial Insurance Company |
| Dated:  October 31, 2022 | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
| | By: _/s/ James P. Wagoner_ |
| | James P. Wagoner |
| | Lejf E. Knutson |
| | Nicholas H. Rasmussen |
| | Graham A. Van Leuven |
| | Attorneys for Defendant, Counterclaimant, and Plaintiff New York Marine and General Insurance Company |
| DATED: October 31, 2022 | PASICH LLP |
| | By: _/s/ Kayla Robinson_ |
| | Kirk Pasich |
| | Kayla Robinson |
| | Attorneys for Defendant Amber Heard |

8726905.1

# PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On October 31, 2022, I served true copies of the following document(s) described as **JOINT SCHEDULING REPORT** on the interested parties in this action as follows:

| | |
|---|---|
| Mark D. Peterson<br>Kathleen O. Peterson<br>Amy Howse<br>Cates Peterson LLP<br>4100 Newport Place, Suite 230<br>Newport Beach, CA 92660<br>Telephone: (949) 724-1180<br>Email: markpeterson@catespeterson.com<br>kpeterson@catespeterson.com<br>ahowse@catespeterson.com | Kirk Pasich<br>Kayla M. Robinson<br>Pasich LLP<br>10880 Wilshire Blvd., Suite 2000<br>Los Angeles, CA 90024<br>Telephone: (424) 313-7856<br>kpasich@pasichllp.com<br>krobinson@pasichllp.com |

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2022, at Fresno, California.

*/s/ Marisela Taylor*
Marisela Taylor

---

JOINT SCHEDULING REPORT