UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE

TRAVELERS COMMERCIAL INSURANCE COMPANY,

Plaintiffs,

vs.

NEW YORK MARINE and GENERAL INSURANCE COMPANY,

Defendants.

______________________________________/

Case No. CV 21-5832
22 CV 4685

REPORTER'S TRANSCRIPT OF
SCHEDULING CONFERENCE HEARING
Thursday, December 1, 2022
8:30 A.M.
LOS ANGELES, CALIFORNIA

---

TERRI A. HOURIGAN, CSR NO. 3838, CCRR
FEDERAL OFFICIAL COURT REPORTER
350 WEST FIRST STREET, ROOM 4311
LOS ANGELES, CALIFORNIA 90012
(213) 894-2849

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF: Travelers Commercial Insurance Company**

CATES PETERSON LLP
BY: MARK D. PETERSON
Attorney at Law
4100 Newport Place, Suite 230
Newport Beach, California 92660

**FOR THE DEFENDANT: New York Marine and General Insurance Company**

MCCORMICK BARSTOW SHEPPARD WAYTE and CARRUTH LLP
BY: JAMES P. WAGONER
NICHOLAS H. RASMUSSEN
Attorneys at Law
7647 North Fresno Street
Fresno, California 93720

**FOR THE DEFENDANT/COUNTERCLAIMANT: MS. AMBER HEARD**

PASICH LLP
BY: KAYLA ROBINSON
OWEN MONKEMEIER
Attorneys at Law
10880 Wilshire Boulevard, Suite 2000
Los Angeles, California 90024

**LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 1, 2022**

**8:30 a.m.**

**--oOo--**

THE COURT: Okay. Let me call the matter of *Travelers Commercial versus New York Marine and General Insurance Company*, and also *New York Marine and General versus Amber Heard*.

For the plaintiff, Travelers, we have?

MR. PETERSON: Mark Peterson, Your Honor. Good morning.

THE COURT: Okay. And for the defendant, New York Marine, we have?

MR. WAGONER: James Wagoner and Nick Rasmussen.

THE COURT: Okay. Do we have an appearance from Ms. Heard?

MS. ROBINSON: Yes, Your Honor. Kayla Robinson and Owen Monkemeier.

THE COURT: Good morning, everybody. I saw the joint scheduling report. I guess there is a number of issues that more or less preclude scheduling at this point in time, although, I do understand the parties have proposed some dates, but I want -- what I think there is going to have to be potentially is some motions to be filed.

First of all, I guess Ms. Heard is making an argument this Court does not have subject matter jurisdiction; is that correct?

MS. ROBINSON: Well, Your Honor, with respect to -- with respect to the diversity jurisdiction, our view is that there is diversity jurisdiction, that there was at the time of filing, and would be jurisdiction for purposes of Ms. Heard's counterclaim.

Our concern here, though, and, you know, we outlined the basics of the diversity issue, Ms. Heard was between domiciles at the time this action was filed against her.

And we think, based on Ninth Circuit case law that she had not yet established her new domicile. We are fairly satisfied that that is the case.

But, of course, the Court has to be satisfied that that is the case, and we would like to cross that bridge.

THE COURT: Let me put it this way, I have no problem with any type of motions of this sort. The Court is obligated to resolve any questions of subject matter jurisdiction as soon as possible.

So that is all I'm indicating is that I'm not going to set any schedule in this matter today, but I just want to talk with the parties about these motions, because what I will do is I will set a deadline by which any of these types of

motions that I'm talking about have to be filed.

But I presume -- let me just ask counsel -- let me ask all counsel, if Ms. Heard does make some sort of motion in regards to lack of subject matter jurisdiction, will any party want to do any jurisdictional discovery or discovery regarding jurisdiction before the matter can be heard or is everybody just simply ready to go forward if a motion of that sort is filed?

MR. WAGONER: James Wagoner. Your Honor, we would most likely want to do discovery depending on what the motion argues. There is a very good chance.

THE COURT: Would you want to do that before the motion is filed or after the motion is filed?

MR. WAGONER: I think I would rather see the motion first.

THE COURT: All right. And let me ask Ms. Heard's counsel, I presume that motion could be filed within the next 30 days; is that right?

MS. ROBINSON: Yes. Just to be clear, we're not contesting subject matter jurisdiction. We would propose just sort of an explanation to the Court with our views on why there is subject matter jurisdiction. I don't believe that any of the other parties object.

THE COURT: In other words, you are saying there is subject matter -- I misunderstood, I thought Ms. Heard was

going to take the position the Court does not have subject matter jurisdiction.

