MARK D. PETERSON (State Bar #126174)
KATHLEEN O. PETERSON (State Bar #124791)
AMY HOWSE (State Bar # 252922)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
markpeterson@catespeterson.com
kpeterson@catespeterson.com
ahowse@catespeterson.com

Attorneys for Plaintiff and Counter-Defendant
TRAVELERS COMMERCIAL
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a Delaware corporation,<br><br>Defendant.<br>_____<br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a Delaware corporation,<br><br>Counter-Claimant,<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation,<br><br>Counter-Defendant.<br>_____ | Case No.: 2:21-cv-5832-GW (PDx)<br>Hon. George H. Wu<br>Hon. MJ Patricia Donahue<br><br>**ANSWER BY TRAVELERS COMMERCIAL INSURANCE COMPANY TO FIRST AMENDED COUNTERCLAIM BY NEW YORK MARINE AND GENERAL INSURANCE COMPANY** |

1

ANSWER TO FIRST AMENDED COUNTERCLAIM

Plaintiff and counter-defendant Travelers Commercial Insurance Company ("Travelers") responds to the first amended counterclaim by defendant and counter-claimant New York Marine and General Insurance Company's ("ProSight") as follows:

**GENERAL ALLEGATIONS**

1. In response to paragraph 1, Travelers admits that it issued the policy described there and that it provided coverage for defamation claims in certain circumstances, subject to the terms, conditions and limitations of the policy and the applicable law.

2. Travelers admits the allegations of paragraph 2.

3. In response to paragraph 3, Travelers admits that in or about March 2019, the mutual insured—a California resident—was sued in Virginia state court ("the Underlying Action"), that the lawsuit seeks damages for defamation, potentially covered under the Travelers Policy and the ProSight Policy, subject to the terms, conditions and limitations of the two policies and the applicable law, so each owed the mutual insured a defense from the date the action was tendered to it.

4. Travelers admits the allegations of paragraph 4, except that it lacks sufficient information or belief regarding the date of tender so, on that basis, it denies that the stated date is correct.

5. Travelers admits the allegations of paragraph 5, except that the actual tender date to it was on or about August 30, 2019.

6. Travelers admits the allegations of paragraph 6.

7. Travelers admits the allegations of paragraph 7.

8. In response to paragraph 8, Travelers admits that Cameron McEvoy is located in Fairfax, Virginia.  Except as admitted, Travelers lacks sufficient information or belief to respond to the allegations of paragraph 8 and, therefore,

denies them on that basis.

9. Travelers lacks sufficient information or belief to respond to the allegations of paragraph 9 and, therefore, denies them on that basis.

10. Travelers admits the allegations of paragraph 10.

11. Travelers admits the allegations of paragraph 11.

12. Travelers denies the allegations in paragraph 12 as stated. The insured had retained Roberta Kaplan of the law firm Kaplan, Hecker & Fink LLP before tending the claim to Travelers. Travelers paid for a portion of the fees incurred by the Kaplan firm for the defense of the insured.

13. Travelers admits the allegations of paragraph 13.

14. Travelers admits the allegations of paragraph 14.

15. Travelers admits the allegations of paragraph 15.

16. Travelers admits the allegations of paragraph 16.

17. In response to paragraph 17, Travelers responds that the allegations are compound, muddled, and vague. On that basis, Travelers lacks sufficient information or belief to respond to the allegations of paragraph 17 and it denies them. Further responding to paragraph 17, Travelers states that paragraph 17 also sets forth a legal conclusion to which no response is required. To the extent a response is required, Travelers denies the allegations.

18. In response to paragraph 18, Travelers responds that this is a mischaracterization of the fee agreement referred to, including that Travelers never agreed to pay more than reasonable and necessary fees. On that basis, Travelers denies the allegations of paragraph 18.

19. In response to paragraph 19, Travelers responds that the allegations are compound, muddled, and vague. For example, these allegations presume that Travelers was not obligated to treat the insured's interests with equal weight to Travelers' interests, which is not correct. On that basis, Travelers lacks sufficient

information or belief to respond to the allegations of paragraph 19 and it denies them.

20. In response to paragraph 20, Travelers admits it incurred more than $10,000,000 in fees and costs in the insured's defense in the Underlying Action. Other than as admitted, Travelers denies the allegations of paragraph 20.

21. Travelers admits the allegations of paragraph 21 as they apply to Travelers and denies them as they apply to ProSight.

