McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
 *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
 *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
 *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
 *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Defendant New York
Marine and General Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>  Plaintiff,<br><br> v.<br><br>New York Marine and General Insurance Company, a Delaware Corporation,<br><br>  Defendant. | Case No. 2:21-cv-5832-GW (PDx)<br><br>**NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISQUALIFY MAYNARD COOPER & GALE, LLP**<br><br>Date: May 11, 2023<br>Time: 8:30 a.m.<br>Judge: Hon. George H. Wu<br>Courtroom: 9D |
| New York Marine and General Insurance Company, a Delaware corporation<br><br>  Counter-Claimant<br><br> v.<br><br>Travelers Commercial Insurance Company, a Connecticut corporation,<br><br>Counter-Defendant | |

---

NY Marine's Notice of Motion and Motion to Disqualify Maynard Cooper & Gale, LLP

1 **TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

2 **PLEASE TAKE NOTICE** that on May 11, 2023 at 8:30 a.m., or as soon
3 thereafter as this matter may be heard in Courtroom 9D of the above-entitled Court,
4 located at 350 W. 1st Street, Los Angeles, California 90012, Defendant and
5 Counterclaimant New York Marine and General Insurance Company ("NY Marine")
6 will and hereby does move the Court to disqualify Counsel of Record for Plaintiff and
7 Counterdefendant Travelers Commercial Insurance Company ("Travelers"),
8 Maynard Cooper & Gale, LLP and Nicholas J. Boos ("Maynard Cooper") from
9 representing Travelers in this action due to a direct and irreconcilable ethical conflict.

10 Specifically, NY Marine's motion is made on the basis that Maynard Cooper
11 employs in its San Francisco office, under the direct supervision of Mr. Boos, who is
12 identified as substituting counsel on the Request for Approval of Substitution of
13 Attorney Or Withdrawal of Attorney filed on February 28, 2023, Associate attorney
14 Matthew A. Chipman, who was previously employed by the undersigned law firm,
15 McCormick, Barstow, Sheppard, Wayte & Carruth, LLP ("McCormick Barstow"),
16 and that Mr. Chipman, while employed by McCormick Barstow, represented NY
17 Marine in connection with the dispute out of which this litigation arises and received
18 its confidential information concerning both the dispute out of which this litigation
19 arises and concerning this litigation specifically. As such, NY Marine moves to
20 disqualify Maynard Cooper under the well-established California law which holds
21 that when a "tainted attorney was actually involved in the representation of the first
22 client, and switches sides in the same case, no amount of screening will be sufficient,
23 and the presumption of imputed knowledge is conclusive" thereby requiring the
24 disqualification of the tainted firm. *Kirk v. First Am. Title Ins. Co.,* 183 Cal.App.4th
25 776, 814 (2010) (citing *Henriksen v. Great Am. Savings & Loan,* 11 Cal.App.4th 109,
26 115, 117 (1992) and *Meza v. H. Muehlstein & Co., Inc.,* 176 Cal.App.4th 969, 979
27 (2000)).

28 NY Marine's motion is also made on the basis that the undersigned counsel

have represented NY Marine in connection with this throughout Mr. Chipman's employment by McCormick Barstow. Consequently, under California law, even if he had not represented NY Marine in this specific matter or actually received its confidential information, knowledge of NY Marine's confidential information concerning this matter is imputed to Mr. Chipman, and in turn, to Maynard Cooper, requiring its disqualification regardless of its efforts to erect an "ethical screen" between Mr. Chipman and the Maynard Cooper attorneys actually representing Travelers in this matter.

NY Marine's motion is also made on the further ground that even if an "ethical screen" could suffice to cure the conflict or avoid Maynard Cooper's disqualification, here Maynard Cooper's own statements in its March 9, 2023 "meet and confer" correspondence confirm that no ethical screen was put in place until *after* NY Marine raised the issue of the Associate's conflict with Mr. Boos on March 2, 2023. As such, even if Mr. Chipman had not actually represented NY Marine in this same matter nor had *actual* possession of NY Marine's confidential information concerning this matter, because Maynard Cooper did not implement an "ethical screen" "before undertaking the [] representation" of Travelers in this action, its "ethical screen" was not timely implemented and consequently does not serve to excuse the conflict or avoid Maynard Cooper's disqualification.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice together with exhibits attached thereto, and the Declarations of James P. Wagoner, Nicholas H. Rasmussen, Graham A. Van Leuven, Lejf E. Knutson, Ellen Fine, and all papers and pleadings of record on file in this case, and such additional authority and argument as may be presented at or before the time this Motion is heard or submitted.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place via written correspondence on March 2, 2023, March 9, 2023, March 23, 2023, and via telephone on March 31, 2023.

| | |
|---|---|
| Dated: April 10, 2023 | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
| | By: */s/ James P. Wagoner*<br>James P. Wagoner<br>Lejf E. Knutson<br>Nicholas H. Rasmussen<br>Graham A. Van Leuven<br>Attorneys for Defendant New York Marine and General Insurance Company |

9022091.1

# PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On April 10, 2023, I served true copies of the following document(s) described as **NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISQUALIFY MAYNARD COOPER & GALE, LLP** on the interested parties in this action as follows:

Nicholas J. Boos
Maynard Cooper & Gale
Two Embarcadero Center, Suite 1450
San Francisco, CA 94111
Telephone: (415) 646-4674
Email: nboos@maynardcooper.com

*Attorneys for Plaintiff Travelers Commercial Insurance Company*

Kirk Pasich
Kayla Robinson
Pasich LLP
10880 Wilshire Blvd., Suite 2000
Los Angeles, CA 90024
Telephone: (424) 313-7860
Email: kpasich@pasichllp.com
krobinson@pasichllp.com

*Attorneys for Non-Party Amber Heard*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 10, 2023, at Fresno, California.

Heather Ward