McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Graham A Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

Attorneys for Defendant New York
Marine and General Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>New York Marine and General Insurance Company, a Delaware Corporation,<br><br>         Defendant.<br><br>New York Marine and General Insurance Company, a Delaware corporation<br><br>         Counter-Claimant<br><br>    v.<br><br>Travelers Commercial Insurance Company, a Connecticut corporation,<br><br>Counter-Defendant | Case No. 2:21-cv-5832-GW (PDx)<br><br>**DECLARATION OF NICHOLAS H. RASMUSSEN IN SUPPORT OF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISQUALIFY MAYNARD COOPER & GALE, LLP**<br><br>Date:        May 11, 2023<br>Time:       8:30 a.m.<br>Judge:      Hon. George H. Wu<br>Courtroom: 9D |

Declaration of Nicholas H. Rasmussen ISO NY Marine's Motion to Disqualify Maynard Cooper & Gale, LLP

I, Nicholas H. Rasmussen, declare as follows:

1. I am an attorney licensed to practice in the State of California, and am admitted to practice in the United States District Court for the Central District of California. I am a member of the firm of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, and in that capacity, represent Defendant and Counterclaimant New York Marine and General Insurance Company ("NY Marine") in this action. The following facts are based upon my personal knowledge, and if called as a witness I could and would testify competently to these facts under oath.

2. This Declaration is submitted in support of NY Marine's motion to disqualify Travelers Commercial Insurance Company's ("Travelers") counsel of record, Maynard Cooper & Gale, LLP ("Maynard Cooper").

3. Matthew A. Chipman (referred to as "the Associate" in NY Marine's Memorandum of Points & Authorities) was hired by McCormick, Barstow, Sheppard, Wayte & Carruth, LLP ("McCormick Barstow") as a "Summer Associate" and worked at the firm in that capacity between May 28, 2019 and August 1, 2019 during the Summer between his second and third years of law school. At the end of his term as a Summer Associate, he received, and subsequently accepted, an offer of an employment with McCormick Barstow in its Insurance Coverage and Bad Faith Litigation Practice Group. Mr. Chipman graduated from law school in the Spring of 2020 and commenced his employment with McCormick Barstow on October 13, 2020.

4. McCormick Barstow and the undersigned have represented NY Marine in numerous matters since at least 2015, and prior to Mr. Chipman's employment at McCormick Barstow, the firm, through the undersigned and Messrs. Wagoner, Knutson, Van Leuven, and others, routinely represented NY Marine in various matters. On October 13, 2020, NY Marine retained McCormick Barstow to serve as coverage counsel in connection with the defense it was providing to NY Marine's and Travelers' mutual insured, Amber Heard, subject to a reservation of rights, in

underlying litigation in Virginia. Since McCormick Barstow's initial receipt of this file from NY Marine, it has been primarily handled by Mr. Wagoner and myself, with the subsequent involvement of Messrs. Knutson and Van Leuven.

5. In furtherance of McCormick Barstow's representation of NY Marine in connection with the coverage dispute with Travelers which forms the basis of this litigation, on March 1, 2021 I requested that Mr. Chipman assist with a project relating to this matter. My email to Mr. Chipman assigning the project discussed relevant facts relating to NY Marine's defense of the insured in the underlying action, how they related to NY Marine's view of its duties and obligations to the insured in connection with the underlying defense, and requested that he review various documents to identify other similar issues. On March 2, 2021, Mr. Chipman emailed to confirm that he had reviewed certain documents in the file, and related an opinion about how the documents he had reviewed might impact NY Marine's evaluation of its obligations. Copies of the emails exchanged between Mr. Chipman and myself regarding this project are not being filed with this motion since they contain confidential information subject to the attorney-client privilege and work-product doctrine. Mr. Chipman also performed work on several other matters for NY Marine.

6. On February 23, 2022, I attended a dinner at Boulevard Restaurant in San Francisco, along with Messrs. Wagoner, Van Leuven and Chipman, as well as and Ellen Fine, then NY Marine's Counsel, Coverage and Litigation. During the dinner, we discussed both the underlying Virginia litigation involving Ms. Heard, as well as this litigation, including specific discussion of relevant facts and their potential bearing on the present litigation, and the strengths and weaknesses of various potential arguments and strategies which Travelers and/or NY Marine were or might rely upon.

