NICHOLAS J. BOOS (SBN 233399)
nboos@maynardcooper.com
MAYNARD NEXSEN LLP
Two Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone: (415) 646-4700
Facsimile: (205) 254-1999

Attorneys for Plaintiff and Counter-Defendant
TRAVELERS COMMERCIAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>New York Marine and General Insurance Company, a Delaware Corporation,<br><br>　　　　　Defendant. | Case No. 2:21-cv-5832-GW (PDx)<br><br>**TRAVELERS COMMERCIAL INSURANCE COMPANY'S RESPONSE TO NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date: May 11, 2023<br>Time: 8:30 a.m.<br>Judge: Hon. George H. Wu<br>Courtroom: 9D |
| New York Marine and General Insurance Company, a Delaware Corporation,<br><br>　　　　　Counter-Claimant,<br><br>　v.<br><br>Travelers Commercial Insurance Company, a Connecticut Corporation,<br><br>　　　　　Counter-Defendant. | |

1    Plaintiff and Counter-Defendant Travelers Commercial Insurance Company ("Travelers") hereby responds to Defendant Counter-Claimant New York Marine and General Insurance Company's ("NY Marine") Notice of Supplemental Authority in Support of its Motion to Disqualify Maynard Nexsen LLP (ECF No. 111) ("the Notice"). The Notice references and attaches *Fletscher v. Fletscher*, Case No. C95934, 2023 WL 3141605 (Cal.Ct.App. April 28, 2023) (unpublished). NY Marine's Notice is improper for two reasons. First, it seeks to induce improper reliance upon an unpublished decision of a California Court of Appeal. Second, *Fletscher* **explicitly** declined to reach issues that are relevant to the instant motion because of factual differences that render *Fletscher* wholly distinguishable.

"Under California Rules of Court, . . . an unpublished opinion cannot be cited to or relied on by other courts." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1126 (9th Cir. 2005) (citing Cal. R. Ct. 977, now Cal. R. Ct. 8.1115). Accordingly, courts hold that the California Rules "prohibit both [the parties] and the Court from citing to or otherwise relying on unpublished opinions. *Nunes v. Meredith*, No. 121CV00078JLTBAM, 2022 WL 2214205, at *6 (E.D. Cal. June 21, 2022) (citing Cal. R. Ct. 8.1115; *State Farm Mut. Auto. Ins. Co. v. Penske Truck Leasing Co.*, L.P., 2021 WL 4810642, at *2 (9th Cir. Oct. 15, 2021); *see also Taylor v. Quall*, 458 F. Supp. 2d 1065, 1068 (C.D. Cal. 2006) ("[t]he two California Court of Appeal cases he refers to are unpublished, and should not have been cited"); *Alberici v. Cnty. of Los Angeles*, No. CV 12-10511-JFW VBKX, 2013 WL 5573045, at *1 (C.D. Cal. Oct. 9, 2013) ("neither Federal Rule of Appellate Procedure 32.1 nor California Rule of Court 8.1115 permit this Court to consider unpublished California state court cases"). Accordingly, NY Marine's attempted citation is improper, and should be disregarded out of hand.

Even to the extent *Fletscher* could be considered, it contains no reasoning helpful to the Court in this case. The unpublished case rested upon divergent facts and explicitly avoided engaging with the very issues at the center of the instant

2

motion. Crucially, the court in *Fetscher* repeatedly noted "the absence of any ethical screening" of the "tainted" lawyer. 2023 WL 3141605, at *6; *id.* at *5 ("the trial court found no evidence that [the law firm] made *any attempt* to construct an ethical wall") (emphasis in original); *id*. at *2 (the trial court found "no evidence that safeguards were put in place"). This factual distinction alone renders *Fletscher* inapplicable, because there is ample evidence of ethical measures here. (ECF No. 108-2, Declaration of Nicholas J. Boos, ¶¶ 4-7.) For this very reason, the *Fletscher* court found it did "not need to analyze whether vicarious disqualification is compelled as a matter of law" or whether "the law firm adequately screened the attorney from the others at the firm representing the adverse party." 2023 WL 3141605, at *5 (citing *Kirk v. First Am. Title Ins. Co.*, 183 Cal.App.4th 776, 801 (2010)). In fact, the Court noted that "certain exceptions" to California Rule of Professional Conduct 1.10 were "not applicable" in that case. *Id*. at *4.[1] Obviously, California Rule of Professional Conduct 1.10(a)(2)—which is central here—is one of those exceptions. In sum, *Fletshcer*—because it was decided under facts showing no screening efforts at all—openly avoided applying the exception of California Rule of Professional Conduct 1.10(a)(2), and is inapplicable.

Dated: May 10, 2023                                      MAYNARD NEXSEN LLP

                                                By   /s/ Nicholas J. Boos
                                                     NICHOLAS J. BOOS
                                                     Attorneys for Plaintiff and Counter-Defendant
                                                     TRAVELERS COMMERCIAL
                                                     INSURANCE COMPANY

---

[1] This acknowledgment of the existence of the exception actually comports with the text of the Rule and Travelers' interpretation thereof.

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
COUNTY OF SAN FRANCISCO    )

  I am employed in the County of San Francisco, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is Maynard Nexsen LLP, Two Embarcadero Center, Suite 1450, San Francisco, California 94111. On May 10, 2023 I served the following documents(s):

**TRAVELERS COMMERCIAL INSURANCE COMPANY'S RESPONSE TO NEW YORK MARINE AND GENERAL INSURANCE COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY**

**[X] BY CM/ECF ELECTRONIC TRANSMISSION:** I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system. Below participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system:

  James P. Wagoner, jim.wagoner@mccormickbarstow.com
  Lejf E. Knutson, lejf.knutson@mccormickbarstow.com
  Nicholas H. Rasmussen, nrasmussen@mccormickbarstow.com
  Graham A Van Leuven, graham.vanleuven@mccormickbarstow.com
  McCormick, Barstow, Sheppard, Wayte & Carruth LLP

*Attorneys for Defendant and Counterclaimant New York Marine and General Insurance Company*

**[X] BY ELECTRONIC SERVICE (E-MAIL)**: Based on a court order or an agreement of the parties to accept electronic service I caused the document(s) to be sent to the persons at the electronic service address(es) listed below:

  Kirk Pasich, kpasich@pasichllp.com
  Kayla Robinson, krobinson@pasichllp.com
  Pasich LLP

*Attorneys for Non-Party Amber Heard*

  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Executed on May 10, 2023 in San Francisco, California.

              Mila Dunn