MS. ROBINSON: We were initially concerned, but we ran down a few more facts, and yes, we take the position there is subject matter jurisdiction.

THE COURT: All right. Well, let me do this, I guess what it is I don't think -- well, if any party thinks that the Court does not have subject matter jurisdiction, I will set a date by which said motion has to be filed.

I will set it -- the filing of any such motion claiming that this Court does not have subject matter jurisdiction has to be filed on or before January the 5th.

After that date, I can presume that nobody is going to be contesting this Court's subject matter jurisdiction.

Then the next issue that I have on my little list is there's going to -- I guess, one side or another or somebody is going to make a request to stay this matter pending the appeal of the matter in the *Depp versus Heard* litigation; is that correct?

MS. ROBINSON: That's correct. Kayla Robinson for Ms. Heard.

Our proposal is there are related issues with respect to the substance of the New York Marine complaints, and the state issues under California law, the *Montrose Chemical*

*Corp* case, we think that is --

THE COURT: Let me stop. All I need is, again, if any parties are going to make a request for a stay, unless the parties stipulate to the stay -- if the parties stipulate to the stay, then I will treat it differently, but if the parties are not stipulating to a stay, then I need someone to file a motion for a stay so I can rule on it.

MS. ROBINSON: We will be filing it.

THE COURT: When do you think you will be filing it?

MS. ROBINSON: I wanted to say we have not filed the motion for stay yet because we cannot yet file a motion for judgment on the pleadings until the pleadings are closed.

And we think it makes more sense to file this motion at the same time since they confirm similar issues.

THE COURT: You said a motion for judgment on the pleadings.

Basically there are two cases here. There is 21-5832, which has been consolidated with 22-4685.

Are you talking about a motion for judgment on the pleadings as to both cases?

MS. ROBINSON: We're not a party to -- there are no claims concerning Ms. Heard.

THE COURT: But I consolidated them for pretrial purposes.

So you are saying -- so you would make a motion

for judgement on the pleadings, and I presume that would be in the 22-4685 case?

MS. ROBINSON: Solely in the *New York Marine versus Heard* case, yes.

THE COURT: That is the 22-4685 case. Let me ask counsel for New York Marine, that is that case, right?

MR. WAGONER: Yes, Your Honor.

THE COURT: So, Ms. Heard is going to make a motion for judgment on pleadings and also for a motion to stay.

So let me ask, when are you going to be able to file that?

MS. ROBINSON: We will need the pleadings to be closed, and I would imagine not too long after the pleadings are closed. I don't think that the New York Marine answer to Ms. Heard's counterclaim will introduce additional issues.

THE COURT: Well, let me ask, when is the deadline for the answer to the counterclaim; when is that?

MR. WAGONER: I think it's ten days from today, Your Honor.

THE COURT: Ten days from today. Let's assume for purposes of argument that it's December the 12th.

All right. Then I would want any motion to be filed in that matter either for judgment on the pleadings or for a stay to be filed, by, let's say, the 13th of January.

I presume that can be done?

MS. ROBINSON: Yes, Your Honor.

THE COURT: Okay. And then there was also an issue in regards to whether or not this Court had personal jurisdiction over Ms. Heard.

Let me just ask, hasn't that matter been waived by now?

MS. ROBINSON: Yes, Your Honor. We have never contested personal jurisdiction.

THE COURT: So why don't I do this: Unless there is something else that somebody wants to discuss?

MR. RASMUSSEN: Your Honor, this is Nick Rasmussen, I think there is another matter we would like to discuss.

THE COURT: What is that?

MR. RASMUSSEN: New York Marine's intentions to file an amended counterclaim against Travelers in the 5832 action.

It brings up two questions, which is Travelers has agreed to stipulate, and to date, Ms. Heard has not.

Although, perhaps after we take the deposition, I will get the answer.

But the other question is are we -- if the matters are consolidated with the pretrial matters that are different cases as to whether we need Ms. Heard's stipulation, in which case, if we can't get it, we will have to file a motion for leave to amend.

THE COURT: All right. I will tell you what I'm

going to do, what I was going to do is set another status conference in this matter for January the 23rd.

I do understand that there might be motions -- hearings that are set after that date, but I just want a status conference because I want to talk with the parties as to what is actually going to happen or remains to be happening.

So I will set a status conference for the 23rd of January, and I want a joint status report on everything that is pending or anything that needs to be discussed and that would be filed by the 18th of January.