22. In response to paragraph 22, Travelers admits that contended (and still contends) that ProSight was obligated to defend the insured through independent counsel. Other than as admitted, Travelers denies the allegations of paragraph 22.

23. Travelers denies the allegations of paragraph 23.

24. In response to paragraph 24, Travelers responds that the allegations are misleading, incomplete, argumentative, compound, muddled, and vague. To the extent a response is required, Travelers denies the allegations.

25. Travelers denies the allegations of paragraph 25.

26. Travelers lacks sufficient information or belief to respond to the allegations of paragraph 26 and denies them on that basis.

27. Travelers denies the allegations of paragraph 27.

28. In response to paragraph 28, Travelers responds that the allegations are misleading, incomplete, argumentative, compound, muddled, and vague. To the extent a response is required, Travelers denies the allegations.

29. In response to paragraph 29, Travelers responds that the allegations are misleading, incomplete, argumentative, compound, muddled, and vague. To the extent a response is required, Travelers denies the allegations.

30. In response to paragraph 30, Travelers responds that the allegations are misleading, incomplete, argumentative, compound, muddled, and vague. To the extent a response is required, Travelers denies the allegations.

31. Travelers lacks sufficient information or belief to respond to the allegations of paragraph 31 and, therefore, denies them on that basis.

32. Travelers denies the allegations of paragraph 32.

33. Travelers denies the allegations of paragraph 33.

34. In response to paragraph 34, Travelers admits that on the stated date, Ms. Johnson wrote an email that included the quoted words and also stated "but the conversation is far from over," rendering the allegation here grossly misleading. Except as expressly admitted, Travelers denies the allegations and implications of paragraph 34.

35. Travelers lacks sufficient information or belief to respond to the allegations of paragraph 35 and, therefore, denies them on that basis.

36. In response to paragraph 36, Travelers responds that the allegations are compound, muddled, vague, and falsely presumptuous. Given this, Travelers lacks sufficient information or belief to respond to the allegations of paragraph 36 and, therefore, denies them on that basis.

37. In response to paragraph 37, Travelers responds that the allegations are compound, muddled, vague, and falsely presumptuous. Given this, Travelers lacks sufficient information or belief to respond to the allegations of paragraph 37 and, therefore, denies them on that basis.

**FIRST CAUSE OF ACTION**

**"DECLARATORY RELIEF – NEW YORK MARINE DID NOT OWE A DUTY TO DEFEND THE INSURED THROUGH INDEPENDENT COUNSEL"**

38. In response to paragraph 38, Travelers incorporates its responses to paragraphs 1 through 37 as if restated here.

39. In response to paragraph 39, Travelers responds that the allegation is unclear and asserts a legal conclusion to which no response is required. To the

extent a response is required, Travelers lacks sufficient information or belief to respond to the allegation of paragraph 39 and, therefore, denies it on that basis.

40. In response to paragraph 40, Travelers responds that the allegation is unclear and assert a legal conclusion to which no response is required. To the extent a response is required, Travelers lacks sufficient information or belief to respond to the allegation of paragraph 40 and, therefore, denies it on that basis.

41. In response to paragraph 41, Travelers responds that the allegation is unclear and asserts a legal conclusion to which no response is required. To the extent a response is required, Travelers lacks sufficient information or belief to respond to the allegation of paragraph 41 and, therefore, denies it on that basis.

42. Travelers denies the allegations of paragraph 42.

43. Travelers denies the allegations in paragraph 43.

44. Travelers denies the allegations of paragraph 44.

45. Travelers denies the allegations of paragraph 45.

46. Travelers admits the allegations of paragraph 46, i.e. the parties disagree on the material issues and there is an actual justiciable controversy for the Court to adjudicate.

47. Travelers denies the allegations of paragraph 47.

**SECOND CAUSE OF ACTION**
**"DECLARATORY RELIEF – NEW YORK MARINE**
**DID NOT FAIL TO PROVIDE A DEFENSE TO ITS INSURED"**

48. In response to paragraph 48, Travelers incorporates its responses to paragraphs 1 through 47 as if restated here.

49. Travelers denies the allegations of paragraph 49.

50. Travelers denies the allegations of paragraph 50.

51. Travelers admits the allegations of paragraph 51, i.e. the parties disagree on the material issues and there is an actual justiciable controversy for the

Court to adjudicate.