7. It is also the case that Mr. Chipman was present for many discussions of this matter during which NY Marine's confidential information concerning the underlying coverage dispute and this matter specifically was unquestionably discussed, including facts known or sought to be discovered; the pros and cons of

1  actual or potential legal arguments that were being advanced or might be advanced;
2  the value of particular potential witnesses; as well as specific discussion and debate
3  concerning NY Marine's legal theories and strategies (or potential legal arguments
4  and strategies) that might be relevant to the underlying coverage dispute and this
5  litigation.

6        8.     More generally, as this Court may be aware from the media attention
7  surrounding both the underlying litigation involving the insured, and this litigation,
8  this was a high-profile matter, and unsurprisingly, it was routinely discussed within
9  McCormick Barstow's Insurance Coverage and Bad Faith Litigation Practice Group
10 and the firm generally. By way of example, the firm holds a Friday luncheon for
11 attorneys, and such hot-topic cases are often the subject of discussion. Moreover,
12 McCormick Barstow's Insurance Coverage and Bad Faith Litigation Practice Group
13 is a relatively small and close-knit group, many of whom take camping trips together
14 each summer. I specifically recall that during one such camping trip during the
15 summer of 2021, Mr. Chipman was present for an extended around-the-campfire
16 discussion between myself, Mr. Wagoner, and Mr. Knutson regarding this litigation,
17 during which we discussed NY Marine's litigation strategy and the facts needed to
18 develop and prove NY Marine's legal positions.

19       9.     On March 1, 2023, I received an ECF service copy of the Court's "Order
20 on Request for Approval of Substitution of Attorney Or Withdrawal of Attorney"
21 granting Mr. Boos and the Maynard Cooper firm's substitution as counsel for
22 Travelers. Shortly after receiving that notice, Mr. Van Leuven alerted me to the fact
23 that Maynard Cooper was the firm which had employed Mr. Chipman since his
24 departure from McCormick Barstow in April 2022, and that he was and remains
25 employed in Maynard Cooper's San Francisco office, in their Insurance and Financial
26 Services Litigation Practice Group, apparently under the direct supervision of Mr.
27 Boos. I in turn brought that conflict to the attention of Mr. Wagoner.

28       I declare under penalty of perjury that the foregoing is true and correct.

3

Declaration of Nicholas H. Rasmussen ISO NY Marine's Motion to Disqualify Maynard Cooper & Gale, LLP

1  Executed in Fresno, California, on April 10, 2023.

2

3                                          By:  _____/s/*Nicholas H Rasmussen*_____
4                                                     Nicholas H. Rasmussen

5  9020635.1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

**Travelers Commercial Insurance Company v. New York Marine and General Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On April 10, 2023, I served true copies of the following document(s) described as **DECLARATION OF NICHOLAS H. RASMUSSEN IN SUPPORT OF NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S MOTION TO DISQUALIFY MAYNARD COOPER & GALE, LLP** on the interested parties in this action as follows:

| | |
|---|---|
| Nicholas J. Boos<br>Maynard Cooper & Gale<br>Two Embarcadero Center, Suite 1450<br>San Francisco, CA  94111<br>Telephone: (415) 646-4674<br>Email: nboos@maynardcooper.com<br><br>*Attorneys for Plaintiff Travelers Commercial Insurance Company* | Kirk Pasich<br>Kayla Robinson<br>Pasich LLP<br>10880 Wilshire Blvd., Suite 2000<br>Los Angeles, CA 90024<br>Telephone: (424) 313-7860<br>Email: kpasich@pasichllp.com<br>krobinson@pasichllp.com<br><br>*Attorneys for Non-Party Amber Heard* |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 10, 2023, at Fresno, California.

*/s/ Heather Ward*
Heather Ward

---

Declaration of Nicholas H. Rasmussen ISO NY Marine's Motion to Disqualify Maynard Cooper & Gale, LLP