MR. RASMUSSEN: 18th of January? Thank you, Your Honor.

THE COURT: Counsel, anything else I need to discuss with you all?

MR. WAGONER: This is James Wagoner on behalf of New York Marine.

We may file a motion to dismiss as to Amber Heard's counterclaim, and that would -- we have to meet and confer either by Friday or Monday and we may or may not do that, but I want to let the Court know that that may postpone Ms. Heard's ability to make her motion for judgment on the pleadings because the pleadings would not have been closed by then.

THE COURT: All right. That's fine. But we will talk about that situation on the -- Javier, did I set it for

what date?

THE COURTROOM DEPUTY: The 23rd.

THE COURT: We will discuss that situation on the 23rd.

Also, let me ask another quick question, I presume that I haven't really formally -- have I formally stayed these cases or not in terms of discovery?

MR. WAGONER: No, you haven't, Your Honor. I'm not clear as to whether discovery is now open as to the Amber Heard's case or not. Because they are consolidated for all purposes, and since discovery is open as to *Travelers versus New York Marine*, I would like to think discovery is open as to Amber Heard's case, but I'm just not sure.

THE COURT: As to the Amber Heard case, at this point in time, I will stay discovery except for discovery if discovery is as to some sort of jurisdictional issue.

But I will -- but I will lift the stay probably on the 23rd of January, once a determination is made in regards to the status of the various motions that are going to be filed or pending.

I don't want a lot of discovery to be interfering because at this point in time, there is going to be a lot of motions practice, okay?

MR. WAGONER: Very good. Thank you, Your Honor.

THE COURT: Anything else I need to discuss with you

all? No?

MS. ROBINSON: Nothing from us.

MR. RASMUSSEN: Just to clarify, Your Honor. Is that a stay only for the Amber Heard side of the action?

THE COURT: As to the *Heard* matter, well, let me ask, at this point in time is there any pending discovery in the *Travelers* case?

MR. WAGONER: Yes.

MR. RASMUSSEN: Yes, Your Honor.

THE COURT: Okay. Is somebody going to want to stay that, because I basically stayed it as to the *Heard* case.

But as to the *Travelers* case, I have not.

Let me ask, does somebody want a stay?

MS. ROBINSON: Yes, Your Honor. If I can just say -- yes, Ms. Heard would like a stay.

THE COURT: No. I have stayed discovery as to the *Heard* matter, which is the 22-4685 case, except for discovery that relates to some jurisdictional issue.

But other than that, discovery is stayed in that matter.

But in the other case, which was originally between Travelers and New York Marine, I have not stayed. So as to the *Travelers versus New York Marine*, is anybody going to make a request for a stay of discovery?

Hearing nothing, I guess the answer is no to

that.

MR. PETERSON: Your Honor, this is Mark Peterson for Travelers. I was deferring to Ms. Robinson to speak first.

There are two depositions that were pending that have been taken off calendar briefly, and given that the discovery is consolidated, it would be strange to allow depositions to proceed in January or late December, when those are going to bind Ms. Heard in this consolidated case.

THE COURT: Well, let me stop you. The answer is probably yes, somebody is going to make a request; is that correct?

MR. PETERSON: I believe the answer is yes that Ms. Heard is going to make a request for a stay or both.

THE COURT: I will stay the matter -- discovery matter, unless the parties stip to exclude something to allow discovery to continue. I will stay discovery pending this stuff, so the dust can settle.

Okay. Is that understood by everybody?

MR. PETERSON: Yes.

THE COURT: Anything else from anyone? No?

Okay. Thank you, have a nice day.

(The proceedings concluded at 9:48 a.m.)

* * *

**CERTIFICATE OF OFFICIAL REPORTER**

COUNTY OF LOS ANGELES )
)
STATE OF CALIFORNIA )

I, TERRI A. HOURIGAN, Federal Official Realtime Court Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the United States.

Date: 12th day of December, 2022.