52. Travelers denies the allegations of paragraph 52.

## THIRD CAUSE OF ACTION
## "DECLARATORY RELIEF – REIMBURSEMENT"

53. In response to paragraph 53, Travelers incorporates its responses to paragraphs 1 through 52 as if restated here.

54. Travelers admits the allegations of paragraph 54.

55. Travelers denies the allegations of paragraph 55.

56. Travelers denies the allegations of paragraph 56. Travelers further alleges that the assumption by ProSight that Travelers is obligated to control the insured and its independent counsel's communication with ProSight are unsupported and wrong. It was and is up to ProSight, not Travelers, to interact with the insured and its independent counsel, to get information from them, and not to rely upon Travelers to do ProSight's job.

57. Travelers denies the allegations of paragraph 57.

58. In response to paragraph 58, Travelers admits that ProSight has contributed approximately $621,693 toward the defense of the insured in the Underlying Action. Other than as admitted, Travelers lacks sufficient information or belief to respond to the allegation of paragraph 58 and, therefore, denies it on that basis.

59. In response to paragraph 59, Travelers responds that the allegations are misleading, incomplete, argumentative, compound, muddled, and vague. Moreover, Travelers alleges that the assumption by ProSight that Travelers is obligated to control the insured and its independent counsel's communications with ProSight are unsupported and wrong. It was and is up to ProSight, not Travelers, to interact with the insured and its independent counsel, to get information from them, and not to rely upon

Travelers to do ProSight's job. Travelers denies the allegations of paragraph 59 as they apply to Travelers and denies them, based upon a lack of information and belief, as they apply to anyone else.

60. Travelers denies the allegations in paragraph 60.

61. In response to paragraph 61, Travelers responds that the allegations are compound, muddled, and vague. Travelers also states that the allegations in paragraph 61 set forth a legal conclusion to which no response is required. To the extent a response is required, Travelers denies the allegations in paragraph 61. Travelers notes that this paragraph and many others in this counterclaim presume that California, not Virginia, law control the parties' rights and obligations, even as ProSight argues the opposite when it behooves it.

62. Travelers denies the allegations in paragraph 62.

63. Travelers denies the allegations of paragraph 63.

64. Travelers denies the allegations of paragraph 64.

65. Travelers denies the allegations of paragraph 65.

66. Travelers admits the allegations of paragraph 66, i.e. the parties disagree on the material issues and there is an actual justiciable controversy for the Court to adjudicate.

67. Travelers denies the allegations of paragraph 67.

## FOURTH CAUSE OF ACTION
### "TORTIOUS INTERFERENCE WITH CONTRACT"

68 In response to paragraph 68, Travelers incorporates its responses to paragraphs 1 through 67 as if restated here.

69. Travelers admits the allegations of paragraph 69.

70. Travelers admits the allegations of paragraph 70.

71. Travelers denies the allegations of paragraph 71.

72. Travelers denies the allegations of paragraph 72.

8
ANSWER TO FIRST AMENDED COUNTERCLAIM

73. Travelers denies the allegations of paragraph 73.

74. Travelers denies the allegations of paragraph 74.

75. Travelers denies the allegations of paragraph 75.

## FIFTH CAUSE OF ACTION

## "COMMON LAW TORT OF ANOTHER"

76  In response to paragraph 76, Travelers incorporates its responses to paragraphs 1 through 75 as if restated here.

77. Travelers admits the allegations of paragraph 77.

78. Travelers admits the allegations of paragraph 78.

79. Travelers denies the allegations of paragraph 79.

80. Travelers denies the allegations of paragraph 80.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

58. Each counterclaim and each request for relief fails for failure to state a claim.

## SECOND AFFIRMATIVE DEFENSE

### Incorporation of Amended Complaint

59. Each counterclaim and each request for relief fails for the reasons stated in Travelers' first amended complaint, which is incorporated here by this reference.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff and counter-defendant Travelers prays for an order and judgment against defendant and counter-claimant ProSight as follows:

1. Awarding ProSight nothing on its counterclaim;

2. Granting Travelers all of the relief it seeks in its complaint;

3. Awarding Travelers its costs of suit; and

9

ANSWER TO FIRST AMENDED COUNTERCLAIM

4. Awarding Travelers all other relief which the Court finds just and proper.

Dated:  February 27, 2023              Respectfully submitted,

    /s/ Mark D. Peterson
MARK D. PETERSON
Of CATES PETERSON LLP
Attorneys for Plaintiff and Counter-Defendant
TRAVELERS COMMERCIAL INSURANCE COMPANY