/s/ TERRI A. HOURIGAN

______________________________________________

TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR
Federal Court Reporter

## /

**/s** [1] - 14:19

## 1

**1** [2] - 1:14, 3:1
**12th** [2] - 8:21, 14:16
**13th** [1] - 8:24
**18th** [2] - 10:11, 10:12

## 2

**2022** [3] - 1:14, 3:1, 14:16
**21-5832** [2] - 1:7, 7:18
**213** [1] - 1:24
**22-4685** [4] - 7:18, 8:2, 8:5, 12:17
**23rd** [5] - 10:3, 10:8, 11:2, 11:4, 11:18
**28** [1] - 14:9

## 3

**30** [1] - 5:18
**350** [1] - 1:23
**3838** [2] - 1:22, 14:20

## 4

**4311** [1] - 1:23

## 5

**5832** [1] - 9:15
**5th** [1] - 6:12

## 7

**753** [1] - 14:9
**7647** [1] - 2:12

## 8

**894-2849** [1] - 1:24
**8:30** [2] - 1:15, 3:2

## 9

**90012** [1] - 1:24
**93720** [1] - 2:12
**9:48** [1] - 13:21

## A

**A.M** [1] - 1:15
**a.m** [2] - 3:2, 13:21
**A1** [1] - 2:5
**A3** [1] - 2:17
**ability** [1] - 10:22
**able** [1] - 8:10
**above-entitled** [1] - 14:12
**action** [2] - 4:11, 9:15
**additional** [1] - 8:15
**ADDRESS** [4] - 2:5, 2:6, 2:17, 2:17
**ADDRESS-A1** [1] - 2:5
**ADDRESS-A3** [1] - 2:17
**ADDRESS-B1** [1] - 2:6
**ADDRESS-B3** [1] - 2:17
**agreed** [1] - 9:17
**allow** [2] - 13:6, 13:14
**Amber** [5] - 3:9, 10:18, 11:9, 11:12, 11:14
**amend** [1] - 9:25
**amended** [1] - 9:15
**ANGELES** [4] - 1:15, 1:24, 3:1, 14:3
**answer** [6] - 8:14, 8:17, 9:20, 12:25, 13:9, 13:11
**appeal** [1] - 6:19
**appearance** [1] - 3:16
**APPEARANCES** [1] - 2:1
**argues** [1] - 5:11
**argument** [2] - 4:2, 8:21
**assume** [1] - 8:20
**Attorney** [3] - 2:5, 2:11, 2:16
**ATTORNEY1** [1] - 2:4
**ATTORNEY3** [1] - 2:16

## B

**B1** [1] - 2:6
**B3** [1] - 2:17
**BARSTOW** [1] - 2:10
**based** [1] - 4:13
**basics** [1] - 4:10
**behalf** [1] - 10:16
**between** [2] - 4:11, 12:22
**bind** [1] - 13:8
**bridge** [1] - 4:17
**briefly** [1] - 13:5
**brings** [1] - 9:16
**BY** [3] - 2:4, 2:11, 2:16

## C

**calendar** [1] - 13:5
**CALIFORNIA** [5] - 1:2, 1:15, 1:24, 3:1, 14:4
**California** [3] - 2:12, 6:25, 14:8
**cannot** [1] - 7:11
**CARRUTH** [1] - 2:10
**case** [17] - 4:13, 4:15, 4:17, 7:1, 8:2, 8:4, 8:5, 8:6, 9:24, 11:10, 11:13, 11:14, 12:7, 12:11, 12:12, 12:21, 13:8
**Case** [1] - 1:7
**cases** [4] - 7:17, 7:20, 9:23, 11:6
**CATES** [1] - 2:4
**CCRR** [1] - 1:22
**Central** [1] - 14:8
**CENTRAL** [2] - 1:2
**CERTIFICATE** [1] - 14:1
**certify** [1] - 14:8
**chance** [1] - 5:11
**chemical** [1] - 6:25
**Circuit** [1] - 4:13
**CITY1** [1] - 2:6
**CITY3** [1] - 2:18
**claiming** [1] - 6:11
**claims** [1] - 7:22
**clarify** [1] - 12:3
**clear** [2] - 5:19, 11:9
**closed** [4] - 7:12, 8:13, 8:14, 10:23
**Code** [1] - 14:9
**Commercial** [1] - 3:7
**COMMERCIAL** [1] - 1:5
**Company** [1] - 3:8
**COMPANY** [2] - 1:5, 1:9
**complaints** [1] - 6:24
**concern** [1] - 4:9
**concerned** [1] - 6:3
**concerning** [1] - 7:22
**concluded** [1] - 13:21
**confer** [1] - 10:20
**CONFERENCE** [1] - 1:14
**conference** [4] - 10:2, 10:6, 10:8, 14:13
**confirm** [1] - 7:14
**conformance** [1] - 14:13
**consolidated** [6] - 7:18, 7:23, 9:22, 11:10, 13:6, 13:8
**contested** [1] - 9:8
**contesting** [2] - 5:20, 6:14
**continue** [1] - 13:15
**correct** [5] - 4:3, 6:20, 6:21, 13:10, 14:10
**COUNSEL** [1] - 2:1
**counsel** [5] - 5:2, 5:3, 5:17, 8:6, 10:14
**counterclaim** [5] - 4:8, 8:15, 8:17, 9:15, 10:19
**COUNTY** [1] - 14:3
**course** [1] - 4:16
**COURT** [35] - 1:1, 1:23, 3:6, 3:13, 3:16, 3:20, 4:18, 5:12, 5:16, 5:24, 6:6, 7:2, 7:9, 7:15, 7:23, 8:5, 8:8, 8:16, 8:20, 9:2, 9:9, 9:13, 10:1, 10:14, 10:25, 11:3, 11:14, 11:25, 12:5, 12:10, 12:16, 12:25, 13:9, 13:13, 13:19
**Court** [13] - 4:2, 4:16, 4:19, 5:21, 6:1, 6:7, 6:11, 7:1, 9:3, 10:21, 14:7, 14:20
**Court's** [1] - 6:14
**COURTROOM** [1] - 11:2
**cross** [1] - 4:17
**CRR** [1] - 14:20
**CSR** [2] - 1:22, 14:20
**CV** [1] - 1:7

## D

**date** [5] - 6:8, 6:13, 9:17, 10:5, 11:1
**Date** [1] - 14:16
**dates** [1] - 3:23
**days** [3] - 5:18, 8:18, 8:20
**deadline** [2] - 4:25, 8:16
**December** [4] - 1:14, 8:21, 13:7, 14:16
**DECEMBER** [1] - 3:1
**defendant** [1] - 3:13
**DEFENDANT** [2] - 2:9, 2:14
**Defendants** [1] - 1:10
**deferring** [1] - 13:3
**Dep** [1] - 6:19
**deposition** [1] - 9:19
**depositions** [2] - 13:4, 13:7
**DEPUTY** [1] - 11:2
**determination** [1] - 11:18
**different** [1] - 9:23
**differently** [1] - 7:5
**discovery** [20] - 5:5, 5:10, 11:7, 11:9, 11:11, 11:12, 11:15, 11:16, 11:21, 12:6, 12:16, 12:17, 12:19, 12:24, 13:6, 13:13, 13:15
**discuss** [5] - 9:10, 9:12, 10:14, 11:3, 11:25
**discussed** [1] - 10:10
**dismiss** [1] - 10:18
**DISTRICT** [3] - 1:1, 1:2, 1:3
**District** [2] - 14:7, 14:8
**diversity** [3] - 4:5, 4:6, 4:10
**DIVISION** [1] - 1:2
**domicile** [1] - 4:14
**domiciles** [1] - 4:11
**done** [1] - 8:25
**down** [1] - 6:4
**dust** [1] - 13:16

## E

**E-MAIL1** [1] - 2:7
**E-MAIL3** [1] - 2:19
**either** [2] - 8:23, 10:20
**entitled** [1] - 14:12
**established** [1] - 4:14
**except** [2] - 11:15, 12:17
**exclude** [1] - 13:14
**explanation** [1] - 5:21

## F

**facts** [1] - 6:4
**fairly** [1] - 4:15
**FEDERAL** [1] - 1:23
**Federal** [2] - 14:6,

14:20
**few** [1] - 6:4
**file** [7] - 7:6, 7:11, 7:13, 8:11, 9:14, 9:25, 10:18
**filed** [14] - 3:25, 4:11, 5:1, 5:8, 5:13, 5:17, 6:9, 6:12, 7:10, 8:23, 8:24, 10:11, 11:19
**filing** [4] - 4:7, 6:10, 7:8, 7:9
**fine** [1] - 10:25
**FIRM3** [1] - 2:15
**first** [3] - 4:1, 5:15, 13:3
**FIRST** [1] - 1:23
**FOR** [3] - 2:3, 2:9, 2:14
**foregoing** [1] - 14:10
**formally** [1] - 11:6
**format** [1] - 14:12
**forward** [1] - 5:7
**Fresno** [2] - 2:12, 2:12
**Friday** [1] - 10:20

**G**

**General** [2] - 3:7, 3:8
**GENERAL** [1] - 1:8
**GEORGE** [1] - 1:3
**given** [1] - 13:5
**guess** [5] - 3:21, 4:1, 6:6, 6:17, 12:25

**H**

**Heard** [10] - 3:9, 5:25, 6:19, 6:22, 8:4, 11:9, 11:14, 12:4, 12:11, 12:17
**heard** [13] - 3:17, 4:1, 4:10, 5:3, 5:6, 7:22, 8:8, 9:4, 9:17, 12:5, 12:15, 13:8, 13:12
**heard's** [1] - 5:16
**Heard's** [6] - 4:7, 8:15, 9:23, 10:19, 10:22, 11:12
**HEARING** [1] - 1:14
**hearing** [1] - 12:25
**hearings** [1] - 10:5
**held** [1] - 14:11
**hereby** [1] - 14:8
**Honor** [16] - 3:11, 3:18, 4:4, 5:9, 8:7, 8:19, 9:1, 9:7, 9:11, 10:13, 11:8, 11:24, 12:3, 12:9, 12:14,

13:2
**HONORABLE** [1] - 1:3
**HOURIGAN** [4] - 1:22, 14:6, 14:19, 14:20

**I**

**imagine** [1] - 8:13
**indicating** [1] - 4:22
**INSURANCE** [2] - 1:5, 1:9
**Insurance** [1] - 3:8
**intentions** [1] - 9:14
**interfering** [1] - 11:21
**introduce** [1] - 8:15
**issue** [6] - 4:10, 6:16, 6:25, 9:2, 11:16, 12:18
**issues** [4] - 3:21, 6:23, 7:14, 8:15

**J**

**JAMES** [1] - 2:11
**James** [3] - 3:15, 5:9, 10:16
**January** [8] - 6:12, 8:24, 10:3, 10:9, 10:11, 10:12, 11:18, 13:7
**joint** [2] - 3:21, 10:9
**JUDGE** [1] - 1:3
**judgement** [1] - 8:1
**judgment** [6] - 7:12, 7:15, 7:19, 8:9, 8:23, 10:22
**judicial** [1] - 14:13
**jurisdiction** [16] - 4:2, 4:5, 4:6, 4:7, 4:21, 5:4, 5:6, 5:20, 5:22, 6:2, 6:5, 6:8, 6:12, 6:15, 9:4, 9:8
**jurisdictional** [3] - 5:5, 11:16, 12:18

**K**

**Kayla** [2] - 3:18, 6:21

**L**

**lack** [1] - 5:4
**late** [1] - 13:7
**Law** [3] - 2:5, 2:11, 2:16
**law** [2] - 4:13, 6:25
**leave** [1] - 9:25

**less** [1] - 3:22
**lift** [1] - 11:17
**likely** [1] - 5:10
**list** [1] - 6:16
**litigation** [1] - 6:19
**LLP** [2] - 2:4, 2:10
**LOS** [4] - 1:15, 1:24, 3:1, 14:3

**M**

**MAIL1** [1] - 2:7
**MAIL3** [1] - 2:19
**MARINE** [1] - 1:8
**Marine** [11] - 3:7, 3:8, 3:14, 6:24, 8:3, 8:6, 8:14, 10:17, 11:11, 12:22, 12:23
**Marine's** [1] - 9:14
**mark** [1] - 3:11
**Mark** [1] - 13:2
**matter** [27] - 3:6, 4:2, 4:20, 4:23, 5:4, 5:6, 5:20, 5:22, 5:24, 6:1, 6:5, 6:8, 6:11, 6:14, 6:18, 6:19, 8:23, 9:5, 9:12, 10:3, 12:4, 12:5, 12:17, 12:20, 13:13, 13:14, 14:12
**matters** [2] - 9:22
**MCCORMICK** [1] - 2:10
**McMyer** [1] - 3:19
**meet** [1] - 10:19
**might** [1] - 10:4
**misunderstood** [1] - 5:25
**Monday** [1] - 10:20
**morning** [2] - 3:12, 3:20
**most** [1] - 5:10
**motion** [22] - 5:3, 5:7, 5:10, 5:13, 5:14, 5:17, 6:9, 6:10, 7:6, 7:11, 7:14, 7:15, 7:19, 7:25, 8:8, 8:9, 8:22, 9:25, 10:18, 10:22
**motions** [8] - 3:25, 4:19, 4:24, 5:1, 6:25, 10:4, 11:19, 11:23
**MR** [18] - 3:11, 3:15, 5:9, 5:14, 8:7, 8:18, 9:11, 9:14, 10:12, 10:16, 11:8, 11:24, 12:3, 12:8, 12:9, 13:2, 13:11, 13:18
**MS** [14] - 3:18, 4:4, 5:19, 6:3, 6:21, 7:8, 7:10, 7:21, 8:3, 8:12, 9:1, 9:7, 12:2, 12:14

**N**

**need** [6] - 7:2, 7:6, 8:12, 9:23, 10:14, 11:25
**needs** [1] - 10:10
**never** [1] - 9:7
**New** [12] - 3:7, 3:8, 3:13, 6:24, 8:3, 8:6, 8:14, 9:14, 10:16, 11:11, 12:22, 12:23
**new** [1] - 4:14
**NEW** [1] - 1:8
**next** [2] - 5:17, 6:16
**nice** [1] - 13:20
**Nick** [2] - 3:15, 9:11
**Ninth** [1] - 4:13
**NO** [2] - 1:22, 14:20
**nobody** [1] - 6:13
**North** [1] - 2:12
**nothing** [2] - 12:2, 12:25
**number** [1] - 3:21
**NUMBER1** [1] - 2:7
**NUMBER3** [1] - 2:18

**O**

**object** [1] - 5:23
**obligated** [1] - 4:20
**OF** [6] - 1:2, 1:13, 2:1, 14:1, 14:3, 14:4
**Official** [1] - 14:6
**OFFICIAL** [2] - 1:23, 14:1
**once** [1] - 11:18
**one** [1] - 6:17
**oOo** [1] - 3:3
**open** [3] - 11:9, 11:11, 11:12
**originally** [1] - 12:21
**outlined** [1] - 4:10
**Owen** [1] - 3:19

**P**

**page** [1] - 14:12
**parties** [9] - 3:23, 4:24, 5:23, 7:3, 7:4, 7:5, 10:6, 13:14
**party** [3] - 5:5, 6:7, 7:21
**pending** [6] - 6:18, 10:10, 11:20, 12:6, 13:4, 13:15
**perhaps** [1] - 9:19
**personal** [2] - 9:3, 9:8
**PETERSON** [5] - 2:4, 3:11, 13:2, 13:11,

13:18
**Peterson** [2] - 3:11, 13:2
**PHONE** [2] - 2:7, 2:18
**PLAINTIFF** [1] - 2:3
**plaintiff** [1] - 3:10
**Plaintiffs** [1] - 1:6
**pleadings** [10] - 7:12, 7:16, 7:19, 8:9, 8:12, 8:13, 8:23, 10:23
**pleads** [1] - 8:1
**point** [4] - 3:22, 11:14, 11:22, 12:6
**position** [2] - 6:1, 6:4
**possible** [1] - 4:21
**postpone** [1] - 10:21
**potentially** [1] - 3:25
**practice** [1] - 11:23
**preclude** [1] - 3:22
**presume** [6] - 5:2, 5:17, 6:13, 8:1, 8:25, 11:6
**pretrial** [2] - 7:23, 9:22
**problem** [1] - 4:19
**proceed** [1] - 13:7
**proceedings** [2] - 13:21, 14:11
**proposal** [1] - 6:23
**propose** [1] - 5:20
**proposed** [1] - 3:23
**purposes** [4] - 4:7, 7:24, 8:21, 11:10
**pursuant** [1] - 14:9
**put** [1] - 4:18

**Q**

**questions** [2] - 4:20, 9:16
**quick** [1] - 11:5

**R**

**ran** [1] - 6:4
**RASMUSSEN** [5] - 9:11, 9:14, 10:12, 12:3, 12:9
**Rasmussen** [2] - 3:15, 9:11
**rather** [1] - 5:14
**ready** [1] - 5:7
**really** [1] - 11:6
**Realtime** [1] - 14:6
**regarding** [1] - 5:6
**regards** [3] - 5:4, 9:3, 11:18
**regulations** [1] -

14:13
**related** [1] - 6:23
**relates** [1] - 12:18
**remains** [1] - 10:7
**report** [2] - 3:21, 10:9
**reported** [1] - 14:11
**REPORTER** [2] - 1:23, 14:1
**Reporter** [2] - 14:7, 14:20
**REPORTER'S** [1] - 1:13
**request** [5] - 6:18, 7:3, 12:24, 13:10, 13:12
**resolve** [1] - 4:20
**respect** [3] - 4:4, 4:5, 6:24
**ROBINSON** [14] - 3:18, 4:4, 5:19, 6:3, 6:21, 7:8, 7:10, 7:21, 8:3, 8:12, 9:1, 9:7, 12:2, 12:14
**Robinson** [3] - 3:18, 6:21, 13:3
**ROOM** [1] - 1:23
**RPR** [1] - 14:20
**rule** [1] - 7:7

**S**

**satisfied** [2] - 4:15, 4:16
**saw** [1] - 3:20
**schedule** [1] - 4:23
**SCHEDULING** [1] - 1:14
**scheduling** [2] - 3:21, 3:22
**Section** [1] - 14:9
**see** [1] - 5:14
**sense** [1] - 7:13
**set** [8] - 4:23, 4:25, 6:8, 6:10, 10:2, 10:5, 10:8, 11:1
**settle** [1] - 13:16
**SHEPPARD** [1] - 2:10
**side** [1] - 6:17
**similar** [1] - 7:14
**simply** [1] - 5:7
**situation** [2] - 11:1, 11:3
**solely** [1] - 8:3
**someone** [1] - 7:6
**soon** [1] - 4:21
**sort** [5] - 4:19, 5:3, 5:8, 5:21, 11:16
**state** [1] - 6:25
**STATE** [1] - 14:4
**STATE1** [1] - 2:6
**STATE3** [1] - 2:18
**States** [3] - 14:7, 14:9, 14:14
**STATES** [1] - 1:1
**status** [5] - 10:2, 10:5, 10:8, 10:9, 11:19
**stay** [19] - 6:18, 7:3, 7:4, 7:5, 7:6, 7:7, 7:11, 8:9, 8:24, 11:15, 11:17, 12:4, 12:10, 12:13, 12:15, 12:24, 13:12, 13:13, 13:15
**stayed** [5] - 11:6, 12:11, 12:16, 12:19, 12:22
**stenographically** [1] - 14:11
**stip** [1] - 13:14
**stipulate** [3] - 7:4, 9:17
**stipulating** [1] - 7:6
**stipulation** [1] - 9:24
**stop** [2] - 7:2, 13:9
**strange** [1] - 13:6
**Street** [1] - 2:12
**STREET** [1] - 1:23
**stuff** [1] - 13:16
**subject** [11] - 4:2, 4:20, 5:4, 5:20, 5:22, 5:24, 6:1, 6:5, 6:8, 6:11, 6:14
**substance** [1] - 6:24

**T**

**ten** [2] - 8:18, 8:20
**terms** [1] - 11:7
**TERRI** [4] - 1:22, 14:6, 14:19, 14:20
**THE** [37] - 2:3, 2:9, 2:14, 3:6, 3:13, 3:16, 3:20, 4:18, 5:12, 5:16, 5:24, 6:6, 7:2, 7:9, 7:15, 7:23, 8:5, 8:8, 8:16, 8:20, 9:2, 9:9, 9:13, 10:1, 10:14, 10:25, 11:2, 11:3, 11:14, 11:25, 12:5, 12:10, 12:16, 12:25, 13:9, 13:13, 13:19
**thinks** [1] - 6:7
**THURSDAY** [1] - 3:1
**Thursday** [1] - 1:14
**Title** [1] - 14:9
**today** [3] - 4:23, 8:18, 8:20
**transcript** [2] - 14:10, 14:12
**TRANSCRIPT** [1] - 1:13
**Travelers** [10] - 3:7, 3:10, 9:15, 9:17, 11:11, 12:7, 12:12, 12:22, 12:23, 13:3
**TRAVELERS** [1] - 1:5
**treat** [1] - 7:5
**true** [1] - 14:10
**two** [3] - 7:17, 9:16, 13:4
**type** [1] - 4:19
**types** [1] - 4:25

**U**

**U.S** [1] - 1:3
**under** [1] - 6:25
**understood** [1] - 13:17
**UNITED** [1] - 1:1
**United** [3] - 14:7, 14:9, 14:14
**unless** [3] - 7:3, 9:9, 13:14
**up** [1] - 9:16

**V**

**various** [1] - 11:19
**versus** [6] - 3:7, 3:8, 6:19, 8:3, 11:11, 12:23
**view** [1] - 4:5
**views** [1] - 5:21
**vs** [1] - 1:7

**W**

**Wagoner** [3] - 3:15, 5:9, 10:16
**WAGONER** [10] - 2:11, 3:15, 5:9, 5:14, 8:7, 8:18, 10:16, 11:8, 11:24, 12:8
**waived** [1] - 9:5
**wants** [1] - 9:10
**WAYTE** [1] - 2:10
**WEST** [1] - 1:23
**WU** [1] - 1:3

**Y**

**York** [12] - 3:7, 3:8, 3:13, 6:24, 8:3, 8:6, 8:14, 9:14, 10:17, 11:11, 12:22, 12:23
**YORK** [1] - 1:8

**Z**

**ZIP1** [1] - 2:6
**ZIP3** [1] - 2:18